# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| Ritz Investment Limited, Season Limited,<br><br>        Plaintiffs,<br><br>v.<br><br>Abacus Global Management, Inc.,<br><br>        Defendant. | Case No.:  6:25-cv-02047-JSS-RMN<br><br>**DEFENDANT ABACUS GLOBAL MANAGEMENT, INC.'S MOTION TO STAY PENDING RESOLUTION OF MOTION TO DISMISS** |

Defendant Abacus Global Management, Inc. ("Abacus") hereby moves to stay all discovery deadlines and obligations in this case pending the Court's ruling on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") (ECF No. 26).

**INTRODUCTION**

Plaintiffs Ritz Investment Limited and Season Limited (collectively, "Plaintiffs") have brought a lawsuit in the wrong forum. Plaintiffs' suit centers on a dispute brought by Gibraltar limited liability companies concerning a Luxembourg entity, a Luxembourg Fund ("LTGF"), and a Luxembourg Placement Memorandum ("PPM") that unequivocally calls for the application of Luxembourg law and which requires all related disputes to be litigated in Luxembourg courts.

Plaintiffs admit that at the time of their alleged investment and all materially relevant times thereafter, Luxembourg-incorporated Carlisle Management Company S.C.A. ("Carlisle"), acted as the manager of LTGF pursuant to the PPM. The only connection between Abacus, a Delaware corporation with its headquarters in Orlando, Florida, and the facts alleged in the First Amended Complaint ("FAC") is that Abacus acquired Carlisle in 2024. Abacus does not manage, and has never managed, the LTGF. Nor is Abacus bound by the PPM. Carlisle, meanwhile, continues to exist and act as LTGF manager. Because the relevant facts of the dispute have no connection to Florida and because the PPM that Plaintiffs seek to invoke and rely on calls for the dispute to be resolved according to Luxembourg law and in a Luxembourg forum, Abacus moved to dismiss on *forum non conveniens* grounds.

1

Abacus also moved to dismiss for failure to state a claim, given that Plaintiffs' claims rest on a PPM that affords them no rights and under which Abacus owes no duties or obligations.

The forum selection clause requires this dispute to be resolved in Luxembourg; the Court should therefore stay discovery until it has decided whether that clause applies and is enforceable here. A stay is appropriate for three reasons. *First*, Abacus's Motion is clearly meritorious and case dispositive, and discovery is not necessary for this Court to decide the pending Motion. *Second*, allowing discovery would be burdensome and unfair to Abacus because it would have to spend considerable time, money, and resources to comply with Plaintiffs' discovery requests. Not to mention the resources required to comply with European Union ("EU") regulations governing cross-border discovery, which would be unnecessary in a Luxembourg proceeding. *Third*, a stay will not be harmful or prejudicial to Plaintiffs because under the Case Management and Scheduling Order, the discovery deadline is nine months away, and Plaintiffs are not seeking immediate relief.

## BACKGROUND

Plaintiffs initially filed suit against Carlisle and Abacus. ECF No. 1. In light of a *sua sponte* dismissal for failing to allege diversity jurisdiction (ECF No. 9), Plaintiffs amended their complaint to remove Carlisle as a defendant. ECF Nos. 14 ("FAC"), 15.

On January 12, 2026, Abacus filed its Motion pursuant to the doctrine of *forum non conveniens* or, in the alternative, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  ECF No. 26 ("Mot.").  Abacus argues that this suit belongs in Luxembourg pursuant to the valid and enforceable forum selection clause in the PPM that governs the LTGF in which Plaintiffs allege an economic interest.  Mot. at 7-14.  Abacus further moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim for all six causes of action.  *See* Mot. at 14-25.  Plaintiffs served their opposition to Abacus's Motion on February 9, 2026.  ECF No. 30 ("Opp.").

On January 30, 2026, after Plaintiffs were put on notice that they brought suit in the wrong forum, Plaintiffs served their first set of discovery requests that primarily seek documents and information that are only available to Abacus to the extent it can retrieve them from its Luxembourg-based subsidiary, Carlisle, subject to the European Union General Data Protection Regulation ("GDPR").

Pursuant to the Court's recent Case Management and Scheduling Order, discovery is set to close on December 1, 2026.  ECF No. 29 at 1.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending resolution of a dispositive motion, including when such motion challenges the Court as the proper venue.  Fed. R. Civ. P. 26(c)(1); *see also Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) ("The venue issue is a thres[]hold legal issue that is case-dispositive.").  The Court has "broad discretion to stay proceedings as an incident to its power to

control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court is authorized to issue a stay of discovery pending the resolution of a motion challenging the "legal sufficiency of a claim." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *see also Tradex*, 2009 WL 10664410, at *1 (staying discovery because "Defendants challenge this choice of venue due to a forum selection clause and the sufficiency of the pleadings under Rules 9(b) and 12(b)(6)"). The Court may exercise its "broad discretion" to stay discovery when the "movant demonstrates good cause and reasonableness." *Clinton*, 520 U.S. at 706; *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

In deciding whether to stay discovery pending resolution of a pending motion, the Court takes a "preliminary peek' at the merits" of the motion to dismiss to determine whether it "appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685 (citation omitted). If the "preliminary peek" shows "'a significant possibility' that a Court will grant a Motion to Dismiss, staying discovery is appropriate." *George & Co. LLC v. Cardinal Indus., Inc.*, 2019 WL 1468514, at *1 (M.D. Fla. Feb. 19, 2019) (quoting *Ave Maria Univ. v. Sebelius*, 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012)); *Hardy v. Strayer Univ., LLC*, 2025 WL 2407099, at *2 (M.D. Fla. Aug. 19, 2025) (Norway, J.) (staying discovery after "preliminary pe[e]k at just one of the grounds raised in Defendants' motion" suggested plaintiff's claims were time-barred and thus there was a "likelihood" the case would dismissed entirely);

4

*Declan Flight, Inc. v. Textron Eaviation, Inc.*, 2023 WL 9108549, at \*2 (M.D. Fla. Nov. 22, 2023) (staying discovery after "preliminary peek" revealed that defendants' arguments regarding "forum selection clauses in the two principal contracts underlying th[e] litigation" demonstrate that if granted, the motion to dismiss "could at least dramatically narrow the scope of discovery").

"[T]he Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *McCabe*, 233 F.R.D. at 685 (citation omitted). "As long as delaying discovery does not cause Plaintiff 'any significant harm,' then a stay of discovery is appropriate." *George & Co.*, 2019 WL 1468514, at \*1 (quoting *Ave Maria*, 2012 WL 13059434 at \*2). In short, in assessing whether good cause and reasonableness exists to grant a motion to stay discovery, courts consider (1) whether granting the defendant's motion to dismiss would dispose of the entire case; (2) whether the defendant's dismissal arguments are likely meritorious; (3) the burden on the parties and the Court if discovery proceeds absent a stay; and (4) the extent to which a stay would harm the plaintiff. *See Lewis v. Mercedes-Benz USA, LLC*, 2020 WL 4923640, at \*2-3 (S.D. Fla. Mar. 25, 2020); *Ave Maria*, 2012 WL 13059434, at \*2.

## **ARGUMENT**

Every relevant consideration here warrants a stay. Abacus's pending Motion raises multiple meritorious and case-dispositive arguments in favor of dismissal— including, most notably, Abacus's *forum non conveniens* argument. Abacus—a

5

defendant that never managed the LTGF and that resides in a forum thousands of miles from the relevant evidence and witnesses—would be greatly burdened by having to respond to the 73 discovery requests Plaintiffs have already propounded absent a stay. Meanwhile, a stay would cause Plaintiffs—two foreign companies with no connection to Florida—little harm, if any. Indeed, there is nine months remaining before the close of discovery, which, even if the Court denies Abacus's Motion, reasonably affords Plaintiffs time to continue discovery. A discovery stay would accordingly, "save the court, counsel, and the parties significant time and effort." *Lewis*, 2020 WL 4923640, at \*3.

## I.   Abacus's Arguments for Dismissal are Meritorious and Case-Dispositive.

### A.   Abacus's *Forum Non Conveniens* Argument is Meritorious and Case-Dispositive Because This Suit Belongs in Luxembourg.

Based on a "preliminary peek" at Abacus's Motion, there is good cause to stay discovery because as Abacus argues, the PPM under which Plaintiffs seek redress contains a valid and enforceable forum selection clause that identifies Luxembourg as the proper forum. Mot. at 7-14. Pursuant to the PPM, the LTGF is organized under Luxembourg law and managed solely by Carlisle, a Luxembourg entity. The only connection to Florida is Abacus—an entity that has never managed the LTGF and is not bound by the PPM. Thus, assuming the Court grants Abacus's Motion on the basis of *forum non conveniens* or lack of standing under the PPM, this case will be dismissed in its entirety. Because Abacus's *forum non conveniens* argument "is potentially dispositive of the entire action," it "weigh[s] heavily in favor of issuing a

6

stay." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011).

Plaintiffs argue in the first instance that the forum selection clause contained in the very document they seek to enforce is not applicable to their claims (or them for that matter) because they are not signatories to the PPM. *See* Opp. at 5. Equitable principles do not permit Plaintiffs to pick the parts of the PPM they like and discard the rest. *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1323-24 (S.D. Fla. 2000). Plaintiffs contend that they are not parties to the PPM, but argue they are entitled to enforce the PPM through their purported third-party beneficiary status. *See* Opp. at 5, 14. If true, then they are necessarily bound by the forum-selection clause in the PPM. *Sure Fill & Seal, Inc. v. Platinum Packaging Grp., Inc.*, 2010 WL 11508051, at *11 (M.D. Fla. June 24, 2010) (finding that "as an intended third-party beneficiary the [party] would be bound by the clause"); *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1299 (11th Cir. 1998) (Third-party beneficiary status satisfies the foreseeability and closely related requirements to enforce a forum selection clause.); *see also Webster*, 124 F. Supp. 2d at 1323 ("[W]here the claims arise under and are dependent on the very contract in which the forum selection clause exists, the forum selection clause should be enforced.").

Plaintiffs do not contest the fact that foreign entities like Plaintiffs are afforded "less deference" in their forum of choice (*see* Mot. at 8 n.3 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)) or that the presence of a forum selection clause is "presumptively valid and enforceable" and dispels any requirement that the Court

7

consider the private factors in a *forum non conveniens* analysis (*see* Mot. at 7-8 (citing cases)). *See also Turner v. Costa Crociere S.p.A*, 9 F.4th 1341, 1348 (11th Cir. 2021) (rejecting plaintiff's "mistaken premise that the district court should not have applied the *forum non conveniens* analysis in its modified, forum-selection-clause form" and determining that the district court correctly found that, as "required" by the "modified approach," plaintiff was not entitled to his forum of choice and the private factors all weighed in favor of the foreign forum); *Atl. Marine Cost. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, 571 U.S. 49, 64 (2013) ("[A] court evaluating a defendant's [change of venue] motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests.").

Rather, Plaintiffs confusingly rely on *Turner* to argue that by enforcing the forum selection clause, Plaintiffs would be "deprive[d]" of "their day in court." Opp. at 5. But in *Turner*, the Eleventh Circuit agreed with the district court's decision to enforce the forum selection clause. 9 F.4th at 1345-46. The Eleventh Circuit found that the plaintiff failed to carry his "heavy burden" to show that enforcement of the forum selection clause would be "unreasonable and unjust" because (1) the plaintiff was on notice that it was "foreseeable at the time of contracting" that disputes related to the contract would be litigated in an inconvenient forum and (2) he failed to present sufficient evidence supporting his claim of unfairness. *Id.* at 1346. So too here. Plaintiffs were on notice that disputes arising under the PPM would have to be litigated in Luxembourg. *Id.* And, as in *Turner*, Plaintiffs have failed to adduce any convincing evidence that Luxembourg is unfair. *Id.*

8

Although the Court need not consider the private factors as part of its *forum non conveniens* analysis because of the forum selection clause (*see id.* at 1347-48), as discussed below, it is worth noting that Plaintiffs' Initial Disclosures belie their assertion that "most of the evidence and witnesses are located in Orlando." Opp. at 8. As Plaintiffs' Initial Disclosures make clear, "most" of the relevant evidence and witnesses are ***not*** located in Orlando, but rather Luxembourg or other countries in Europe.[1] *See* Ex. 1. Indeed, of the 32 individuals and entities Plaintiffs identified, only a handful are located in Florida.[2] *Id.*

The public factors—which Plaintiffs spend a single page out of their 30-page brief addressing—also favor dismissal. *See* Opp. at 8-9. First, Plaintiffs do not address the fact that this Court would have to apply Luxembourg law to the claims at issue. *Compare* Mot. at 12 *with* Opp. at 8. Nor do Plaintiffs address how busy this Court is. *Compare* Mot. at 13 *with* Opp. at 8-9 (identifying "court congestion" as a "public interest factor[]," but failing to address). And while this forum and its jurors certainly have an interest in regulating the conduct of companies headquartered here, Luxembourg has a superior interest where, as here, the dispute principally concerns

---

[1]   Plaintiffs identify a handful of third-parties located in North Carolina, Ohio, California, Minnesota, and Texas that are not likely to have relevant, discoverable information about Carlisle's management of LTGF. *See* Ex. 1 at 7-8. Their inclusion appears to be an attempt to strengthen Plaintiffs' weak ties to the U.S.

[2]   Notably, all ***Carlisle*** employees or former employees that may possess relevant information are not located in Florida. *See id.* at 3-7 (Jose-Esteban Casares Garcia, Timmo Henk Mol, Emmanuel Rene Begat, Didier Morin, Victor Heggelman, Oleksandra Polishchuk, Vincent Meheust, and Gonzalo Prieto).

Carlisle, a Luxembourg entity, Carlisle's actions pursuant to Luxembourg contract, and the application of Luxembourg law.

At bottom, Abacus's arguments for dismissal based on *forum non conveniens* are clearly meritorious and case-dispositive, especially in light of Plaintiffs' ham-fisted forum-shopping, which it already attempted to cure in response to the Court's *sua sponte* dismissal. *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1298-99 (11th Cir. 2009) (upholding district court's finding that while U.S. jurisdiction had a "strong public interest," there was a "greater policy interest in preventing forum shopping," among other reasons for dismissing suit on *forum non conveniens* grounds).

### B.    Abacus's Rule 12(b)(6) Arguments are Meritorious.

Abacus's arguments that all six counts of the FAC fail to state a claim under Rule 12(b)(6) also warrant a stay. Mot. at 14-25. Assuming the Court grants Abacus's Motion based on Plaintiffs' failure to state a claim, the case would be dismissed in its entirety and there would be no need for discovery. *Fernandez v. Freedom Health, Inc.*, 2021 WL 2954309, at *2 (M.D. Fla. Mar. 25, 2021) ("A preliminary review suggests that the pending motions to dismiss may result in dismissal of the Complaint as currently pleaded. As such, the undersigned finds it appropriate to stay discovery at least until the Court resolves the pending motions to dismiss.") (Sneed, J.); *Lepoureau v. JP Morgan Chase Bank, N.A.*, 2019 WL 13226508, at *2 (M.D. Fla. Nov. 18, 2019) (granting motion to stay because "the Motions to Dismiss appear to be meritorious" and "there [we]re no exceptional circumstances that would militate against a stay").

Even if Abacus's 12(b)(6) arguments were not dispositive, at a minimum, a ruling on these challenges to the Amended Complaint would greatly narrow the scope of discovery. *See Chudasama*, 123 F.3d at 1368 ("[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."). That is all the more reason to address them at the threshold, before the parties begin incurring substantial discovery costs. *See James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (stay warranted when plaintiffs' claims "would have substantially enlarged the scope of discovery"); *Khan v. Bankunited, Inc.*, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (stay "appropriate when its resolution will potentially narrow the scope of discovery").

## C.    Discovery is Not Necessary to Decide the Motion to Dismiss.

This Court can decide these gating questions without the aid of discovery. *See Chudasama,* 123 F.3d at 1367 (noting that disputes that present purely legal questions do not require discovery prior to a ruling on the dispositive motion). Addressing a motion to dismiss that "raises threshold legal issues regarding the Plaintiffs claims and the Court's jurisdiction" does not require discovery. *Textile USA, Inc. v. Diageo N. Am., Inc.*, 2016 WL 11317301, at *1-2 (S.D. Fla. June 8, 2016) (staying discovery to rule on motions to dismiss regarding, among other things, "improper venue. . . and *forum non conveniens*"). More specifically, the Eleventh Circuit has ruled that discovery is "generally [not] necessary when addressing *forum non conveniens*." *See Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 886-87 (11th Cir. 2018). In *Aviation*, the defendant moved to dismiss the claims against it based on a

11

forum-selection clause contained in the relevant agreement. *Id.* at 886. The court determined discovery was unnecessary "when the case involves a forum-selection clause" and that "the district court had sufficient information to make the *forum non conveniens* determination." *Id.* at 886-87. Like the defendant in *Aviation*, Abacus has also moved to dismiss based on a valid forum-selection clause in the PPM.

Accordingly, Plaintiffs have not even requested jurisdictional discovery in response to Abacus's Motion. *See generally* Opp. at 4-10.

**II.     Forcing Abacus to Engage in Broad Merits Discovery Related to Claims With Little Connection to Florida, While Its Case-Dispositive Challenges are Decided Would Cause Undue Burden and Prejudice.**

Since all of the relevant documents are located in Luxembourg or elsewhere in the EU, conducting discovery from the United States will be extremely burdensome to Abacus. Determining whether documents are relevant and responsive for production under the EU discovery regime rules is a much more complex inquiry, as producing parties must assess each document containing personal data (which includes all private communications) under Article 5 of the GDPR, taking into account (i) lawfulness, fairness, and transparency; (ii) purpose limitation; (iii) data minimization; (iv) accuracy; (v) storage limitation; and (vi) cybersecurity integrity. GDPR Art. 5. Abacus would also have to obtain consent from each third party whose data would be produced, or make a determination of each impacted third party's implied consent. GDPR Art. 7. Furthermore, transferring documents out of the EU for civil discovery in the United States requires Abacus, and its designated EU data controller and providers, to install additional safeguards to ensure compliance with the

12

GDPR. GDPR Art. 5. Those safeguards must include "enforceable data subject rights and effective legal remedies for data subjects are available." GDPR Art. 46(1).

Abacus should not be required to respond to Plaintiffs' discovery requests when the relevant documents, information, and witnesses reside in foreign jurisdictions. *See* Ex. 1; *see also Kleiman v. Wright*, 2018 WL 8620096, at *2 (S.D. Fla. Aug. 2, 2018) (finding that "[u]nder the particular circ[u]mstances present here, the high burden on engaging in discovery, much of which will involve locating evidence and witnesses in London and Australia, during the pendency of Defendant's Motion to Dismiss that seeks dismissal on various grounds . . . outweighs the potential harm to Plaintiffs for any discovery delay."). As Plaintiffs admit, both they and Abacus will need to take discovery from various parties and non-parties located in a number of foreign jurisdictions. Ex. 1 at 1-8 (identifying several individuals and entities that are located in Gibraltar, Switzerland, and Luxembourg).

Plaintiffs' need for discovery at this stage in the case does not outweigh the time, money, and resources Abacus would have to expend in providing discovery to Plaintiffs—especially since the discovery process would be significantly simpler if it took place entirely within the EU. *See Morris v. Lincare Inc.*, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) ("Although such a stay will delay the plaintiff's efforts to obtain discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines it the plaintiff lacks standing to bring this action."); *Colon v. Moore & Van Allen PLLC*, 2025 WL 2930294, at *3 (M.D. Fla. Oct. 15, 2025) (finding a motion to stay was "an appropriate

13

opportunity to eliminate 'potentially unnecessary and costly discovery'") (citation omitted).

Staying discovery to address the issue of proper forum and sufficiency of the pleaded claims is beneficial to both Plaintiffs and Abacus. *See Roether v. Georgia*, 2024 WL 358121, at *4 (11th Cir. Jan. 31, 2024) (finding stay of discovery proper "because of the likely cost and complexity of discovery"); *see also Walden v. Walden*, 2017 WL 11725183, at *3 (M.D. Fla. Sept. 7, 2017).  Both sides would benefit from knowing whether the case will proceed in this jurisdiction prior to engaging in "wide-ranging discovery on an international scale" will save Plaintiffs and Abacus time, money, and resources. *See Menashe v. Jaoude*, 2023 WL 4889395, at *2 (S.D. Fla. Aug. 1, 2023) ("If the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for any discovery in this proceeding—including what appears to involve wide-ranging discovery on an international scale—will . . . be eliminated altogether.").

### III.    A Stay of Discovery Would Not Harm Plaintiffs.

Finally, a stay pending resolution of Abacus's Motion would not prejudice Plaintiffs. *See Latell v. Triano*, 2014 WL 12616971, at *2 (M.D. Fla. Oct. 16, 2014) (finding that staying discovery for 45 days for the court to rule on the pending motions challenging personal jurisdiction and the legal sufficiency of the amended complaint would "cause Plaintiffs little harm").

The Plaintiffs are not seeking immediate or expedited relief, such as an injunction, and they cannot claim any prejudice if a stay is issued. *Williams v. Corp. of*

14

*Mercer Univ.*, 2021 WL 5352613, at \*2 (M.D. Ga. Jan. 6, 2021) (finding "Plaintiff will not suffer harm because there is no . . . urgent need for immediate relief"); *SP Distrib. Grp. LLC v. Envelope Grp. LLC*, 2021 WL 5414294, at \*1 (M.D. Ga. Jan. 28, 2021) (same). A brief delay will still leave ample time for the parties to serve discovery requests, produce documents, and serve expert reports prior to discovery deadline if the Court denies Abacus's Motion entirely. *See Walden*, 2017 WL 11725183, at \*3 (even after recognizing the complexity of the case, the court found that staying discovery would cause "limited" harm where the discovery deadline was ten months away); *see also Textile USA*, 2016 WL 11317301, at \*1 (finding "a brief stay in discovery would not prejudice Plaintiff" where the discovery deadline was less than a year away because "[s]hould the case proceed beyond resolution of the motions to dismiss, both Parties will have ample opportunity to conduct discovery").

Moreover, any delay in discovery is entirely of Plaintiffs' own making by waiting years to file suit (*see* FAC ¶¶ 12, 86, 88, 104) and then ultimately filing suit in the wrong forum (*see* Mot. at 1, 5-6).

## CONCLUSION

The Court should enter an order staying discovery until it resolves Abacus's pending Motion.

15

## LOCAL RULE 3.01(g) CERTIFICATION

Defendant certifies that on February 10, 2026, counsel for Defendant conferred with counsel for Plaintiffs, via telephone, regarding the relief sought herein and Plaintiffs oppose this Motion in its entirety.

Dated: March 2, 2026                    Respectfully Submitted,

                              /s/ Alex Zuckerman

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global*
*Management, Inc.*

16