# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

            Plaintiffs,

    v.

ABACUS GLOBAL MANAGEMENT,
INC.,

            Defendant.

Case No. 6:25-cv-2047-JSS-RMN

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR ADMISSIONS**

In accordance with Federal Rules of Civil Procedure 26 and 36, Defendant Abacus Global

Management, Inc. ("Abacus") hereby responds and objects to Plaintiffs Ritz Investment Limited and

Season Limited's First Set of Requests for Admission, dated January 30, 2026 (the "Requests").

**GENERAL OBJECTIONS**

1.     Abacus objects to the Requests to the extent that they seek private, business

confidential, proprietary, commercially sensitive, or personal information. Any such information

disclosed to Plaintiffs shall be pursuant to a confidentiality agreement to be agreed upon by and

between Abacus and Plaintiffs.

2.     To the extent that any Request, Definition, or Instruction may be construed as

requiring Abacus to characterize documents or their contents or to speculate as to what documents

may or may not show, Abacus objects to such Request, Definition, or Instruction as vague,

ambiguous, and calling for legal conclusion and speculation.

3.     Abacus objects to the Requests insofar as they purport to assume disputed facts or

1

facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Abacus hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

4.      Abacus objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

5.      Abacus objects to the Requests to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Abacus (including, but not limited to, information that is currently within Plaintiffs' control).

6.      Abacus objects to the Requests to the extent they call for information that is not known or reasonably available to Abacus.

7.      Abacus objects to each Request to the extent that it is duplicative or redundant of other requests.

8.      Abacus objects to the Requests, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure ("FRCP"). Abacus's responses to the Requests will be made in accordance with those rules, and any Court orders relevant to the proper scope, timing, and extent of discovery in this Action.

9.      Abacus objects to the Requests to the extent they seek admissions that are protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information necessary

2

for any response to the Requests.

10.     These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Requests.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."  Abacus interprets Plaintiffs' definition of "defendant" as referring to Abacus Global Management, Inc.

2.     Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."  Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3.     Abacus objects to Plaintiffs' definition of  "LLF-LTGF" to the extent it is broader than the sub-fund under the Luxembourg Life Fund.  Abacus interprets Plaintiffs' definition of "LLF-LTGF" as referring to the sub-fund under the Luxembourg Life Fund, a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle Management Company S.C.A., the alternative investment fund manager.

4.     Abacus objects to Plaintiffs' definition of "AIFM" to the extent it is broader than alternative investment fund manager.  Abacus interprets Plaintiffs' definition of "AIFM" as referring to Carlisle Management Company S.C.A.

5.     Abacus objects to Plaintiffs' "Relevant Time Frame" as it includes "the period from 2016 to the present."  Abacus did not acquire Carlisle until December 2024.  Abacus interprets the

3

"Relevant Time Frame" to include the period from December 2024 to the present.

6.      Abacus objects to Defendants' Instructions 1-3 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure.

7.      Abacus's responses shall not be deemed a waiver of any applicable General or Specific Objection to the Requests. Abacus does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Abacus is the AIFM and management company for LLF-LTGF.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks information that is already known or available to Plaintiffs or that is available from another source.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

### REQUEST FOR ADMISSION NO. 2:

Admit that Plaintiffs submitted redemption requests in September 2020 and July 2022.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks information that is already known or

4

available to Plaintiffs or that is available from another source.

Abacus further objects to this Request on the grounds that the phrase "redemption requests" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Abacus lacks sufficient information to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Abacus has not fully redeemed Plaintiffs' investments.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "fully redeemed" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Abacus issued newsletters to LLF-LTGF investors without providing detailed liquidation timelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks information that is already known or available to Plaintiffs or that is available from another source.

5

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Abacus has retained funds belonging to Plaintiffs in excess of $16 million USD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

Abacus further objects to this Request on the grounds that the phrase "retained funds" is vague and ambiguous because it does not specify what this phrase means in this context.

Abacus objects to this Request to the extent it seeks information that is already known or available to Plaintiffs or that is available from another source.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Abacus assumed all obligations of Carlisle Management Company after its acquisition in 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

6

Abacus further objects to this Request on the grounds that the phrase "assumed all obligations" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Abacus has control over the assets of the LLF-LTFG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

Abacus further objects to this Request on the grounds that the phrase "control over the assets" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Abacus has the authority to approve or deny redemption requests for LLF-LTGF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "authority to approve or

7

deny redemption requests" is vague and ambiguous because it does not specify what this phrase

means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Abacus has not provided Plaintiffs with a complete accounting of LLF-LTGF assets since September 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "complete accounting"

is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Abacus represented to Plaintiffs that liquidation of LLF-LTGF would be completed within a specific timeframe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Abacus did not meet the timeframe communicated to Plaintiffs for liquidation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Abacus has continued to charge management or performance fees during the liquidation process.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Abacus has distributed liquidation proceeds to other investors while Plaintiffs' redemption requests remain unpaid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "redemption requests"

is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Abacus has not provided Plaintiffs with monthly newsletters containing detailed liquidation progress.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Abacus has retained funds belonging to Plaintiffs without providing a legal justification for the delay.

9

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

Abacus further objects to this Request on the grounds that the phrase "legal justification" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Abacus has not provided Plaintiffs with audited financial statements for LLF-LTGF during liquidation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "audited financial statements" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Abacus has represented to Plaintiffs that redemption delays were due to market conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "redemption delays" is

10

vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Abacus has not provided Plaintiffs with documentation supporting its claim that market conditions caused redemption delays.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "redemption delays" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiffs have deposited an aggregate of no less than $12.5 million into the LLF-LFGF from 2016 to present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Abacus lacks sufficient information to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that LLF-LTGF has settled at least one substantial liquidity claim relating to the LLF-LFGF from 2016 to present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "at least one substantial

11

liquidity claim" is vague and ambiguous because it does not specify what this phrase means in this context.

Abacus objects to this Request to the extent it is seeking information neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections: Abacus lacks sufficient information to admit or deny this Request.

Dated: March 2, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global Management, Inc.*

12

## **CERTIFICATE OF SERVICE**

I certify that on March 2, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Kathleen Messinger*
Kathleen Messinger

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

         Plaintiffs,

    v.

ABACUS GLOBAL MANAGEMENT,
INC.,

         Defendant.

Case No. 6:25-cv-2047-JSS-RMN

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant Abacus Global

Management, Inc. ("Abacus") hereby responds and objects to Plaintiffs Ritz Investment Limited and

Season Limited's First Set of Requests for Production, dated January 30, 2026 (the "Requests").

**GENERAL OBJECTIONS**

1.      Abacus objects to each Request to the extent that it calls for legal conclusions or

opinions or makes erroneous statements of law or requires Abacus to perform a legal analysis.

Abacus's response herein shall be only as to matters of fact, and shall not be construed as stating or

implying any conclusions of law concerning the matters referenced in any Request.

2.      Abacus objects to each Request to the extent it purports to require Abacus to provide

information or documents in the possession, custody, or control of persons or entities other than

Abacus.

3.      Abacus objects to each Request to the extent it purports to impose obligations on

Abacus that exceeds or contradicts the discovery requirements of the applicable law of the jurisdiction

1

in which any documents or communications are currently held, including but not limited to the law of the European Union.

4.      Abacus objects to each Request to the extent it seeks information or documents that are a matter of public record or otherwise are as equally accessible to Plaintiffs as they are to Abacus.

5.      Abacus objects to the Interrogatories to the extent that they seek information in Abacus's possession that is the confidential, proprietary, and/or trade secret information of a third party. Abacus will provide such information only to the extent it can do so in a manner consistent with its legal or contractual obligations to any third parties.

6.      The failure of Abacus to make a specific objection to an Request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Abacus will provide information or produce documents in response to an Request does not mean that Abacus has such information or documents, or that such information or documents exist. Rather, any such statement reflects Abacus's intentions, subject to its general and specific objections, to conduct a reasonable search for responsive documents and information from the sources within its possession, custody, or control.

7.      To the extent Abacus responds to part or all of an Request, Abacus's response is not intended to and shall not be construed as a waiver by Abacus of any objection to such Request.

8.      Abacus incorporates its General Objections by reference into the responses set forth below, and does not waive any objection asserted in its General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "defendant" as referring to Abacus Global Management, Inc.

2.      Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms

2

"officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3.      Abacus objects to Plaintiffs' definition of "Communications" to the extent it is broader than required by the Federal Rules of Civil Procedure.

4.      Abacus objects to Plaintiffs' definition of "Document" to the extent it is broader than required by the Federal Rules of Civil Procedure.

5.      Abacus objects to Plaintiffs' definition of "LLF-LTGF" to the extent it is broader than the sub-fund under the Luxembourg Life Fund.  Abacus interprets Plaintiffs' definition of "LLF-LTGF" as referring to the sub-fund under the Luxembourg Life Fund, a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle Management Company S.C.A., the alternative investment fund manager.

6.      Abacus objects to Plaintiffs' "Relevant Time Frame" to the extent it seeks material from "the period from 2016 to the present," a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case as it extends beyond the time period covered by Abacus's acquisition of Carlisle Management Company S.C.A. Abacus interprets the "Relevant Time Frame" to include the period from December 2024 to the present. Abacus is only willing to negotiate regarding non-privileged documents within Abacus's custody and control and responsive to Defendants' Requests for Production, subject to and without waiver of objections, for the time period beginning December 2024, unless otherwise noted.

7.      Abacus objects to Defendants' Instructions 1-8 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure. Abacus will produce non-privileged documents within Abacus's custody and control and responsive to Defendants' Requests for Production, subject to and without waiver of objections.

3

8.      Subject to the aforementioned General Objections and Objections to Definitions and Instructions and the Specific Objections below, Abacus will produce non-privileged, relevant documents within Abacus's custody and control and responsive to Plaintiffs' Requests for Production, subject to the negotiation of reasonable search terms and subject to and without waiver of objections.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents evidencing the acquisition of Carlisle Management Company ("Carlisle") by Abacus, including pre-acquisition due diligence into the LLF-LTGF, agreements, and closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms and phrase "Abacus," "acquisition," and "pre-acquisition due diligence."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

4

All documents and internal communications reassigning Abacus employees to Carlisle and vice-versa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents and internal communications."

The Request for Documents and Communications "reassigning Abacus employees to Carlisle and vice-versa" is vague, ambiguous, and not reasonably tethered to any asserted claims or defenses in this litigation. The Documents and Communications between Abacus and Carlisle have no bearing upon Plaintiffs' claims.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "Abacus" and "reassigning."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All organizational charts and governance documents showing Abacus' and Carlisle's management structures and decision-making authority over LLF-LTGF post-acquisition.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll organizational charts and governance documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "governance documents," "management structures," and "decision-making authority."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All internal memoranda or reports discussing the impact of the acquisition on LLF-LTGF obligations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal memoranda or reports."

6

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "LLF-LTGF obligations."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All versions of the Placement Memorandum governing LLF-LTGF (including July 2022 version).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll versions."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

7

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll versions of the Placement Memorandum governing LLF-LTGF (including July 2022 version)" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Subject to and without waiver of the above objections, Abacus will produce documents responsive to this Request and relevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between Abacus (or Carlisle) and LLF-LTGF investors regarding redemption requests since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

8

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll communications between . . . Carlisle[] and LLF-LTGF investors" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "LLF-LTGF investors," and "redemption requests."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer on the scope of this request.

**REQUEST FOR PRODUCTION NO. 7:**

All communications, internal and with LLF-LTGF investors, discussing LLF-LTGF investors' redemption requests or liquidation status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

9

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll communications, internal and with LLF-LTGF investors" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "LLF-LTGF investors," "redemption requests," and "liquidation status."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer on the scope of this request.

**REQUEST FOR PRODUCTION NO. 8:**

Monthly newsletters or investor updates issued by Abacus or Carlisle since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[m]onthly newsletters or investor updates" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

10

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[m]onthly newsletters or investor updates issued by . . . Carlisle since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "investor updates."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer on the scope of this request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents reflecting NAV calculations for LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[d]ocuments reflecting NAV calculations for LLF-LTGF" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

11

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[d]ocuments reflecting NAV calculations for LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "NAV calculations."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[d]ocuments showing all distributions of liquidation proceeds to any investor by LLF-LTGF" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose

12

privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[d]ocuments showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "distributions of liquidation proceeds."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Accounting records showing assets, liabilities, and reserves for LLF-LTGF during liquidation, including which company paid for such audits, since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[a]ccounting records showing assets, liabilities, and reserves " from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

13

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ccounting records showing assets, liabilities, and reserves for LLF-LTGF during liquidation, including which company paid for such audits, since 2016" are not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents, including internal accounting records from Carlisle and Abacus, evidencing performance fees or management fees charged during liquidation, including all information regarding who paid the performance and management fees, and to whom they were directed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[d]ocuments, including internal accounting records" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose

14

privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[d]ocuments showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "performance fees," and "management fees."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 13:

All communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), LGT Bank (Switzerland) Ltd. ("LGT Bank"), or other agents regarding Plaintiffs' redemption requests.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), LGT Bank (Switzerland) Ltd. ("LGT Bank"), or other

15

agents regarding Plaintiffs' redemption requests" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "redemption requests."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All communications between Abacus and any regulatory authority regarding LLF-LTGF liquidation or redemption delays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "regulatory authority," and "liquidation or redemption delays."

Subject to and without waiver of the above objections, Abacus will not produce documents

16

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All audited financial statements for LLF-LTGF from 2016 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate

to the needs of the case to the extent it seeks "[a]ll audited financial statements" from a time frame

not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure

by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus

will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that

Abacus has legal or contractual obligations not to disclose or information about third parties whose

privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll audited financial statements for

LLF-LTGF from 2016 to present" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to

Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the

undefined phrase "audited financial statements."

Subject to and without waiver of the above objections, Abacus will not produce documents

17

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate

to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure

by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus

will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that

Abacus has legal or contractual obligations not to disclose or information about third parties whose

privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents reflecting any

gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation" are not within

Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to

Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the

undefined phrase "gating or liquidity restrictions."

Subject to and without waiver of the above objections, Abacus will not produce documents

responsive to this Request.

18

**REQUEST FOR PRODUCTION NO. 17:**

All internal analyses or reports concerning market conditions cited as reasons for redemption delays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal analyses or reports."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll internal analyses or reports concerning market conditions cited as reasons for redemption delays" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "market conditions" and "redemption delays."

Abacus further objects to Plaintiffs' assertion that there were "redemption delays."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All contracts or agreements with third-party service providers engaged in the liquidation process.

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll contracts or agreements."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll contracts or agreements with third-party service providers engaged in the liquidation process" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "third-party service providers" and "liquidation process."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All versions of investor newsletters or updates issued since 2016 regarding LLF-LTGF liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate

20

to the needs of the case to the extent it seeks "[a]ll versions of investor newsletters or updates" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll versions of investor newsletters or updates issued since 2016 regarding LLF-LTGF liquidation" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "investor newsletters or updates."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All internal emails or correspondence discussing Plaintiffs' redemption requests or related complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal emails or correspondence."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll internal emails or correspondence discussing Plaintiffs' redemption requests or related complaints" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "redemption requests" and "related complaints."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents evidencing reserves or holdbacks applied to LLF-LTGF assets during liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

22

Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing reserves or holdbacks applied to LLF-LTGF assets during liquidation" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "reserves" and "holdbacks."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

23

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "LLF-LTGF liquidation settlements" and "demand resolution agreements."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All documentation and correspondence with consultants, accounting firms, or internal appraisers detailing an appraisal or analysis of LLF-LTGF's value.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documentation and correspondence."

24

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "LLF-LTGF's value."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All audited financial statements for Carlisle, Abacus, and the LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[a]ll audited financial statements" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

25

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll audited financial statements for Carlisle . . . and the LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "audited financial statements."

Abacus further objects to this Request as duplicative of Request No. 15, which seeks "[a]ll audited financial statements for LLF-LTGF from 2016 to present."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged audited financial statements for Abacus from December 2024 to present.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to litigation involving Tim Mol at both Abacus and any prior fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

26

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as not relevant because any "litigation involving Tim Mol at both Abacus and any prior fund" have no relation or bearing on the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll documents relating to litigation involving Tim Mol at . . . any prior fund" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "any prior fund."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All internal communications and documentation concerning marketing efforts, including materials and their placement used to raise money for the LLF-LTGF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal communications and documentation."

27

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll internal communications and documentation concerning marketing efforts, including materials and their placement used to raise money for the LLF-LTGF" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "marketing efforts" and "materials and their placement used to raise money."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to cross-border financial investment marketing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that

28

Abacus has legal or contractual obligations not to disclose or information about third parties whose

privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents relating to cross-

border financial investment marketing" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to

Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the

undefined phrase "cross-border financial investment marketing."

Subject to and without waiver of the above objections, Abacus will not produce documents

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All minutes of directors', shareholders', or other meetings where discussions regarding the
LLF-LTGF were held.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate

to the needs of the case to the extent it seeks without limitation "[a]ll minutes."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure

by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus

will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that

Abacus has legal or contractual obligations not to disclose or information about third parties whose

privacy interests are protected by federal or state law.

29

Abacus further objects to this Request to the extent that "[a]ll minutes of directors', shareholders', or other meetings where discussions regarding the LLF-LTGF were held" are not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

Dated: March 2, 2026                              Respectfully Submitted,

                                                  /s/ Alex Zuckerman
                                                  **Quinn Emanuel Urquhart & Sullivan, LLP**
                                                  Alex Zuckerman (*pro hac vice*)
                                                  alexzuckerman@quinnemanuel.com
                                                  295 5th Avenue, 9th Floor
                                                  New York, NY 10016
                                                  (212) 849-7000

                                                  Jason Sternberg (Fla. Bar. No. 72887)
                                                  jasonsternberg@quinnemanuel.com
                                                  2601 South Bayshore Drive, Suite 1550
                                                  Miami, FL 33133
                                                  (305) 402-4880

                                                  Kathleen S. Messinger (*pro hac vice*)
                                                  kathleenmessinger@quinnemanuel.com
                                                  865 South Figueroa Street, 10th Floor
                                                  Los Angeles, California 90017
                                                  (213) 443-3000

                                                  Nithya Pathalam (*pro hac vice*)
                                                  nithyapathalam@quinnemanuel.com
                                                  1300 I Street NW, Suite 900
                                                  Washington D.C. 20005
                                                  (202) 538-8000

                                                  *Attorneys for Defendant Abacus Global*
                                                  *Management, Inc.*

30

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 2, 2026, I served by email a copy of this document to counsel of record.

By: <u>*/s/ Kathleen Messinger*</u>
Kathleen Messinger

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

          Plaintiffs,

   v.

ABACUS GLOBAL MANAGEMENT,
INC.,

          Defendant.

Case No. 6:25-cv-2047-JSS-RMN

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Abacus

Global Management, Inc. ("Abacus") hereby responds and objects to Plaintiffs Ritz Investment

Limited and Season Limited's First Set of Interrogatories, dated January 30, 2026 (the

"Interrogatories").

**GENERAL OBJECTIONS**

1.     Abacus objects to the Requests to the extent that they seek private, business

confidential, proprietary, commercially sensitive, or personal information. Any such information

disclosed to Plaintiffs shall be pursuant to a confidentiality agreement to be agreed upon by and

between Abacus and Plaintiffs.

2.     Abacus objects to the Requests insofar as they purport to assume disputed facts or

facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise

defective in form. Abacus hereby denies any such disputed or inaccurate facts or legal

1

conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

3.      Abacus objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

4.      Abacus objects to the Requests to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Abacus (including, but not limited to, information that is currently within Plaintiffs' control).

5.      Abacus objects to the Requests to the extent they call for information that is not known or reasonably available to Abacus.

6.      Abacus objects to each Request to the extent that it is duplicative or redundant of other requests.

7.      Abacus objects to the Interrogatories, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure ("FRCP"). Abacus's responses to the Interrogatories will be made in accordance with those rules, and any Court orders relevant to the proper scope, timing, and extent of discovery in this Action.

8.      Abacus objects to the Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information necessary for any response to the Interrogatories.

2

9.      These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Interrogatories.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "defendant" as referring to Abacus Global Management, Inc.

2.      Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3.      Abacus objects to Plaintiffs' definition of "AIFM" to the extent it includes any entity other than Carlisle Management Company S.C.A. Abacus interprets Plaintiffs' definition of "AIFM" as referring to Carlisle.

4.      Abacus objects to Plaintiffs' definition of "Communications" to the extent it is broader than required by the Federal Rules of Civil Procedure.

5.      Abacus objects to Plaintiffs' definition of "Document" to the extent it is broader than required by the Federal Rules of Civil Procedure.

6.      Abacus objects to Plaintiffs' definitions of "Identify" to the extent they are broader than required by the Federal Rules of Civil Procedure.

3

7.      Abacus objects to Plaintiffs' definition of "LLF-LTGF" to the extent it is broader than the sub-fund under the Luxembourg Life Fund.  Abacus interprets Plaintiffs' definition of "LLF-LTGF" as referring to the sub-fund under the Luxembourg Life Fund, a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle, the AIFM.

8.      Abacus objects to Plaintiffs' "Relevant Time Frame" to the extent it seeks material from "the period from 2016 to the present," a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case as it extends beyond the time period covered by Abacus's acquisition of Carlisle Management Company S.C.A. Abacus interprets the "Relevant Time Frame" to include the period from December 2024 to the present.

9.      Abacus objects to Defendants' Instructions 1-5 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure. Abacus will produce non-privileged documents within Abacus's custody and control and responsive to Defendants' Interrogatories, subject to and without waiver of objections.

10.     Abacus's responses shall not be deemed a waiver of any applicable General or Specific Objection to the Interrogatory. Abacus does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons involved in communications with Plaintiffs regarding redemption requests from 2016 to present.

**RESPONSE TO INTERROGATORY NO. 1:**

4

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and

disproportionate to the needs of the case to the extent it seeks the identity of "[a]ll persons

involved in communications with Plaintiffs" including from a timeframe not relevant to the

claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from

disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing

information that Abacus has legal or contractual obligations not to disclose or information about

third parties whose privacy interests are protected by federal or state law.

Abacus objects to the timeframe of this Interrogatory as overbroad and not relevant to the

claims and defenses in this litigation.

Abacus further objects to this Interrogatory to the extent it seeks information not within

Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows:

Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all

rights to supplement its response as its investigation continues.

**<u>INTERROGATORY NO. 2:</u>**

Describe in detail the process for calculating NAV for LLF-LTGF during each
liquidation cycle, including all methodologies and valuation adjustments. If calculation methods
differed during the different liquidation cycles, or from other funds, specify why new approaches
were taken and how the multiple approaches vary.

**RESPONSE TO INTERROGATORY NO. 2:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 3:**

State all reasons why Plaintiffs' redemption requests were denied and not redeemed in full.

**RESPONSE TO INTERROGATORY NO. 3:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and

6

disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

## INTERROGATORY NO. 4:

Identify all distributions made to Plaintiffs and other LLF-LTGF investors, specifying their nationalities, since 2016, including dates, amounts, and NAV applied.

## RESPONSE TO INTERROGATORY NO. 4:

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all distributions" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 5:**

Describe the relationship between Abacus' and Carlisle's management teams, both pre- and post-acquisition, with special attention placed on their relationship during the LLF-LTGF disclosure process, and explain Abacus' role and responsibilities as AIFM and management company for LLF-LTGF after acquiring Carlisle. Identify all relevant staff members.

**RESPONSE TO INTERROGATORY NO. 5:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

8

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing

information that Abacus has legal or contractual obligations not to disclose or information about

third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within

Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows:

Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all

rights to supplement its response as its investigation continues.

## INTERROGATORY NO. 6:

Identify all communications sent to all LLF-LTGF investors regarding liquidation,
redemption timelines, and NAV since 2016.

## RESPONSE TO INTERROGATORY NO. 6:

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and

disproportionate to the needs of the case to the extent it seeks information regarding "all

communications" including from a timeframe not relevant to the claims and defenses in this

litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from

disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing

9

information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

## INTERROGATORY NO. 7:

Identify all performance fees, management fees, or other charges assessed against Abacus, Carlisle, or LLF-LTGF during liquidation, including all entities and individuals, and, if so, provide amounts, dates, and justification.

## RESPONSE TO INTERROGATORY NO. 7:

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all performance fees, management fees, or other charges" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

10

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 8:**

Describe any gating, suspension, or liquidity management measures applied to LLF-LTGF since 2016.

**RESPONSE TO INTERROGATORY NO. 8:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "any gating, suspension, or liquidity management measures" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

11

Subject to and without waiver of the above objections, Abacus responds as follows:

Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 9:**

Identify any funds managed by Carlisle that experienced gating, suspension, or liquidity management measures since 2016.

**RESPONSE TO INTERROGATORY NO. 9:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "any funds managed by Carlisle" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows:

Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 10:**

Identify all persons, specifying said persons' employer (Abacus, Carlisle, or third-party) when such decisions were made, and their employer today, who participated in the decision to suspend or delay redemptions for LLF-LTGF.

**RESPONSE TO INTERROGATORY NO. 10:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all persons" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 11:**

13

Describe in detail all communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), and LGT Bank (Switzerland) Ltd. ("LGT Bank") regarding Plaintiffs' redemption requests, including dates and participants.

**RESPONSE TO INTERROGATORY NO. 11:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all communications" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 12:**

State the total amount of assets currently held by LLF-LTGF and the location of those assets.

14

**RESPONSE TO INTERROGATORY NO. 12:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 13:**

Identify all other liquidation requests, and whether completed or denied, from 2016 onwards, and state whether Abacus has received any complaints from other investors regarding delayed redemptions, and if so, describe the nature of those complaints.

**RESPONSE TO INTERROGATORY NO. 13:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

15

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all other liquidation requests," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 14:**

Identify all third-party service providers involved in the liquidation process of LLF-LTGF, describe their roles, and whether they were paid by Carlisle or Abacus.

**RESPONSE TO INTERROGATORY NO. 14:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all third-

16

party service providers," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 15:**

Describe any internal policies or procedures governing redemption requests during liquidation, including any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation and the reasons for imposing them..

**RESPONSE TO INTERROGATORY NO. 15:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "any internal policies or procedures governing redemption requests," including from a timeframe not relevant to the claims and defenses in this litigation.

17

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 16:**

State whether Abacus has made any representations to regulators regarding the status of LLF-LTGF liquidation, and if so, describe those representations.

**RESPONSE TO INTERROGATORY NO. 16:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

18

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 17:**

Identify all audits or financial reviews conducted on LLF-LTGF since 2016, including the names of the auditing firms, dates of audits, and whether such services were paid for by Abacus or Carlisle.

**RESPONSE TO INTERROGATORY NO. 17:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all audits or financial reviews," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about

19

third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 19:**

Identify all internal reports or analyses prepared by Abacus concerning the impact of market conditions on LLF-LTGF liquidation.

**RESPONSE TO INTERROGATORY NO. 19:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all internal reports or analyses," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within

20

Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows:

Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 20:**

Describe in detail all steps Abacus took by way of due diligence before acquiring Carlisle and identify all person who conducted said due diligence.

**RESPONSE TO INTERROGATORY NO. 20:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows:

Abacus is willing to meet and confer regarding this Request.

21

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 21:**

Describe in detail any LLF-LTGF liquidation settlements, including but not limited to party names and liquidation terms.

**RESPONSE TO INTERROGATORY NO. 21:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 22:**

22

State all LLF-LTGF investors, redeemed parties (with date of redemption), and affiliates and related parties classified by their investment's status of redeemed or still invested.

## RESPONSE TO INTERROGATORY NO. 22:

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

## INTERROGATORY NO. 23:

State all partners, employees, accounting firms, and financial consultants, both internal and external, involved in auditing, valuing, and preparing tax returns for Carlisle and Abacus, including fees paid to contractors since the LLF-LTGF's founding.

## RESPONSE TO INTERROGATORY NO. 23:

23

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all partners, employees, accounting firms, and financial consultants, both internal and external," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 24:**

State all litigation involving Abacus and Carlisle's partners at both their present and prior funds, along with all law firms hired by Abacus and Carlisle.

**RESPONSE TO INTERROGATORY NO. 24:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

24

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all litigation," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 25:**

Identify all marketing efforts, including materials, distribution channels, and placement of such materials, including country of publication, used to raise money for the LLF-LTGF, and where Carlisle and Abacus funds, including the LLF-LTGF, were marketed.

**RESPONSE TO INTERROGATORY NO. 25:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all marketing efforts, including materials, distribution channels, and placement of such materials,"

25

including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

Dated: March 2, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com

26

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global
Management, Inc.*

27

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 2, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Kathleen Messinger*
Kathleen Messinger

28