**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RITZ INVESTMENT LIMITED, SEASON LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> ABACUS GLOBAL MANAGEMENT, INC., <br><br> Defendant. | Case No. 6:25-cv-02047-JSS-RMN <br><br> **DEFENDANT ABACUS GLOBAL MANAGEMENT, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Abacus Global Management, Inc. ("Abacus"), by and through its undersigned counsel, respectfully submits its answer, affirmative defenses, and counterclaim to the Plaintiffs' First Amended Complaint (ECF No. 14) as follows:[1]

## I. ANSWER

### NATURE OF THE ACTION

1.     Abacus denies the allegations in paragraph 1.

2.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and on that basis denies them.

3.     Abacus admits that Carlisle is Luxembourg-registered company under number B144257 with offices at 9, rue Sainte Zithe, L-2763 Luxembourg.  Abacus denies the rest of paragraph 3 of the complaint.

---

[1]  Abacus responds to the paragraphs of the Amended Complaint as numbered, noting that paragraphs 114–118 appear twice.  Where ambiguous, Abacus responds to both iterations.

4.      Abacus admits that it purchased Carlisle in 2024 and denies the rest of the allegations in paragraph 4 of the complaint.

5.      Paragraph 5 purports to quote from or characterize a press release that speaks for itself and is the best evidence of its contents.  Abacus respectfully refers the Court to the document in its entirety and denies any allegations in paragraph 5 to the extent they are inconsistent with the actual document.  Abacus denies any remaining allegations in paragraph 5.

6.      Abacus admits that the first URL in the footnote contains the language quoted in the first sentence of paragraph 6 and that the second URL in the footnote re-directs to the Abacus website.  Abacus otherwise denies the allegations in paragraph 6.

7.      Abacus denies the allegations in paragraph 7 except that it admits Carlisle continues to manage the LLF-LTGF.

8.      Abacus denies the allegations in paragraph 8.

9.      Abacus admits that Jose C. Garcia and Tim H. Mol are officers of Carlisle and otherwise denies the allegations in paragraph 9, including to the extent the phrase "Carlisle's former officers" implies that Carlisle no longer exists.

10.     Paragraph 10 purports to quote from or characterize a LinkedIn post that speaks for itself and is the best evidence of its contents.  Abacus has been unable to access URL in the footnote accompanying this paragraph of Plaintiffs' amended complaint.  Abacus therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.     Paragraph 11 purports to quote from or characterize a tweet that speaks for itself and is the best evidence of its contents.  Abacus respectfully refers the Court to the document in its entirety and denies any allegations in paragraph 11 to the extent they are inconsistent with the actual tweet.  Abacus lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11.

12.     Abacus denies the allegations in paragraph 12.

13.     To the extent paragraph 13 purports to characterize the contents of the April 8, 2025, letter, Abacus respectfully refers the Court to the document in its entirety and denies any allegations in paragraph 13 to the extent they are inconsistent with the actual document.  Abacus denies any remaining allegations in paragraph 13.

14.     Abacus denies the allegations in paragraph 114.

## PARTIES

15.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and on that basis denies them.

16.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and on that basis denies them.

17.     Abacus admits that it is registered in Delaware and headquartered at 2101 Park Center Drive, Ste. 200, Orlando, FL 32835.  The correct Suite number is 200, not 290.  Abacus denies the remaining allegations in paragraph 17.  For the avoidance of doubt, Abacus states that it trades on the New York Stock Exchange under the ticker symbol "ABX."

## JURISDICTION AND VENUE

18.     Abacus denies the allegations in paragraph 18.

19.     Abacus admits the allegations in paragraph 19.

20.     Abacus denies the allegations in paragraph 20.

## FACTUAL ALLEGATIONS

### Purchase of the Investment

21.     Paragraph 21 appears to draw its characterization of the LLF-LTGF from the Placement Memorandum included with Plaintiffs' amended complaint as Exhibit A.  Abacus respectfully refers the Court to the document in its entirety and denies any allegations in paragraph 21 to the extent they are inconsistent with its contents.  Abacus denies any remaining allegations in paragraph 21.

22.     Abacus denies the allegations in paragraph 22.

23.     Abacus denies the allegations in paragraph 23 insofar as they do not accurately reflect the LLF-LTGF business model.

24.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and on that basis denies them.

25.     Abacus admits that Carlisle managed the LLF-LTGF from inception and that Abacus acquired Carlisle in 2024.  Abacus denies the remaining allegations in paragraph 25 to the extent they suggest Carlisle ceased managing the LTGF.

26.     Abacus denies the allegations in paragraph 26.

27.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

4

28.    Abacus denies the allegations in paragraph 28.

29.    Abacus denies the allegations in paragraph 29.

30.    Abacus denies the allegations in paragraph 30.

31.    Abacus denies the allegations in paragraph 31.

32.    Abacus denies the allegations in paragraph 32.

33.    Abacus denies the allegations in paragraph 33.

34.    Abacus denies the allegations in paragraph 34.

35.    Abacus denies the allegations in paragraph 35.

36.    Abacus denies the allegations in paragraph 36 insofar as they purport to describe the LLF-LTGF.

37.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and on that basis denies them.

38.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and on that basis denies them.

39.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and on that basis denies them.

40.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and on that basis denies them.

41.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and on that basis denies them.

42.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and on that basis denies them.

43.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and on that basis denies them.

44.     Paragraph 44 purports to characterize the July 2022 Placement Memorandum, a document which speaks for itself and is the best evidence of its contents.  Abacus respectfully refers the Court to the Placement Memorandum in its entirety and denies any allegations in paragraph 44 to the extent they are inconsistent with its contents.  Abacus denies any remaining allegations in paragraph 44.

45.     Abacus denies the allegations in paragraph 45 to the extent they purport to claim Carlisle had any obligation to plaintiffs.

### Request for Redemption of the Investment

46.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and on that basis denies them.

47.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and on that basis denies them.

48.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and on that basis denies them.

49.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and on that basis denies them.

50.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and on that basis denies them.

51.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and on that basis denies them.

52.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and on that basis denies them.

53.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and on that basis denies them.

54.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and on that basis denies them.

55.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and on that basis denies them.

56.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and on that basis denies them.

57.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 and on that basis denies them.

58.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and on that basis denies them.

59.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and on that basis denies them.

60.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and on that basis denies them.

61.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and on that basis denies them.

62.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and on that basis denies them.

63.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and on that basis denies them.

64.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and on that basis denies them.

65.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and on that basis denies them.

66.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and on that basis denies them.

67.    Abacus denies the allegations in paragraph 67.

68.    To the extent paragraph 68 purports to characterize the contents of the April 8, 2025, letter, Abacus respectfully refers the Court to the document in its entirety and denies any allegations in paragraph 68 to the extent they are inconsistent with the actual document.  Abacus denies any remaining allegations in paragraph 68.

69.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

70.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 and on that basis denies them.

73.    To the extent paragraph 73 purports to characterize the contents of the

8

May 6, 2025, response, the response speaks for itself and is the best evidence of its contents. Abacus respectfully refers the Court to the document in its entirety and denies any allegations in paragraph 73 to the extent they are inconsistent with the actual document. Abacus denies any remaining allegations in paragraph 73.

74. Paragraph 74 purports to characterize the July 2022 Placement Memorandum, a document which speaks for itself and is the best evidence of its contents. Abacus respectfully refers the Court to the Placement Memorandum in its entirety and denies any allegations in paragraph 74 to the extent they are inconsistent with its contents. Abacus denies any remaining allegations in paragraph 74.

75. Paragraph 75 purports to characterize the July 2022 Placement Memorandum, a document which speaks for itself and is the best evidence of its contents. Abacus respectfully refers the Court to the Placement Memorandum in its entirety and denies any allegations in paragraph 75 to the extent they are inconsistent with its contents. Abacus denies any remaining allegations in paragraph 75.

76. Abacus denies the allegations in paragraph 76.

77. Abacus denies the allegations in paragraph 77.

78. Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and on that basis denies them.

79. Abacus denies the allegations in paragraph 79.

80. Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and on that basis denies them.

81. Abacus denies the allegations in paragraph 81.

## COUNT I
## BREACH OF CONTRACT

82.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 and on that basis denies them.

83.    Abacus denies the allegations in paragraph 83 insofar as the LLF-LTGF has no "shares".

84.    Abacus denies the allegations in paragraph 84.

85.    Abacus denies the allegations in paragraph 85.

86.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 and on that basis denies them.

87.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 and on that basis denies them.

88.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 and on that basis denies them.

89.    Abacus denies the allegations in paragraph 89.

90.    Abacus denies the allegations in paragraph 90.

91.    Abacus denies the allegations in paragraph 91 because the paragraph asserts one or more legal conclusions that conflict this Court's legal conclusion that neither Abacus nor Plaintiffs are parties to the Placement Memorandum as a contract.  (ECF No. 34, p. 10).

92.    Abacus denies the allegations in paragraph 92 because the paragraph asserts one or more legal conclusions that conflict this Court's legal conclusion that

10

neither Abacus nor Plaintiffs are parties to the Placement Memorandum as a contract. (ECF No. 34, p. 10).

93.     Abacus denies the allegations in paragraph 93 because the paragraph asserts one or more legal conclusions that conflict this Court's legal conclusion that neither Abacus nor Plaintiffs are parties to the Placement Memorandum as a contract. (ECF No. 34, p. 10).

## COUNT II
## BREACH OF FIDUCIARY DUTIES

94.     Abacus denies the allegations in paragraph 94.

95.     Abacus denies the allegations in paragraph 95.

96.     Abacus denies the allegations in paragraph 96.

97.     Abacus denies the allegations in paragraph 97.

98.     Abacus denies the allegations in paragraph 98.

## COUNT III
## UNJUST ENRICHMENT
## (IN THE ALTERNATIVE TO COUNT I)

99.     Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 and on that basis denies them.

100.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 and on that basis denies them.

101.    Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 and on that basis denies them.

102.    Abacus lacks knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 102 and on that basis denies them.

103. Abacus denies the allegations in paragraph 103.

## COUNT IV
## FRAUDULENT CONCEALMENT OR MISREPRESENTATION

104. Abacus denies the allegations in paragraph 104.

105. Abacus denies the allegations in paragraph 105.

106. Abacus denies the allegations in paragraph 106.

107. Abacus denies the allegations in paragraph 107.

108. Abacus denies the allegations in paragraph 108.

109. Abacus denies the allegations in paragraph 109.

110. Abacus denies the allegations in paragraph 110.

111. Abacus denies the allegations in paragraph 111.

112. Abacus denies the allegations in paragraph 112.

## COUNT V
## FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

113. Abacus denies the allegations in paragraph 113.

114. Abacus admits that it does business in Florida within the definition of "trade or commerce" in the Act but denies that such "trade or commerce" includes activity related to the LLF-LTGF and on that basis denies the allegations in paragraph 114.

115. Abacus denies the allegations in paragraph 115.

116. Abacus denies the allegations in paragraph 116.

117. Abacus denies the allegations in paragraph 117.

118.    Abacus denies the allegations in paragraph 118.

**COUNT VI**
**ACCOUNTING**

114(2).        Abacus denies the allegations in paragraph 114(2).

115(2).        Abacus denies the allegations in paragraph 115(2).

116(2).        Abacus denies the allegations in paragraph 116(2).

117(2).        Abacus lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117(2) and on that basis denies them.

118(2).        Abacus denies the allegations in paragraph 118(2).

**II. AFFIRMATIVE DEFENSES**

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant Abacus Global Management, Inc. ("Abacus") asserts the following affirmative and additional defenses to the surviving counts for the Amended Complaint (ECF No. 14). Pursuant to the Court's May 7, 2026, Order (ECF No. 34), Counts One, Three, and Four were dismissed without prejudice, and Plaintiffs did not file a second amended complaint by the May 25, 2026, deadline. Abacus accordingly focuses its defenses on Counts Two (breach of fiduciary duty), Five (FDUTPA), and Six (accounting) only.

In asserting these defenses, Abacus assumes no burden of proof, persuasion or production not otherwise imposed by law. Nothing stated herein shall be construed as an admission that a particular issue or subject matter is relevant to Plaintiffs' allegations. Abacus reserves the right to amend, supplement, or withdraw any or all

13

of the following defenses where warranted by discovery or other investigation or as justice may require.

## FIRST AFFIRMATIVE DEFENSE
## PLAINTIFFS CANNOT PROVE THE ELEMENTS OF THE SURVIVING COUNTS

The Court's May 7, 2026, Order (ECF No. 34) found Plaintiffs' allegations sufficient at the Rule 12(b)(6) stage to state claims under Counts Two, Five, and Six, accepting the well-pleaded factual allegations as true. Abacus denies those allegations and asserts that Plaintiffs cannot prove, on the actual facts and admissible evidence, each element required for relief under Counts Two, Five, or Six, including but not limited to the existence and acceptance of a fiduciary relationship between Abacus and Plaintiffs, deceptive or unfair conduct attributable to Abacus, proximate causation, and damages cognizable under Florida law.

## SECOND AFFIRMATIVE DEFENSE
## NO FIDUCIARY RELATIONSHIP BETWEEN ABACUS AND PLAINTIFFS

To the extent Plaintiffs' claim rests on post-acquisition conduct, Abacus did not, by acquiring Carlisle, assume direct fiduciary obligations to LLF-LTGF investors, and any fiduciary obligations remained those of Carlisle as AIFM under Luxembourg law.

## THIRD AFFIRMATIVE DEFENSE
## CONDUCT AND RECORDS OF CARLISLE MANAGEMENT COMPANY, S.C.A.

Abacus is not liable for acts of Carlisle that fall outside the scope of any agency relationship Plaintiffs prove, including but not limited to acts that occurred

14

before Abacus's December 2024 acquisition of Carlisle.

## FOURTH AFFIRMATIVE DEFENSE
## STATUTE OF LIMITATIONS

Plaintiffs' surviving claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE
## NO PROXIMATE CAUSATION; INTERVENING AND SUPERSEDING CAUSES

Plaintiffs cannot establish that any act or omission by Abacus proximately caused the damages they seek.

## SIXTH AFFIRMATIVE DEFENSE
## NO DAMAGES; SPECULATIVE DAMAGES; SETOFF

Plaintiffs have not suffered cognizable damages recoverable from Abacus.  In the alternative, to the extent Plaintiffs have suffered any compensable loss, such loss is speculative, unliquidated, and not yet realized because the LLF-LTGF remains in controlled liquidation.  Plaintiffs' damages claim is further reduced by all distributions Plaintiffs have received from the LLF-LTGF, including the three distributions totaling approximately $404,000 alleged at paragraphs 63–66 and 70–71 of the Amended Complaint, and by any additional distributions Plaintiffs may receive during the pendency of this action.  Abacus is entitled to setoff and credit for all such amounts.

## SEVENTH AFFIRMATIVE DEFENSE
## FDUTPA-SPECIFIC DEFENSES (COUNT V)

Plaintiffs' FDUTPA claim (Count V) fails for multiple independent reasons:

(a) Plaintiffs have not suffered "actual damages" cognizable under FDUTPA. FDUTPA actual damages are measured by the difference between the market value of what was delivered and what should have been delivered at the point of transaction.

(b) The conduct attributed to Abacus is not a deceptive act or unfair practice within the meaning of FDUTPA.  A deceptive act under FDUTPA must be likely to mislead a consumer acting reasonably in the circumstances.  The conduct attributed to Abacus does not meet that standard.

(c) Plaintiffs cannot establish the causation required for FDUTPA liability.

## EIGHTH AFFIRMATIVE DEFENSE
## LACK OF STANDING, CAPACITY, AND REAL PARTY IN INTEREST

Plaintiffs lack standing to assert one or more of the claims pled.  Plaintiffs are not parties to the Placement Memorandum and have not pled or established that they are "registered investors" or unitholders of the LLF-LTGF as those terms are used in the Placement Memorandum.

## NINTH AFFIRMATIVE DEFENSE
## WAIVER, ESTOPPEL, RATIFICATION, AND ACQUIESCENCE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and acquiescence.  Plaintiffs received and accepted communications, newsletters, NAV reports, and liquidation distributions from or relating to the LLF-LTGF over a period of years without protest or timely objection. Plaintiffs have also accepted three liquidation distributions totaling approximately $404,000.  By their conduct, Plaintiffs ratified and acquiesced in Carlisle's

16

management of the LLF-LTGF, including the liquidation process Plaintiffs now challenge, and waived any claim inconsistent with that conduct.

## TENTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE

Plaintiffs failed to take reasonable steps to mitigate the damages they allege, including by failing to pursue available rights and remedies under the Placement Memorandum and by failing to act with reasonable promptness in protecting their alleged interests.

## ELEVENTH AFFIRMATIVE DEFENSE
## INTERNATIONAL COMITY AND CONSTRAINTS OF FOREIGN LAW

Plaintiffs' claims, and the discovery they seek to support those claims, implicate the laws of Luxembourg, Gibraltar, and the European Union, including without limitation Luxembourg's professional secrecy obligations under Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector and Article 458 of the Luxembourg Criminal Code, the General Data Protection Regulation (Regulation (EU) 2016/679), the Gibraltar GDPR, and the Gibraltar Data Protection Act 2004. Principles of international comity require recognition of these foreign-law constraints in the adjudication of Plaintiffs' claims and the calculation of any damages.

## TWELFTH AFFIRMATIVE DEFENSE
## EQUITABLE DOCTRINES AND ACCESS TO RECORDS (AS TO COUNT VI)

Plaintiffs' claim for an equitable accounting (Count VI) is barred by the doctrines of laches and unclean hands.

WHEREFORE, Defendant Abacus Global Management, Inc. respectfully requests that the Court (i) enter judgment in Abacus's favor on the surviving counts of the Amended Complaint; (ii) award Abacus its costs and, where authorized by law including Fla. Stat. § 501.2105, its reasonable attorneys' fees; and (iii) grant such other and further relief as the Court deems just and proper.

### III. COUNTERCLAIM

Defendant and Counter-Plaintiff Abacus Global Management, Inc. ("Abacus"), by and through undersigned counsel, hereby asserts the following Counterclaim against Plaintiffs and Counter-Defendants Ritz Investment Limited ("Ritz") and Season Limited ("Season") (collectively, "Counter-Defendants") and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and Federal Rule of Civil Procedure 57.  An actual and justiciable controversy exists between Abacus and Counter-Defendants concerning the nature, scope, and existence of any legal relationship, duty, or obligation owed by Abacus to Counter-Defendants in connection with Counter-Defendants' investments, made between 2016 and 2019, in the Luxembourg Life Fund – Long Term Growth Fund (the "LLF-LTGF"), a Luxembourg-domiciled alternative investment fund managed by a separate Luxembourg entity, Carlisle Management Company S.C.A. ("Carlisle").

2.      Counter-Defendants have asserted claims against Abacus for breach of

18

fiduciary duty, violation of Florida's Deceptive and Unfair Trade Practices Act, and an equitable accounting, each predicated on the theory that Abacus stands in the shoes of Carlisle or otherwise inherited Carlisle's obligations to LLF-LTGF unitholders as a result of Abacus's December 2024 acquisition of Carlisle. Counter-Defendants further contend that Abacus is bound by, owes duties under, or is otherwise responsible for performance of, the LLF-LTGF Private Placement Memorandum (the "Placement Memorandum"), to which Abacus is not, and has never been, a party.

3. Abacus disputes each of these contentions. Abacus did not exist in any relevant relationship to the LLF-LTGF, to Carlisle, or to Counter-Defendants prior to December 2024. Abacus is not a party to the Placement Memorandum. Abacus is not, and has never been, the alternative investment fund manager of the LLF-LTGF. Carlisle, a distinct Luxembourg legal entity organized and regulated under the laws of Luxembourg and supervised by the Commission de Surveillance du Secteur Financier ("CSSF"), remains the alternative investment fund manager of the LLF-LTGF. Abacus did not assume Carlisle's pre-acquisition contractual or fiduciary obligations, and no rule of Florida law operates to impose such obligations on Abacus by virtue of its corporate acquisition of Carlisle's equity.

4. A judicial declaration is necessary and appropriate to resolve the parties' dispute and to clarify the legal rights, duties, and obligations of the parties going forward.

**PARTIES**

5.      Counter-Plaintiff Abacus Global Management, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Orlando, Florida.

6.      Counter-Defendant Ritz Investment Limited is a private limited company organized under the laws of Gibraltar with its registered address in Gibraltar.

7.      Counter-Defendant Season Limited is a private limited company organized under the laws of Gibraltar with its registered address in Gibraltar.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) because the Counterclaim arises from the same transaction or occurrence as the claims asserted by Counter-Defendants in the Amended Complaint and forms part of the same case or controversy.

9.      This Court has personal jurisdiction over Counter-Defendants because Counter-Defendants have submitted to the jurisdiction of this Court by filing and prosecuting this action.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and because Counter-Defendants selected this District as their chosen forum.

11.     An actual case or controversy of sufficient immediacy and reality exists between the parties to warrant declaratory relief under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.  Counter-Defendants have asserted, and continue to

20

assert, claims against Abacus that depend on contested propositions concerning Abacus's legal relationship to Carlisle, to the LLF-LTGF, and to Counter-Defendants. Resolution of these propositions through declaratory judgment will conclude or significantly narrow the controversy between the parties.

## FACTUAL ALLEGATIONS

### The LLF-LTGF and Carlisle's Role as Alternative Investment Fund Manager

12.     The LLF-LTGF is a sub-fund of the Luxembourg Life Fund, a specialized alternative investment fund created, organized, domiciled, and governed under the laws of Luxembourg.

13.     The LLF-LTGF is regulated and supervised by the CSSF, Luxembourg's financial sector regulator.

14.     At all times relevant to Counter-Defendants' allegations and this Counterclaim, Carlisle, a société en commandite par actions organized under the laws of Luxembourg with its registered office in Luxembourg, has served and continues to serve as the alternative investment fund manager of the LLF-LTGF.

15.     The relationship between Carlisle and the LLF-LTGF, and between Carlisle and the LLF-LTGF's unitholders, is governed by the Placement Memorandum and other constituent documents of the LLF-LTGF, all of which are subject to and governed by Luxembourg law.

16.     The Placement Memorandum provides that "[t]his contractual relationship is governed by Luxembourg [l]aw" and that "[t]he [f]und, [Carlisle,] and [registered investors] will be subject to the exclusive jurisdiction of the courts of

21

Luxembourg[ ]City to settle any dispute . . . arising out of or in connection with a [registered investor]'s investment in the [f]und or any related matter."

17. Carlisle continues to exist as an independent Luxembourg legal entity. Carlisle maintains its own books and records, regulatory filings, professional service providers (including its independent depositary, CACEIS Bank), and CSSF authorizations and supervision.

**Counter-Defendants' Investments in the LLF-LTGF**

18. Counter-Defendants are Gibraltar private limited companies that, between 2016 and 2019, purchased units in the LLF-LTGF.

19. Counter-Defendants' purchases occurred years before Abacus acquired Carlisle. Abacus had no relationship of any kind with Counter-Defendants, with Carlisle, or with the LLF-LTGF prior to December 2024.

20. The Placement Memorandum was not signed by Abacus. Abacus is not identified as a party to the Placement Memorandum. Abacus did not negotiate, execute, or otherwise become a party to the Placement Memorandum at any time.

21. Counter-Defendants have alleged that they began submitting redemption requests to Carlisle in September 2020, with additional redemption requests in October 2020 and 2022, all years before Abacus's December 2024 acquisition of Carlisle.

22. In or about September 2022, Carlisle announced to LLF-LTGF unitholders that it would permit redemptions at the March 31, 2022, net asset value. Following that announcement, unitholders representing approximately 85% of the

LLF-LTGF's assets elected to redeem their units, and Carlisle, exercising the sole discretion granted to it under the Placement Memorandum, commenced a controlled liquidation of the LLF-LTGF in 2023.

23.     The controlled liquidation of the LLF-LTGF was commenced by Carlisle, under Carlisle's authority as the LLF-LTGF's alternative investment fund manager, and subject to the supervisory oversight of the CSSF, prior to Abacus's acquisition of Carlisle.

### Abacus's December 2024 Acquisition of Carlisle

24.     In December 2024, Abacus acquired the equity of Carlisle.  The acquisition did not affect a merger or consolidation of Carlisle into Abacus.  Carlisle continues to exist as a separate Luxembourg legal entity with its own corporate identity, governance, regulatory authorizations, and financial sector–specific obligations under Luxembourg law.

25.     Abacus did not, by virtue of its acquisition of Carlisle, expressly or impliedly assume Carlisle's pre-acquisition contractual or fiduciary obligations to LLF-LTGF unitholders, including Counter-Defendants.

26.     Abacus is not, and has never become, a party to the Placement Memorandum or any related agreement between Carlisle and Counter-Defendants.

27.     Abacus is not, and has never been, authorized by the CSSF to act as the alternative investment fund manager of the LLF-LTGF.

28.     Abacus did not, by virtue of its acquisition of Carlisle, become a fiduciary of Counter-Defendants or of any other LLF-LTGF unitholder.

**The Existing Controversy Between the Parties**

29.     Notwithstanding the foregoing, Counter-Defendants have asserted in this action, and continue to assert, that Abacus owes fiduciary duties to Counter-Defendants, that Abacus is responsible for the management of the LLF-LTGF and the distribution of liquidation proceeds, and that Abacus is bound by or accountable under the Placement Memorandum—including through theories of agency, successor liability, and third-party beneficiary status.

30.     This Court has, in its Order of May 7, 2026 (ECF No. 34), already determined that neither Abacus nor Counter-Defendants are parties to the Placement Memorandum, that the Placement Memorandum's forum selection and governing law clauses cannot be enforced by Abacus against Counter-Defendants or by Counter- Defendants against Abacus, and that Florida's statute of frauds bars any action for breach of the Placement Memorandum as currently pleaded. These determinations, however, do not by themselves resolve Counter-Defendants' alternative theories of recovery, which Counter-Defendants continue to press in their surviving claims.

31.     The controversy between Abacus and Counter-Defendants concerning Abacus's legal relationship (or lack thereof) to Carlisle, the LLF-LTGF, the Placement Memorandum, and the Counter-Defendants is concrete, ripe, and capable of judicial resolution.

32.     Absent declaratory relief, Abacus will continue to be subjected to litigation in this and potentially other fora based on contested theories of derivative

24

or imputed liability for the acts and obligations of a separate Luxembourg legal entity over which Abacus did not exercise control during the relevant pre-acquisition time period, and to which Abacus did not become party by virtue of its corporate acquisition.

**COUNT I**
**DECLARATORY JUDGMENT (28 U.S.C. §§ 2201–2202)**

33. Abacus incorporates paragraphs 1 through 32 above as if fully set forth herein.

34. Pursuant to 28 U.S.C. §§ 2201–2202 and Federal Rule of Civil Procedure 57, Abacus seeks a judicial declaration of the rights and legal relations of the parties on the following matters in actual controversy:

(a) that Abacus is not, and has never been, a party to the LLF-LTGF Private Placement Memorandum;

(b) that Abacus is not, and has never been, the alternative investment fund manager of the LLF-LTGF;

(c) that Abacus did not, by virtue of its December 2024 acquisition of Carlisle, expressly or impliedly assume Carlisle's pre-acquisition contractual or fiduciary obligations to Counter-Defendants or to other LLF-LTGF unitholders;

(d) that Carlisle is, and at all relevant times has been, a separate and independent Luxembourg legal entity, and that Carlisle's acts and omissions prior to December 2024 are not attributable to

Abacus under any theory of agency, successor liability, alter ego, mere continuation, or de facto merger; and

(e)    that Abacus owes no fiduciary duty to Counter-Defendants arising from Counter-Defendants' status as unitholders of the LLF-LTGF.

35.    Abacus has no adequate remedy at law to resolve this controversy absent declaratory relief.

36. The declarations sought are necessary and appropriate to terminate the uncertainty and controversy giving rise to this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Abacus Global Management, Inc. respectfully requests that this Court enter judgment in its favor and against Counter-Defendants Ritz Investment Limited and Season Limited, and grant the following relief:

A.    A declaratory judgment in accordance with the declarations set forth in Paragraph 34, subparagraphs (a) through (e), above;

B.    An award of Abacus's costs and attorneys' fees to the extent permitted by applicable law and Rule;

C.    Such further relief, at law or in equity, as the Court deems just and proper under 28 U.S.C. § 2202

26

Dated: May 26, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*
**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global
Management, Inc.*

27