## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 6:25-cv-02047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

      Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

      Defendant.

## PLAINTIFFS' MOTION TO STRIKE
## DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiffs Ritz Investment Limited and Season Limited (the "Investors") move to strike certain affirmative defenses asserted in Abacus Global Management, Inc.'s (the "Defendant" or "Abacus") Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ("Answer").

## INTRODUCTION

Abacus' Answer asserts twelve purported affirmative defenses, many of which consist of mere denials and bare-bones legal conclusions. While defendants may plead as many affirmative defenses as they wish, those defenses must comply with the pleading requirements of Federal Rule of Civil Procedure 8, including the obligation to plead facts sufficient to give fair notice of the grounds on which each

defense rests. Abacus has failed to do so.

Although the defendant labels twelve paragraphs as "affirmative defenses," the number of true affirmative defenses is far smaller. Abacus improperly pleads denials of the Investors' allegations and alleged defects in the Investors' prima facie case, as affirmative defenses. Courts in this district consistently treat such improperly labeled defenses as what they are—denials, not affirmative defenses—and strike them or construe them accordingly. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 685 (M.D. Fla. 2002) (finding that "[i]n order [to] satisfactorily to assert the . . . defense, the Defendant would need to assert facts analogous to the defense . . . . The Defendant has failed . . . . thus, [the defense] fails as a matter of law, and must be stricken with prejudice.").

Defendant's affirmative defenses also fail to put the Investors on notice of the factual basis for each defense, forcing them to guess which theories the defendant intends to pursue and forcing discovery into defenses that are either legally deficient or not affirmative defenses at all. Striking these defenses under Rule 12(f) will promote efficiency and avoid the needless expenditure of time and resources litigating issues that, as pleaded, have no plausible bearing on the case. Because the Defendant has not met the minimum pleading standards, its defenses should be stricken.

## LEGAL STANDARD

"'The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Travel + Liesure Resort Dev., Inc. v. Linx Legal, Inc.*, 2026 WL

1

513543, at *1 (M.D. Fla. 2026) (quoting *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988)). As such, at a minimum, affirmative defenses are subject to the general pleading requirements of Rule 8. *Microsoft Corp.*, 211 F.R.D. at 684. While an answer "need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations." *Id.*

"In addition to increasing litigation costs, [b]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo v. Roche Lab'ys, Inc.*, 2010 WL 3027726, at *3 (S.D. Fla. 2010). Furthermore, "requiring defendants to allege some facts linking the defense to the plaintiff's claims 'streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs.'" *Harris v. Rambosk*, 2018 WL 3526671, at *1 (M.D. Fla. 2018) (quoting *Daley v. Scott*, 2016 WL 3517697, at *3 (M.D. Fla. 2016)).

Federal Rule of Civil Procedure 12(f) "provides that the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Microsoft Corp.*, 211 F.R.D. at 683. Although motions to strike are generally disfavored, an affirmative defense may be stricken if it consists of no more than bare bones conclusory allegations or is insufficient as a matter of law. *Id.* A defense is legally insufficient if: (1) it is facially patently frivolous, or (2) it is clearly legally invalid. *Id.*

2

## ARGUMENT

### I.    The Defendant's Defenses Lack the Factual Specificity Required by Rule 8

The following defenses are no more than recitations of legal conclusions completely devoid of facts that would provide the Investors with fair notice of the nature of the defense or the grounds on which they rest:

| Defense Number | Affirmative Defense |
|---|---|
| 1 | Abacus denies those allegations and asserts that Plaintiffs cannot prove, on the actual facts and admissible evidence, each element required under Counts Two, Five, or Six . . . . |
| 4 | Plaintiffs' surviving claims are barred, in whole or in part, by the applicable statutes of limitations. |
| 5 | Plaintiffs cannot establish that any act or omission by Abacus proximately caused the damages they seek. |
| 10 | Plaintiffs failed to take reasonable steps to mitigate the damages they allege, including by failing to pursue available rights and remedies under the Placement Memorandum and by failing to act with reasonable promptness in protecting their alleged interests. |
| 11 | Plaintiffs' claims, and the discovery they seek to support those claims, implicate the laws of Luxembourg, Gibraltar, and the European Union, including without limitation Luxembourg's professional secrecy obligations under Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector and Article 458 of the Luxembourg Criminal Code, the General Data Protection Regulation (Regulation (EU) 2016/679), the Gibraltar GDPR, and the Gibraltar Data Protection Act 2004. Principles of international comity require recognition of these foreign-law constraints in the adjudication of Plaintiffs' claims and the calculation of any damages. |
| 12 | Plaintiffs' claim for an equitable accounting (Count VI) is barred by the doctrines of laches and unclean hands. |

Reliance on vaguely worded legal conclusions and "bare-bones" allegations, without facts in support of a defense, is insufficient to meet the requisite Rule 8 standard. Defendant points to no facts or evidence in support of its contentions, and

the Investors should not be left to guess the relevance or applicability of these defenses. *See Samson v. Fed. Express Corp.*, 2011 WL 13294824, at *2 (M.D. Fla. 2011); *Torres v. TPUSA, Inc.*, 2009 WL 764466 (M.D. Fla. 2009); *Fla. Bus. Brokers Ass'n, Inc. v. Williams*, 2009 WL 3028311, at *1 (M.D. Fla. 2009) ("Affirmative defenses included in an answer are a pleading which must provide 'a short and plain statement of the claim showing the pleader is entitled to relief.'") (citing Fed. R. Civ. P. 8(a)(2)).

Affirmative defense 1 denies the Investors well-pleaded allegations claiming a lack of evidence to prove their claims but fails to explain what is lacking and which elements they are referring to. *See Samson*, 2011 WL 13294824, at *2 ("The pleading must contain sufficient facts in an affirmative defense to provide fair notice to the opposing party"); *Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179 (W.D. Va. June 24, 2010) (An affirmative defense must include sufficient facts to provide fair notice to the opposing party that "there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case."). As such, affirmative defense 1 fails to provide "fair notice" of the nature of the defense, specifically the grounds on which they rest. *See id.*

Similarly, affirmative defenses 4, 5, 10, and 12 fail to provide fair notice of the grounds on which they rest as they merely deny the Investors allegations and recite legal principles without providing any significant factual support.

Affirmative defense 11 cites international legal principles without explaining how the Investors' claim would conflict with them. It neither admits the Investors'

allegations nor avoids liability through any new matter of excuse or justification. International comity "is not a rule of law, but one of practice, convenience, and expediency" that "does not achieve the force of an imperative or obligation." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1030 (11th Cir. 2014). A doctrine that carries no legal imperative cannot, as a matter of law, defeat liability, and therefore, cannot be a valid affirmative defense.

It is also an improper *discovery* objection (as acknowledged in defendant's own drafting of the defense) dressed up as a defense. Foreign law constraints on discovery are evaluated through the particularized comity balancing analysis established by the Supreme Court in *Société Nationale Industrielle Aérospatiale v. U.S. District Court*, 482 U.S. 522, 544 n.28 (1987). *See* Investors' Motion to Compel at 6-16, ECF No. 35 (discussing the *Société Nationale* factor and the inapplicability of the GDPR to discovery in this case). That analysis occurs within the framework of Rule 26, not at the pleading stage as an affirmative defense to liability. Because Defense 11 addresses discovery obligations rather than liability, without any specificity, it is not a true affirmative defense and should be stricken.

Without the required specificity, the Investors do not have sufficient notice as to the nature of the affirmative defenses and defenses 1, 4, 5, 10, 11, and 12 must be stricken.

## II.    Several of the Defendant's "Defenses" are Mislabeled Denials and Should Be Stricken or, Alternatively, Treated as Denials

An affirmative defense is not a denial of an allegation, but rather "a true

affirmative defense is 'one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters.'" *Wane v. Loan Corp.*, 2012 WL 2589856, at *2 (M.D. Fla. 2012) (quoting *Bluewater Trading LLC v. Willmar USA, Inc.*, 2008 WL 4179861, at *1 (S.D. Fla. 2008)). When a defendant labels a denial of a plaintiff's prima facie case as an affirmative defense, the defense is improper and should be stricken or treated as a denial.

As detailed below, the defendant asserts several "affirmative defenses" that do not assume the truth of the Complaint and avoid liability, but instead merely dispute the Investors' allegations or challenge the Investors' ability to prove their case. Courts in this District routinely strike or recharacterize such defenses as denials. *Mad Room, LLC v. City of Miami*, 2024 WL 2776173, at *4 (S.D. Fla. 2024) ("Courts, after all, routinely strike defenses that simply 'deny any liability.'") (citing *Toney v. Dech. Corp.*, 2010 WL 11623057, at *2 (M.D. Fla. 2010)); *Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265, at *3 (M.D. Fla. 2008) (treating affirmative defense that the plaintiff failed to state a claim as a denial).

### A. Defenses 1, 2, 3, 5, 6, 7, 8, and 9 Deny Elements of the Investors' Claims

Defendant improperly labels the following assertions as affirmative defenses even though they simply deny elements of the Investors claims.

| Defense Number | Affirmative Defense |
|---|---|
| 1 | Abacus denies those allegations and asserts that Plaintiffs cannot prove, on the actual facts and admissible evidence, each element required under Counts Two, Five, or Six . . . . |
| 2 | To the extent Plaintiffs' claim rests on post-acquisition conduct, Abacus did not, by acquiring Carlisle, assume direct fiduciary |

6

| | |
|---|---|
| | obligations to LLF-LTGF investors, and any fiduciary obligations remained those of Carlisle as AIFM under Luxembourg law. |
| 3 | Abacus is not liable for acts of Carlisle that fall outside the scope of any agency relationship Plaintiffs prove, including but not limited to acts that occurred before Abacus's December 2024 acquisition of Carlisle. |
| 5 | Plaintiffs cannot establish that any act or omission by Abacus proximately caused the damages they seek. |
| 6 | Plaintiffs have not suffered cognizable damages recoverable from Abacus. In the alternative, to the extent Plaintiffs have suffered any compensable loss, such loss is speculative, unliquidated, and not yet realized because the LLF-LTGF remains in controlled liquidation. Plaintiffs' damages claim is further reduced by all distributions Plaintiffs have received from the LLF-LTGF . . . . |
| 7 | Plaintiffs' FDUTPA claim (Count V) fails for multiple independent reasons: (a) Plaintiffs have not suffered "actual damages" cognizable under FDUTPA; (b) The conduct attributed to Abacus is not a deceptive act or unfair practice within the meaning of FDUTPA; (c) Plaintiffs cannot establish the causation required for FDUTPA liability. |
| 8 | Plaintiffs lack standing to assert one or more of the claims pled. Plaintiffs are not parties to the Placement Memorandum and have not pled or established that they are "registered investors" or unitholders of the LLF-LTGF as those terms are used in the Placement Memorandum. |
| 9 | Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and acquiescence. |

Defenses 3, and 5 through 9 are nothing more than denials of core elements of the Investors' claim, including the existence of a fiduciary relationship, proximate causation, cognizable damages, and standing. These defenses dispute the Investors' allegations outright, are not true affirmative defenses, and should be stricken or treated as denials. *See Wane*, 2012 WL 2589856, at *2.

Affirmative defense 1 merely asserts that the Investors cannot prove the

existence of: (1) a fiduciary relationship; (2) deceptive or unfair conduct attributable to Abacus; (3) proximate causation; and (4) damages cognizable under Florida Law. These assertions attack the Investors' prima facie case and do not constitute affirmative defenses. Defense 2 is a legal conclusion and denial of the Investors' allegations by simply denying Abacus owes a fiduciary duty.

If not stricken, defenses 1, 2, 3, 5, 6, 7, 8, and 9 should be treated as denials.

## B. *Defense 6 Is Also Speculative and Hypothetical*

Part of affirmative defense 6 (which purports to contain three defenses in one: "No Damages; Speculative Damages; Setoff) likewise is not an affirmative defense. Defense 6 purports in the alternative that either the Investors suffered no damages (a denial of the Investors' claims) or "to the extent [they] have suffered any compensable loss, such loss is speculative."

This combined "defense" does not assume the truth of the Complaint and then avoid liability—it simply denies the Investors' damages claims. Because these defenses merely speculate and negate the Investors' allegations rather than provide an independent basis for avoiding liability, they should be stricken or treated as denials. *See Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (finding that "an affirmative defense is established only when the defendant admits facts contained in the complaint, but sets up other facts in justification or avoidance.").

The Defendant's use of conditional language underscores that these defenses are speculative denials, not affirmative defenses. Defendant pleads no fact

8

establishing why the Investors have no damages or compensable losses that can be recovered from Defendant. Rule 8 does not permit defendants to reserve every conceivable theory of non-liability through hypothetical and contingent pleadings untethered to any factual allegations. *See generally Wane*, 2012 WL 2589856, at *2. The parts of defense 6 alleging no damages and speculative damages should be stricken.

## III.    Defenses 4, 5, 9, 10, and 12 Are Impermissible Shotgun Defenses

Even setting aside their lack of factual support, Defenses 4, 5, 9, 10, and 12 are independently deficient because each is pled indiscriminately against all of the Investors' surviving claims without identifying which count or counts it addresses. Such shotgun affirmative defenses may be stricken. *Harris v. Rambosk*, 2018 WL 3526671, at *2 (M.D. Fla. 2018) ("a defendant must avoid pleading shotgun affirmative defenses, viz., affirmative defenses [that] address[ ] the complaint as a whole, as if each count was like every other count.") (internal citations omitted); *Daley v. Scott*, 2016 WL 3517697, at *3 (M.D. Fla. 2016) ("District courts have a *sua sponte* obligation to identify shotgun pleading of affirmative defenses and strike those defenses . . . .").

Three counts survived Abacus' motion to dismiss: breach of fiduciary duty (Count II), violation of FDUTPA (Count V), and equitable accounting (Count VI). Each imposes distinct elements and requires distinct proof. A statute of limitations defense (Defense 4), for example, may have different accrual dates and periods depending on which count it targets: four years for FDUTPA claims under Fla. Stat.

§ 95.11(3)(f), and different periods for fiduciary duty and accounting claims.

Similarly, waiver and estoppel (Defense 9), failure to mitigate (Defense 10), and laches and unclean hands (Defense 12) are equitable doctrines that may be available as to some counts but not others. By pleading each of these defenses as a blanket assertion against the entire complaint, defendant leaves the Investors and the Court to speculate which claims are implicated and on what theory. *Harris*, 2018 WL 3526671, at *1; *Daley*, 2016 WL 3517697, at *3.

Proximate causation (defense 5) is a distinct legal concept under each surviving count: it is a common-law element of breach of fiduciary duty, carries a specific statutory meaning under FDUTPA, and is arguably not an element of an equitable accounting claim at all. By asserting a single, undifferentiated causation defense against all three counts, Abacus has pled a defense that is simultaneously overbroad as to Counts II and V and legally inapplicable as to Count VI.

This is precisely the kind of boilerplate pleading that courts in this District routinely strike. *See Castillo v. Roche Lab'ys, Inc.*, 2010 WL 3027726, at *3 (S.D. Fla. 2010). Accordingly, Defenses 4, 5, 9, 10, and 12 should be stricken. If defendant is permitted to amend any defense, it should be required to identify the specific count or counts to which each applies and the factual basis supporting the defense as to that count.

## CONCLUSION

For these good reasons, the Investors respectfully request that the Court strike:

10

(1) Defenses 2, 4, 5, 9, 10, 11, and 12 for failure to plead sufficient facts under Rule 8; Defense 11 for the additional reason it is categorically invalid and because foreign law discovery constraints are not properly raised as an affirmative defense; and Defenses 4, 5, 9, 10, and 12 because they are impermissible shotgun defenses pled indiscriminately against all surviving counts; and

(2) Defenses 1, 3, 6, 7, and 8, because they are denials, or alternatively, treat them as such rather than affirmative defenses.

## LOCAL RULE 3.01(G) CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that, on June 15 and 16, 2026, counsel for the Investors conferred by Teams conference call and email with counsel for Abacus regarding the relief requested in this motion. Counsel for Abacus opposes the relief sought.

Date: June 16, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: /s/ *Robert Kuntz*
    ROBERT KUNTZ
    Fla. Bar No. 94668
    rkuntz@riveromestre.com
    SYLMARIE TRUJILLO

11

Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on June 16, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Robert Kuntz*
ROBERT KUNTZ

12