# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

     Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

     Defendant.

## PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs/Counter-Defendants Ritz Investment Limited and Season Limited (together, the "Investors"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, respectfully move to dismiss the purported counterclaim for declaratory judgment filed by Defendant/Counter-Plaintiff Abacus Global Management, Inc. ("Abacus") in its Answer, Affirmative Defenses, and Counterclaim (D.E. 38).

### INTRODUCTION

Abacus' counterclaim is no claim at all. It is a list of denials that already were held legally insufficient as grounds for Abacus' motion to dismiss, which the Court denied. Every declaration Abacus demands—that it is not a party to the Placement Memorandum, that it is not the fund's alternative investment fund manager, that it

did not assume Carlisle's obligations, that Carlisle's pre-acquisition conduct is not attributable to it, and that it owes the Investors no fiduciary duty (D.E. 38 at ¶ 34(a)–(e))—is a mere negation of an element the Investors must prove on the claims at issue, or a defense Abacus already alleged in the same pleading (its Answer and Affirmative Defenses). *See id*. Its purported counterclaim alleges no new issue, seeks no relief, and resolves no uncertainty that the litigation of the Investors' claims will not resolve on its own.

A declaratory judgment claim is proper only where it serves a useful purpose—that is, where its resolution would settle questions that adjudication of the opposing party's claims and defenses would leave open. A counterclaim that merely mirrors a defendant's answer and contradicts the complaint serves no such purpose and is properly (and routinely) dismissed as redundant. Abacus' counterclaim is a paradigm of this improper practice. In fact, two of its requested declarations amount to untimely demands for reconsideration of rulings the Court already made: the May 7, 2026 Order (D.E. 34) already held that neither Abacus nor the Investors are parties to the Placement Memorandum. The Declaratory Judgment Act does not authorize, and Abacus has no right to, a second judgment saying the same thing. Its improper "counterclaim" should be dismissed.

## BACKGROUND

The Investors invested in the Luxembourg Life Fund – Long Term Growth Fund (the "LLF-LTGF Fund" or "the Fund") between 2016 and 2019. D.E. 14 ¶¶ 38–42 ("Comp."). The Fund was managed by Carlisle Management Company

S.C.A., which Abacus acquired in December 2024. D.E. 38 ¶¶ 18–24 ("Counterclaim"). The Investors allege that, following the acquisition, Abacus became responsible—on an agency theory—for management of the Fund and the obligations owed to the Fund's investors. Comp.  ¶¶ 4–11, 26–34.

On May 7, 2026, the Court granted in part and denied in part Abacus' motion to dismiss the Amended Complaint. D.E. 34. The Court dismissed Counts One (breach of contract), Three (unjust enrichment), and Four (fraud) without prejudice, but sustained Counts Two (breach of fiduciary duty), Five (FDUTPA), and Six (accounting) and allowed them to proceed. *Id.* at 41–42. In its order, the Court held that "Plaintiffs and Defendant are not parties to the [Placement Memorandum]," and because they are non-parties, Abacus may not enforce the agreement's forum-selection and governing-law clauses against the Investors. *Id.* at 11.

The Investors did not further amend their complaint, and Counts Two, Five, and Six remain the operative claims. D.E. 38 at 13. On May 26, 2026, Abacus answered, asserted twelve affirmative defenses, and appended a single-count counterclaim seeking five declarations under 28 U.S.C. §§ 2201–2202 (Counterclaim at ¶¶ 33–36). Abacus purports to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), alleging that the counterclaim "arises from the same transaction or occurrence as the claims asserted by [the Investors]" and "forms part of the same case or controversy." Counterclaim ¶ 8.

**LEGAL STANDARD**

The Declaratory Judgment Act is permissive, not mandatory, and a district court **"may declare the rights and other legal relations of any interested party."** 28 U.S.C. § 2201(a) (emphasis added). The Act confers "unique and substantial discretion in deciding whether to declare the rights of litigants," and district courts are under "no compulsion to exercise" declaratory judgment jurisdiction. *E.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 284, 286 (1995); *see Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). A declaratory claim must present an "actual controversy" of "sufficient immediacy and reality," and not merely demand a decision on issues already before the court. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Properly exercising their discretion, courts in this circuit dismiss declaratory counterclaims that are mere restatements of claims and defenses already at issue. "When deciding whether to dismiss a counterclaim on the basis that it is redundant, courts consider whether the declaratory judgment serves a useful purpose," and "[t]o determine whether the declaratory judgment serves a useful purpose, courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (internal quotation omitted). The "safer course" of retaining a declaratory counterclaim is inapplicable where "there is no doubt that it will be rendered moot

by the adjudication of the main action." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1406 (3d ed.). Where, as here, it is clear that adjudication of the main claim will dispose of an alleged "declaratory judgment" counterclaim, that counterclaim is properly dismissed.

On this Rule 12(b)(6) motion, the Court accepts well-pleaded allegations as true, but "labels and conclusions" and "a formulaic recitation of the elements" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).

## ARGUMENT

### I.    The Counterclaim Merely Duplicates Abacus' Denials and Affirmative Defenses, Raises No Issues That Are Not Already in the Case, and Serves No Legitimate Purpose

A declaratory counterclaim is legally sufficient only if it alleges something the claims and defenses do not. *See Medmarc*, 783 F. Supp. 2d at 1217; *Bank v. Ladd*, 2010 WL 11626975, at *2 (M.D. Fla. 2010) (dismissing declaratory action finding it was "nothing more than a defense" to plaintiff's claim and "substantially mirror[ed] the controlling issues presented in plaintiff's complaint"). Abacus' counterclaim alleges nothing new. Each of its five requested declarations is a verbatim negation of a contested element of the Investors' pending claims, or a defense Abacus already alleged, or a holding the Court already entered:

(a) that Abacus "is not, and has never been, a party to the" Placement

Memorandum—merely restates one of the Court's holdings on Abacus'

motion to dismiss. D.E. 34 at 10. Abacus relies on this same holding in its Answer, to deny liability on Count One. D.E. 38 ¶¶ 91–93. It also is embedded in Abacus' Eighth Affirmative Defense. *Id.* at 16.

(b) that Abacus "is not, and has never been" the fund's alternative investment fund manager—merely restates Abacus' denials at paragraphs 7 and 25 of its Answer, as well as the factual premise of its Second and Third Affirmative Defenses. *See* D.E. 38 ¶¶ 7, 25 & at 14–15.

(c) that Abacus did not "assume Carlisle's pre-acquisition contractual or fiduciary obligations"—restates Abacus' Second Affirmative Defense nearly word for word. D.E. 38 at 14 ("Abacus did not, by acquiring Carlisle, assume direct fiduciary obligations to LLF-LTGF investors").

(d) that Carlisle's pre-2024 acts "are not attributable to Abacus under any theory of agency, successor liability, alter ego, mere continuation, or de facto merger"—restates Abacus' Third Affirmative Defense and its express negation of the agency theory that the Court already found adequately alleged in Count Five of the Investors' complaint. D.E. 34 at 14–15; D.E. 38 at 36–37.

(e) that Abacus "owes no fiduciary duty" to the Investors—is a mere denial of the Investors' claim in Count Two and a restatement of Abacus' First and Second Affirmative Defenses. D.E. 38 at 13–14.

Abacus has attempted to redundantly allege the same legal conclusions as denials of the Investors' allegations, its own affirmative defenses, and the basis for a declaratory judgment counterclaim. This is plainly improper. Resolution of Counts

6

Two, Five, and Six—together with the affirmative defenses Abacus has asserted as to them—will necessarily decide whether Abacus owes the Investors any duty, whether Carlisle's conduct is attributable to Abacus, and whether Abacus is responsible for the Fund. Because adjudicating the Investors' claims "[will] resolve all questions raised by the counterclaim," the counterclaim serves no useful purpose. *Medmarc*, 783 F. Supp. 2d at 1217.

Abacus' "counterclaim" is a mere restatement of its denials and affirmative defenses passed off as an affirmative claim. It is not, and should be dismissed.

## II.    There Is No Doubt that Abacus' Purported "Counterclaim" Will Be Resolved by Adjudication of the Investors' Claims, Which Abacus' Own Pleadings Demonstrate

Courts exercise caution before dismissing a declaratory counterclaim only where it is uncertain, early in a case, that the counterclaim will be mooted by the main action. *See* Wright & Miller § 1406. There is no such uncertainty here, because Abacus has defined its purported controversy entirely by reference to the Investors' claims. The counterclaim's "Existing Controversy" section alleges only that "[the Investors] have asserted" and "continue to assert" claims that Abacus owes them fiduciary duties, is responsible for the fund, and is bound by the Placement Memorandum. Counterclaim ¶ 29. Abacus alleges that, "[a]bsent declaratory relief," it "will continue to be subjected to litigation" on "contested theories" of liability. *Id.* ¶ 32. But that litigation *is this very case.* A controversy that exists only because the Investors filed suit, which will disappear the moment their claims are adjudicated, is the archetypal example of a controversy with no independent life of its own.

7

Abacus' jurisdictional allegations confirm this conclusion. Abacus purports to ground supplemental jurisdiction under 28 U.S.C. § 1367(a) on the express basis that its counterclaim "arises from the same transaction or occurrence" as the Investors' claims, and "forms part of the same case or controversy." *Id.* ¶ 8. Abacus may not simultaneously maintain that its counterclaim is part of the Investors' case for jurisdictional purposes, but nonetheless presents some separate controversy requiring an independent "declaration." Adjudication of the Investors' claims will dispose of every issue Abacus' purported counterclaim asserts, as to which there is "no doubt." *See* Wright & Miller § 1406.

In sum, Abacus' counterclaim seeks nothing that adjudication of the Investors' pending claims will not already provide. It should be dismissed.

## III.   Declarations (a) and (b) Improperly Ask the Court for Untimely Reconsideration of Issues It Already Resolved

The improper redundancy of Abacus' purported counterclaim is particularly obvious as to declaration (a). The Court already held that "Plaintiffs and Defendant are not parties to the [Placement Memorandum]." D.E. 34 at 10. Abacus concedes as much, by stating that "[t]his Court has, in its Order of May 7, 2026 . . . already determined that neither Abacus nor [the Investors] are parties to the Placement Memorandum." Counterclaim ¶ 30.

No declaratory judgment claim can arise from a question the Court already has answered, and this gambit amounts to an untimely and wholly improper demand for reconsideration of the Court's decision on Abacus' motion to dismiss. The

Declaratory Judgment Act exists to resolve uncertainty, not to generate a second bite at the apple by mere disputation of a ruling already in the record. *See, e.g., Wilton*, 515 U.S. at 288.

Declaration (b)—that Abacus is not the fund's manager—fares no better. It is a mere factual denial that will be tried, if at all, as part of the Investors' agency allegations under Counts Two and Five of the complaint.

Thus, Abacus' purported counterclaim seeks rulings on issues that have been or will be decided in the main case. Accordingly, it should be dismissed.

## IV. The Counterclaim Concerns Theories the Investors Have Not Alleged, Thus Seeking an Impermissible Advisory Opinion

Declaration (d) demands a decision holding that Carlisle's conduct is not attributable to Abacus on theories of "alter ego, mere continuation, or de facto merger." Counterclaim ¶ 34(d). However, those theories are not issues in this case. The Investors have not alleged those theories, and their pending claims proceed on an agency theory. *See* D.E. 34 at 34–38. A declaratory judgment may not issue on hypothetical theories that no party has placed in controversy. Such a decision would be an advisory opinion barred by Article III. *MedImmune*, 549 U.S. at 127. The agency theory already is in the case. Because declaration (d) reaches beyond the agency theory to dispute issues that are not in the case, it presents no "actual controversy."

9

Therefore, Abacus' counterclaim seeks an "opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127. It is legally insufficient and should be dismissed for this independent reason.

## CONCLUSION

For all these good and sufficient reasons, the Investors respectfully request that the Court dismiss Abacus's counterclaim (D.E. 38) with prejudice, and grant such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that, on June 15, 2026, counsel for the Investors conferred by Teams conference call with counsel for Abacus regarding the relief requested in this motion. Counsel for Abacus opposes the relief sought.

Date: June 16, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited
and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ANDRÉS RIVERO
Fla. Bar No. 613819
arivero@riveromestre.com
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO

10

Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on June 16, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.


By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.

11