## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| RITZ INVESTMENT LIMITED, SEASON LIMITED,<br><br>       Plaintiffs,<br><br>v.<br><br>ABACUS GLOBAL MANAGEMENT, INC.,<br><br>       Defendant. | Case No. 6:25-cv-02047-JSS-RMN<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Defendant Abacus Global Management, Inc. ("Abacus" or "Defendant"), by and through its undersigned counsel, opposes the Motion to Strike ("Motion") filed by Plaintiffs Ritz Investment Limited ("Ritz") and Season Limited ("Season") on June 16, 2026 (ECF No. 39) in the above-captioned action. In support thereof, Abacus states as follows:

### INTRODUCTION

Abacus filed its Answer and Affirmative Defenses on May 26, 2026 (ECF No. 38). In response, Plaintiffs have asked the court to strike all of Abacus's affirmative defenses, alleging Abacus failed to satisfy pleading requirements under Federal Rule of Procedure 8. But Plaintiffs cite no reported cases to support striking affirmative defenses of the type pleaded in Abacus's answer. Moreover, where the operative purpose of affirmative defenses is notice per Rule 8(c), Plaintiffs ask the court to strike material from a pleading for providing notice *beyond* the bare minimum. Nothing in precedent or the Federal Rules of Civil Procedure prevents Abacus from providing

notice of intended defenses.  Plaintiffs never explain or claim a defense could cause prejudice or confusion, and an allegation of at least one is necessary for a court to grant a motion to strike a defense.  To the extent any prejudice or confusion arises, it flows from a jumbled complaint that plaintiffs declined to amend despite this court's grant of leave to do so.

Plaintiffs style this motion as one to "strike certain affirmative defenses," but it asks this court to strike every affirmative defense from Abacus's responsive pleading. This motion must be denied on all points.  Plaintiffs fixate on the affirmative defense label, ignore that case law defining affirmative defenses narrowly to protect the defendant by keeping the burden of proof on the plaintiff, and never explain how justice, a party, or the court would be disserved by simply leaving Abacus's pleading as is and proceeding to discovery.

Abacus's opposition to the motion to strike proceeds in three parts, each explaining why one of the three reasons plaintiffs provide to support their motion should fail.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that, in answering a complaint, a party "must affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c)(1).  Separately, the rules require the answering party to state short, plain defenses to each claim asserted against it. Fed. R. Civ. P. 8(b)(1)(a).  Unlike the complaint, which under Rule 8(a)(2) must provide "a short and plain statement of the claim showing that

2

the pleader is entitled to relief," an affirmative defense need only give the opposing party fair notice. *See Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats*, LLC, 530 F. Supp. 3d 1167, 1172 (M.D. Fla. 2021). ("[A]ffirmative defenses likely need not be supported with the same factual allegations as required for claims for relief under Federal Rule of Civil Procedure 8(a).")

Granting a motion to strike affirmative defenses "is a drastic remedy and is disfavored by the courts." *C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1294 (M.D. Fla. 2021). Although the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), a judge will apply that discretion to strike a defense only if it "has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995); *Seybold v. Clapis*, 966 F. Supp. 2d 1312, 1314 (M.D. Fla. 2013). Motions to strike grounded in "insufficiency, immateriality, irrelevancy, and redundancy" are often deemed "time wasters" and denied accordingly. *Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996).

"There are no hard and fast rules for determining what constitutes an insufficient defense," *Reyher* at 576, and accordingly, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." *See also Nelson v. Gualtieri*, No. 8:19-CV-449-T-36JSS, 2019 WL 13280389, at *1 (Sneed, J.) (M.D. Fla. July 23, 2019) ("[T]o the extent that a defense puts into issue relevant and substantial legal and factual questions, it is

3

sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.")

## **ARGUMENT**

I.   STRIKING "BARE BONES" DEFENSES FOR BREVITY CONFLICTS WITH THE TEXT OF RULE 8

Plaintiffs open their motion by arguing the court should strike half (or more) of Abacus's affirmative defenses for purported failure to meet the "obligation to plead facts sufficient to give fair notice of the ground on which each defense rests" (ECF No. 39 at 1-2).[1] No such obligation exists, and plaintiffs offer no authority for a court to strike any affirmative defense because defendants assert the defense concisely. Moreover, defendants do not explain how any defense they argue the court must strike as "bare bones" confuses the issues or would cause prejudice to them as the moving party.

All told, plaintiffs argue the court should strike six or more of Abacus's twelve defenses because they violate a rule that applies to complaints but does not apply to an answer or to affirmative defenses. Because plaintiffs offer no valid reason to strike "bare bones" defenses – and because it is sometimes unclear which defenses they ask the court to strike – the court should not grant the motion on these grounds.

A.   RULE 8(A)(2) AND THE PLAUSIBILITY PLEADING STANDARD DO NOT APPLY TO THIS MOTION

---

[1] Abacus states "or more" because plaintiffs are not consistent between argument and relief requested. See Section I.C, *infra*, for discussion.

As noted in the legal standard discussion above, Rule 8 governs pleading requirements. Rule 8(a)(2) requires a complaint to show entitlement to relief. Fed. R. Civ. P. 8(a)(2). Courts in this district construe Rule 8(a)(2) and its interpretation under *Twombly-Iqbal* and progeny to require a complaint to state facts that support a plausible inference in support of a claim. In contrast, the analogous language for defensive pleadings requires only that a defendant "state" denials and affirmative defenses. *See* Fed. R. Civ. P 8(b)(1)(a) and (c)(1).

Plaintiffs' argument for striking defenses based on an erroneous interpretation of Rule 8 that would graft a plausibility pleading standard onto answers and affirmative defenses. They contend "reliance on vaguely worded legal conclusions and 'bare-bones' allegations, without facts in support of a defense, is insufficient to meet the requisite Rule 8 standard" (ECF No. 39 at 3). That is not the law. 8(a)(2) applies to complaints, not defenses. *See Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats*, LLC, 530 F. Supp. 3d 1167, 1172 (M.D. Fla. 2021):

> Rule 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." (emphasis added). In contrast, Rule 8(c) requires responding parties simply to "affirmatively *state* any avoidance or affirmative defense." (emphasis added). These textual differences between Rule 8(a)(2) and Rule 8(c) suggest that the *Iqbal-Twombly* pleading standard, which governs claims for relief, is inapplicable to affirmative defenses.

Because there is no rule against "bare bones" defenses, the court should not strike anything for failure to conform. The motion to strike should be denied accordingly. Additional reasons support that conclusion and follow parts B and C below.

B.    DEFENSES 4, 5, 9, 10, AND 12 PROVIDE FAIR NOTICE OF TRUE AFFIRMATIVE DEFENSES

*Gulfstream's* discussion of the proper standard for sufficiently pleading affirmative defenses and textual supporting it drives home that defenses should not be expected to conform to the plausibility standard. Comparing dictionary definitions of "state" and "show" as verbs, the court concluded "Rule 8(c) appears to impose a lessened pleading standard, one more akin to notice." *Gulfstream,* 530 F. Supp at 1172. (Concluding the court would "therefore join[s] other lower courts that conclude affirmative defenses need give only notice to the plaintiff.")

Moreover, the problem articulated – brevity – fails to align with the effects plaintiffs complain of.  (Indeed, the closest plaintiffs come to justifying their motion to strike boils down to "Abacus gives too much notice.  Stop.")  Five of Abacus's defenses assert recognized affirmative defenses using language consistent with pleadings validated by courts in this district.  As such, to the limited extent any rule against a bare bones defense can apply, it would not apply to these defenses as pled by Abacus in this case. That is especially true given that "[e]ven under view that *Twombly* and *Iqbal* should apply to pleading affirmative defenses, the defendant is still only required to state in short and plain terms its defenses to each claim asserted against it." Smith v. Wal-Mart Stores, Inc., No. 1:11-CV-226-MP-GRJ, 2012 WL 2377840, at *3 (N.D. Fla. June 25, 2012).

1.    Fourth Affirmative Defense: Statute of Limitations

Plaintiffs' motion would have the court strike this affirmative defense because

6

they allege it breaks rules against *both* "bare bones" and "shotgun pleading."  ECF No. 39 at 3, 9-10.  As just explained, however, the Federal Rules do not impose a plausibility requirement here, and case law supports considerable latitude to plead this defense succinctly.  *See, e.g., Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1196 (S.D. Fla. 2019).  ("Simply stating that Plaintiff's claims are barred by the statute of limitations is sufficient to put Plaintiff on notice of a statute of limitations defense.")  Given that the rules explicitly require raising the statute of limitations as an affirmative defense, striking it would be inappropriate absent facts neither pleaded nor present here, like, for example, an argument that a statute of limitations bars a claim that either does not exist or could not possibly have lapsed on the facts pleaded.

> 2.    Fifth Affirmative Defense: No Causation

This, too, is an affirmative defense.  To the extent that specifying the source of intervening or superseding causation could be construed as a missing component here, Abacus respectfully requests the court recognize that notice pleading permits notice to come from anywhere and now states a reasonable belief that one or more intermediaries through whom investors actually affected their purchase of shares is one theory to support this defense.

> 3.    Ninth Affirmative Defense: Waiver, Estoppel, Ratification and
>        Acquiescence

Waiver and estoppel are enumerated affirmative defenses under Rule 8(c). Despite that, Plaintiffs argue these are not affirmative defenses.  Plaintiffs do the same with ratification and for acquiescence, neither of which make the 8(c) list but both of

which have long recognized by Florida's courts as affirmative defenses.  See, *e.g., City of Miami Beach v. State ex rel. Wood*, 56 So. 2d 520, 521 (Fla. 1952) (recognizing defense of estoppel by acquiescence); *CBS Broad. v. Primetime 24 Joint Venture*, 48 F. Supp. 2d 1342, 1360 (S.D. Fla. 1998) (acknowledging affirmative defenses of waiver and ratification); *Irvine v. Cargill Inv. Servs., Inc.*, 799 F. 2d 1461, 1462 (11th Cir. 1986) (same).  Because plaintiffs argue for striking the ninth defense based on shotgun pleading and "bare bones" brevity, neither of which find support under Rule 8, and because as true affirmative defenses, Abacus would have omitted them at the cost of permanent waiver, the court should not strike this defense.

4.    Tenth and Twelfth Affirmative Defenses: Failure to Mitigate; Laches, Unclean Hands

In defense ten, Abacus states plaintiffs have failed to mitigate, and are therefore culpable for their own losses "by failing to pursue available rights and remedies under the Placement Memorandum and by failing to act with reasonable promptness in protecting their alleged interests" (ECF No. 38 at 17).  Defense twelve concerns two equitable doctrines, laches and unclean hands, both brought to avoid Plaintiffs' claims for breach of fiduciary duty and for equitable accounting.

As with Abacus's fourth affirmative defense, both defenses ten and twelve are "true affirmative defenses," and they are either enumerated under Rule 8(c) or recognized in case law as valid affirmative defenses.  *See* Fed. R. Civ. P. 8(c)(1) (enumerating laches); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1287 (11th Cir. 2000)("failure to mitigate damages is an affirmative defense under Rule

8

8(c)"); *Lindemann v. FD Holdings LLC*, No. 8:24-CV-1444-KKM-SPF, 2025 WL 3654220, at *6 (M.D. Fla. Feb. 11, 2025)(accepting a 'barebones averment' of unclean hands as a legally sufficient affirmative defense). Defendants have offered a short and plain statement of the defenses they intend to raise the rules require, consistent with Rule 8. They need to do no more than that to survive the motion to strike.

### C. PLAINTIFFS' INCONSISTENCY CUTS AGAINST STRIKING DEFENSES 1, 2, 9, AND 11 REGARDLESS OF RATIONALE

Even if Ritz and Season got the law right – though they do not – the court should reject the invitation to strike defenses 1, 2, 9, and 11 if for no reason other than plaintiffs' approach these defenses with an inconsistency that approaches incoherence. Any "bare bones" allegation should take a back seat to a bigger problem: it is not clear what, exactly, plaintiffs are trying to accomplish as to these defenses.

In part I, they argue Abacus's first defense should be stricken as a bare bones defense, but the Conclusion fails to ask the court to strike it on such basis (ECF No. 39 at 3, 11). Plaintiffs also seek to strike the second and ninth defenses as bare bones but make no argument whatsoever on either point (ECF No. 11) (seeking dismissal for "failure to plead sufficient facts under Rule 8"). All three defenses, like the rest in this case, provide notice of a defense. That is all the rules require. Because plaintiffs either fail to ask the court to strike a defense (on the first defense) or make no case to support the request they do make (defenses two and nine), these arguments fail on their own terms.

Finally, one more defense, defense eleven, cannot be granted because Abacus

withdraws it.  Accordingly, Abacus will not dwell, except for this moment, on the logical tension between plaintiffs' "bare bones" label and the fact that plaintiffs drew their comparatively fulsome, detailed discussion of its legal insufficiency from the scarce pleading.

## II.    PLAINTIFFS MISLABEL AFFIRMATIVE DEFENSES AS DENIALS

Plaintiffs next argue the court should strike several defenses as "improperly plead[ed] denials" that they purport are not "true affirmative defense[s]."  The court should not credit this argument for a few reasons.  First, plaintiffs' argument fails on its own terms: Defenses 6 and 8 are, in fact, affirmative defenses.  (So are defenses 5 and 9, as explained in Section I.B, parts 2 and 3, *supra*.)  Second, even where plaintiffs apply the "mislabeled denial" label appropriately, the inference that the related defense is improperly pled does not necessarily follow.  *See* II.B, *infra*.

Any defense plaintiffs target in a motion to strike on these "mere denial" grounds can fails to the extent the result would strike something entirely that another rule compels a party to plead or forfeit.  because the relief they request asks the court to do what it already does with defenses like these – *i.e.*, strike it or (far more commonly) construe it as a denial – the exercise is ultimately without purpose.  Each flaw is an independently adequate reason to dispense with the motion to strike as to a defense for which plaintiffs predicate their motion to strike on a technical label.

Rule 12(b) requires including defenses, including those for failure to state a claim, in a responsive pleading.  In that context, striking a defense operates as a foreclosure of the right to assert it, and the court should treat a motion seeking that

outcome with skepticism.

    A.    <u>DEFENSES 6, 8 (ALONG WITH 5 AND 9) ARE</u>

    <u>UNAMBIGUOUSLY VALID AFFIRMATIVE DEFENSES</u>

Abacus has already explained that defenses five and nine both raise, as plaintiffs would call them, "true affirmative defenses." These should clearly not be stricken as "mislabeled" because they are not mislabeled at all. We need discuss these defenses no further here. However, two additional defenses that plaintiffs misinterpret as "mislabeled denials" warrant discussion. Both are affirmative defenses according to the text of the Federal Rules or binding precedent interpreting them. Given that defendants must raise affirmative defenses in an answer answer or waive them, granting the motion to strike as to these defenses would constitute an abuse of discretion.

    1.    <u>Sixth Affirmative Defense: Damages and Setoff</u>

Plaintiffs' motion to strike argued this is a denial rather than an affirmative defense. Not so. "Under Federal Rule of Civil Procedure 8(c), a defendant must plead collateral source setoffs as an affirmative defense." *Harris v. R.J. Reynolds Tobacco Co.*, 383 F. Supp. 3d 1315, 1331 (M.D. Fla. 2019), *rev'd on other grounds*, 981 F. 3d 880 (11th Cir. 2020) (citing to *Hassan v. United States Postal Serv.*, 842 F. 2d 260, 263 (11th Cir. 1988)). Because Abacus must raise setoff as affirmative defense or waive it, it cannot be dismissed based on legal invalidity. Moreover, Abacus has pointed to specific facts to support the affirmative defense *within the defense itself.* (ECF No. 38, page 15, referring to complaint paragraphs 63–66 and 70–71.)

To the extent Plaintiffs take issue with the "speculative and hypothetical" alternative pleading structure and the "no damages" and "speculative damages" alternative framings of this defense, the Federal Rules expressly permit the practice. Rule 8(d)(2) authorizes pleading two or more alternative or hypothetical statements, whether combined in one count defense or stated separately. Fed. R. Civ. P. 8(d)(2) (further stating that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.")

> 2. Eighth Affirmative Defense: Lack of Standing, Capacity, and Real Party in Interest

Plaintiff's motion as to the eighth affirmative defense is wrong on the law. "Under Rule 17 of the Federal Rules of Civil Procedure, a defendant may assert as an affirmative defense that the plaintiff is not the real party in interest." *Russ v. Jackson Cnty. Sch. Bd.*, 530 F. Supp. 3d 1074, 1078 (N.D. Fla. 2021). *See also Pennington v. CGH Techs., Inc.*, No. 6:19-CV-2056-PGB-EJK, 2021 WL 4935724, at *9 (M.D. Fla. July 8, 2021), *report and recommendation adopted*, No. 6:19-CV-2056-PGB-EJK, 2021 WL 4935729 (M.D. Fla. Aug. 18, 2021) (discussing real party in interest, a waivable affirmative defense, as distinct from standing, which cannot be waived). motion.

### B. DEFENSES 1, 2, 3, AND 7 WERE COMPULSORY PLEADINGS

The rest of the defenses are, depending on the authority consulted, either affirmative defenses or are, at worst, akin to 12(b)(6) arguments for failure to state a claim – in which case, the court should construe them as denials, not strike them. The lack of prejudice asserted in connection with any of these defenses further cuts

against granting a motion to strike.

Abacus does not dispute that these defenses are fairly characterized as "mislabeled denials," at least as far as the four defenses function like a 12(b)(6) failure to state a claim defense. They operate by denying an element. At the same time, they do much more than "simply deny elements of the Investors claims" as plaintiffs put it (ECF 39 at 4). Each defense under this heading draws from the docket's developments and the legal conclusions the judge has reached in the process. As this case had unfolded, many of those decisions mediate how one should read the facts as alleged within the four corners of plaintiff's amended complaint.

Given that some courts accept 12(b)(6) an affirmative defense, and in any case, the defenses here tie the failure to state a claim to facts as they have developed in the case, plaintiffs should not succeed on a motion to strike substantively valid pleadings. After all, where the Eleventh Circuit "has excused technical noncompliance with pleading requirements where the substance of the pleading is sufficient." *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010). This court can do the same, and it needs no help from a motion to read and interpret a pleading to do justice.

III.    RULE 8(E) MILITATES AGAINST STRIKING ANY DEFENSE AS A "SHOTGUN PLEADING"

At no point do plaintiffs identify a source of authority for any rule barring defendants from raising "shotgun defenses." Abacus considers such defenses as

functionally interchangeable with "bare bones" defenses.  Because Abacus has already explained the sufficiency of defenses 4, 5, 9, 10, and 12 elsewhere, *see* I.B, it need not revisit those details.  Instead, it uses this opportunity to this opportunity to emphasize that plaintiffs make a genuinely extraordinary request in moving to strike not one or two but all of Abacus's defenses when Abacus raises those defenses to conduct plaintiffs allege took place years before any party contends Abacus had any relationship to Carlisle whatsoever.

Rule 8(e) commands the courts to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e).  That imperative cannot be squared with any outcome here that holds Abacus accountable for ambiguity introduced and left unresolved by Ritz and Season given the history of this case.  Ritz and Season manufactured diversity jurisdiction by responding to the court's *sua sponte* show cause order with an amended complaint that dropped Carlisle from the suit but left the six claims in the complaint functionally unchanged (ECF No. 14).[2]  In its order (ECF No. 34) following Abacus's motion to dismiss (ECF No. 26), The court dismissed three of the claims without prejudice and granted Plaintiffs leave to amend the complaint by May 25, 2026 – the day before Abacus's deadline to file a responsive pleading. May 25 came and went with no amendment filed.

Thus, the Answer and Affirmative Defenses Abacus timely filed on May 26,

---

[2]  The court has described the amendment using similar terms.  *See* ECF No. 34 at 7.  ("The amended complaint drops Carlisle as a party to this action to address the jurisdictional issue raised by the court but otherwise asserts substantially the same allegations and asserts the same six counts as the initial complaint.")

14

2026 (ECF No. 38) had to answer and raise, in good faith, affirmative defenses based on allegations Plaintiffs never bothered to recalibrate -- not to Abacus as a standalone defendant, nor to the three claims actually before the court.  As a result, Abacus's responsive pleading required it to admit or deny assertions with no obvious connection to Abacus or to Plaintiff's surviving claims.  Many of those allegations also have no clear relationship with Abacus and transpired, if at all, years before it contemplated, much less executed, its acquisition of Carlisle.

Plaintiffs complain of "shotgun defenses" that exist because they filed shotgun pleadings themselves.  The solution to a mess of a complaint is not to grant the complaining party's request to treat the answer like the complaint had no problems of its own.  Nevertheless, Abacus's fault here boils down to, at worst, going too far to give plaintiffs fair notice of the defenses Abacus intends to rely upon as litigation moves forward.  Any technically deficient affirmative defenses pleaded by Abacus have value to both parties because they place the claims that survived dismissal into context by acknowledging facts in the record and the effect they have on the remaining allegations.  For that reason alone, plaintiff's motion is ill-considered and a waste of this court's time and resources.

## CONCLUSION

For the forgoing reasons, Abacus respectfully requests that the Court:

1) Permit Abacus to withdraw defense 11;

2) Deny the motion to strike as to defenses 4, 5, 6, 8, 9, 10, and 12 because they ask the court to strike affirmative defenses without providing a valid reason to justify

foreclosing those defenses to Abacus; and

    3) Deny the motion to strike defenses 1, 2, 3, and 7 as properly pled, or to the extent it finds any defenses improper, construe the defenses as denials; and

    4) In the alternative and only to the extent one or more defenses would be improper if retained in the pleading, grant Abacus leave to amend those defenses.

Dated: July 7, 2026

Respectfully Submitted,

/s/ *Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, I electronically filed this document with the

Clerk of the Court using CM/ECF.  I also certify that this document is being

electronically served today on all counsel of record through CM/ECF.

/s/ Alex Zuckerman
ALEX ZUCKERMAN (*pro hac vice*)

17