**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

                Plaintiffs,

        v.                                          Case No. 6:25-cv-2047-JSS-RMN

ABACUS GLOBAL
MANAGEMENT, INC.,

                Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM**

On October 31, 2025, Plaintiffs Ritz Season Limited and Season Limited

("Plaintiffs") filed an Amended Complaint asserting six different counts, including

breach of contract and breach of fiduciary duties.  ECF No. 14.  Specifically, Plaintiffs

asserted that Abacus was, among other things, "the LLF-LTGF management

company and alternative investment fund manager" and "owe[d] a fiduciary duty to

the Investors."  ECF No. 14, ¶¶ 85, 94.  Abacus Global Management, Inc. ("Abacus"

or "Defendant") filed a motion to dismiss Plaintiffs' claims, which was ultimately

denied.  ECF No. 34.

On May 26, 2026, Abacus filed its Answer, Affirmative Defense, and

Counterclaim for Declaratory Judgment.  ECF No. 38.  Pursuant to 28 U.S.C. §§ 2201-

2202, Abacus asserts five grounds for declaratory relief to determine Abacus's

obligations, if any, under the LLF-LTGF Private Placement Memorandum ("the Placement Memorandum").

Plaintiffs filed their Motion to Dismiss on June 16, 2026 (ECF No. 40) seeking to dismiss Abacus's declaratory judgment counterclaim and maintaining that "Abacus became responsible—on an agency theory—for management of the Fund and the obligations owed to the Fund's investors." ECF No. 40 at 3. Plaintiffs' only argument has ever been that Abacus is liable for Carlisle's pre-acquisition conduct and that Abacus owes a fiduciary duty to Plaintiffs, while Abacus asserts that Plaintiffs' issues are with Carlisle, not Abacus.

Plaintiffs move to dismiss Abacus's counterclaim for several reasons—each of which should be denied. Abacus's counterclaim for declaratory relief (1) states a viable claim for declaratory judgment, (2) serves a useful purpose, and (3) seeks relief on issues that would not be solved through adjudication of Plaintiffs' claim.[1] Thus, Plaintiffs' motion to dismiss should be denied in its entirety.

## I.    INTRODUCTION

Plaintiffs' opening line indicts Abacus's counterclaim for declaratory judgment as "no counterclaim at all" in a motion to dismiss under 12(b)(6) that ironically fails to identify a single instance in which a court has dismissed a compulsory counterclaim for declaratory judgment. Where, as here, a counterclaim arises from an action that

---

[1] "[M]otions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." *Wichael v. Wal-Mart Stores, E., LP*, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014). Because Abacus's counterclaim is valid, Plaintiffs' filing of its Motion to Dismiss concurrently with its Motion to Strike is superfluous.

sought no declaratory judgment, redundancy borders on logical impossibility. Even the strictest rule against mirror image counterclaims cannot compel a court to dismiss this particular counterclaim. The posture alone is unique and distinguishable from each case cited. It is not at all clear how a declaration interpreting a contract could replicate the substance of three claims—two equitable and one statutory—neither predicated on contractual interpretation. That Plaintiffs disclaim certain theories of vicarious liability actually supports, rather than cuts against, permitting the counterclaim to proceed to the merits because nothing requires pleading those theories or precludes the court from finding liability. For these and a raft of other reasons, the court should deny the motion.

## II.    LEGAL STANDARD

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Federal Rules of Civil Procedure govern claims for declaratory judgment sought under § 2201. Fed. R. Civ. P. 57. Counterclaims for declaratory judgment that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim" are thus compulsory. Fed. R. Civ. P. 13(a)(1)(A).

Apart from the threshold subject matter jurisdiction inquiry, which is automatically satisfied through supplemental jurisdiction under 28 U.S.C. §1367(a) for any compulsory counterclaim in an action properly before the court, the court will

3

"retain broad discretion over whether or not to exercise jurisdiction under the Declaratory Judgment Act." *New Market Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 325 (M.D. Fla. 2022). However, "a court should have a good reason for declining to consider a declaratory judgment claim." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015) (citing to *Angora Enters., Inc. v. Condo. Ass'n of Lakeside Vill., Inc.*, 796 F.2d 384, 387 (11th Cir. 1986)).

"[C]ourts should confront the merits of a declaratory judgment claim if declaratory relief would (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Blitz*, 151 F. Supp. 3d at 1303 (internal quotations omitted). "To determine whether the declaratory judgment serves a useful purpose, courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Accelerant Specialty Ins. Co. v. Z & G Boat & Jet Ski Rentals, Inc.*, 737 F. Supp. 3d 1297, 1302 (M.D. Fla. 2024) (citation omitted).

## III.   ARGUMENT

### A.    Abacus's Counterclaim Is Not Duplicative of Its Denials and Its Affirmative Defenses And It Serves A Useful Purpose.

Plaintiffs argue that "Abacus has attempted to redundantly allege the same legal conclusions as denials of the Investors' allegations, its own affirmative defenses, and the basis for a declaratory judgment counterclaim." ECF No. 40 at 6. This is incorrect. Abacus's counterclaim is not redundant as it serves a useful purpose: it will clarify

4

Abacus's obligations with respect to the Placement Memorandum, which applies to Carlisle funds, Carlisle investors, and questions of Carlisle's fund management other than those raised in Plaintiffs' Amended Complaint.  Abacus's affirmative defenses alone would not determine Abacus's role with respect to the Placement Memorandum generally, Abacus's contractual or fiduciary obligations and duties post-acquisition of Carlisle with respect to the Placement Memorandum, or its liability for Carlisle's pre-acquisition actions.[2]

"When deciding whether to dismiss [] a counterclaim as redundant, . . . 'courts consider whether the declaratory judgment serves a useful purpose. To determine whether the declaratory judgment serves a useful purpose, courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim.'" *New Market*, 341 F.R.D. at 325 (quoting *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011)).  "However, '*[e]ven [where] the counterclaim [is] wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim.*'"  *Id.* (emphasis original).

---

[2]  That Carlisle is ultimately liable for any pre-acquisition conduct is made clear in the public documents showing that Carlisle indemnified Abacus for all potential liabilities related to Carlisle's management of the Fund.  *See* Ex. 1, ABL Form 8-K (2024) at Exhibit 2.1, Share Purchase Agreement, § 9.2(a).  The court may take judicial notice of SEC filings.  Fed. R. Evid. 201(b); *Gault v. SRI Surgical Express, Inc.*, 2012 WL 12905183, at *1 (M.D. Fla. Sept. 26, 2012) (taking judicial notice of relevant SEC filings because "SEC filings are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Plaintiffs incorrectly argue (at 7) that Abacus's "[b]ecause adjudicating the Investors' claims '[w]ill resolve all questions raised by the counterclaim,' the counterclaim serves no useful purpose." ECF No. 40 at 7 (citing *Medmarc*, 783 F. Supp. 2d at 1217). Courts in this district routinely deny a motion to dismiss a declaratory judgment counterclaim where a Defendant's success on its affirmative defenses "will not necessarily obtain [] a positive declaration." *See New Market*, 341 F.R.D. at 327 (denying motion to dismiss declaratory judgment counterclaim, stating "Defendant's success on its affirmative defense to Plaintiff's breach of contract claim would only relieve it of liability from that particular claim. . . . Therefore, even if Defendant prevails against Plaintiff on its breach of contract claim, it will not necessarily obtain such a positive declaration."); *Frank v. Rockhill Ins. Co.*, 2018 WL 5619325, at *3 (M.D. Fla. Oct. 30, 2018) (denying motion to dismiss declaratory judgment counterclaim and finding that "[e]ven if Rockhill prevails against Frank on his breach of contract claim, it will not necessarily obtain such a positive declaration"). Further, "[i]t is well-established that 'the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.'" *Blitz*, 151 F.Supp.3d at 1303 (citing Fed. R. Civ. P. 57).

Here, resolution of Plaintiffs' claims, or even success of Abacus's affirmative defenses, will not necessarily result in a positive declaration of the issues set forth in Abacus's counterclaim. Abacus's well-pleaded defenses to Plaintiffs' Amended Complaint would only foreclose on Plaintiffs' claim for damages but would not resolve Abacus's role with respect to the Placement Memorandum, its contractual or fiduciary

obligations and duties post-acquisition of Carlisle with respect to the Placement Memorandum, or its liability for Carlisle's pre-acquisition actions. Thus, Abacus's counterclaim serves a useful purpose in closing out issues that will not be directly answered by Plaintiffs' claims.

Plaintiffs rely on *Medmarc* (at 7), but that case supports denying, rather than granting, the Motion to Dismiss. In *Medmarc*, the plaintiff sought to dismiss the defendant's counterclaim on the basis that it "merely mirrors the amended complaint in both its operative facts and legal issues," "that both the amended complaint and counterclaim hinge on whether the services rendered by [Defendant]'s predecessor constituted 'professional services' as defined by the insurance policy," and that the defendant's counterclaim was "seek[ing] essentially the same type of relief as the amended complaint, although it seeks a different result." *Medmarc*, 783 F.Supp.2d at 1216. The court ultimately found that the counterclaim did "serve a useful purpose in that it seeks different relief from [Defendant]'s defenses and [Plaintiff]'s amended complaint." *Id.* at 1217. The court further stated that "[i]f [Plaintiff] prevailed, not all issues raised by the counterclaim would be resolved. Even if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *Id.* Similarly here, the issues raised in Abacus's counterclaim will not be resolved if Plaintiffs prevailed on their claims or if Abacus prevailed on its affirmative defenses.

Further, if Abacus's counterclaim is redundant of Plaintiffs' claims and Abacus's affirmative defenses, then Plaintiffs would suffer no prejudice in allowing

Abacus's counterclaim to proceed alongside Plaintiffs' breach of contract claim. *See First Mercy Ins. Co. v. First Fla. Building Corp.*, 2021 WL 4169795, at *3 (M.D. Fla. Sept. 14, 2021) ("Plaintiff has not demonstrated any harm or prejudice in allowing the Counterclaim to proceed. This further swings the pendulum in favor of denying the motion to dismiss."); *Developers Surety and Indemnity Co. v. Archer Western Contractors, LLC*, 2017 WL 6947785, at *5 (M.D. Fla. Apr. 17, 2017) ("If, as DSIC claims, Count I is so redundant as to be identical to Count II, then I can deduce no harm in allowing both claims to proceed."); *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 5410609, at *5 (S.D. Fla. Nov. 6, 2012) ("Moreover, if Count II of the Counterclaim really is just a mirror image of Commonwealth's sixth affirmative defense, the Court fails to see how Regions is left any worse off by Count II remaining in the case.").

Should the court have doubts as to the redundancy or usefulness of Abacus's counterclaim, it can, in its discretion, deny Plaintiffs' motion to dismiss. *See Santeiro v. Wacko's Too, Inc.*, 2018 WL 11344442, at *5 (M.D. Fla. Oct. 30, 2018) ("Despite that resolution of these claims may render this counterclaim moot, Wacko's seeks relief in the form of a declaration that is not otherwise available. And at this stage, it is too early to know whether this counterclaim would serve a useful purpose. Thus, the Court declines to dismiss this counterclaim."); *Am. Empire Surplus Lines Ins. Corp. v. Rolhio, Inc.,* 2015 WL 12838997, at *4 (M.D. Fla. Jan. 21, 2015) (recommending denial of motion to dismiss declaratory judgment counterclaim "[i]f the Court is in doubt about whether [Defendant's] counterclaims for declaratory judgment are mirror images of [Plaintiff's] claim . . . [and] that the Court give [Defendant] the benefit of

the doubt and wait until it reaches the merits to decide if the counterclaims serve a useful purpose"), *recommendation adopted*, 2015 WL 12838849 (M.D. Fla. Feb. 18, 2025).

> **B.      Abacus's Counterclaim Will Not Be Fully Resolved Through Adjudication of Plaintiffs' Claims.**

Plaintiffs' argument (at 7) that "[t]here is no such uncertainty [that the counterclaim will be mooted by the main action] here, because Abacus has defined its purported controversy entirely by reference to the Investors' claims" fails.

Plaintiffs' insistence that Abacus's counterclaim must be its own controversy while sharing jurisdiction with Plaintiffs' claim is unsupported by the law. "Under 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over any compulsory counter-claim without any independent basis of jurisdiction." *Comprehensive Care Corp. v. Katzman*, 2010 WL 11508143, at *1 (M.D. Fla. June 30, 2010) (denying motion to dismiss counterclaim and exercising supplemental jurisdiction "[b]ecause the same facts serve as the basis" of the Complaint and Counterclaim); *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (counterclaims are "part of the same case or controversy," which § 1367(a) requires for federal district courts to exercise supplemental jurisdiction, if the claims "derive from a common nucleus of operative fact").

"Courts in this Circuit have held that supplemental jurisdiction is automatic over compulsory counterclaims." *Santeiro*, 2018 WL 11344442, at *2. A counterclaim is compulsory under if it "arises out of the transaction or occurrence

that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Here, both Plaintiffs' claims and Abacus's counterclaim revolve around "duties and obligations of the parties" with respect to the Placement Memorandum, "arise from the same facts," and "will involve the same witnesses or evidence," thus, "supplemental jurisdiction exists over this counterclaim." *Santeiro*, 2018 WL 11344442, at *4-5.

Because Abacus's declaratory judgment counterclaim is compulsory, it must be joined. *Techtron Corp. v. Piret*, 2005 WL 8159500, at *3-4 (M.D. Fla. Oct. 3, 2005) (finding that because counterclaimants' "claims are logically related to the same transactions and occurrences which give rise to the Second Amended Complaint, and a resolution of the surrounding factual issues could have a binding effect on these claims" the "claims are compulsory, and must be joined").

Further, at this early stage of the case, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." 6 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1406 (3d ed.). Based on the pleadings alone, it cannot be said that Abacus's counterclaim "will be mooted by the main action."

Plaintiffs' argument (at 8) that "Abacus may not simultaneously maintain that its counterclaim is part of the Investors' case for jurisdictional purposes, but nonetheless presents some separate controversy requiring an independent 'declaration'" falls short. As explained above, Abacus's counterclaim is compulsory

10

as it arises from the same transaction or occurrence as Plaintiffs' claims and thus can be heard by the court under supplemental jurisdiction. Abacus's failure to assert its compulsory counterclaim now will prevent Abacus from bringing its claim at a later time. Fla. R. Civ. P. 1.170(a); *Stevenson v. Corp. of Lloyd's*, 2016 WL 524735, at *5 (M.D. Fla. Feb. 10, 2016) ("Florida law provides that the failure to bring a compulsory counterclaim precludes a subsequent lawsuit on that claim."); *Parkinson v. Fed. Nat'l. Mortgage Ass'n*, 2017 WL 11725819, at *2 (S.D. Fla. June 12, 2017) ("A party who fails to assert a compulsory counterclaim in the action in which it should have been brought waives their right to recover on it.").

## C.    Declarations (a) and (b) Are Timely And Have Not Been Resolved

Plaintiffs' argument that the Counterclaim, particularly parts (a) and (b), raises "issues that have been . . . decided" fare no better. ECF No. 40 at 8.

Declaration (a) states "that Abacus is not, and has never been, a party to the LLF-LTGF Private Placement Memorandum." ECF No. 38, ¶ 34(a). While the court has found that the Amended Complaint plausibly alleges that "Plaintiffs and Defendant are not parties to the contract" (ECF No. 34 at 10), this is not a factual finding or binding ruling that Abacus has never been a party to the contract nor will it be considered a party to the contract through its acquisition of Carlisle.

Plaintiffs rely on *Wilton* as standing for the proposition that "[t]he Declaratory Judgment Act exists to resolve uncertainty, not to generate a second bite at the apple by mere disputation of a ruling already in the record." ECF No. 40 at 8-9. However, in *Wilton*, the Supreme Court addressed which test "governs a district court's decision

11

to stay a declaratory judgment action during the pendency of parallel state court proceedings, and under what standard of review a court of appeals should evaluate the district court's decision to do so." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 279 (1995). *Wilton* solely addressed a federal court's discretion on hearing a declaratory judgment action and did not address an instance where the Declaratory Judgment Act was utilized "to generate a second bite at the apple." Regardless, Abacus's declaration seeks a different answer than that already given by this court.

Further, Plaintiffs argue (at 6, 9) that declaration (b), which states that Abacus is not, and has never been, the alternative investment fund manager LLF-LTGF, "is a mere factual denial that will be tried, if at all, as part of the Investors' agency allegations under Counts Two and Five of the complaint." Again, even if there is resolution of Plaintiffs' claims or success of Abacus's affirmative defenses, there will not be a positive declaration that Abacus is not, and has never been, the alternative investment fund manager LLF-LTGF. Count Two of Plaintiffs' Amended Complaint states "Abacus, as the LLF-LTGF fund manager through Carlisle, owes a fiduciary duty to the Investors." ECF No. 14, ¶ 94. Resolution of this allegation would not resolve the issue of whether Abacus, *on its own*, is not and has never been the alternative investment fund manager LLF-LTGF. Plaintiffs' claim of agency theory does not prevent Abacus from obtaining a declaration of its own accord.

### D. Abacus's Counterclaim Is Valid and Does Not Seek An "Advisory Opinion."

12

Plaintiffs' claim (at 9) that Abacus's Declaration (d) "reaches beyond the agency theory to dispute issues that are not in the case" is a misunderstanding of the law. "In a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126 (2007).

Unsurprisingly, Plaintiffs simultaneously argue that Abacus's claims are "redundant" but add new theories into the case. However, as explained in Section III.A., *supra*, there is a present case or controversy before the court between Plaintiffs and Abacus based on Abacus's alleged duties and obligations under the Placement Memorandum, not merely its duties derivative of its ownership of Carlisle. Abacus is not seeking an "advisory opinion" based on "hypothetical theories that no party has placed in controversy." ECF No. 40 at 9. Abacus is asserting alternate theories of liability because said theories stem from the same set of facts underlying Plaintiffs' claims and can be resolved in this case. Despite Plaintiffs' wishful thinking, Abacus's counterclaim is *not* limited to the theories that Plaintiffs set forth in its Amended Complaint.[3]   Further, Plaintiffs' assertion (at 9) that the court's discussion of agency theory allow Plaintiffs' "pending claims proceed on an agency theory" does not limit other liability theories from being asserted by Abacus.

## IV.   CONCLUSION

---

[3]   Notably, Plaintiffs only take issue with "alter ego, mere continuation, or de facto merger" of Abacus's Declaration (d) but not "successor liability," even though this is a theory not explicitly stated in Plaintiffs' Amended Complaint. Compare ECF No. 40 at 9 with ECF No. 38, ¶ 34(d).

Based on the foregoing, Abacus's counterclaim states a viable claim for declaratory judgment, serves a useful purpose, and will not be resolved by adjudication of Plaintiffs' claims and thus, should not be dismissed.

Dated: July 14, 2026

Respectfully Submitted,
*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

14

## CERTIFICATE OF SERVICE

I certify that on July 14, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

/s/ *Alex Zuckerman*
Alex Zuckerman (*pro hac vice*)
