**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF**
**MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiffs/Counter-Defendants Ritz Investment Limited and Season Limited (together, the "Investors"), in accord with Local Rule 3.01(e), respectfully request leave to file a reply of no more than seven pages in support of their Motion to Dismiss Defendant's Counterclaim (the "Motion") (D.E. 40).

A reply is necessary because Defendant/Counter-Plaintiff Abacus Global Management, Inc.'s Opposition (the "Opposition") (D.E. 45) raises new factual and legal issues that do not appear in Abacus' Counterclaim (the "Counterclaim") (D.E. 38) and that therefore could not have been anticipated or addressed in the Motion. In satisfaction of Local Rule 3.01(e), the proposed reply would serve the proper purpose of addressing new facts, authorities, and arguments first raised in an opposition. *See DiRocco v. Victory Mktg. Agency, LLC*, 2015 WL 13802200, at *1 (M.D. Fla. 2015) ("The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court."); *Tardif v. People for the Ethical Treatment of Animals*, 2011 WL 2729145, at *1 (M.D. Fla. 2011).

Abacus' Opposition raises several new matters that warrant this targeted reply. Most significantly, the Opposition attempts to avoid the Investors' redundancy argument by asserting *for the first time* that its Counterclaim would determine its obligations not only to the Investors and the LLF-LTGF, but also with respect to unspecified "Carlisle funds," "Carlisle investors," and "questions of Carlisle's fund management other than those raised in Plaintiffs' Amended Complaint." D.E. 45 at 5. That purported controversy appears nowhere in the Counterclaim. The Counterclaim alleges only a controversy specifically between Abacus and the

Investors, arising from their investments in the LLF-LTGF and the claims asserted in this action. *See* D.E. 38 ¶¶ 1–4, 29–36. It does *not* identify another fund, investor, claimant, threatened claim, or concrete dispute. The Investors could not have anticipated that Abacus would attempt to rescue its Counterclaim by expanding it after the fact to encompass unidentified nonparties and hypothetical future disputes. A reply is necessary to address why those new allegations cannot cure the pleading and, instead, create additional Article III concerns.

The proposed reply would also address the internal inconsistency created by Abacus' new theory: Abacus contends that the Counterclaim is compulsory because it arises from the same transaction or occurrence as the Investors' claims (D.E. 45 at 9–11), while *simultaneously* asserting that it encompasses *other* funds, *other* investors, and broader matters outside this litigation. Abacus' Counterclaim did not plead forfeiture as the basis for declaratory relief, so the Investors' motion to dismiss the Counterclaim had no reason to address it. A reply will explain that compulsory status does not establish the substantive sufficiency or usefulness of a declaratory claim.

Relatedly, the Opposition argues for the first time that the Counterclaim seeks a "positive declaration" defining Abacus' contractual and fiduciary obligations "*post*-acquisition" under the Placement Memorandum. D.E. 45 at 5–7. The Counterclaim, however, requested something else: declarations concerning Abacus' alleged non-assumption of Carlisle's *pre*-acquisition obligations, the non-attribution of Carlisle's pre-acquisition conduct, and the absence of a fiduciary duty arising from the

Investors' status as LLF-LTGF unitholders. D.E. 38 ¶ 34. It does not plead a freestanding claim for a declaration defining all of Abacus' post-acquisition duties. A reply will address Abacus' reliance on a broader request for relief it didn't plead.

Finally, the Opposition, for the first time, submitted the Share Purchase Agreement and asserted in a footnote that Carlisle is "ultimately liable for any pre-acquisition conduct" because Carlisle allegedly agreed to indemnify Abacus for liabilities related to Carlisle's management of the Fund. D.E. 45 at 5 n.2; D.E. 45-2. Neither the Counterclaim nor the Investors' motion to dismiss it placed that agreement or an indemnification theory at issue.

Because these matters first appeared in the Opposition, the Investors had no opportunity to address them in the Motion. A reply will assist the Court in determining whether Abacus may sustain its Counterclaim through theories and materials not included in the Counterclaim, and whether the purported declarations would resolve any real controversy not already encompassed by the Investors' claims and Abacus' defenses.

For these good reasons, the Investors request that the Court grant them leave to file a reply of no more than seven pages, confined to the new matters identified here, in support of their Motion to Dismiss Defendant's Counterclaim.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that counsel for the parties conferred by email and telephone on July 16, 2026, regarding the relief requested in this motion. Defendant opposes the relief requested.

Date: July 16, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ANDRÉS RIVERO
Fla. Bar No. 613819
arivero@riveromestre.com
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on June 16, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.