**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

In accord with the Court's Order (D.E. 47), Ritz Investment Limited and Season Limited (the "Investors") submit this Reply in support of their Motion to Dismiss its Counterclaim (the "Motion") (D.E. 40).

## I. ABACUS CANNOT SAVE ITS COUNTERCLAIM BY NEWLY INVENTING A HYPOTHETICAL CONTROVERSY INVOLVING NONPARTIES

Defendant's Opposition (D.E 45) argues for the first time that its Counterclaim would determine its obligations not only to the Investors, but also to purported (and unidentified) "Carlisle funds" and "Carlisle investors," as well as "questions of Carlisle's fund management other than those raised in Plaintiffs' Amended Complaint." Opp. at 5. Nothing in the Counterclaim alleges this or supports this assertion. Its "Existing Controversy" section alleges only a dispute between Abacus and the Investors over Abacus' "legal relationship (or lack thereof) to Carlisle, the LLF-LTGF, the Placement Memorandum, *and the Counter-Defendants*." Countercl. (D.E. 38) ¶ 31 (emphasis added). Moreover, the declarations Abacus seeks concern only the Investors. *See id.* ¶ 34(a)–(e). No other investor, claimant, or threatened claim appears anywhere in defendant's 8-page Counterclaim.

Abacus cannot rescue its deficient pleading by describing, for the first time in the Opposition, some broader dispute that the deficient pleading never alleged. *E.g., Huls v. Llabona*, 437 F. App'x 830, 832 and n.5 (11th Cir. 2011) (noting that a plaintiff cannot amend his complaint through argument in a brief); *Martinez v. Goodwill Indus. of S. Fla., Inc.*, 2011 WL 13217232, at *3 (S.D. Fla. 2011) ("Plaintiff cannot amend

his Complaint by arguing a new theory in Response to Defendants' motions to dismiss.").

Defendant's gambit fails for the independent reason that a controversy involving unidentified nonparties and hypothetical future disputes is no controversy at all, let alone a justiciable one. The Declaratory Judgment Act requires "a substantial continuing controversy between parties having adverse legal interests," who are named parties, not strangers to the action. *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019); *Sheriff of Broward Cnty. v. Evanston Ins. Co.*, 159 F.4th 792, 803 (11th Cir. 2025) ("The Act's 'actual controversy' requirement '[e]cho[es]' Article III's standing requirement.").

A declaration that would resolve only hypothetical controversies or the rights of nonparties is not justiciable, full stop. Defendants' new arguments are dehors the pleadings, concern no cognizable injury to Abacus, and cannot support Article III jurisdiction for a declaratory judgment. *Sully v. Scottsdale Ins. Co.*, 533 F. Supp. 3d 1242, 1249 (S.D. Fla. 2021) (The "hypothetical possibility [of a future injury] doesn't suffice to invest the [party] with Article III standing."); *Norris v. Freedom Life Ins. Co. of Am.*, 2020 WL 887707, at *4 (M.D. Fla. 2020) (No Article III standing where plaintiff failed to plead factual allegations from which a substantial likelihood of future injury was apparent.).[1]

---

[1] To the extent defendant seeks a declaration regarding whether it "expressly or impliedly assumed Carlisle's preacquisition contractual or fiduciary obligations . . . to other LLF-LTGF unitholders" it must be dismissed for failure to plead or join hypothetical parties.

## II. CALLING A PURPORTED COUNTERCLAIM "COMPULSORY" DOES NOT MAKE IT LEGALLY SUFFICIENT, AND ABACUS' NEW THEORY UNDERMINES ITS JURISDICTIONAL ALLEGATIONS

Citing Florida Rule of Civil Procedure 1.170(a), the Opposition argues, for the first time, that its purported Counterclaim is "compulsory" and it Abacus obligated to bring it now or forfeit it. Opp. at 9–11. The Counterclaim never pleaded forfeiture as a basis for relief, and, for the reasons stated in the Investors' Motion and above, the argument does not hold water.

First, Federal Rule of Civil Procedure 13(a)(1)(A), not Florida Rule 1.170(a), determines what must be pleaded here. Under either rule, "compulsory" status concerns only a timing question: whether a claim must be asserted now or waived. It says nothing about whether a claim, once asserted, is legally sufficient or serves any purpose independent of the claims and defenses already before the Court. This is why courts of this district ask if a purported declaratory counterclaim serves a "useful purpose." *E.g., Fla. Virtual Sch. v. K12, Inc.*, 2021 WL 9204485, at *2 (M.D. Fla. 2021). Here, the answer is clearly "no," because resolving the Investors' claims and Abacus' affirmative defenses will resolve everything alleged in the Counterclaim regardless of whether it can be characterized as "compulsory." *Id; accord Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374–75 (M.D. Fla. 2008) (dismissing declaratory counterclaim without leave to amend as redundant despite its compulsory nature). Asserting "compulsory" status does not convert denials and affirmative defenses into independent causes of action, nor does it

require the Court to adjudicate a redundant declaratory claim. *Mount v. America's Insured, LLC*, 2023 WL 4455489, at *5 (M.D. Fla. 2023).

Second, defendant cannot have it both ways. Abacus necessarily alleges supplemental jurisdiction over its Counterclaim on the notion that it "arises from the same transaction or occurrence" as the Investors' claims (Countercl. ¶ 8). However, as the Investors demonstrated in Section I, defendant's Opposition postulates unpleaded, nonexistent disputes that could not "arise from the same transaction or occurrence" as the Investors' claims, and would concern hypothetical non-parties and conjectural controversies if they ever did arise.

Defendant cannot save their Counterclaim by using the Opposition to expand it *beyond* the matters actually at issue, while simultaneously insisting that it is "compulsory" because it is *confined* to the matters at issue. Said otherwise, there is nothing for Abacus to "forfeit," because its Counterclaim is a mere reflection of the Investors' claims seeking no relief independent of their adjudication.

## III. THE SHARE PURCHASE AGREEMENT AND CARLISLE'S INDEMNIFICATION OBLIGATION ARE DEHORS THE RECORD, OUTSIDE THE FOUR CORNERS OF THE COUNTERCLAIM, AND CONFLATE INDEMNITY WITH LIABILITY

Defendant's Opposition also introduces for the first time a Share Purchase Agreement between Abacus and Carlisle, and argues in a footnote that Carlisle's promise there to indemnify Abacus shows that Carlisle is "ultimately liable" for the misconduct at issue here. Opp. at 5 n.2, Ex. 1. To begin, the agreement and any indemnification theory must be disregarded—they were not alleged in the

Counterclaim. But even if this agreement and theory actually had been alleged, they would still be legally insufficient.

On a motion to dismiss, a court may take judicial notice of an SEC filing, such as defendant's Form 8-K, only to determine *what* it says, not to establish the *truth* of what it says. *E.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 560 F. Supp. 2d 1221, 1229 n.4 (M.D. Fla. 2008). Abacus demands the Court do precisely what well-settled precedent forbids, and treat the Share Purchase Agreement's indemnification clause as "proof" that Carlisle is responsible for the misconduct at issue here.

Further, even if it actually had been alleged in (and attached to) the Counterclaim, the indemnification agreement would prove nothing. Such an agreement allocates the risk of loss between contracting parties, but does not determine a nonsignatory's rights against either of them. Under Florida law, an indemnification agreement between Abacus and Carlisle would support a claim by Abacus against Carlisle if Abacus is held liable to the Investors. *See BVS Acquisition Co., LLC v. Brown*, 649 Fed. Appx. 651 (11th Cir. 2016).

Thus, even if a valid indemnity agreement between Abacus and Carlisle were to exist, it would be inapplicable to the Investors' claims against Abacus. Whatever duties Carlisle might owe Abacus under such an agreement would have no effect on the questions of whether Abacus owed the Investors fiduciary duties or assumed Carlisle's pre-acquisition obligations. Further, those very questions already were posed first by Abacus' affirmative defenses, and again by its Counterclaim. Aff. Def.

1, 2, 5; Countercl. ¶ 34(c). Defendant's newly minted indemnification theory is both improper and irrelevant to this motion to dismiss.

## IV. ABACUS' DEMAND FOR A "POSITIVE DECLARATION" OF POST-ACQUISITION DUTIES UNDER THE PLACEMENT MEMORANDUM WAS NEVER PLEADED AND IS FORECLOSED BY THE COURT'S RULINGS

The Opposition argues, again for the first time, that the Counterclaim serves a useful purpose because resolution of the Investors' claims and Abacus' affirmative defenses "would only foreclose on Plaintiffs' claim for damages" without deciding Abacus' "obligations and duties post-acquisition of Carlisle" under the Placement Memorandum, a decision to which Abacus says it is entitled by "positive declaration." Opp. at 6–7. But the Counterclaim alleges nothing of the sort.

Defendant's Counterclaim demands five declarations: that Abacus is not and never was a party to the Placement Memorandum; that it never has been the fund's alternative investment fund manager; that it did not assume Carlisle's *pre-acquisition* obligations; that is not subject to liability for Carlisle's pre-December 2024 conduct; and that it owes the Investors no fiduciary duties arising from their unitholder status. Countercl. ¶ 34(a)–(e). Nowhere does the Counterclaim request a declaration of Abacus' prospective, post-acquisition duties under the Placement Memorandum. Like defendants' phantom "Carlisle investors" controversy and its unpleaded indemnification theory, this so-called "positive declaration" of its post-acquisition duties is an invention born in the Opposition, and a party cannot amend its counterclaim through arguments in a brief.

Moreover, the demand is incoherent. This Court already held that Abacus is not a party to the Placement Memorandum (D.E. 34 at 10), a holding Abacus' own first requested declaration would merely confirm. Countercl. ¶ 34(a). Any lingering questions about the Placement Memorandum's application to "Carlisle funds" and "Carlisle investors," Opp. at 5, are hypothetical questions seeking an improper advisory opinion, as addressed in Section I, above.

The insurance cases Abacus cites for its "positive declaration" only confirm these infirmities. In *New Market Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 327 (M.D. Fla. 2022), and *Frank v. Rockhill Ins. Co.*, 2018 WL 5619325, at *3 (M.D. Fla. 2018), insurers sought declarations of no coverage under policies that bound the parties, where prevailing on alleged claims would not have settled the parties' obligations under those policies. Here, there is no contract between the parties—as Abacus has repeatedly insisted—and each pleaded declaration merely negates an element of Counts Two, Five, or Six of the Complaint, or restates defendant's affirmative defenses. For example, duty itself is an element of the fiduciary-duty claim, not merely a route to "damages." *Cf.* Opp. at 6. Adjudication of the Investors' claims and Abacus' defenses "would resolve all questions raised by the counterclaim," which again demonstrates that the Counterclaim serves no useful purpose and should be dismissed.

## CONCLUSION

For all these good reasons and those set forth in the Motion, the Investors respectfully request that the Court dismiss Abacus's Counterclaim (D.E. 38).

Date: July 23, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
ANDRÉS RIVERO
Fla. Bar No. 613819
arivero@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on July 23, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.