**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-02047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

# PLAINTIFFS' SHORT-FORM DISCOVERY MOTION[1]

Plaintiff Investors move to compel Defendant's document production and interrogatory answers. See Comp. Ex. 1 (requests and responses).

## I. Defendant's Baseless GDPR and Confidentiality Objections Do Not Justify Withholding Production

Abacus invokes European General Data Protection Regulation and third-party confidentiality[2] to withhold responsive discovery, insisting Investors narrow Rule 26 discovery to what the GDPR considers "reasonably necessary and narrowly

[1] The Court's Order (D.E. 36), entered by the prior Magistrate Judge, limits Short Form Discovery Motions to 500 words. This case is now assigned to Magistrate Judge Chauncey A. Bratt. Investors have complied with the procedures set out by the predecessor magistrate judge. They request additional briefing on the matters raised here. *See* D.E. 36 at ¶ 7 ("In the Motion . . . a party may request additional briefing . . . .").

[2] Third-party confidentiality and privacy objections: RFPs 1, 2, 4-28; Rogs 1-17, 19-25 GDPR objections: RFPs 1-10, 13, 20, 22, 25, 26; Rogs 1, 2, 4, 6, 7, 10-14, 17, 21-25.

tailored." But the parties entered a protective order addressing personal data, and courts addressing GDPR objections permit discovery subject to such safeguards, rather than categorical withholding or redaction. *See AnywhereCommerce, Inc. v. Ingenico, Inc.*, 2021 WL 2256273, at *4 (D. Mass. 2021); *In re Mercedes-Benz Emissions Litig.*, 2020 WL 487288, at *8 (D.N.J. 2020); *In re Farm-Raised Salmon Antitrust Litig.*, 2020 WL 14025674, at *2 (S.D. Fla. 2020); *Sowa v. Mercedes-Benz Grp. AG*, 2025 WL 3143639, at *7 (N.D. Ga. 2025). Abacus has identified no U.S. authority narrowing discovery to GDPR "necessity." The objections fail. Abacus should be compelled to produce responsive, nonprivileged documents and answers under the protective order.

## II. The Challenged Interrogatories Seek Facts

Abacus objects to Interrogatories 3, 5, 8, 9, 15, 16, 19, and 20 as "improper contention interrogatories." But these requests seek not litigation theories but historical facts (e.g., why redemptions were denied, corporate structure, liquidity measures applied to the Fund, and due diligence preceding the acquisition). Middle District Discovery (2021) § IV(C)(2) bars interrogatories demanding "a detailed narrative of the opposing part[y's] case," not fact interrogatories courts routinely compel. These interrogatories should be answered.

## III. Production Cannot Be Delayed Further

Investors served these requests on January 30, 2026. Six months later, on July 6, Defendant produced a paltry 133 documents. Now it promises another production in approximately two weeks.

First, Defendant has conditioned production responsive to RFPs 1-6, 9, 13, and 19 on Investors providing search terms (which ***were*** provided on April 14), but Defendant has never provided a counterproposal nor disclosed what searches, if any, it ran in the interim to meet its discovery obligations. No rule conditions Defendant's discovery obligations on Investors first guessing "workable" terms, particularly when Defendant will not confer on hit results nor answer interrogatories identifying potential custodians. Second, Abacus agreed to produce documents responsive to RFPs 17 (market-conditions analyses cited for redemption delays) and 28 (meeting minutes), but as of this filing has produced one meeting minute. Third, Defendant maintains its relevance objection to RFP 18 and has produced nothing, although contracts with liquidation services bear directly on whether Fund assets are being depleted or payments prioritized ahead of redemptions.

With expert disclosures due October 5, Investors cannot wait for Defendant to decide when, or whether, to comply. Compulsion is required, and promptly.

## CONCLUSION

Investors request an order (1) compelling complete discovery responses, (2) overruling Abacus' objections, and (3) awarding Investors the reasonable fees

incurred in litigating this motion.

**LOCAL RULE 3.01(G) CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to Local Rule 3.01(g), the undersigned certifies that it conferred with Defendant's counsel via Zoom on April 13, 2026 and August 20, 2026 regarding the issues raised in this motion. The parties were unable to resolve the issues and Defendant opposes the relief sought.

Date: August 21, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ROBERT KUNTZ
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.