# Composite Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT, INC.,

Defendant.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiffs Ritz Investment Limited and Season Limited, under Federal Rule of Civil Procedure 33, request that defendant Abacus Global Management, Inc. ("Abacus") respond to each of the following interrogatories in writing and under oath, within thirty days of service.

## I. DEFINITIONS

As used in these interrogatories (the "Interrogatories"), the following terms and words shall have the following meanings:

1. "“AIFM" shall mean alternative investment fund manager.

2. "And" and "or" shall be both conjunctive and disjunctive; and "including" shall mean "including without limitation."

3. "Any" shall include the word "all," and "all" shall include the word "any."

4. "LLF-LTGF" shall mean Luxembourg Life Fund – Long Term Growth Fund.

5. "Communications" shall refer to any exchange or transmission of words or ideas to another person or entity, whether accomplished person to person, by telephone, in writing, by fax, by electronic mail or through another medium, and shall include, without limitation,

discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, emails, faxes, and statements or questions.

6. "Document" means any written, recorded or graphic matter, whether produced, reproduced, or stored on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, and includes, but is not limited to originals, copies and drafts, including, but not limited to: paper, books, letters, photographs, images, video, statements, of account, financial statements and data, balance sheets, profit and loss statements and other financial analysis, bills, invoices, receipts, photographed objects, tangible things, correspondence, telegrams, cables, telex manager, memoranda, notes, notations, work papers, transcripts, minutes, reports, and records of telephone or other conversations, or of interviews, of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, press releases, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer print-outs, data processing in-put and out-put, microfilms, and other records kept by electronic, photographic or mechanical means, and anything similar to any of the foregoing, however denominated. This also includes any and all files from any personal computer, notebook, or laptop computer, file server, minicomputer, main-frame computer, or other storage device, including but not limited to, hard disk drives or backup or retrieved electronic information, including but not limited to, e-mail. All relevant files that are still on the storage media, but are identified as "erased but recoverable," or which are similarly identified, are to be included.

7. "Identify", when used in reference to a document, shall mean and include the name and address of the custodian of the document, the location of the document, and a general description of the document, including:

a. the type of document (i.e., correspondence, memorandum, telex, etc.);

b. the general subject matter of the document;

c. the date of the document;

d. the author of the document;

e. the addressee of the document; and

f. the relationship of the author and addressee to each other.

8. "Identify" with respect to a person shall mean to provide, to the extent known, the person's full name, job title, present or last known address, and when referring to a natural person, the present or last known place of employment.

9. "Person" shall mean a natural person acting as an individual, a group of individuals acting in a collegial, business or group capacity (e.g., as a board of directors or committee), or a business, corporation, proprietorship, partnership, trust, association, or any governmental, juridical, or other entity.

10. "Plaintiffs" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11. Wherever necessary to ensure completeness or accuracy of these Interrogatories, the singular includes the plural and the plural includes the singular.

## II. DEFINITIONS

Unless specified in a particular Interrogatory, these Interrogatories shall include and encompass all information for the period from 2016 to the present.

## III. INSTRUCTIONS

1. In answering these Interrogatories, you are required to furnish information not only within your own knowledge or obtainable by you, but also any information or knowledge in the possession of or obtainable by your attorneys, representatives, agent or anyone acting on your behalf.

2. If you cannot answer the following Interrogatories in full, after exercising due diligence to secure the information to do so, state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

3. If any of your answers to these Interrogatories, or sub-parts thereof, make reference to a document or documents, attach a copy or copies of the document or documents to your answer.

4. If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information unless divulging the information would disclose the privileged information:

a. the nature of the privilege claimed (including work product);

b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

c. the date of the document or oral communication;

d. if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

f. the general subject matter of the document or oral communication.

5. You are under a continuous obligation to supplement your answers to these Interrogatories should additional information become known to you, or the circumstances change.

## IV. INTERROGATORIES

1. Identify all persons involved in communications with Plaintiffs regarding redemption requests from 2016 to present.

2. Describe in detail the process for calculating NAV for LLF-LTGF during each liquidation cycle, including all methodologies and valuation adjustments. If calculation methods differed during the different liquidation cycles, or from other funds, specify why new approaches were taken and how the multiple approaches vary.

3. State all reasons why Plaintiffs' redemption requests were denied and not redeemed in full.

4. Identify all distributions made to Plaintiffs and other LLF-LTGF investors, specifying their nationalities, since 2016, including dates, amounts, and NAV applied.

5. Describe the relationship between Abacus' and Carlisle's management teams, both pre- and post-acquisition, with special attention placed on their relationship during the LLF-LTGF disclosure process, and explain Abacus' role and responsibilities as AIFM and management company for LLF-LTGF after acquiring Carlisle. Identify all relevant staff members.

6. Identify all communications sent to all LLF-LTGF investors regarding liquidation, redemption timelines, and NAV since 2016.

7. Identify all performance fees, management fees, or other charges assessed against Abacus, Carlisle, or LLF-LTGF during liquidation, including all entities and individuals, and, if so, provide amounts, dates, and justification.

8. Describe any gating, suspension, or liquidity management measures applied to LLF-LTGF since 2016.

9. Identify any funds managed by Carlisle that experienced gating, suspension, or liquidity management measures since 2016.

10. Identify all persons, specifying said persons' employer (Abacus, Carlisle, or third-party) when such decisions were made, and their employer today, who participated in the decision to suspend or delay redemptions for LLF-LTGF.

11. Describe in detail all communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), and LGT Bank (Switzerland) Ltd. ("LGT Bank") regarding Plaintiffs' redemption requests, including dates and participants.

12. State the total amount of assets currently held by LLF-LTGF and the location of those assets.

13. Identify all other liquidation requests, and whether completed or denied, from 2016 onwards, and state whether Abacus has received any complaints from other investors regarding delayed redemptions, and if so, describe the nature of those complaints.

14. Identify all third-party service providers involved in the liquidation process of LLF-LTGF, describe their roles, and whether they were paid by Carlisle or Abacus.

15. Describe any internal policies or procedures governing redemption requests during liquidation, including any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation and the reasons for imposing them..

16. State whether Abacus has made any representations to regulators regarding the status of LLF-LTGF liquidation, and if so, describe those representations.

17. Identify all audits or financial reviews conducted on LLF-LTGF since 2016, including the names of the auditing firms, dates of audits, and whether such services were paid for by Abacus or Carlisle.

18.

19. Identify all internal reports or analyses prepared by Abacus concerning the impact of market conditions on LLF-LTGF liquidation.

20. Describe in detail all steps Abacus took by way of due diligence before acquiring Carlisle and identify all person who conducted said due diligence.

21. Describe in detail any LLF-LTGF liquidation settlements, including but not limited to party names and liquidation terms.

22. State all LLF-LTGF investors, redeemed parties (with date of redemption), and affiliates and related parties classified by their investment's status of redeemed or still invested.

23. State all partners, employees, accounting firms, and financial consultants, both internal and external, involved in auditing, valuing, and preparing tax returns for Carlisle and Abacus, including fees paid to contractors since the LLF-LTGF's founding.

24. State all litigation involving Abacus and Carlisle's partners at both their present and prior funds, along with all law firms hired by Abacus and Carlisle.

25. Identify all marketing efforts, including materials, distribution channels, and placement of such materials, including country of publication, used to raise money for the LLF-LTGF, and where Carlisle and Abacus funds, including the LLF-LTGF, were marketed.

Dated: January 30, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ANDRÉS RIVERO
Fla. Bar No. 613819
arivero@riveromestre.com
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT, INC.,

Defendant.

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Ritz Investment Limited and Season Limited, requests under Rule 34 of the Federal Rules of Civil Procedure, that defendant Abacus Global Management, Inc. ("Abacus") produce the documents identified below within 30 days of service.

## I. DEFINITIONS

As used in this request for production of documents (the "Request"), the following terms and words shall have the following meanings:

1. "And" and "or" shall be both conjunctive and disjunctive; and "including" shall mean "including without limitation."

2. "Any" shall include the word "all," and "all" shall include the word "any."

3. "Communications" shall refer to any exchange or transmission of words or ideas to another person or entity, whether accomplished person to person, by telephone, in writing, by fax, by electronic mail or through another medium, and shall include, without limitation, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, emails, faxes, and statements or questions.

4. "Control" shall mean possessed by you, in your custody or control, or under your direction, and shall include under the possession, custody or control of persons under your direction, including your employees, subordinates, counsel, accountants, experts, agents, contractors, consultants, and any person or entity purporting to act on your behalf.

5. "Date" shall mean the exact day, month, and year, if ascertainable, and if not, the best approximation thereof (based on its relationship to other events).

6. "Document" shall mean any written, recorded or graphic matter, and all tangible things from which information can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including the following: communications; texts correspondence; memoranda, notes, messages, letters, facsimiles, emails, and any other types of electronic messages (including, but not limited to, text, instant message, and direct message); social media or other online content, geolocation data; data created in whole or in part without human authorship by artificial intelligence system or machine learning mode (including but not limited to generative algorithms, large language models, or automated content creation tools, regardless of its storage format or medium); data generated and stored by devices connected to the Internet of Things; communications generated and stored in workplace collaboration tools or ephemeral messaging applications; bulletins; diaries; chronological data; minutes; books; reports; charts; ledgers; invoices; worksheets; receipts; computer memory; word processing data; computer printouts; work-product schedules; account records; patents; licenses; legal pleadings or motions; minutes of directors' meetings; minutes of shareholders' or

other meetings; minutes of subsidiaries directors', shareholder', or other meetings; work assignments; transaction files; statistical records; financial records; bank records; security agreements; testing reports; newspaper or magazine articles; stories or clippings; affidavits; declarations; contracts; transcripts; surveys; graphic representations of any kind; photographs; graphs; microfilms; videotapes; tape recordings; motion pictures or other films; or information maintained in any electronic medium (including information found in computer hard drives, flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and pdfs). This also includes any and all files from any personal computer, notebook, or laptop computer, file server, minicomputer, main-frame computer, or other storage device, including but not limited to, hard disk drives or backup or retrieved electronic information, including but not limited to, e- mail, and all relevant files that are still on the storage media, but are identified as "erased but recoverable," or which are similarly identified. A draft or non-identical copy of a document is a separate document within the meaning of this term. This term also encompasses electronically stored information stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

7. "ESI" shall mean electronically-stored information and associated metadata.

8. "LLF-LTGF" shall mean Luxembourg Life Fund – Long Term Growth Fund.

9. "Plaintiffs" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

10. "Relating to" and "relate to" shall mean directly or indirectly referring to, evidencing, discussing, defining, mentioning, reflecting, regarding, pertaining to, consisting of, concerning, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

11. Wherever necessary to ensure completeness or accuracy of these document requests, the singular includes the plural and the plural includes the singular.

## I. RELEVANT TIME FRAME

Unless specified in a particular request, these requests for production shall include and encompass all information for the period from 2016 to the present.

## II. INSTRUCTIONS

1. These document requests are continuing in nature and, when previously unproduced documents to your attention, the response to the document request shall be supplemented.

2. The documents that are the subject of this discovery request are to be produced either (1) in the exact order in which they are kept in the ordinary course of business, or (2) classified according to the specific request(s) to which they are responsive.

3. To the extent that you do not have possession, custody, or control of any documents identified as responsive to a particular request here, please so indicate by writing "none" and explain the lack of possession, custody, existence or control of such responsive documents in your response.

4. All electronic documents and e-mails are requested to be produced in electronic format by a forensically-sound method, with all original metadata preserved and intact.

5. ESI should be produced as follows:

a. E-mail, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata, e.g. author, recipient(s), “cc” recipient(s), “bcc” recipient(s), date and time of creation and receipts, date and time of modification, etc. and substantive metadata (e.g., the substance of the changes, etc.), with all attachments. All chronological metadata shall be standardized to Eastern Standard Time. Plaintiff reserves the right to request native format production for ESI. On such request, you shall produce documents (identified by Bates number or range) in original native electronic format.

b. Dynamic files (e.g., databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all such software necessary to interpret the produced information if such software is not readily commercially available.

c. For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless plaintiff specifically agrees to a different form of production.

6. If any document requested here previously was in your possession, custody, or control but is no longer, please state the following for each such document in your response:

a. the type of document (e.g., correspondence, memorandum, e-mail, etc.);

b. the date of the document;

c. any and all persons who signed or authored the document;

d. any and all persons who received the document or a copy of it, along with the date of receipt;

e. any and all persons now in possession of the document;

f. a description of the subject matter and the substance of the document that is as complete as possible; and

g. the disposition of the document (e.g. lost, discarded or destroyed), including the date of disposition.

7. If any documents requested here have been lost, discarded or destroyed, these documents shall be identified as completely as possible, including:

a. the names of the authors of the document;

b. the names of the persons to whom the documents or copies were sent;

c. the date of the document;

d. the date on which the document was received by each addressee, co-payee or its recipients;

e. a description of the subject matter and the substance of the document that is as complete as possible;

f. the date on which the document was lost, discarded or destroyed; and

g. the manner in which the document was lost, discarded or destroyed.

8. If you withhold production of a document requested here on grounds of privilege, work product, or on any other basis, please state the following, in a privilege log, for each document withheld:

a. the type of document (e.g., correspondence, memorandum, e-mail);

b. the date of the document;

c. the identity of any and all persons who signed, sent, or authored the document;

d. the identity of any and all persons who received the document or a copy of it;

e. the date on which the document was received by each addressee or recipient;

f. the reasons for non-production;

g. a brief description of the type and the substance of the document; and

h. the statute, rule, or decision that you claim gives rise to the basis to withhold.

## III. DOCUMENTS REQUESTED

1. All documents evidencing the acquisition of Carlisle Management Company ("Carlisle") by Abacus, including pre-acquisition due diligence into the LLF-LTGF, agreements, and closing documents.

2. All documents and internal communications reassigning Abacus employees to Carlisle and vice-versa.

3. All organizational charts and governance documents showing Abacus' and Carlisle's management structures and decision-making authority over LLF-LTGF post-acquisition.

4. All internal memoranda or reports discussing the impact of the acquisition on LLF-LTGF obligations.

5. All versions of the Placement Memorandum governing LLF-LTGF (including July 2022 version).

6. All communications between Abacus (or Carlisle) and LLF-LTGF investors regarding redemption requests since 2016.

7. All communications, internal and with LLF-LTGF investors, discussing LLF-LTGF investors' redemption requests or liquidation status.

8. Monthly newsletters or investor updates issued by Abacus or Carlisle since 2016.

9. Documents reflecting NAV calculations for LLF-LTGF since 2016.

10. Documents showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016.

11. Accounting records showing assets, liabilities, and reserves for LLF-LTGF during liquidation, including which company paid for such audits, since 2016.

12. Documents, including internal accounting records from Carlisle and Abacus, evidencing performance fees or management fees charged during liquidation, including all information regarding who paid the performance and management fees, and to whom they were directed.

13. All communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), LGT Bank (Switzerland) Ltd. ("LGT Bank"), or other agents regarding Plaintiffs' redemption requests.

14. All communications between Abacus and any regulatory authority regarding LLF-LTGF liquidation or redemption delays.

15. All audited financial statements for LLF-LTGF from 2016 to present.

16. All documents reflecting any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation.

17. All internal analyses or reports concerning market conditions cited as reasons for redemption delays.

18. All contracts or agreements with third-party service providers engaged in the liquidation process.

19. All versions of investor newsletters or updates issued since 2016 regarding LLF-LTGF liquidation.

20. All internal emails or correspondence discussing Plaintiffs' redemption requests or related complaints.

21. All documents evidencing reserves or holdbacks applied to LLF-LTGF assets during liquidation.

22. All documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names.

23. All documentation and correspondence with consultants, accounting firms, or internal appraisers detailing an appraisal or analysis of LLF-LTGF's value.

24. All audited financial statements for Carlisle, Abacus, and the LLF-LTGF since 2016.

25. All documents relating to litigation involving Tim Mol at both Abacus and any prior fund.

26. All internal communications and documentation concerning marketing efforts, including materials and their placement used to raise money for the LLF-LTGF.

27. All documents relating to cross-border financial investment marketing.

28. All minutes of directors', shareholders', or other meetings where discussions regarding the LLF-LTGF were held.

Dated: January 30, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ANDRÉS RIVERO
Fla. Bar No. 613819
arivero@riveromestre.com
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT, INC.,

Defendant.

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT**

Plaintiffs Ritz Investment Limited and Season Limited, under Federal Rule of Civil Procedure 36, request defendant Abacus Global Management, Inc. ("Abacus") to admit or deny each of the requests set forth below.

## I. DEFINITIONS

As used in these Requests for Admissions (the "Requests"), the following terms and words shall have the following meanings:

1. "AIFM" shall mean alternative investment fund manager.

2. "And" and "or" shall be both conjunctive and disjunctive; and "including" shall mean "including without limitation."

3. "Any" shall include the word "all," and "all" shall include the word "any."

4. "LLF-LTGF" shall mean Luxembourg Life Fund – Long Term Growth Fund.

5. "Plaintiffs" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party shall mean the party and, where applicable, its officers, directors,

employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Wherever necessary to ensure completeness or accuracy of these Requests, the singular includes the plural and the plural includes the singular.

## II. RELEVANT TIME FRAME

Unless specified in a particular Request, these Requests shall include and encompass all information for the period from 2016 to the present.

## III. INSTRUCTIONS

1. As to each statement, you shall specifically admit or deny the statement. If denied, the denial must fairly meet the substance of the requested admission. If you qualify your answer or deny any part of the matter for which admission is requested, you shall admit so much of the statement as is true and qualify or deny the remainder.

2. If you object that a term or phrase is vague or ambiguous, you shall respond with its understanding of the term or phrase and specifically admit or deny the statement.

3. These Requests are continuing in nature and require supplementation pursuant to the Federal Rules of Civil Procedure.

## IV. INSTRUCTIONS

1. Admit that Abacus is the AIFM and management company for LLF-LTGF.

2. Admit that Plaintiffs submitted redemption requests in September 2020 and July 2022.

3. Admit that Abacus has not fully redeemed Plaintiffs' investments.

4. Admit that Abacus issued newsletters to LLF-LTGF investors without providing detailed liquidation timelines.

5. Admit that Abacus has retained funds belonging to Plaintiffs in excess of $16 million USD.

6. Admit that Abacus assumed all obligations of Carlisle Management Company after its acquisition in 2024.

7. Admit that Abacus has control over the assets of the LLF-LTFG.

8. Admit that Abacus has the authority to approve or deny redemption requests for LLF-LTGF.

9. Admit that Abacus has not provided Plaintiffs with a complete accounting of LLF-LTGF assets since September 2022.

10. Admit that Abacus represented to Plaintiffs that liquidation of LLF-LTGF would be completed within a specific timeframe.

11. Admit that Abacus did not meet the timeframe communicated to Plaintiffs for liquidation.

12. Admit that Abacus has continued to charge management or performance fees during the liquidation process.

13. Admit that Abacus has distributed liquidation proceeds to other investors while Plaintiffs' redemption requests remain unpaid.

14. Admit that Abacus has not provided Plaintiffs with monthly newsletters containing detailed liquidation progress.

15. Admit that Abacus has retained funds belonging to Plaintiffs without providing a legal justification for the delay.

16. Admit that Abacus has not provided Plaintiffs with audited financial statements for LLF-LTGF during liquidation.

17. Admit that Abacus has represented to Plaintiffs that redemption delays were due to market conditions.

18. Admit that Abacus has not provided Plaintiffs with documentation supporting its claim that market conditions caused redemption delays.

19. Admit that Plaintiffs have deposited an aggregate of no less than $12.5 million into the LLF-LFGF from 2016 to present.

20. Admit that LLF-LTGF has settled at least one substantial liquidity claim relating to the LLF-LFGF from 2016 to present.

Dated: January 30, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ANDRÉS RIVERO
Fla. Bar No. 613819
arivero@riveromestre.com
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| RITZ INVESTMENT LIMITED,<br>SEASON LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABACUS GLOBAL MANAGEMENT, INC.,<br><br>Defendant. | Case No. 6:25-cv-2047-JSS-RMN |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Abacus Global Management, Inc. ("Abacus") hereby responds and objects to Plaintiffs Ritz Investment Limited and Season Limited's First Set of Interrogatories, dated January 30, 2026 (the "Interrogatories").

**GENERAL OBJECTIONS**

1. Abacus objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a confidentiality agreement to be agreed upon by and between Abacus and Plaintiffs.

2. Abacus objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, areargumentative, or are otherwise defective in form. Abacus hereby denies any such disputed or inaccurate facts or legal

conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

3. Abacus objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

4. Abacus objects to the Requests to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Abacus (including, but not limited to, information that is currently within Plaintiffs' control).

5. Abacus objects to the Requests to the extent they call for information that is not known or reasonably available to Abacus.

6. Abacus objects to each Request to the extent that it is duplicative or redundant of other requests.

7. Abacus objects to the Interrogatories, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure ("FRCP"). Abacus's responses to the Interrogatories will be made in accordance with those rules, and any Court orders relevant to the proper scope, timing, and extent of discovery in this Action.

8. Abacus objects to the Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information necessary for any response to the Interrogatories.

9. These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Interrogatories.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "defendant" as referring to Abacus Global Management, Inc.

2. Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3. Abacus objects to Plaintiffs' definition of "AIFM" to the extent it includes any entity other than Carlisle Management Company S.C.A. Abacus interprets Plaintiffs' definition of "AIFM" as referring to Carlisle.

4. Abacus objects to Plaintiffs' definition of "Communications" to the extent it is broader than required by the Federal Rules of Civil Procedure.

5. Abacus objects to Plaintiffs' definition of "Document" to the extent it is broader than required by the Federal Rules of Civil Procedure.

6. Abacus objects to Plaintiffs' definitions of "Identify" to the extent they are broader than required by the Federal Rules of Civil Procedure.

7. Abacus objects to Plaintiffs' definition of "LLF-LTGF" to the extent it is broader than the sub-fund under the Luxembourg Life Fund. Abacus interprets Plaintiffs' definition of "LLF-LTGF" as referring to the sub-fund under the Luxembourg Life Fund, a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle, the AIFM.

8. Abacus objects to Plaintiffs' "Relevant Time Frame" to the extent it seeks material from "the period from 2016 to the present," a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case as it extends beyond the time period covered by Abacus's acquisition of Carlisle Management Company S.C.A. Abacus interprets the "Relevant Time Frame" to include the period from December 2024 to the present.

9. Abacus objects to Defendants' Instructions 1-5 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure. Abacus will produce non-privileged documents within Abacus's custody and control and responsive to Defendants' Interrogatories, subject to and without waiver of objections.

10. Abacus's responses shall not be deemed a waiver of any applicable General or Specific Objection to the Interrogatory. Abacus does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons involved in communications with Plaintiffs regarding redemption requests from 2016 to present.

**RESPONSE TO INTERROGATORY NO. 1:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks the identity of "[a]ll persons involved in communications with Plaintiffs" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the timeframe of this Interrogatory as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 2:**

Describe in detail the process for calculating NAV for LLF-LTGF during each liquidation cycle, including all methodologies and valuation adjustments. If calculation methods differed during the different liquidation cycles, or from other funds, specify why new approaches were taken and how the multiple approaches vary.

**RESPONSE TO INTERROGATORY NO. 2:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 3:**

State all reasons why Plaintiffs' redemption requests were denied and not redeemed in full.

**RESPONSE TO INTERROGATORY NO. 3:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and

disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 4:**

Identify all distributions made to Plaintiffs and other LLF-LTGF investors, specifying their nationalities, since 2016, including dates, amounts, and NAV applied.

**RESPONSE TO INTERROGATORY NO. 4:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all distributions" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 5:**

Describe the relationship between Abacus' and Carlisle's management teams, both pre- and post-acquisition, with special attention placed on their relationship during the LLF-LTGF disclosure process, and explain Abacus' role and responsibilities as AIFM and management company for LLF-LTGF after acquiring Carlisle. Identify all relevant staff members.

**RESPONSE TO INTERROGATORY NO. 5:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 6:**

Identify all communications sent to all LLF-LTGF investors regarding liquidation, redemption timelines, and NAV since 2016.

**RESPONSE TO INTERROGATORY NO. 6:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all communications" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing

information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 7:**

Identify all performance fees, management fees, or other charges assessed against Abacus, Carlisle, or LLF-LTGF during liquidation, including all entities and individuals, and, if so, provide amounts, dates, and justification.

**RESPONSE TO INTERROGATORY NO. 7:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all performance fees, management fees, or other charges" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 8:**

Describe any gating, suspension, or liquidity management measures applied to LLF-LTGF since 2016.

**RESPONSE TO INTERROGATORY NO. 8:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "any gating, suspension, or liquidity management measures" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 9:**

Identify any funds managed by Carlisle that experienced gating, suspension, or liquidity management measures since 2016.

**RESPONSE TO INTERROGATORY NO. 9:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "any funds managed by Carlisle" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 10:**

Identify all persons, specifying said persons' employer (Abacus, Carlisle, or third-party) when such decisions were made, and their employer today, who participated in the decision to suspend or delay redemptions for LLF-LTGF.

**RESPONSE TO INTERROGATORY NO. 10:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all persons" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 11:**

Describe in detail all communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), and LGT Bank (Switzerland) Ltd. ("LGT Bank") regarding Plaintiffs' redemption requests, including dates and participants.

**RESPONSE TO INTERROGATORY NO. 11:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all communications" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 12:**

State the total amount of assets currently held by LLF-LTGF and the location of those assets.

**RESPONSE TO INTERROGATORY NO. 12:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 13:**

Identify all other liquidation requests, and whether completed or denied, from 2016 onwards, and state whether Abacus has received any complaints from other investors regarding delayed redemptions, and if so, describe the nature of those complaints.

**RESPONSE TO INTERROGATORY NO. 13:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all other liquidation requests," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 14:**

Identify all third-party service providers involved in the liquidation process of LLF-LTGF, describe their roles, and whether they were paid by Carlisle or Abacus.

**RESPONSE TO INTERROGATORY NO. 14:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all third-

party service providers," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 15:**

Describe any internal policies or procedures governing redemption requests during liquidation, including any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation and the reasons for imposing them..

**RESPONSE TO INTERROGATORY NO. 15:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "any internal policies or procedures governing redemption requests," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 16:**

State whether Abacus has made any representations to regulators regarding the status of LLF-LTGF liquidation, and if so, describe those representations.

**RESPONSE TO INTERROGATORY NO. 16:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 17:**

Identify all audits or financial reviews conducted on LLF-LTGF since 2016, including the names of the auditing firms, dates of audits, and whether such services were paid for by Abacus or Carlisle.

**RESPONSE TO INTERROGATORY NO. 17:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all audits or financial reviews," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about

third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 19:**

Identify all internal reports or analyses prepared by Abacus concerning the impact of market conditions on LLF-LTGF liquidation.

**RESPONSE TO INTERROGATORY NO. 19:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all internal reports or analyses," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within

Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 20:**

Describe in detail all steps Abacus took by way of due diligence before acquiring Carlisle and identify all person who conducted said due diligence.

**RESPONSE TO INTERROGATORY NO. 20:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 21:**

Describe in detail any LLF-LTGF liquidation settlements, including but not limited to party names and liquidation terms.

**RESPONSE TO INTERROGATORY NO. 21:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 22:**

State all LLF-LTGF investors, redeemed parties (with date of redemption), and affiliates and related parties classified by their investment's status of redeemed or still invested.

**RESPONSE TO INTERROGATORY NO. 22:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 23:**

State all partners, employees, accounting firms, and financial consultants, both internal and external, involved in auditing, valuing, and preparing tax returns for Carlisle and Abacus, including fees paid to contractors since the LLF-LTGF's founding.

**RESPONSE TO INTERROGATORY NO. 23:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all partners, employees, accounting firms, and financial consultants, both internal and external," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 24:**

State all litigation involving Abacus and Carlisle's partners at both their present and prior funds, along with all law firms hired by Abacus and Carlisle.

**RESPONSE TO INTERROGATORY NO. 24:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all litigation," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

**INTERROGATORY NO. 25:**

Identify all marketing efforts, including materials, distribution channels, and placement of such materials, including country of publication, used to raise money for the LLF-LTGF, and where Carlisle and Abacus funds, including the LLF-LTGF, were marketed.

**RESPONSE TO INTERROGATORY NO. 25:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information regarding "all marketing efforts, including materials, distribution channels, and placement of such materials,"

including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer regarding this Request.

Discovery is at an early stage, and Abacus's investigation is ongoing. Abacus reserves all rights to supplement its response as its investigation continues.

Dated: March 2, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Kathleen Messinger*
Kathleen Messinger

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT, INC.,

Defendant.

Case No. 6:25-cv-2047-JSS-RMN

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant Abacus Global Management, Inc. ("Abacus") hereby responds and objects to Plaintiffs Ritz Investment Limited and Season Limited's First Set of Requests for Production, dated January 30, 2026 (the "Requests").

**GENERAL OBJECTIONS**

1. Abacus objects to each Request to the extent that it calls for legal conclusions or opinions or makes erroneous statements of law or requires Abacus to perform a legal analysis. Abacus's response herein shall be only as to matters of fact, and shall not be construed as stating or implying any conclusions of law concerning the matters referenced in any Request.

2. Abacus objects to each Request to the extent it purports to require Abacus to provide information or documents in the possession, custody, or control of persons or entities other than Abacus.

3. Abacus objects to each Request to the extent it purports to impose obligations on Abacus that exceeds or contradicts the discovery requirements of the applicable law of the jurisdiction

in which any documents or communications are currently held, including but not limited to the law of the European Union.

4. Abacus objects to each Request to the extent it seeks information or documents that are a matter of public record or otherwise are as equally accessible to Plaintiffs as they are to Abacus.

5. Abacus objects to the Interrogatories to the extent that they seek information in Abacus's possession that is the confidential, proprietary, and/or trade secret information of a third party. Abacus will provide such information only to the extent it can do so in a manner consistent with its legal or contractual obligations to any third parties.

6. The failure of Abacus to make a specific objection to an Request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Abacus will provide information or produce documents in response to an Request does not mean that Abacus has such information or documents, or that such information or documents exist. Rather, any such statement reflects Abacus's intentions, subject to its general and specific objections, to conduct a reasonable search for responsive documents and information from the sources within its possession, custody, or control.

7. To the extent Abacus responds to part or all of an Request, Abacus's response is not intended to and shall not be construed as a waiver by Abacus of any objection to such Request.

8. Abacus incorporates its General Objections by reference into the responses set forth below, and does not waive any objection asserted in its General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "defendant" as referring to Abacus Global Management, Inc.

2. Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms

"officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3. Abacus objects to Plaintiffs' definition of "Communications" to the extent it is broader than required by the Federal Rules of Civil Procedure.

4. Abacus objects to Plaintiffs' definition of "Document" to the extent it is broader than required by the Federal Rules of Civil Procedure.

5. Abacus objects to Plaintiffs' definition of "LLF-LTGF" to the extent it is broader than the sub-fund under the Luxembourg Life Fund. Abacus interprets Plaintiffs' definition of "LLF-LTGF" as referring to the sub-fund under the Luxembourg Life Fund, a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle Management Company S.C.A., the alternative investment fund manager.

6. Abacus objects to Plaintiffs' "Relevant Time Frame" to the extent it seeks material from "the period from 2016 to the present," a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case as it extends beyond the time period covered by Abacus's acquisition of Carlisle Management Company S.C.A. Abacus interprets the "Relevant Time Frame" to include the period from December 2024 to the present. Abacus is only willing to negotiate regarding non-privileged documents within Abacus's custody and control and responsive to Defendants' Requests for Production, subject to and without waiver of objections, for the time period beginning December 2024, unless otherwise noted.

7. Abacus objects to Defendants' Instructions 1-8 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure. Abacus will produce non-privileged documents within Abacus's custody and control and responsive to Defendants' Requests for Production, subject to and without waiver of objections.

8. Subject to the aforementioned General Objections and Objections to Definitions and Instructions and the Specific Objections below, Abacus will produce non-privileged, relevant documents within Abacus's custody and control and responsive to Plaintiffs' Requests for Production, subject to the negotiation of reasonable search terms and subject to and without waiver of objections.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents evidencing the acquisition of Carlisle Management Company ("Carlisle") by Abacus, including pre-acquisition due diligence into the LLF-LTGF, agreements, and closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms and phrase "Abacus," "acquisition," and "pre-acquisition due diligence."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and internal communications reassigning Abacus employees to Carlisle and vice-versa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents and internal communications."

The Request for Documents and Communications "reassigning Abacus employees to Carlisle and vice-versa" is vague, ambiguous, and not reasonably tethered to any asserted claims or defenses in this litigation. The Documents and Communications between Abacus and Carlisle have no bearing upon Plaintiffs' claims.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "Abacus" and "reassigning."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All organizational charts and governance documents showing Abacus' and Carlisle's management structures and decision-making authority over LLF-LTGF post-acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll organizational charts and governance documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "governance documents," "management structures," and "decision-making authority."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All internal memoranda or reports discussing the impact of the acquisition on LLF-LTGF obligations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal memoranda or reports."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "LLF-LTGF obligations."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All versions of the Placement Memorandum governing LLF-LTGF (including July 2022 version).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll versions."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll versions of the Placement Memorandum governing LLF-LTGF (including July 2022 version)" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Subject to and without waiver of the above objections, Abacus will produce documents responsive to this Request and relevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between Abacus (or Carlisle) and LLF-LTGF investors regarding redemption requests since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll communications between . . . Carlisle[] and LLF-LTGF investors" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "LLF-LTGF investors," and "redemption requests."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer on the scope of this request.

**REQUEST FOR PRODUCTION NO. 7:**

All communications, internal and with LLF-LTGF investors, discussing LLF-LTGF investors' redemption requests or liquidation status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll communications, internal and with LLF-LTGF investors" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "LLF-LTGF investors," "redemption requests," and "liquidation status."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer on the scope of this request.

**REQUEST FOR PRODUCTION NO. 8:**

Monthly newsletters or investor updates issued by Abacus or Carlisle since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[m]onthly newsletters or investor updates" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[m]onthly newsletters or investor updates issued by . . . Carlisle since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "investor updates."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer on the scope of this request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents reflecting NAV calculations for LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[d]ocuments reflecting NAV calculations for LLF-LTGF" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims

and defenses in this litigation.

Abacus further objects to this Request to the extent that "[d]ocuments reflecting NAV calculations for LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "NAV calculations."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[d]ocuments showing all distributions of liquidation proceeds to any investor by LLF-LTGF" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose

privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[d]ocuments showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "distributions of liquidation proceeds."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Accounting records showing assets, liabilities, and reserves for LLF-LTGF during liquidation, including which company paid for such audits, since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[a]ccounting records showing assets, liabilities, and reserves " from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ccounting records showing assets, liabilities, and reserves for LLF-LTGF during liquidation, including which company paid for such audits, since 2016" are not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents, including internal accounting records from Carlisle and Abacus, evidencing performance fees or management fees charged during liquidation, including all information regarding who paid the performance and management fees, and to whom they were directed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[d]ocuments, including internal accounting records" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose

privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[d]ocuments showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "performance fees," and "management fees."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), LGT Bank (Switzerland) Ltd. ("LGT Bank"), or other agents regarding Plaintiffs' redemption requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), LGT Bank (Switzerland) Ltd. ("LGT Bank"), or other

agents regarding Plaintiffs' redemption requests" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "redemption requests."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All communications between Abacus and any regulatory authority regarding LLF-LTGF liquidation or redemption delays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "regulatory authority," and "liquidation or redemption delays."

Subject to and without waiver of the above objections, Abacus will not produce documents

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All audited financial statements for LLF-LTGF from 2016 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[a]ll audited financial statements" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll audited financial statements for LLF-LTGF from 2016 to present" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "audited financial statements."

Subject to and without waiver of the above objections, Abacus will not produce documents

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents reflecting any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "gating or liquidity restrictions."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All internal analyses or reports concerning market conditions cited as reasons for redemption delays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal analyses or reports."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll internal analyses or reports concerning market conditions cited as reasons for redemption delays" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "market conditions" and "redemption delays."

Abacus further objects to Plaintiffs' assertion that there were "redemption delays."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All contracts or agreements with third-party service providers engaged in the liquidation process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll contracts or agreements."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll contracts or agreements with third-party service providers engaged in the liquidation process" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "third-party service providers" and "liquidation process."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All versions of investor newsletters or updates issued since 2016 regarding LLF-LTGF liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate

to the needs of the case to the extent it seeks "[a]ll versions of investor newsletters or updates" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll versions of investor newsletters or updates issued since 2016 regarding LLF-LTGF liquidation" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "investor newsletters or updates."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All internal emails or correspondence discussing Plaintiffs' redemption requests or related complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal emails or correspondence."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll internal emails or correspondence discussing Plaintiffs' redemption requests or related complaints" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "redemption requests" and "related complaints."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents evidencing reserves or holdbacks applied to LLF-LTGF assets during liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and

Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing reserves or holdbacks applied to LLF-LTGF assets during liquidation" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "reserves" and "holdbacks."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "LLF-LTGF liquidation settlements" and "demand resolution agreements."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All documentation and correspondence with consultants, accounting firms, or internal appraisers detailing an appraisal or analysis of LLF-LTGF's value.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documentation and correspondence."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "LLF-LTGF's value."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All audited financial statements for Carlisle, Abacus, and the LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[a]ll audited financial statements" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll audited financial statements for Carlisle . . . and the LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "audited financial statements."

Abacus further objects to this Request as duplicative of Request No. 15, which seeks "[a]ll audited financial statements for LLF-LTGF from 2016 to present."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged audited financial statements for Abacus from December 2024 to present.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to litigation involving Tim Mol at both Abacus and any prior fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as not relevant because any "litigation involving Tim Mol at both Abacus and any prior fund" have no relation or bearing on the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll documents relating to litigation involving Tim Mol at . . . any prior fund" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "any prior fund."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All internal communications and documentation concerning marketing efforts, including materials and their placement used to raise money for the LLF-LTGF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal communications and documentation."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll internal communications and documentation concerning marketing efforts, including materials and their placement used to raise money for the LLF-LTGF" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "marketing efforts" and "materials and their placement used to raise money."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to cross-border financial investment marketing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that

Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll documents relating to cross-border financial investment marketing" are not within Abacus's possession, custody, or control.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "cross-border financial investment marketing."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All minutes of directors', shareholders', or other meetings where discussions regarding the LLF-LTGF were held.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll minutes."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that "[a]ll minutes of directors', shareholders', or other meetings where discussions regarding the LLF-LTGF were held" are not within Abacus's possession, custody, or control.

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request.

Dated: March 2, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Kathleen Messinger*
Kathleen Messinger

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT, INC.,

Defendant.

Case No. 6:25-cv-2047-JSS-RMN

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

In accordance with Federal Rules of Civil Procedure 26 and 36, Defendant Abacus Global Management, Inc. ("Abacus") hereby responds and objects to Plaintiffs Ritz Investment Limited and Season Limited's First Set of Requests for Admission, dated January 30, 2026 (the "Requests").

**GENERAL OBJECTIONS**

1. Abacus objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a confidentiality agreement to be agreed upon by and between Abacus and Plaintiffs.

2. To the extent that any Request, Definition, or Instruction may be construed as requiring Abacus to characterize documents or their contents or to speculate as to what documents may or may not show, Abacus objects to such Request, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

3. Abacus objects to the Requests insofar as they purport to assume disputed facts or

facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Abacus hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

4. Abacus objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

5. Abacus objects to the Requests to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Abacus (including, but not limited to, information that is currently within Plaintiffs' control).

6. Abacus objects to the Requests to the extent they call for information that is not known or reasonably available to Abacus.

7. Abacus objects to each Request to the extent that it is duplicative or redundant of other requests.

8. Abacus objects to the Requests, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure ("FRCP"). Abacus's responses to the Requests will be made in accordance with those rules, and any Court orders relevant to the proper scope, timing, and extent of discovery in this Action.

9. Abacus objects to the Requests to the extent they seek admissions that are protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information necessary

for any response to the Requests.

10. These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "defendant" as referring to Abacus Global Management, Inc.

2. Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3. Abacus objects to Plaintiffs' definition of "LLF-LTGF" to the extent it is broader than the sub-fund under the Luxembourg Life Fund. Abacus interprets Plaintiffs' definition of "LLF-LTGF" as referring to the sub-fund under the Luxembourg Life Fund, a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle Management Company S.C.A., the alternative investment fund manager.

4. Abacus objects to Plaintiffs' definition of "AIFM" to the extent it is broader than alternative investment fund manager. Abacus interprets Plaintiffs' definition of "AIFM" as referring to Carlisle Management Company S.C.A.

5. Abacus objects to Plaintiffs' "Relevant Time Frame" as it includes "the period from 2016 to the present." Abacus did not acquire Carlisle until December 2024. Abacus interprets the

"Relevant Time Frame" to include the period from December 2024 to the present.

6. Abacus objects to Defendants' Instructions 1-3 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure.

7. Abacus's responses shall not be deemed a waiver of any applicable General or Specific Objection to the Requests. Abacus does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Abacus is the AIFM and management company for LLF-LTGF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks information that is already known or available to Plaintiffs or that is available from another source.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiffs submitted redemption requests in September 2020 and July 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks information that is already known or

available to Plaintiffs or that is available from another source.

Abacus further objects to this Request on the grounds that the phrase "redemption requests" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Abacus lacks sufficient information to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Abacus has not fully redeemed Plaintiffs' investments.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "fully redeemed" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Abacus issued newsletters to LLF-LTGF investors without providing detailed liquidation timelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks information that is already known or available to Plaintiffs or that is available from another source.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Abacus has retained funds belonging to Plaintiffs in excess of $16 million USD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

Abacus further objects to this Request on the grounds that the phrase "retained funds" is vague and ambiguous because it does not specify what this phrase means in this context.

Abacus objects to this Request to the extent it seeks information that is already known or available to Plaintiffs or that is available from another source.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Abacus assumed all obligations of Carlisle Management Company after its acquisition in 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

Abacus further objects to this Request on the grounds that the phrase "assumed all obligations" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Abacus has control over the assets of the LLF-LTFG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

Abacus further objects to this Request on the grounds that the phrase "control over the assets" is vague and ambiguous because it does not specify what this phrase means in this context.

Based on the foregoing reasons and objections, Abacus believes that this Request is improper. To the extent a response is required, Abacus further responds:

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Abacus has the authority to approve or deny redemption requests for LLF-LTGF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "authority to approve or

deny redemption requests" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Abacus has not provided Plaintiffs with a complete accounting of LLF-LTGF assets since September 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "complete accounting" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Abacus represented to Plaintiffs that liquidation of LLF-LTGF would be completed within a specific timeframe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Abacus did not meet the timeframe communicated to Plaintiffs for liquidation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Abacus has continued to charge management or performance fees during the liquidation process.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Abacus has distributed liquidation proceeds to other investors while Plaintiffs' redemption requests remain unpaid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "redemption requests" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Abacus has not provided Plaintiffs with monthly newsletters containing detailed liquidation progress.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Abacus has retained funds belonging to Plaintiffs without providing a legal justification for the delay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature to the extent it seeks expert testimony or opinion.

Abacus further objects to this Request on the grounds that the phrase "legal justification" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Abacus has not provided Plaintiffs with audited financial statements for LLF-LTGF during liquidation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "audited financial statements" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Abacus has represented to Plaintiffs that redemption delays were due to market conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "redemption delays" is

vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Abacus has not provided Plaintiffs with documentation supporting its claim that market conditions caused redemption delays.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "redemption delays" is vague and ambiguous because it does not specify what this phrase means in this context.

Subject to and without waiving the foregoing objections: Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiffs have deposited an aggregate of no less than $12.5 million into the LLF-LFGF from 2016 to present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Subject to and without waiving the foregoing objections: Abacus lacks sufficient information to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that LLF-LTGF has settled at least one substantial liquidity claim relating to the LLF-LFGF from 2016 to present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request on the grounds that the phrase "at least one substantial

liquidity claim" is vague and ambiguous because it does not specify what this phrase means in this context.

Abacus objects to this Request to the extent it is seeking information neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections: Abacus lacks sufficient information to admit or deny this Request.

Dated: March 2, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Kathleen Messinger*
Kathleen Messinger

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| RITZ INVESTMENT LIMITED,<br>SEASON LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABACUS GLOBAL MANAGEMENT, INC.,<br><br>Defendant. | Case No. 6:25-cv-2047-JSS-RMN |

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Abacus Global Management, Inc. ("Abacus") hereby provides amended responses and objections to Plaintiffs Ritz Investment Limited and Season Limited's ("Plaintiffs") First Set of Interrogatories, dated January 30, 2026 (the "Interrogatories").

## GENERAL OBJECTIONS

1. Any indication that Abacus will produce documents or disclose information in response to an Interrogatory is not intended as a representation that Abacus agrees to the characterization of facts or events as set forth by Plaintiffs in the Interrogatory or that such documents exist or are in Abacus's possession, custody, or control.

2. Abacus objects to the Interrogatories to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a confidentiality agreement to be agreed upon by and

between Abacus and Plaintiffs.

3. Abacus objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Abacus hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

4. Abacus objects to each Interrogatory to the extent that it calls for legal conclusions or opinions or makes erroneous statements of law or requires Abacus to perform a legal analysis. Abacus's response herein shall be only as to matters of fact, and shall not be construed as stating or implying any conclusions of law concerning the matters referenced in any Request.

5. Abacus objects to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

6. Abacus objects to the Interrogatories to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or that otherwise can be obtained more readily from a source other than Abacus (including, but not limited to, information that is currently within Plaintiffs' control).

7. Abacus objects to each Interrogatory to the extent it purports to require Abacus to provide information or documents in the possession, custody, or control of persons or entities other than Abacus.

8. Abacus objects to the Interrogatories to the extent they call for information that is not known or reasonably available to Abacus.

9. Abacus objects to each Interrogatory to the extent that it is duplicative or redundant of other requests or interrogatories.

10. Abacus objects to the Interrogatories, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure. Abacus's responses to the Interrogatories will be made in accordance with those rules, and any Court orders relevant to the proper scope, timing, and extent of discovery in this action.

11. Abacus objects to the Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information necessary for any response.

12. Abacus objects to the Interrogatories to the extent that they seek information in Abacus's possession that is the confidential, proprietary, and/or trade secret information of a third party. Abacus will provide such information only to the extent it can do so in a manner consistent with its legal or contractual obligations to any third parties.

13. Abacus objects to the Interrogatories to the extent that they presuppose that this Court is the appropriate forum and that U.S. law governs Plaintiffs' claims. LLF-LTGF is a fund domiciled in Luxembourg, governed by Luxembourg law, managed by a Luxembourg AIFM, and subject to oversight by the Commission de Surveillance du Secteur Financier. Plaintiffs are registered Gibraltar entities that invested through intermediaries located outside the United States. Abacus contends that no material events giving rise to Plaintiffs' claims occurred in the United States. The proportionality calculus under Fed. R. Civ. P. 26(b)(1) weighs heavily against imposing the burden of broad U.S.-style discovery in a matter where the governing law, the

relevant witnesses, the relevant documents, and the relevant regulators are, all located outside the United States.

14. Abacus objects to the Interrogatories to the extent responding would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

15. Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

16. GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data

be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. To the extent Plaintiffs' Interrogatories seek the identities, nationalities, financial information, transaction histories, or other personal data of non-party investors, service providers, or employees, compliance would be incompatible with this principle and would require Abacus to process and disclose the personal data of individuals who are not parties to this action, without their consent under GDPR Article 6(1)(a) and without a demonstrated lawful basis under Article 6(1). Abacus reserves its objections on this basis as to each Interrogatory to which GDPR restrictions apply.

17. Abacus objects on the grounds that Plaintiffs' Interrogatories exceed the 25-interrogatory limit imposed by Fed. R. Civ. P. 33(a)(1). When discrete subparts of the Interrogatories are properly counted, the total number of Interrogatories exceeds the allotted 25. The parties have not stipulated to additional Interrogatories, nor have Plaintiffs sought leave to serve them.

18. The failure of Abacus to make a specific objection to an Interrogatory is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Abacus will provide information or produce documents in response to an Interrogatory does not mean that Abacus has such information or documents, or that such information or documents exist. Rather, any such statement reflects Abacus's intentions, subject to its general and specific objections, to conduct a reasonable search for responsive documents and information from the sources within its possession, custody, or control.

19. To the extent Abacus responds to part or all of an Interrogatory, Abacus's response is not intended to and shall not be construed as a waiver by Abacus of any objection to such Interrogatory.

20. These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Interrogatories.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." "defendant" is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require collection and/or production of documents or information from undefined subsidiaries or affiliates of Abacus, Abacus interprets Plaintiffs' definition of "defendant" as referring solely to Abacus Global Management, Inc.

2. Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3. Abacus objects to Plaintiffs' definition of "AIFM" to the extent it includes or refers to any entity other than Carlisle Management Company S.C.A. ("Carlisle"). Abacus interprets Plaintiffs' definition of "AIFM" as referring solely to Carlisle.

4. Abacus objects to Plaintiffs' definition of "Communications" because "without limitation" and "through another medium" render the definition boundless and disproportional to any reasonable burden consistent with FRCP 26(b)(1). To the extent the definition reaches communications involving Carlisle personnel, Carlisle's EU-based business operations, or any

natural persons located in the European Union, production of those "communications" constitutes a transfer of personal data under GDPR Article 4(1) and implicates the transfer restrictions of GDPR Articles 44–49. A definition this broad—covering all exchanges with no geographic, temporal, or subject-matter limitation—makes it impossible for Abacus to evaluate its GDPR compliance obligations before responding, particularly given that Abacus did not acquire Carlisle until late 2024 and has limited visibility into pre-acquisition communications involving EU data subjects.

5. Abacus objects to Plaintiffs' definition of "Document" to the extent it is functionally boundless and exceeds the proportionality requirement of FRCP 26(b)(1), particularly because examining "erased but recoverable" data, if deleted pursuant to GDPR Article 17's Right to be Forgotten, would directly violate foreign law. More generally, to the extent the definition includes information relating to an identified or identifiable EU person, the definition's overbreadth affords Abacus no mechanism by which to segregate or otherwise distinguish protected from non-protected material before production.

6. Abacus objects to Plaintiffs' definitions of "Identify" to the extent they would require disclosure of personal data protected under GDPR Article 4(1), including the names, addresses, employment information, and organizational relationships of natural persons associated with Carlisle's operations who are or were located in the EU. Compelling Abacus to compile and produce such a roster constitutes processing and cross-border transfer of personal data for purposes incompatible with the purposes for which it was originally collected, in violation of GDPR Article 5(1)(b), and without a lawful transfer mechanism as required by GDPR Article 48 and Chapter V. Abacus will provide identifying information to the extent it can do so without disclosing GDPR-protected personal data of EU natural persons, and will meet and confer regarding appropriate

anonymization, redaction, or other protective protocols for any identification that would otherwise require such disclosure.

7. Abacus objects to Plaintiff's definition of "LLF-LTGF" as an oversimplification inconsistent with its characterization in the Private Placement Memorandum. Abacus interprets LLF-LTGF as a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle, the AIFM.

8. Abacus objects to Plaintiffs' definition of "Person" the extent that its inclusion of natural persons, when combined with the definition of "Identify" and the interrogatories incorporating both, would require Abacus to compile and disclose personal data of EU-based natural persons, including employees, officers, and agents of Carlisle, in violation of GDPR Article 4(1) and the purpose limitation and transfer restrictions of Articles 5(1)(b) and 48. Abacus does not object to the definition as applied to corporate or juridical entities, and will respond accordingly as to such entities while reserving this objection as to any natural person whose personal data is protected under applicable EU data protection law.

9. Abacus objects to Defendants' Instructions 1-5 on the grounds that "you" is undefined, and the term is therefore vague and ambiguous, particularly to the extent it purports to require collection and/or production of documents or information from undefined subsidiaries or affiliates of Abacus. Abacus with interpret "you" as referring solely to Abacus only.

10. Abacus objects to Defendants' Instructions 1-5 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure. Abacus will furnish non-privileged information or produce non-privileged documents within Abacus's possession, custody, or control and responsive to Plaintiffs' Interrogatories, subject to and without

waiver of objections.

11. Abacus objects to Instructions 1-5 to the extent that they presuppose that this Court is the appropriate forum and that U.S. law governs Plaintiffs' claims. LLF-LTGF is a fund domiciled in Luxembourg, governed by Luxembourg law, managed by a Luxembourg AIFM, and subject to oversight by the Commission de Surveillance du Secteur Financier. Plaintiffs are registered Gibraltar entities that invested through intermediaries located outside the United States. Abacus contends that no material events giving rise to Plaintiffs' claims occurred in the United States. The proportionality calculus under Fed. R. Civ. P. 26(b)(1) weighs heavily against imposing the burden of broad U.S.-style discovery in a matter where the governing law, the relevant witnesses, the relevant documents, and the relevant regulators are, all located outside the United States.

## SPECIFIC OBJECTION TO RELEVANT TIME FRAME

1. Abacus objects to Plaintiffs' identified time "period" under "II. Definitions" to the extent Plaintiffs seek information from "the period from 2016 to the present," on the grounds that such a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case. Abacus acquired Carlisle in 2024 and so Plaintiffs' "period" extends beyond the time period covered by Abacus's acquisition of Carlisle. Abacus interprets the relevant time "period" to include the period from December 2024 to January 30, 2026 (the date Plaintiffs served their Interrogatories on Abacus).

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons involved in communications with Plaintiffs regarding redemption requests from 2016 to present.

**RESPONSE TO INTERROGATORY NO. 1:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks the identity of "[a]ll persons involved in communications with Plaintiffs" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the timeframe of this Interrogatory as overbroad and not relevant to the claims and defenses in this action.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory on the grounds that such information is already within Plaintiffs' possession, custody, or control, as Plaintiffs know who they communicated with at Carlisle concerning Plaintiffs' purported "redemption requests." *See, e.g.*, Amended Complaint ¶ 56.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not

Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is

processed. This Interrogatory seeks identification of "all persons" involved in communications regarding redemption requests over a nearly ten-year period spanning multiple entities and multiple EU/EEA jurisdictions. To the extent responsive information exists, compliance would require Abacus to identify and disclose the names, roles, and employer affiliations of individuals—potentially including employees of Carlisle, CACEIS Bank, and other Luxembourg- and EU-based service providers—who are not parties to this action and who have not consented to disclosure of their personal data for purposes of U.S. litigation. The sweeping temporal scope and lack of any limitation on category of "persons" magnifies the data minimization concern, as compliance would necessitate processing the personal data of an indeterminate number of EU/EEA data subjects with no demonstrated necessity tying each individual's data to Plaintiffs' specific claims. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 2:**

Describe in detail the process for calculating NAV for LLF-LTGF during each liquidation cycle, including all methodologies and valuation adjustments. If calculation methods differed during the different liquidation cycles, or from other funds, specify why new approaches were taken and how the multiple approaches vary.

**RESPONSE TO INTERROGATORY NO. 2:**

Abacus objects on the grounds that Plaintiffs' Interrogatories exceed the 25-interrogatory limit imposed by Fed. R. Civ. P. 33(a)(1), in part because this Interrogatory contains at least three discrete subparts: describing the NAV calculation process, explaining differences among liquidation cycles, and comparing to other funds. Abacus reserves the right to decline to answer interrogatories that exceed the numerical limit.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and

regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 3:**

State all reasons why Plaintiffs' redemption requests were denied and not redeemed in full.

**RESPONSE TO INTERROGATORY NO. 3:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case, including to the extent it seeks information from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent it assumes as established fact that

Plaintiffs' redemption requests "were denied and not redeemed in full." This characterization presupposes that Plaintiffs had a contractual or legal entitlement to redeem, that cognizable redemption requests were made, and that such requests were improperly denied—factual and legal conclusions that are disputed and that Abacus does not concede. The Interrogatory as framed would require Abacus to adopt Plaintiffs' characterization of events as a premise for its response, which is improper. *See* Middle District Discovery (2021) § IV(A)(3) (interrogatories "should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import"); Fed. R. Civ. P. 33(a)(2) (interrogatories may relate to "facts" or "the application of law to fact," but may not compel adoption of disputed premises). To the extent Abacus responds, its response should not be construed as an admission that redemption requests were made, denied, or not redeemed in full, or that Abacus bore any obligation with respect to such requests.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and

regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete factual issues rather than requiring a comprehensive narrative of Abacus's defenses. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 4:**

Identify all distributions made to Plaintiffs and other LLF-LTGF investors, specifying their nationalities, since 2016, including dates, amounts, and NAV applied.

**RESPONSE TO INTERROGATORY NO. 4:**

Abacus objects that this Interrogatory seeks information that is already within Plaintiffs'

possession or equally accessible to Plaintiffs. Plaintiffs' own Complaint demonstrates familiarity with the subject matter of this request. *See* Amended Complaint ¶¶ 63-71 (identifying distributions received by Plaintiffs). To the extent Plaintiffs possessed sufficient information to plead these allegations with particularity, that information is necessarily within their own custody or obtainable from their own records, advisors, or intermediary banks. Requiring Abacus to compile and verify information that Plaintiffs already possess, or can obtain from sources within their control, imposes unnecessary burden and expense and is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all distributions" and "investors" including from a timeframe not relevant to the claims and defenses in this litigation. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information

that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or

defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks identification of distributions made to all LLF-LTGF investors over a nearly ten-year period, including individualized transaction amounts, dates, and NAV figures. To the extent responsive information exists, compliance would require Abacus to compile and disclose the financial transaction histories of every investor in a Luxembourg-domiciled fund—non-party individuals and entities who have no connection to this litigation and have not consented to disclosure of their financial information to Plaintiffs or to transfer of that data to the United States. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

Abacus further objects to this Interrogatory to the extent it requests identification of the nationalities of non-party investors. To the extent such information exists in Abacus's possession, its provision would constitute processing of sensitive personal data. Combining nationality with investment and transaction data would create detailed financial profiles of identifiable EU/EEA natural persons. This is precisely the type of bulk processing that GDPR Article 5(1)(c) prohibits absent a demonstrated necessity.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or

control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 5:**

Describe the relationship between Abacus' and Carlisle's management teams, both pre- and post-acquisition, with special attention placed on their relationship during the LLF-LTGF disclosure process, and explain Abacus' role and responsibilities as AIFM and management company for LLF-LTGF after acquiring Carlisle. Identify all relevant staff members.

**RESPONSE TO INTERROGATORY NO. 5:**

Abacus objects on the grounds that Plaintiffs' Interrogatories exceed the 25-interrogatory limit imposed by Fed. R. Civ. P. 33(a)(1), in part because this Interrogatory contains at least four discrete subparts: describing the Abacus-Carlisle management relationship, explaining Abacus's role as AIFM, identifying staff, and distinguishing pre- vs. post-acquisition. Abacus reserves the right to decline to answer interrogatories that exceed the numerical limit.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case, including to the extent it seeks information from a timeframe not relevant to the claims and defenses in this litigation, to the extent its compound questions would circumvent the cap of 25 interrogatories permitted by the Federal Rules, and to the extent it presupposes a roles and responsibilities Abacus does not concede and expressly

contests.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control. To the extent this Interrogatory seeks a description of the relationship between Abacus and Carlisle's management teams "pre-acquisition," Abacus objects that it lacks knowledge sufficient to respond regarding Carlisle's internal management structure and operations prior to the acquisition, as no legal relationship between Abacus and Carlisle existed before late 2024.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete factual issues rather than requiring a comprehensive narrative of Abacus's defenses. To

the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 6:**

Identify all communications sent to all LLF-LTGF investors regarding liquidation, redemption timelines, and NAV since 2016.

**RESPONSE TO INTERROGATORY NO. 6:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all communications" including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "investors" is undefined. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus further objects to production of documents Plaintiffs have already acknowledged, through reference in the Amended Complaint, that they have in their possession, custody, and control. *See* Amended Complaint ¶¶ 45, 59-73, 75-77, 90. To the extent Plaintiffs possessed sufficient information to plead these allegations with particularity, that information is necessarily within their own custody or obtainable from their own records, advisors, or intermediary banks. Requiring Abacus to compile and verify information that Plaintiffs already possess, or can obtain from sources within their control, imposes unnecessary burden and expense and is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from

disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes

"personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks identification of all communications sent to all LLF-LTGF investors over a nearly ten-year period across three broad subject-matter categories. To the extent responsive information exists, compliance would require Abacus to identify and disclose the contents, dates, and recipients of investor communications, necessarily revealing the identities of non-party investors in a Luxembourg-domiciled fund, their investment status, and the substance of individualized correspondence directed to them. These non-party investors have no connection to this litigation and have not consented to disclosure of their personal data or financial correspondence to Plaintiffs or to transfer of that data to the United States. The absence of any

limitation to communications directed to Plaintiffs themselves, combined with the sweeping temporal scope, renders this Interrogatory incompatible with GDPR Article 5(1)(c), and compliance would lack a demonstrated lawful basis under Article 6(1).

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 7:**

Identify all performance fees, management fees, or other charges assessed against Abacus, Carlisle, or LLF-LTGF during liquidation, including all entities and individuals, and, if so, provide amounts, dates, and justification.

**RESPONSE TO INTERROGATORY NO. 7:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all performance fees, management fees, or other charges" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental

response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns. To the extent any entity received management and/or performance fees during liquidation, such fees would have been justified by their issuance in accordance with one or more of the Private Placement Memorandum's relevant provisions, *e.g.*, Part I §§ 20, 21, Part II (LLF-LTGF) § 6.3.4, and Part II (LTGF 2021) §§ 5.3.6, 5.3.8.

**INTERROGATORY NO. 8:**

Describe any gating, suspension, or liquidity management measures applied to LLF-LTGF since 2016.

**RESPONSE TO INTERROGATORY NO. 8:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "any gating, suspension, or liquidity management measures" including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory on the grounds that "gating," "suspension," and "liquidity management measures" are undefined terms and therefore vague and ambiguous.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within

Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete factual issues. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 9:**

Identify any funds managed by Carlisle that experienced gating, suspension, or liquidity management measures since 2016.

**RESPONSE TO INTERROGATORY NO. 9:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "any funds managed by Carlisle" including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory on the grounds that "funds" is not a defined term and this overly broad, vague, and ambiguous.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and

control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete, factual issues. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 10:**

Identify all persons, specifying said persons' employer (Abacus, Carlisle, or third-party) when such decisions were made, and their employer today, who participated in the decision to suspend or delay redemptions for LLF-LTGF.

**RESPONSE TO INTERROGATORY NO. 10:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all persons" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

To the extent decisions to suspend or delay redemptions for LLF-LTGF were made, such decisions would have been made by Carlisle as AIFM in Luxembourg, pursuant to Luxembourg law and the fund's governing documents, prior to and independent of any involvement by Abacus. Abacus lacks possession, custody, or control of information regarding the identity and affiliation of persons who may have made such decisions at Carlisle prior to the acquisition.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes

"personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks not only the identities of individuals who may have participated in certain decisions, but also their employer at the time of those decisions and their current employer, requiring Abacus to compile and disclose both historical and present employment data for each identified individual. To the extent responsive information exists, compliance would require Abacus to process and disclose the personal data of employees and officers of Carlisle, Abacus, and potentially third-party entities across EU/EEA jurisdictions, including their career histories and current affiliations. These individuals are not parties to this action and have not consented to disclosure of their employment information to Plaintiffs or to

transfer of that data to the United States. The requirement to identify current employers compounds the data minimization concern, as it necessitates ongoing processing of personal data bearing no demonstrated connection to the substance of Plaintiffs' claims. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

To the extent responding to this Interrogatory would require processing data subject to GDPR, Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 11:**

Describe in detail all communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), and LGT Bank (Switzerland) Ltd. ("LGT Bank") regarding Plaintiffs' redemption requests, including dates and participants.

**RESPONSE TO INTERROGATORY NO. 11:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and

disproportionate to the needs of the case to the extent it seeks information regarding "all communications" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection

Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks a detailed description of all communications with three named financial institutions, including the dates and identities of all participants. To the extent responsive information exists, compliance would require Abacus to identify and disclose the personal data of individual employees and officers at CACEIS Bank (a Luxembourg-based depositary), UBP (a

Swiss financial institution), and LGT Bank (a Swiss financial institution) who may have participated in such communications—individuals who are not parties to this action and who have not consented to disclosure of their identities, roles, or participation in specific correspondence to Plaintiffs or to transfer of that data to the United States. The requirement to describe the communications "in detail" further risks disclosure of personal data of third parties referenced within those communications. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent responding to this Interrogatory would require processing data subject to GDPR, Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 12:**

State the total amount of assets currently held by LLF-LTGF and the location of those

assets.

**RESPONSE TO INTERROGATORY NO. 12:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory on the grounds that "assets" is an undefined term.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this

Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 13:**

Identify all other liquidation requests, and whether completed or denied, from 2016 onwards, and state whether Abacus has received any complaints from other investors regarding delayed redemptions, and if so, describe the nature of those complaints.

**RESPONSE TO INTERROGATORY NO. 13:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all other liquidation requests," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "investors" is undefined. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under

Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks identification of all liquidation requests from all investors over a nearly ten-year period, together with their disposition, and separately seeks identification and description of complaints from other investors. To the extent responsive information exists, compliance would require Abacus to disclose the identities of non-party investors who submitted liquidation requests or complaints, the status of their individual requests, and the substance of their grievances, each constituting personal data and, in combination, forming detailed profiles of identifiable EU/EEA data subjects' financial dealings with and complaints about a Luxembourg-domiciled fund. These non-party investors have no connection to this litigation and have not consented to disclosure of their identities, transaction histories, or complaint information to Plaintiffs or to transfer of that data to the United States. The complaint-description component is particularly sensitive, as it would require Abacus to disclose the substance of private communications from individuals who may have had a reasonable expectation that their grievances would remain confidential. Compliance with this Interrogatory as written is incompatible with

GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent Plaintiffs serve a properly framed interrogatory in a context that accommodates GDPR concerns, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 14:**

Identify all third-party service providers involved in the liquidation process of LLF-LTGF, describe their roles, and whether they were paid by Carlisle or Abacus.

**RESPONSE TO INTERROGATORY NO. 14:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all third-party service providers," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within

Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding

corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks identification of all third-party service providers, a description of their roles, and which entity compensated them. To the extent responsive information exists and the service providers include sole practitioners, individual consultants, or small firms in which the identity of the firm is inseparable from the identity of a natural person, compliance would require disclosure of those individuals' personal data, professional activities, and compensation sources. Even where the service providers are entities rather than natural persons, describing their roles and payment relationships in detail risks identifying individual employees or officers who performed the relevant work—individuals who are not parties to this action and who have not consented to disclosure of their professional activities or compensation arrangements to Plaintiffs or to transfer of that data to the United States. The compensation component compounds the concern, as it would require Abacus to disclose financial relationships between EU/EEA-based entities and individuals that bear no demonstrated connection to Plaintiffs' individual claims. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent Plaintiffs serve a properly framed interrogatory in a context that accommodates GDPR concerns, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 15:**

Describe any internal policies or procedures governing redemption requests during liquidation, including any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation and the reasons for imposing them..

**RESPONSE TO INTERROGATORY NO. 15:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "any internal policies or procedures governing redemption requests," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "investors" is undefined. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties

whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete, factual issues. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement

this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 16:**

State whether Abacus has made any representations to regulators regarding the status of LLF-LTGF liquidation, and if so, describe those representations.

**RESPONSE TO INTERROGATORY NO. 16:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete, factual issues. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 17:**

Identify all audits or financial reviews conducted on LLF-LTGF since 2016, including the names of the auditing firms, dates of audits, and whether such services were paid for by Abacus or Carlisle.

**RESPONSE TO INTERROGATORY NO. 17:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all audits or financial reviews," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within

Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant

to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies, subject to the entry of an appropriate protective order addressing GDPR and confidentiality concerns.

**INTERROGATORY NO. 19:**

Identify all internal reports or analyses prepared by Abacus concerning the impact of market conditions on LLF-LTGF liquidation.

**RESPONSE TO INTERROGATORY NO. 19:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all internal reports or analyses," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "market conditions" is undefined.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2)

(interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete, factual issues. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 20:**

Describe in detail all steps Abacus took by way of due diligence before acquiring Carlisle and identify all person who conducted said due diligence.

**RESPONSE TO INTERROGATORY NO. 20:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. As set forth above, this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory in a manner that targets specific, discrete, factual issues. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 21:**

Describe in detail any LLF-LTGF liquidation settlements, including but not limited to party names and liquidation terms.

**RESPONSE TO INTERROGATORY NO. 21:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that it cannot be certain this Interrogatory can be responded to fully without disclosing personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). It reserves the right to amend its response and objections should it identify liquidation settlements for which "party" and/or terms cannot be disclosed without also disclosing "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Subject to and without waiver of the above objections, Abacus responds as follows:

Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent Plaintiffs serve a properly framed interrogatory in a context that accommodates GDPR concerns, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 22:**

State all LLF-LTGF investors, redeemed parties (with date of redemption), and affiliates and related parties classified by their investment's status of redeemed or still invested.

**RESPONSE TO INTERROGATORY NO. 22:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct

legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection

Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks what would effectively constitute the complete investor register of a Luxembourg-domiciled fund — the identity of every investor, every redeemed party with redemption dates, and every affiliate and related party, classified by current investment status. To the extent responsive information exists, compliance would require Abacus to compile and disclose a comprehensive roster of every natural person and entity that has invested in or redeemed from LLF-LTGF, together with the precise timing and current status of their financial relationship with the fund. This is among the most invasive categories of personal data processing conceivable in the fund context, combining investor identity with individualized transaction history and current financial exposure. The overwhelming majority of these individuals and entities are not parties to this action and have not consented to disclosure of their investment status, redemption history, or affiliate relationships to Plaintiffs or to transfer of that data to the United States. Any such register is maintained by CACEIS Bank as central administration agent under Luxembourg law and may be independently subject to Luxembourg professional secrecy obligations. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

Abacus further objects to this Interrogatory to the extent it seeks what would effectively amount to a complete investor register for a Luxembourg fund, including the identities and

investment status of all investors, the overwhelming majority of whom are presumably not parties to this action and have not consented to disclosure of their financial information to Plaintiffs or to transfer of their data to the United States. Such production, if responsive information exists, would violate GDPR Articles 5(1)(b) and (c) (purpose limitation and data minimization) and would lack a lawful basis under Article 6(1). Any such investor register is maintained by CACEIS Bank as central administration agent under Luxembourg law and may also be subject to Luxembourg professional secrecy obligations.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent Plaintiffs serve a properly framed interrogatory in a context that accommodates GDPR concerns, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 23:**

State all partners, employees, accounting firms, and financial consultants, both internal and external, involved in auditing, valuing, and preparing tax returns for Carlisle and Abacus, including fees paid to contractors since the LLF-LTGF's founding.

**RESPONSE TO INTERROGATORY NO. 23:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all partners, employees, accounting firms, and financial consultants, both internal and external," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from

disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes

"personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. The breadth of Plaintiffs' Interrogatory—"seeking all partners, employees, accounting firms, and financial consultants, both internal and external, involved in auditing, valuing, and preparing tax returns for Carlisle and Abacus"—is incompatible with this principle and would require Abacus to process and transfer the personal data of individuals who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus further objects to this Interrogatory to the extent it seeks the personal data of individual employees and partners of Carlisle, Abacus, and third-party firms, including

compensation-related information. To the extent such information exists, disclosure of individual fee and compensation data would constitute processing of personal data under GDPR Article 4(1) and would lack a demonstrated lawful basis under Article 6(1) for purposes of this litigation.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent Plaintiffs serve a properly framed interrogatory in a context that accommodates GDPR concerns, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 24:**

State all litigation involving Abacus and Carlisle's partners at both their present and prior funds, along with all law firms hired by Abacus and Carlisle.

**RESPONSE TO INTERROGATORY NO. 24:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all litigation," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "partners" is undefined.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information

that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 25:**

Identify all marketing efforts, including materials, distribution channels, and placement of such materials, including country of publication, used to raise money for the LLF-LTGF, and where Carlisle and Abacus funds, including the LLF-LTGF, were marketed.

**RESPONSE TO INTERROGATORY NO. 25:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and

disproportionate to the needs of the case to the extent it seeks information regarding "all marketing efforts, including materials, distribution channels, and placement of such materials," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous on the grounds that "funds" is undefined and not within the scope of this action.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that answering this Interrogatory, to the extent responsive

information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the U.S. for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks identification of distribution channels, placement of materials by country, and the full scope of marketing efforts for LLF-LTGF and other Carlisle and Abacus

funds. To the extent responsive information exists, compliance would require Abacus to identify and disclose the personal data of intermediaries, distributors, placement agents, and their personnel across multiple EU/EEA jurisdictions—individuals and entities who are not parties to this action and who have not consented to disclosure of their information for purposes of U.S. litigation. Identifying marketing channels and country-level placement data would also risk revealing the identity of investors or categories of investors reachable through those channels, compounding the data minimization concern. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c) and would lack a demonstrated lawful basis under Article 6(1).

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent Plaintiffs serve a properly framed interrogatory in a context that accommodates GDPR concerns, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

Dated: March 31, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com

2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 31, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Alex Zuckerman*
Alex Zuckerman

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT, INC.,

Defendant.

Case No. 6:25-cv-2047-JSS-RMN

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant Abacus Global Management, Inc. ("Abacus") hereby provides amended responses and objections to Plaintiffs Ritz Investment Limited and Season Limited's ("Plaintiffs") First Set of Requests for Production, dated January 30, 2026 (the "Requests").

**GENERAL OBJECTIONS**

1. Any indication that Abacus will produce documents or disclose information in response to a Request is not intended as a representation that Abacus agrees to the characterization of facts or events as set forth by Plaintiffs in the Request or that such documents exist or are in Abacus's possession, custody, or control.

2. Abacus objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a confidentiality agreement to be agreed upon by and between Abacus and Plaintiffs.

3. Abacus objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Abacus hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

4. Abacus objects to each Request to the extent that it calls for legal conclusions or opinions or makes erroneous statements of law or requires Abacus to perform a legal analysis. Abacus's response herein shall be only as to matters of fact, and shall not be construed as stating or implying any conclusions of law concerning the matters referenced in any Request.

5. Abacus objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

6. Abacus objects to the Requests to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or that otherwise can be obtained more readily from a source other than Abacus (including, but not limited to, information that is currently within Plaintiffs' control).

7. Abacus objects to each Request to the extent it purports to require Abacus to provide information or documents in the possession, custody, or control of persons or entities other than Abacus.

8. Abacus objects to the Requests to the extent they call for information that is not known or reasonably available to Abacus.

9. Abacus objects to each Request to the extent that it is duplicative or redundant of other Requests or Interrogatories.

10. Abacus objects to the Requests, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local

Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure. Abacus's responses to the Requests will be made in accordance with those rules, and any Court orders relevant to the proper scope, timing, and extent of discovery in this action.

11. Abacus objects to the Requests to the extent they seek information that is protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information necessary for any response.

12. Abacus objects to the Requests to the extent that they seek information in Abacus's possession that is the confidential, proprietary, and/or trade secret information of a third party. Abacus will provide such information only to the extent it can do so in a manner consistent with its legal or contractual obligations to any third parties.

13. Abacus objects to each Request to the extent that it presupposes that this Court is the appropriate forum and that U.S. law governs Plaintiffs' claims. LLF-LTGF is a fund domiciled in Luxembourg, governed by Luxembourg law, managed by a Luxembourg AIFM, and subject to oversight by the Commission de Surveillance du Secteur Financier. Plaintiffs are registered Gibraltar entities that invested through intermediaries located outside the United States. Abacus contends that no material events giving rise to Plaintiffs' claims occurred in the United States. The proportionality calculus under Fed. R. Civ. P. 26(b)(1) weighs heavily against imposing the burden of broad U.S.-style discovery in a matter where the governing law, the relevant witnesses, the relevant documents, and the relevant regulators are, upon information and belief, all located outside the United States.

14. Abacus objects to the Requests to the extent responding would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a

Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

15. Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

16. GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. To the extent Plaintiffs' Requests seek the identities, nationalities, financial information, transaction histories, or other personal data of non-party investors, service providers, or employees, compliance would be incompatible with this principle and would require Abacus to process and disclose the personal data of individuals who are not parties to this action, without their consent under GDPR Article 6(1)(a) and without a demonstrated lawful basis under Article 6(1). Abacus reserves its objections on this basis as to each Request to which GDPR restrictions apply.

17. The failure of Abacus to make a specific objection to a Request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Abacus will provide information or produce documents in response to a Request does not mean that Abacus has such information or documents, or that such information or documents exist. Rather, any such statement reflects Abacus's intentions, subject to its general and specific objections, to conduct a reasonable search for responsive documents and information from the sources within its possession, custody, or control.

18. To the extent Abacus responds to part or all of a Request, Abacus's response is not intended to and shall not be construed as a waiver by Abacus of any objection to such Request.

19. These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Requests.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Abacus objects to Plaintiffs' definition of "Control" to the extent it purports to impute to Abacus possession, custody, or control over documents held by Carlisle Management Company S.C.A. or its agents, service providers, or contractors. Carlisle is a distinct legal entity organized under Luxembourg law with its own corporate existence, governance structure, and record-keeping systems. Abacus's acquisition of Carlisle in late 2024 did not collapse Carlisle's separate legal identity into Abacus's, nor did it render Carlisle's pre-acquisition records the property of or subject to the direction of Abacus. To the extent Plaintiffs' definition of "Control" is intended to reach documents held by Carlisle, its employees, its Luxembourg-based service providers (including CACEIS Bank as depositary and central administration agent), or any other person or entity acting on Carlisle's, rather than Abacus's, behalf, Abacus does not accept that characterization. Abacus interprets "Control" as

limited to documents within the actual possession, custody, or control of Abacus Global Management, Inc., consistent with the requirements of Fed. R. Civ. P. 34(a)(1). Abacus further objects that Plaintiffs' expansive definition of "Control" is inconsistent with the restrictions imposed by the GDPR and Luxembourg professional secrecy law, which independently limit Abacus's ability to direct the production of documents held by Luxembourg-regulated entities regardless of any corporate affiliation.

2. Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." "defendant" is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to require collection and/or production of documents or information from undefined subsidiaries or affiliates of Abacus, Abacus interprets Plaintiffs' definition of "defendant" as referring solely to Abacus Global Management, Inc.

3. Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

4. Abacus objects to Plaintiffs' definition of "Communications" because "without limitation" and "through another medium" render the definition boundless and disproportional to any reasonable burden consistent with FRCP 26(b)(1). To the extent the definition reaches communications involving Carlisle Management Company S.C.A. ("Carlisle") personnel, Carlisle's EU-based business operations, or any natural persons located in the European Union, production of those "Communications" constitutes a transfer of personal data under GDPR Article 4(1) and implicates the transfer restrictions of GDPR Articles 44–49. A definition this broad—covering all exchanges with no geographic, temporal, or subject-matter limitation—makes it impossible for

Abacus to evaluate its GDPR compliance obligations before responding, particularly given that Abacus did not acquire Carlisle until late 2024 and has limited visibility into pre-acquisition communications involving EU data subjects.

5. Abacus objects to Plaintiffs' definition of "Document" to the extent it is functionally boundless and exceeds the proportionality requirement of FRCP 26(b)(1), particularly because examining "erased but recoverable" data, if deleted pursuant to GDPR Article 17's Right to be Forgotten, would directly violate foreign law. More generally, to the extent the definition includes information relating to an identified or identifiable EU person, the definition's overbreadth affords Abacus no mechanism by which to segregate or otherwise distinguish protected from non-protected material before production.

6. Abacus objects to Plaintiff's definition of "LLF-LTGF" as an oversimplification inconsistent with its characterization in the Private Placement Memorandum. Abacus interprets LLF-LTGF as a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle, the AIFM.

7. Abacus objects to Defendants' Instructions 1-3, 5-6, and 8 on the grounds that "you" and "your" are undefined, and the terms are therefore vague and ambiguous, particularly to the extent it purports to require collection and/or production of documents or information from undefined subsidiaries or affiliates of Abacus. Abacus with interpret "you" and "your" as referring solely to Abacus only.

8. Abacus objects to Defendants' Instructions 1-8 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure. Abacus will produce non-privileged documents within Abacus's custody and control and responsive to Plaintiffs' Requests for Production, subject to and without waiver of objections.

9. Subject to the aforementioned General Objections, Specific Objections to Definitions

and Instructions, Specific Objection to the Relevant Time Frame, and the Specific Objections below, Abacus will produce non-privileged, relevant documents within Abacus's custody and control and responsive to Plaintiffs' Requests for Production, subject to the negotiation of reasonable search terms and subject to and without waiver of objections.

**SPECIFIC OBJECTION TO RELEVANT TIME FRAME**

1. Abacus objects to Plaintiffs' identified time "period" under "II. Definitions" to the extent Plaintiffs seek information from "the period from 2016 to the present," on the grounds that such a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case. Abacus acquired Carlisle in 2024 and so Plaintiffs' "period" extends beyond the time period covered by Abacus's acquisition of Carlisle. Abacus interprets the relevant time "period" to include the period from December 2024 to January 30, 2026 (the date Plaintiffs served their Interrogatories on Abacus).

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents evidencing the acquisition of Carlisle Management Company ("Carlisle") by Abacus, including pre-acquisition due diligence into the LLF-LTGF, agreements, and closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects that this Request, as framed, is calculated to capture materials prepared by or at the direction of counsel in connection with the evaluation, negotiation, and closing of the acquisition, including legal memoranda, attorney-client communications, risk assessments, and deal analyses, that are protected by the attorney-client privilege and/or the work-product doctrine. The phrase "pre-acquisition due diligence" encompasses the core of the legal advice Abacus sought and received in connection with the transaction. Abacus objects to this Request to the extent that it seeks

materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection and will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms and phrase "Abacus," "Carlisle," "acquisition," and "pre-acquisition due diligence."

Abacus objects that pre-acquisition due diligence materials, to the extent they exist, would likely contain personal data of employees, officers, and key personnel of Carlisle and its service providers, including names, roles, compensation information, and employment terms, as well as potentially personal data of investors and counterparties embedded in data room materials. These individuals are predominantly EU/EEA residents whose personal data is protected by the GDPR. Production of unredacted due diligence materials to Plaintiffs in U.S. litigation would constitute a transfer to a third country under GDPR Chapter V (Articles 44–49) without a demonstrated lawful basis, and would be incompatible with the data minimization principle of GDPR Article 5(1)(c) given that the personal data of these individuals bears no demonstrated connection to Plaintiffs' claims regarding their own alleged redemption requests.

The fact that due diligence materials may reside in Abacus's possession does not relieve Abacus of its ongoing obligations under the GDPR. Disclosure of personal data contained in such materials to Plaintiffs in U.S. litigation would constitute a new act of processing under GDPR Article 4(2) and a transfer to a third country under Chapter V, each requiring an independent lawful basis that has not been established. The original purpose for which such personal data was collected—evaluation of a corporate acquisition—does not encompass onward disclosure to adverse parties in foreign litigation, and such disclosure would be incompatible with the purpose limitation principle of GDPR

Article 5(1)(b).

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and internal communications reassigning Abacus employees to Carlisle and vice-versa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents and internal communications."

The Request for Documents and Communications "reassigning Abacus employees to Carlisle and vice-versa" is vague, ambiguous, and not reasonably tethered to any asserted claims or defenses in this litigation. The Documents and Communications between Abacus and Carlisle have no bearing upon Plaintiffs' claims. Abacus further objects to this Request to the extent it uses the undefined terms "Abacus," "Carlisle," and "reassigning." Specifically, Abacus objects that this Request assumes as established fact that employees were "reassigned" between Abacus and Carlisle. Abacus does not concede that any such reassignment occurred or that the term "reassigning" accurately characterizes any personnel decisions made in connection with or following the acquisition. The Request as framed

embeds a disputed factual premise and would require Abacus to adopt Plaintiffs' characterization of internal personnel matters as a condition of responding. Abacus further objects that the term "reassigning" is vague and ambiguous as applied to the facts of this case—it could encompass new hires, secondments, changes in reporting structure, assumption of additional duties, or any number of personnel actions that are legally and factually distinct from one another. The Request fails to specify which category of personnel action is sought, rendering it impossible to determine the scope of a responsive search.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects that this Request, to the extent responsive documents exist, would require the disclosure of personal data of employees and officers of Abacus and Carlisle, including names, job titles, reporting structures, employment terms, and the timing and nature of any personnel changes, protected by the GDPR. These individuals are predominantly EU/EEA residents who have not consented to disclosure of their employment information to Plaintiffs or to transfer of that data to the United States for purposes of civil litigation. Disclosure would constitute a new act of processing under GDPR Article 4(2) and a transfer to a third country under Chapter V, each requiring an independent lawful basis that has not been established. The request for "all documents and internal communications" concerning personnel matters is incompatible with the data minimisation principle of GDPR Article 5(1)(c), as it would sweep in HR records, internal correspondence, and organizational planning documents containing the personal data of individuals with no demonstrated connection to

Plaintiffs' claims regarding their own alleged redemption requests.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 3:**

All organizational charts and governance documents showing Abacus' and Carlisle's management structures and decision-making authority over LLF-LTGF post-acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll organizational charts and governance documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects that this Request, to the extent responsive documents exist, would require the disclosure of personal data of employees and officers of Abacus and Carlisle, including names, titles, seniority levels, reporting relationships, and decision-making authority, protected by the GDPR. Organizational charts and governance documents by their nature map individual identities to specific roles, hierarchical positions, and areas of responsibility, creating detailed professional profiles of

identifiable natural persons. These individuals are predominantly EU/EEA residents who have not consented to disclosure of their organizational roles and reporting structures to Plaintiffs or to transfer of that data to the United States for purposes of civil litigation. Disclosure would constitute a new act of processing under GDPR Article 4(2) and a transfer to a third country under Chapter V, each requiring an independent lawful basis that has not been established. The request for "all organizational charts and governance documents" is incompatible with the data minimisation principle of GDPR Article 5(1)(c), as it would require production of documents revealing the identities and internal roles of every individual within the management structures of two entities, the vast majority of whom have no demonstrated connection to Plaintiffs' claims regarding their own alleged redemption requests.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "Carlisle," "governance documents," "management structures," and "decision-making authority."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All internal memoranda or reports discussing the impact of the acquisition on LLF-LTGF obligations.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4:</u>**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal memoranda or reports" and fails to indicate whose internal memoranda—Abacus or Carlisle—should be produced. Abacus interprets this Request to apply only to Abacus's internal memoranda.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "impact of the acquisition on LLF-LTGF obligations."

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45

covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs, including regarding narrowing this Request in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 5:**

All versions of the Placement Memorandum governing LLF-LTGF (including July 2022

version).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll versions."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll versions of the Placement Memorandum governing LLF-LTGF (including July 2022 version)" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus objects to this Request to the extent it calls for information that is equally available to

Plaintiffs. To the extent a July 2022 Placement Memorandum exists, it would have been issued by Carlisle more than two years before Abacus's acquisition. Unitholders would have received any such document at the time of their investment, and the document would therefore be at least equally accessible to Plaintiffs as to Abacus if, as Plaintiffs contend, they have legitimately invested.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between Abacus (or Carlisle) and LLF-LTGF investors regarding redemption requests since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll communications between . . . Carlisle[] and LLF-LTGF investors" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and

is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus objects to this Request to the extent it calls for information that is equally or more readily available to Plaintiffs. To the extent any investor communications regarding redemption have been issued, they would have been issued by Carlisle before Abacus's acquisition. Plaintiffs, if investors as claimed, should have received any such document at the time of their investment. The same is not true for Abacus.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "LLF-LTGF investors," and "redemption requests."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs, including regarding narrowing this Request in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent responsive documents may exist, Abacus will

produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 7:**

All communications, internal and with LLF-LTGF investors, discussing LLF-LTGF investors' redemption requests or liquidation status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll communications, internal and with LLF-LTGF investors" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company

S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also*

EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs. Indeed, because Plaintiffs are based in EU and given the inevitability that documents responsive to this request will contain personal information protected under GDPR, at present, Plaintiffs have options to seek his information with far less regulatory friction than those Abacus would encounter under any GDPR-compliant data processing effort.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "LLF-LTGF investors," "redemption requests," and "liquidation status."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation, in addition to addressing GDPR constraints. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 8:**

Monthly newsletters or investor updates issued by Abacus or Carlisle since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[m]onthly newsletters or investor updates" from a time

frame not relevant to the claims and defenses in this litigation.

Abacus objects to the term "investor updates" and notes that only Unitholders received communication of any such nature.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[m]onthly newsletters or investor updates issued by . . . Carlisle since 2016" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM,

and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus objects to this Request to the extent it calls for information that, if it exists and based on Plaintiffs' contentions, is equally available to Plaintiffs. To the extent newsletters exist, they would have been issued by Carlisle under one or both of the following conditions: 1) the communications were made before Abacus's acquisition, and 2) the communications contain data subject to GDPR

processing and transfer regulations. Under the former condition, Plaintiffs, if indeed Unitholders as contended, would have received any such newsletters, making them at least equally to Plaintiffs as to Abacus. Under the latter, heightened protection that applies when data must be transferred outside the European Economic Area would pose a burden only if Abacus is compelled to seek it; Plaintiffs' EU bases afford simpler, less burdensome options to receive responsive information from CACEIS or other Luxembourg- and EU-based service providers, again provided Plaintiffs can establish status as valid Unitholders.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus," "Carlisle," and "investor updates."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation, in addition to addressing GDPR constraints. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 9:**

Documents reflecting NAV calculations for LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Abacus objects to this request on the basis that it fails to specify whose calculations are to be provided. Abacus interprets "NAV calculations" to reflect that term as defined in the Private Placement Memorandum. Accordingly, such calculations would be held by Carlisle's central administration agent in Luxembourg, not Abacus, as the agent would have performed any relevant NAV calculations for LLF-LTGF. To the extent responsive documents reflecting NAV calculations exist, they would be in the custody and control of CACEIS Bank, a third party not subject to this Court's jurisdiction.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[d]ocuments reflecting NAV calculations for LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are

predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs. To the extent documents reflecting NAV calculations exist, GDPR imposes substantially fewer restrictions to obtaining those documents when requests are made from within the EU. Plaintiffs are therefore better positioned to seek the relevant documentation, if it exists, directly from its source. Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined

phrase "NAV calculations."

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs, including regarding narrowing this Request in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 10:**

Documents showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[d]ocuments showing all distributions of liquidation

proceeds to any investor by LLF-LTGF" from a time frame not relevant to the claims and defenses in this litigation and without specifying whose documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[d]ocuments showing all distributions of liquidation proceeds to any investor by LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area

data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs. Plaintiffs, if Unitholders in LLF-LTGF, would have received redemption-related

correspondence directly from Carlisle and/or their intermediary banks. Such documents, to the extent they exist, would be within Plaintiffs' own possession or obtainable from their own banks and advisors. Requiring Abacus to produce what would be Plaintiffs' own investor correspondence imposes unnecessary burden and expense. Moreover, to the extent documents reflecting distribution of liquidation proceeds for this fund exist, GDPR imposes substantially fewer restrictions to obtaining those documents when requests are made from within the EU. Plaintiffs, if indeed Unitholders as contended, are therefore better positioned to seek the relevant documentation, if it exists, directly from its source.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "distributions of liquidation proceeds."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs, including regarding narrowing this Request in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 11:**

Accounting records showing assets, liabilities, and reserves for LLF-LTGF during liquidation, including which company paid for such audits, since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ccounting records showing assets, liabilities, and reserves" from a time frame not relevant to the claims and defenses in this litigation and without specifying whose documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by

attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ccounting records showing assets, liabilities, and reserves for LLF-LTGF during liquidation, including which company paid for such audits, since 2016" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus

cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 12:**

Documents, including internal accounting records from Carlisle and Abacus, evidencing performance fees or management fees charged during liquidation, including all information regarding who paid the performance and management fees, and to whom they were directed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[d]ocuments, including internal accounting records" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "internal accounting records from Carlisle … evidencing performance fees or management fees charged during liquidation, including all information regarding who paid the performance and management fees, and to whom they were directed" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company

S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "performance fees," and "management fees."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 13:**

All communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), LGT Bank (Switzerland) Ltd. ("LGT Bank"), or other agents regarding Plaintiffs' redemption requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications."

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), LGT Bank (Switzerland) Ltd. ("LGT Bank"), or other agents regarding Plaintiffs' redemption requests" are not within Abacus's possession, custody, or

control. CACEIS Bank serves as depositary and central administration agent for LLF-LTGF under Luxembourg law, and UBP and LGT Bank are Swiss financial institutions. To the extent communications between these institutions and Carlisle regarding the subject matter of this Request exist, they would have been generated and maintained by those third-party institutions and/or by Carlisle as a separate Luxembourg entity. Abacus lacks possession, custody, or control over such communications, if any. Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "redemption requests" and "other agents."

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also*

EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs, including regarding narrowing this Request in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 14:**

All communications between Abacus and any regulatory authority regarding LLF-LTGF liquidation or redemption delays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Abacus objects that this Request assumes as established fact that "redemption delays" occurred. Abacus does not concede that any delays took place or that the term "redemption delays" accurately characterizes the handling of any redemption requests with respect to LLF-LTGF. The Request as framed embeds a disputed factual premise and would require Abacus to adopt Plaintiffs' characterization of events as a condition of conducting a responsive search. To the extent Abacus responds, its response should not be construed as an admission that any delays occurred, that redemption requests were untimely processed, or that any communications with any regulatory authority concerning such purported delays exist.

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll communications" as to "any regulatory authority," which could encompass numerous financial regulators globally. Abacus requests that Plaintiffs identify the specific regulatory authority or authorities at issue.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrases "Abacus," "regulatory authority," and "liquidation or redemption delays."

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 15:**

All audited financial statements for LLF-LTGF from 2016 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll audited financial statements" from a time frame not

relevant to the claims and defenses in this litigation and without specifying whose documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll audited financial statements for LLF-LTGF from 2016 to present" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the

undefined phrase "audited financial statements."

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents" and fails to specify whose documents are to be produced. Abacus further objects to undefined terms "gating" and "liquidity restrictions."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose

privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll documents reflecting any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "gating or liquidity restrictions."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 17:**

All internal analyses or reports concerning market conditions cited as reasons for redemption delays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Abacus objects that this Request assumes as established fact that "redemption delays" occurred. Abacus does not concede that any delays took place or that the term "redemption delays" accurately characterizes the handling of any redemption requests with respect to LLF-LTGF. The Request as framed embeds a disputed factual premise and would require Abacus to adopt Plaintiffs' characterization of events as a condition of conducting a responsive search. To the extent Abacus responds, its response should not be construed as an admission that any delays occurred, that redemption requests were untimely processed, or that any internal analysis or reporting on market conditions had anything to do with purported delays.

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal analyses or reports," fails to specify whose documents are to be produced, and invokes the undefined term "market conditions."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll internal analyses or reports concerning market conditions cited as reasons for redemption delays" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own

records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "market conditions" and "redemption delays."

Abacus further objects to Plaintiffs' assertion that there were "redemption delays."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 18:**

All contracts or agreements with third-party service providers engaged in the liquidation process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll contracts or agreements," fails to define "third-party service providers" and does not specify whose documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that

Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll contracts or agreements with third-party service providers engaged in the liquidation process" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "third-party service providers" and "liquidation process."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

All versions of investor newsletters or updates issued since 2016 regarding LLF-LTGF liquidation.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19:</u>**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll versions of investor newsletters or updates" from a time frame not relevant to the claims and defenses in this litigation and without indication from whom documents are to be produced.

Abacus objects to the term "investor" where no such term is recognized in the Private Placement Memorandum. Abacus understands "investor" to mean "Unitholder" and restates that it does not concede Plaintiffs can so be described. Abacus further notes with respect to the unreasonable timeframe that based upon the Amended Complaint, Plaintiffs are well aware of the impossibility of "liquidation"-related communications having been issued dating back to 2016. Further, to the extent such communications exist, Plaintiffs, if Unitholders as contended, would already possess the requested documents.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll versions of investor newsletters or updates issued since 2016 regarding LLF-LTGF liquidation" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company

S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "investor newsletters or updates."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus will produce non-privileged, responsive documents within its possession, custody, or control for the period from December 2024 to present, subject to Plaintiffs' proposal of reasonable search terms and the parties' negotiation of a mutually acceptable search protocol and ESI production format consistent with Fed. R. Civ. P. 26(f) and Middle District Discovery (2021) § VIII(D)–(E). To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections, including those founded in constraints under the GDPR, and agreement on search terms.

**REQUEST FOR PRODUCTION NO. 20:**

All internal emails or correspondence discussing Plaintiffs' redemption requests or related complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate

to the needs of the case to the extent it seeks without limitation "[a]ll internal emails or correspondence" and fails to specify from whom documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll internal emails or correspondence discussing Plaintiffs' redemption requests or related complaints" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM,

and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "redemption requests" and "related complaints."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation, in addition to addressing GDPR constraints. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 21:**

All documents evidencing reserves or holdbacks applied to LLF-LTGF assets during liquidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents" and fails to specify from whom documents are to be produced. Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "reserves" and "holdbacks."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing reserves or holdbacks applied to LLF-LTGF assets during liquidation" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company

S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 22:**

All documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents" and fails to specify from whom documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that

Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll documents evidencing any LLF-LTGF liquidation settlements, including but not limited to correspondence, demand resolution agreements, and party names" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil

litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "LLF-LTGF liquidation settlements" and "demand resolution agreements."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation, in addition to addressing GDPR constraints. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 23:**

All documentation and correspondence with consultants, accounting firms, or internal appraisers detailing an appraisal or analysis of LLF-LTGF's value.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documentation and correspondence" and fails to specify from whom documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll documentation and correspondence with consultants, accounting firms, or internal appraisers detailing an appraisal or analysis of LLF-LTGF's value" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "LLF-LTGF's value."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding narrowing this Request to specific, non-privileged categories of documents relevant to the claims and defenses in this litigation. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 24:**

All audited financial statements for Carlisle, Abacus, and the LLF-LTGF since 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll audited financial statements" from a time frame not relevant to the claims and defenses in this litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the time frame of this Request as overbroad and not relevant to the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll audited financial statements for Carlisle . . . and the LLF-LTGF since 2016" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's

acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "audited financial statements."

Abacus further objects to this Request as duplicative of Request No. 15, which seeks "[a]ll audited financial statements for LLF-LTGF from 2016 to present."

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request. To the extent responsive documents may exist, Abacus is withholding production on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to litigation involving Tim Mol at both Abacus and any prior fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to this Request as not relevant because any "litigation involving Tim Mol at both Abacus and any prior fund" have no relation or bearing on the claims and defenses in this litigation.

Abacus further objects to this Request to the extent that "[a]ll documents relating to litigation involving Tim Mol at . . . any prior fund" are not within Abacus's possession, custody, or control. To the extent this Request seeks information about litigation at 'any prior fund,' such information, if it exists, would predate and be unrelated to Abacus's acquisition of Carlisle and would not be within Abacus's possession, custody, or control. Moreover, litigation history at unrelated funds, to the extent any exists, has no apparent relevance to Plaintiffs' claims regarding LLF-LTGF and is disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1).

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive

documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term and phrase "Abacus" and "any prior fund."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request. To the extent responsive documents may exist, Abacus is withholding production on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 26:**

All internal communications and documentation concerning marketing efforts, including materials and their placement used to raise money for the LLF-LTGF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll internal communications and documentation" and fails to specify from whom documents are to be produced.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll internal communications and documentation concerning marketing efforts, including materials and their placement used to raise money for the LLF-LTGF" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus further objects that compliance with this Request, to the extent responsive information exists, would require the disclosure of personal data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR"). LLF-LTGF is a Luxembourg-domiciled fund, Carlisle is a Luxembourg-domiciled AIFM, and the investors, service providers, and employees whose information may be sought are predominantly EU/EEA residents whose personal data, including names, contact details, financial account information, investment amounts, and transaction histories, constitutes "personal data" within the meaning of GDPR Article 4(1) and is subject to the processing restrictions of GDPR Articles 5, 6, and 44–49.

Specifically, any transfer of such personal data to the United States for purposes of U.S. civil litigation would constitute a "transfer to a third country" under GDPR Chapter V (Articles 44–49) and is prohibited absent an adequate legal basis under Article 49. No adequacy decision under Article 45 covers transfers for U.S. civil discovery. No standard contractual clauses or binding corporate rules under Articles 46–47 are in place between the parties that would authorize such transfer. Although Article 49(1)(e) permits transfers "necessary for the establishment, exercise or defence of legal

claims," this derogation is interpreted narrowly under European Data Protection Board Guidelines 2/2018 and does not authorize wholesale production of third-party investor data in discovery. *See also* EDPB Guidelines 2/2018 on derogations of Article 49, § 4 (transfers must be "occasional" and limited to data "necessary" for the specific claim, not broadly responsive to an entire category of documents).

GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. Plaintiffs' Request is incompatible with this principle and would require Abacus to process and transfer the personal data of third-party investors who are not parties to this action, without their consent (GDPR Article 6(1)(a)) and without a demonstrated lawful basis under Article 6(1).

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrases "marketing efforts" and "materials and their placement used to raise money."

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Plaintiffs, including regarding narrowing this Request in a manner that may mitigate, but not necessarily eliminate, these GDPR concerns, including through potential redaction, anonymization, or entry of an appropriate protective order. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to cross-border financial investment marketing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll documents", the breadth of which conflicts with Fed. R. Civ. P. 26(b)(1)'s requirement that discovery "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery

in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." This Request seeks an undefined, limitless category of documents with no temporal or subject-matter boundary tied to Plaintiffs' specific claims. Plaintiffs' claims, as Abacus understands them, relate to a specific sub-fund and specific alleged redemption requests. Documents concerning "cross-border financial investment marketing" generally, for all of Abacus's or Carlisle's operations, bear no apparent relationship to those claims, and the burden of identifying, reviewing, and producing such documents, to the extent any exist, vastly outweighs any marginal relevance.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll documents relating to cross-border financial investment marketing" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Abacus objects to this Request to the extent it calls for information that is equally available to Plaintiffs.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined phrase "cross-border financial investment marketing."

Subject to and without waiver of the above objections, Abacus will not produce documents responsive to this Request. To the extent responsive documents may exist, Abacus is withholding production on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 28:**

All minutes of directors', shareholders', or other meetings where discussions regarding the LLF-LTGF were held.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Abacus objects to this Request as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks without limitation "[a]ll minutes."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Request to the extent that "[a]ll minutes of directors', shareholders', or other meetings where discussions regarding the LLF-LTGF were held" are not within Abacus's possession, custody, or control.

Abacus further objects to this Request on the grounds that it seeks documents that, to the extent they exist, would have been generated, maintained, and controlled by Carlisle Management Company

S.C.A. ("Carlisle")—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent responsive documents were created, stored, or maintained by Carlisle, its agents, or its service providers prior to the acquisition, those documents remain in the custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators—not Abacus.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer regarding this Request. To the extent responsive documents may exist, Abacus withholds production pending resolution of the foregoing objections.

Dated: March 31, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Nithya Pathalam (*pro hac vice*)
nithyapathalam@quinnemanuel.com
1300 I Street NW, Suite 900

Washington D.C. 20005
(202) 538-8000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 31, 2026, I served by email a copy of this document to counsel of record.

By: */s/ Alex Zuckerman*
Alex Zuckerman