**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

Case No. 6:25-cv-02047-JSS-CAB

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' SHORT-FORM DISCOVERY MOTION TO COMPEL**

Defendant Abacus Global Management, Inc. ("Abacus") submits this response opposing Plaintiffs Ritz Investment Limited and Season Limited's (collectively, "Plaintiffs") Motion to Compel.

The court should deny the motion as moot. However, Abacus requests further briefing on the Parties' impasse concerning the EU General Data Protection Regulation's ("GDPR") data minimization requirement and restrictions on data transfer to the United States.

I. THE MOTION IS LARGELY MOOT AND PRODUCTION IS NOT DELAYED

Since Plaintiffs' filing on Friday, Abacus has (1) made good on its commitment to further supplement responses and objections to Plaintiffs' interrogatories (Ex. A), and (2) produced more than 300 additional documents (Ex. B), including documents responsive to the vast majority of Plaintiffs' Requests for Production.

The supplemental interrogatory responses and objections reflect entry of the

Parties' Confidentiality Agreement, commit to producing documents consistent with its terms, withdraw third-party and contractual privacy objections, and eliminate or narrow GDPR objections. They also note that Abacus opts to produce documents in lieu of narrative responses to address six of Plaintiffs' eight improper contention interrogatories. Rolling document production continues, and Abacus expects to complete review of those documents already collected for service by mid-September, more than two full months before the December 1, 2026 discovery deadline (ECF No. 29).

## II. THE PARTIES ARE AT AN IMPASSE ON DATA MINIMIZATION

Abacus confirms that the Parties are at an impasse concerning the applicability of the GDPR, its restrictions on international data transfer under Article 46, and the Article 5(1) data minimization that predicates any such transfer. Both constraints apply to any documents Abacus may be able to collect from its Luxembourg subsidiary, Carlisle Management Company S.C.A. ("Carlisle").[1]

Abacus is presently reviewing Carlisle documents through an EU workspace, at the direction of Carlisle's Luxembourg attorneys, to comply with the GDPR. The parties' Confidentiality Agreement "does not prevent or restrict any Party from raising before this Court, and does not restrict this Court's authority to consider, issues related to conflicts with foreign law, regulatory authority, or principles of international

[1] Plaintiffs originally named Carlisle as a coparty (ECF No. 1), but dropped them from the suit (ECF No. 14) in response to this court's order dismissing the case for lack of subject matter jurisdiction (ECF No. 9).

comity." Confidentiality Agreement § 15.3.

Accordingly, the Parties contemplated that any production Abacus made from Carlisle's Luxembourg files would have to comply with GDPR Art. 5(1)'s data minimization requirement constraining personal data production "to what is necessary in relation to the purposes for which they are processed." Neither Abacus nor Carlisle can lawfully access or produce for US litigation EU-housed documents that contain personal data unless and until Plaintiffs calibrate their requests to Article 5(1)'s data minimization. Yet, Plaintiffs have refused to justify their expansive requests with a specific theory of liability.

To be clear, Abacus does not withhold responsive documents, provided Plaintiffs articulate grounds to produce them without violating the GDPR—they refuse to do so.

**CONCLUSION**

For the forgoing reasons, Abacus respectfully requests that the Court deny Plaintiffs' Motion.

Dated: August 28, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*
**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman (*pro hac vice*)