# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| RITZ INVESTMENT LIMITED,<br>SEASON LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABACUS GLOBAL MANAGEMENT, INC.,<br><br>Defendant. | Case No. 6:25-cv-2047-JSS-RMN |

**DEFENDANT'S FURTHER AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Abacus Global Management, Inc. ("Abacus") hereby provides further amended responses and objections to Plaintiffs Ritz Investment Limited and Season Limited's ("Plaintiffs") First Set of Interrogatories, dated January 30, 2026 (the "Interrogatories").

**GENERAL OBJECTIONS**

1. Any indication that Abacus will produce documents or disclose information in response to an Interrogatory is not intended as a representation that Abacus agrees to the characterization of facts or events as set forth by Plaintiffs in the Interrogatory or that such documents exist or are in Abacus's possession, custody, or control in the United States.

2. Abacus objects to the Interrogatories to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to the Confidentiality Agreement entered by the Parties on

July 6, 2026.

3. Abacus objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Abacus hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

4. Abacus objects to each Interrogatory to the extent that it calls for legal conclusions or opinions or makes erroneous statements of law or requires Abacus to perform a legal analysis. Abacus's response herein shall be only as to matters of fact and shall not be construed as stating or implying any conclusions of law concerning the matters referenced in any Request.

5. Abacus objects to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

6. Abacus objects to the Interrogatories to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or that otherwise can be obtained more readily from a source other than Abacus (including, but not limited to, information that is currently within Plaintiffs' control).

7. Abacus objects to each Interrogatory to the extent it purports to require Abacus to provide information or documents in the possession, custody, or control of persons or entities other than Abacus.

8. Abacus objects to the Interrogatories to the extent they call for information that is not known or reasonably available to Abacus.

9. Abacus objects to each Interrogatory to the extent that it is duplicative or redundant of other requests or interrogatories.

10. Abacus objects to the Interrogatories, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure. Abacus's responses to the Interrogatories will be made in accordance with those rules, the Confidentiality Agreement, and any Court orders relevant to the proper scope, timing, and extent of discovery in this action.

11. Abacus objects to the Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information necessary for any response. For the avoidance of doubt, Abacus does not construe legal restrictions imposed by the EU GDPR to create or recognize a basis to assert privilege.

12. Abacus objects to the Interrogatories to the extent that they seek information in Abacus's possession that is the confidential, proprietary, and/or trade secret information of a third party. Abacus will provide such information subject to the Parties' Confidentiality Agreement. Abacus reserves this objection only as to information subject to a third-party contractual restriction that independently requires consent.

13. Abacus objects to the Interrogatories to the extent that they presuppose that this Court is the appropriate forum and that U.S. law governs Plaintiffs' claims. LLF-LTGF is a fund domiciled in Luxembourg, governed by Luxembourg law, managed by a Luxembourg AIFM, and subject to oversight by the Commission de Surveillance du Secteur Financier. Plaintiffs are registered Gibraltar entities that invested through intermediaries located outside the United States. Abacus contends that no material events giving rise to Plaintiffs' claims occurred in the United

States. The proportionality calculus under Fed. R. Civ. P. 26(b)(1) weighs heavily against imposing the burden of broad U.S.-style discovery in a matter where the governing law, the relevant witnesses, the relevant documents, and the relevant regulators are all located outside the United States.

14. Consistent with the Confidentiality Agreement, Abacus will not disclose the personal contact information; government identification; financial account numbers; details concerning family, health, and personal life; education or CV-type data of European Union and European Economic Area data subjects protected by Regulation (EU) 2016/679, the General Data Protection Regulation ("GDPR").

15. The Confidentiality Agreement and its security safeguards (§5.6) support transfer of data under Article 49(1)(e), which permits transfers where "necessary for the establishment, exercise, or defence of legal claims"; Abacus continues to object to transfer of personal data beyond what is necessary for the claims and defenses at issue, consistent with EDPB Guidelines 2/2018 §4's requirement that Art. 49(1)(e) transfers remain occasional and necessity-limited.

16. GDPR Article 5(1)(c) further requires "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. The Parties' Confidentiality Agreement cannot obviate that requirement. To the extent Plaintiffs' Interrogatories seek the identities, nationalities, financial information, transaction histories, or other personal data of non-parties bearing no relationship to Plaintiffs' specific claims, compliance would be incompatible with this principle and would require Abacus to process and disclose the personal data of individuals who are not parties to this action, without their consent under GDPR Article 6(1)(a) and without a demonstrated lawful basis under Article 6(1). Abacus reserves its objections on this basis as to each Interrogatory to which GDPR restrictions apply.

17. Abacus objects on the grounds that Plaintiffs' Interrogatories exceed the 25-interrogatory limit imposed by Fed. R. Civ. P. 33(a)(1). When discrete subparts of the Interrogatories are properly counted, the total number of Interrogatories exceeds the allotted 25. The parties have not stipulated to additional Interrogatories, nor have Plaintiffs sought leave to serve them.

18. The failure of Abacus to make a specific objection to an Interrogatory is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Abacus will provide information or produce documents in response to an Interrogatory does not mean that Abacus has such information or documents, or that such information or documents exist. Rather, any such statement reflects Abacus's intentions, subject to its general and specific objections, to conduct a reasonable search for responsive documents and information from the sources within its possession, custody, or control.

19. To the extent Abacus responds to part or all of an Interrogatory, Abacus's response is not intended to and shall not be construed as a waiver by Abacus of any objection to such Interrogatory.

20. These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Interrogatories.

**SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Abacus objects to Plaintiffs' definition of "defendant" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." "defendant" is overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent

it purports to require collection and/or production of documents or information from undefined subsidiaries or affiliates of Abacus, Abacus interprets Plaintiffs' definition of "defendant" as referring solely to Abacus Global Management, Inc.

2. Abacus objects to Plaintiffs' definition of "Plaintiffs" as it includes the undefined terms "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." Abacus interprets Plaintiffs' definition of "Plaintiffs" as referring to Ritz Investment Limited and Season Limited.

3. Abacus objects to Plaintiffs' definition of "AIFM" to the extent it includes or refers to any entity other than Carlisle Management Company S.C.A. ("Carlisle"). Abacus interprets Plaintiffs' definition of "AIFM" as referring solely to Carlisle.

4. Abacus objects to Plaintiffs' definition of "Communications" because "without limitation" and "through another medium" render the definition boundless and disproportional to any reasonable burden consistent with FRCP 26(b)(1). A definition this broad—covering all exchanges with no geographic, temporal, or subject-matter limitation poses an inherent proportionality problem particularly given that Abacus did not acquire Carlisle until late 2024 and has limited visibility into pre-acquisition communications.

5. Abacus objects to Plaintiffs' definition of "Document" to the extent it is functionally boundless and exceeds the proportionality requirement of FRCP 26(b)(1), particularly because examining "erased but recoverable" data, if deleted pursuant to GDPR Article 17's Right to be Forgotten, would directly violate foreign law.

6. Abacus objects to Plaintiffs' definitions of "Identify" to the extent they would require disclosure of personal data the Confidentiality Agreement §2.13 does not require because the information is not relevant to claims or defenses in the case. Abacus affirmatively commits

responding to discovery consistent with the terms of the Confidentiality Agreement.

7. Abacus objects to Plaintiff's definition of "LLF-LTGF" as an oversimplification inconsistent with its characterization in the Private Placement Memorandum. Abacus interprets LLF-LTGF as a specialized "alternative investment fund" created, organized, and governed by the laws of Luxembourg, including associated rules and regulations, that is managed by Carlisle, the AIFM.

8. Abacus objects to Plaintiffs' definition of "Person" the extent that its inclusion of natural persons, when combined with the definition of "Identify" and the interrogatories incorporating both, would require Abacus to compile and disclose personal data of EU-based natural persons without reference to relevance to the claims or defenses in this case. Abacus affirmatively commits to producing identification consistent with the terms of the Parties confidentiality agreement.

9. Abacus objects to Defendants' Instructions 1-5 on the grounds that "you" is undefined, and the term is therefore vague and ambiguous, particularly to the extent it purports to require collection and/or production of documents or information from undefined subsidiaries or affiliates of Abacus. Abacus with interpret "you" as referring solely to Abacus only.

10. Abacus objects to Defendants' Instructions 1-5 to the extent they impose greater burdens on Abacus than what is required by the Federal Rules of Civil Procedure. Abacus will furnish non-privileged information or produce non-privileged documents within Abacus's possession, custody, or control and responsive to Plaintiffs' Interrogatories, subject to and without waiver of objections.

11. Abacus objects to Instructions 1-5 to the extent that they presuppose that this Court is the appropriate forum and that U.S. law governs Plaintiffs' claims. LLF-LTGF is a fund

domiciled in Luxembourg, governed by Luxembourg law, managed by a Luxembourg AIFM, and subject to oversight by the Commission de Surveillance du Secteur Financier. Plaintiffs are registered Gibraltar entities that invested through intermediaries located outside the United States. Abacus contends that no material events giving rise to Plaintiffs' claims occurred in the United States. The proportionality calculus under Fed. R. Civ. P. 26(b)(1) weighs heavily against imposing the burden of broad U.S.-style discovery in a matter where the governing law, the relevant witnesses, the relevant documents, and the relevant regulators are, all located outside the United States.

**SPECIFIC OBJECTION TO RELEVANT TIME FRAME**

1. Abacus objects to Plaintiffs' identified time "period" under "II. Definitions" to the extent Plaintiffs seek information from "the period from 2016 to the present," on the grounds that such a time period is overbroad, unduly burdensome, and disproportionate to the needs of the case. Abacus acquired Carlisle in 2024, and so Plaintiffs' "period" extends beyond the time period covered by Abacus's acquisition of Carlisle. Abacus interprets the relevant time "period" to include the period from December 2024 to January 30, 2026 (the date Plaintiffs served their Interrogatories on Abacus).

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons involved in communications with Plaintiffs regarding redemption requests from 2016 to present.

**RESPONSE TO INTERROGATORY NO. 1:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks the identity of "[a]ll persons involved in communications with Plaintiffs" including from a timeframe not relevant to the claims and

defenses in this litigation.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus objects to the timeframe of this Interrogatory as overbroad and not relevant to the claims and defenses in this action.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory on the grounds that such information is already within Plaintiffs' possession, custody, or control, as Plaintiffs know who they communicated with at Carlisle concerning Plaintiffs' purported "redemption requests." *See, e.g.*, Amended Complaint ¶ 56.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that Plaintiffs already possess, and have produced in this action, the redemption-request communications identifying the participants at issue, rendering a duplicative

narrative response unnecessary. *See* Fed. R. Civ. P. 26(b)(1); General Objection No. 6.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is continuing to review its own business records for any additional participants not reflected in Plaintiffs' production and will supplement pursuant to Rule 26(e) and, where appropriate, elect to produce such records under Rule 33(d). As of August 27, 2026, Abacus has been unable to identify additional information within its possession to which Attorney-Client Privilege would *not* attach. It will continue its reasonable search. Abacus will make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement.

**INTERROGATORY NO. 2:**

Describe in detail the process for calculating NAV for LLF-LTGF during each liquidation cycle, including all methodologies and valuation adjustments. If calculation methods differed during the different liquidation cycles, or from other funds, specify why new approaches were taken and how the multiple approaches vary.

**RESPONSE TO INTERROGATORY NO. 2:**

Abacus objects on the grounds that Plaintiffs' Interrogatories exceed the 25-interrogatory limit imposed by Fed. R. Civ. P. 33(a)(1), in part because this Interrogatory contains at least three discrete subparts: describing the NAV calculation process, explaining differences among liquidation cycles, and comparing to other funds. Abacus reserves the right to decline to answer interrogatories that exceed the numerical limit.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Among those responsive documents already produced are those beginning with the following Bates numbers: ABRTZ_00001432, ABRTZ_00001450, ABRTZ_00001468, ABRTZ_00001500,

ABRTZ_00001532, ABRTZ_00001550, ABRTZ_00001816, ABRTZ_00001844, ABRTZ_00001865, ABRTZ_00004524, ABRTZ_00004525, and ABRTZ_00004526. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will continue to identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies Abacus will also continue to make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026 Confidentiality Agreement.

**INTERROGATORY NO. 3:**

State all reasons why Plaintiffs' redemption requests were denied and not redeemed in full.

**RESPONSE TO INTERROGATORY NO. 3:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case, including to the extent it seeks information from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent it assumes as established fact that Plaintiffs' redemption requests "were denied and not redeemed in full." This characterization presupposes that Plaintiffs had a contractual or legal entitlement to redeem, that cognizable redemption requests were made, and that such requests were improperly denied—factual and legal conclusions that are disputed and that Abacus does not concede. The Interrogatory as framed would require Abacus to adopt Plaintiffs' characterization of events as a premise for its response, which is improper. *See* Middle District Discovery (2021) § IV(A)(3) (interrogatories "should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import"); Fed. R. Civ. P. 33(a)(2) (interrogatories may relate to "facts" or "the application of law to fact," but may not compel adoption of disputed premises). To

the extent Abacus responds, its response should not be construed as an admission that redemption requests were made, denied, or not redeemed in full, or that Abacus bore any obligation with respect to such requests.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are

generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed and reiterates its objection that this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Specifically, one of Plaintiffs' alleged fiduciary breaches is "[f]ailing to honor redemption requests." Asking Abacus to "state all reasons why" requests "were denied and not redeemed in full" requires Abacus to adopt Plaintiffs' characterization of a disputed liability element as a factual premise before it can even answer. Should Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**<u>INTERROGATORY NO. 4</u>:**

Identify all distributions made to Plaintiffs and other LLF-LTGF investors, specifying their nationalities, since 2016, including dates, amounts, and NAV applied.

**<u>RESPONSE TO INTERROGATORY NO. 4:</u>**

Abacus objects that this Interrogatory seeks information that is already within Plaintiffs' possession or equally accessible to Plaintiffs. Plaintiffs' own Complaint demonstrates familiarity with the subject matter of this request. *See* Amended Complaint ¶¶ 63-71 (identifying distributions received by Plaintiffs). To the extent Plaintiffs possessed sufficient information to plead these allegations with particularity, that information is necessarily within their own custody or obtainable from their own records, advisors, or intermediary banks. Requiring Abacus to compile and verify information that Plaintiffs already possess, or can obtain from sources within their control, imposes unnecessary burden and expense and is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that "can be obtained from some

other source that is more convenient, less burdensome, or less expensive").

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all distributions" and "investors" including from a timeframe not relevant to the claims and defenses in this litigation. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus Global Management had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that the request for nationality-plus-transaction data for individuals other than Plaintiffs far exceeds the scope contemplated by GDPR Article 5(1)(c) and its data minimization requirement, which limits data transfers for relevance and necessity. Combining nationality with investment and transaction data would create detailed financial profiles of identifiable EU/EEA natural persons. This is precisely the type of bulk processing that GDPR Article 5(1)(c) prohibits absent a demonstrated necessity.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. It has produced at least one document responsive to inquiry: ABRTZ_00004525.

Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will continue to identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies. Abacus will also continue to make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement.

**INTERROGATORY NO. 5:**

Describe the relationship between Abacus' and Carlisle's management teams, both pre- and post-acquisition, with special attention placed on their relationship during the LLF-LTGF disclosure process and explain Abacus' role and responsibilities as AIFM and management company for LLF-LTGF after acquiring Carlisle. Identify all relevant staff members.

**RESPONSE TO INTERROGATORY NO. 5:**

Abacus objects on the grounds that Plaintiffs' Interrogatories exceed the 25-interrogatory limit imposed by Fed. R. Civ. P. 33(a)(1), in part because this Interrogatory contains at least four discrete subparts: describing the Abacus-Carlisle management relationship, explaining Abacus's role as AIFM, identifying staff, and distinguishing pre- vs. post-acquisition. Abacus reserves the right to decline to answer interrogatories that exceed the numerical limit.

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case, including to the extent it seeks information from a timeframe not relevant to the claims and defenses in this litigation, to the extent its compound questions would circumvent the cap of 25 interrogatories permitted by the Federal Rules, and to the extent it presupposes a roles and responsibilities Abacus does not concede and expressly contests.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control. To the extent this Interrogatory seeks a description of the relationship between Abacus and Carlisle's management teams "pre-acquisition," Abacus objects that it lacks knowledge sufficient to respond regarding Carlisle's internal management structure and operations prior to the acquisition, as no legal relationship between Abacus and Carlisle existed before late 2024.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed and reiterates its objection that this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Of the many discrete questions packed into this interrogatory, not one can be answered without first adopting a disputed premise concerning a disputed element in Plaintiffs' claim for breach of fiduciary duty. Should Plaintiffs serve a properly framed interrogatory targeting discrete facts and not a detailed narrative of its legal position on a range of disputed issues in the case, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 6:**

Identify all communications sent to all LLF-LTGF investors regarding liquidation, redemption timelines, and NAV since 2016.

**RESPONSE TO INTERROGATORY NO. 6:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all communications" including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "investors" is undefined. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus further objects to production of documents Plaintiffs have already acknowledged, through reference in the Amended Complaint, that they have in their possession, custody, and control. *See* Amended Complaint ¶¶ 45, 59-73, 75-77, 90. To the extent Plaintiffs possessed sufficient information to plead these allegations with particularity, that information is necessarily within their own custody or obtainable from their own records, advisors, or intermediary banks. Requiring Abacus to compile and verify information that Plaintiffs already possess, or can obtain from sources within their control, imposes unnecessary burden and expense and is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers

possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Among those responsive documents already produced are those beginning with the following Bates numbers: ABRTZ_00001468, ABRTZ_00001500, and ABRTZ_00001816.

Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will continue to identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies. Abacus will also continue to make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement.

**INTERROGATORY NO. 7:**

Identify all performance fees, management fees, or other charges assessed against Abacus, Carlisle, or LLF-LTGF during liquidation, including all entities and individuals, and, if so, provide amounts, dates, and justification.

**RESPONSE TO INTERROGATORY NO. 7:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all performance fees, management fees, or other charges" including from a timeframe not relevant to

the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the

specific records from which the responsive information may be ascertained is ongoing. Among those responsive documents already produced are those beginning with the following Bates numbers: ABRTZ_00001432, ABRTZ_00001450, ABRTZ_00001468, ABRTZ_00001500, ABRTZ_00001532, ABRTZ_00001550, ABRTZ_00001816, ABRTZ_00001844, ABRTZ_00001865, ABRTZ_00004524, and ABRTZ_00004525.

Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will continue to identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies. Abacus will also continue to make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement. To the extent any entity received management and/or performance fees during liquidation, such fees would have been justified by their issuance in accordance with one or more of the Private Placement Memorandum's relevant provisions, *e.g.*, Part I §§ 20, 21, Part II (LLF-LTGF) § 6.3.4, and Part II (LTGF 2021) §§ 5.3.6, 5.3.8.

**INTERROGATORY NO. 8:**

Describe any gating, suspension, or liquidity management measures applied to LLF-LTGF since 2016.

**RESPONSE TO INTERROGATORY NO. 8:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "any gating, suspension, or liquidity management measures" including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory on the grounds that "gating," "suspension," and "liquidity management measures" are undefined terms and

therefore vague and ambiguous.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, including Abacus's objection

that this Interrogatory improperly assumes as established fact that gating, suspension, or liquidity management measures were in fact "applied" to LLF-LTGF — a characterization Abacus disputes and does not concede — Abacus revises and supplements its response and states as follows:

Upon reasonable investigation and inquiry, Abacus now believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make available business records sufficient to show any gating, suspension, or liquidity management measures, and any activity related to such measures, to the extent relevant to LLF-LTGF and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Abacus's identification and production of such records is made solely to satisfy its discovery obligations and is not, and should not be construed as, an admission or concession that any such measure was applied, that Plaintiffs' characterization of any such measure is accurate, or that Abacus otherwise agrees with any factual or legal premise embedded in this Interrogatory. The documents produced will speak for themselves, and Abacus reserves all rights to dispute any characterization or interpretation Plaintiffs may ascribe to their contents. Abacus's investigation into the specific records from which responsive information may be ascertained is ongoing, and Abacus will identify with reasonable specificity the categories and locations of such records in a timely supplemental response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 9:**

Identify any funds managed by Carlisle that experienced gating, suspension, or liquidity management measures since 2016.

**RESPONSE TO INTERROGATORY NO. 9:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding “any funds managed by Carlisle” including from a timeframe not relevant to the claims and defenses in this

litigation. Abacus further objects to this Interrogatory on the grounds that "funds" is not a defined term and this overly broad, vague, and ambiguous.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the foregoing objections, including Abacus's objections that this Interrogatory is vague, overbroad, and disproportionate to the extent it seeks information regarding Carlisle-managed funds other than LLF-LTGF, and that it improperly assumes as established fact that any such fund in fact "experienced" gating, suspension, or liquidity

management measures — a characterization Abacus disputes and does not concede — Abacus responds as follows:

Upon reasonable investigation and inquiry, Abacus now believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make available business records sufficient to show any gating, suspension, or liquidity management measures, and any activity related to such measures, to the extent relevant to LLF-LTGF and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Abacus's identification and production of such records is made solely to satisfy its discovery obligations and is not, and should not be construed as, an admission or concession that any such measure was applied, that Plaintiffs' characterization of any such measure is accurate, or that Abacus otherwise agrees with any factual or legal premise embedded in this Interrogatory. The documents produced will speak for themselves, and Abacus reserves all rights to dispute any characterization or interpretation Plaintiffs may ascribe to their contents. Abacus's investigation into the specific records from which responsive information may be ascertained is ongoing, and Abacus will identify with reasonable specificity the categories and locations of such records in a timely supplemental response pursuant to Fed. R. Civ. P. 26(e)

**INTERROGATORY NO. 10:**

Identify all persons, specifying said persons' employer (Abacus, Carlisle, or third-party) when such decisions were made, and their employer today, who participated in the decision to suspend or delay redemptions for LLF-LTGF.

**RESPONSE TO INTERROGATORY NO. 10:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all persons" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from

disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

To the extent decisions to suspend or delay redemptions for LLF-LTGF were made, such decisions would have been made by Carlisle as AIFM in Luxembourg, pursuant to Luxembourg law and the fund's governing documents, prior to and independent of any involvement by Abacus. Abacus lacks possession, custody, or control of information regarding the identity and affiliation of persons who may have made such decisions at Carlisle prior to the acquisition.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent responding to this Interrogatory would require processing data subject to GDPR, Abacus will produce any response with an appropriate confidentiality designation consistent with the Parties' Confidentiality agreement. To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies. Abacus will make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement.

**INTERROGATORY NO. 11:**

Describe in detail all communications with CACEIS Bank, Union Bancaire Privée S.A. ("UBP"), and LGT Bank (Switzerland) Ltd. ("LGT Bank") regarding Plaintiffs' redemption requests, including dates and participants.

**RESPONSE TO INTERROGATORY NO. 11:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all communications" including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that Plaintiffs' side of these communications are already in Plaintiffs' possession and has been produced by Plaintiffs in this action, making a duplicative narrative unnecessary as to that material. See General Objection No. 6.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the

specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies. Abacus will make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement.

**INTERROGATORY NO. 12:**

State the total amount of assets currently held by LLF-LTGF and the location of those assets.

**RESPONSE TO INTERROGATORY NO. 12:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory on the grounds that "assets" is an undefined term.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that, to the extent responsive documents exist and are held by

Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Among those responsive documents already produced are those beginning with the following Bates numbers: ABRTZ_00001432, ABRTZ_00001450, ABRTZ_00001468, ABRTZ_00001500, ABRTZ_00001532, ABRTZ_00001550, ABRTZ_00001865, ABRTZ_00001816, ABRTZ_00001844, ABRTZ_00002116, ABRTZ_00002279, ABRTZ_00002423, ABRTZ_00002584, ABRTZ_00002727, ABRTZ_00002873, ABRTZ_00004524, and ABRTZ_00004525.

Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the specific records from which the responsive information may be ascertained is ongoing. Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will continue to identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies. Abacus will also continue to make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality

Agreement.

**INTERROGATORY NO. 13:**

Identify all other liquidation requests, and whether completed or denied, from 2016 onwards, and state whether Abacus has received any complaints from other investors regarding delayed redemptions, and if so, describe the nature of those complaints.

**RESPONSE TO INTERROGATORY NO. 13:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all other liquidation requests," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "investors" is undefined. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the

LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus objects to producing information on the identity and/or disposition of other investors' liquidation requests and the substance of their complaints insofar as production conflicts with GDPR Article 5(1)(c) "data minimisation," i.e., that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks identification of all liquidation requests from all investors over a nearly ten-year period, together with their disposition, and separately seeks identification and description of complaints from other investors. These non-party investors have no connection to this litigation and have not consented to disclosure of their identities, transaction histories, or complaint information to Plaintiffs or to transfer of that data to the United States. The complaint-description component is particularly sensitive, as it would require Abacus to disclose the substance of private communications from individuals who may have had a reasonable expectation that their grievances would remain confidential. Compliance with this Interrogatory as written is incompatible with GDPR Article 5(1)(c).

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus is prepared to respond to this interrogatory if Plaintiffs explain how the information sought is relevant to the claims and defenses at issue in this case. If Plaintiffs can demonstrate that information on *other* investors' complaints and/or liquidation requests bear on their own claims, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to

supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 14:**

Identify all third-party service providers involved in the liquidation process of LLF-LTGF, describe their roles, and whether they were paid by Carlisle or Abacus.

**RESPONSE TO INTERROGATORY NO. 14:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all third-party service providers," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers

possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

This Interrogatory seeks identification of all third-party service providers, a description of their roles, and which entity compensated them. To the extent responsive information requires disclosing sole practitioners, individual consultants, or small firms in which the identity of the firm is inseparable from the identity of a natural person, compliance would require disclosure of those individuals' personal data, professional activities, and compensation sources and raises problems under GDPR Article 5(1)(c)'s data minimization requirement, which limits processing of personal data to that which is adequate, relevant, and necessary to the purpose for which the data is sought

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus will identify providers, roles, and payor information under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement. Should the need to withhold responsive information on data minimization grounds arise, Abacus will seek to meet and confer with Plaintiffs to reframe the interrogatory as necessary. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 15:**

Describe any internal policies or procedures governing redemption requests during liquidation, including any gating or liquidity restrictions imposed on LLF-LTGF investors during liquidation and the reasons for imposing them..

**RESPONSE TO INTERROGATORY NO. 15:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "any internal policies or procedures governing redemption requests," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as

overbroad, vague, and ambiguous on the grounds that "investors" is undefined. Abacus will interpret this Interrogatory to mean "Unitholders" in the LLF-LTGF, as defined in the Private Placement Memorandum.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are

generally improper because they are overbroad and oppressive”).

Subject to and without waiver of the foregoing objections, including Abacus's objections that this Interrogatory is vague and overbroad in its reference to "any internal policies or procedures," and that it improperly assumes as established fact that gating or liquidity restrictions were in fact "imposed" on LLF-LTGF Unitholders — a characterization Abacus disputes and does not concede — Abacus responds as follows:

Upon reasonable investigation and inquiry, Abacus now believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make available business records sufficient to show policy procedure relevant to gating, liquidity management, redemption requests, liquidations, and any activity related to such measures, to the extent relevant to LLF-LTGF, consistent with the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1). Abacus's identification and production of such records is not, and should not be construed as, an admission that LLF-LTGF or any other Carlisle-managed fund in fact experienced any such measure, or that Abacus otherwise agrees with any premise embedded in this Interrogatory. The documents produced will speak for themselves, and Abacus reserves all rights to dispute any characterization Plaintiffs draw from their contents. Abacus's investigation into the specific records from which responsive information may be ascertained is ongoing, and Abacus will identify with reasonable specificity the categories and locations of such records in a timely supplemental response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 16:**

State whether Abacus has made any representations to regulators regarding the status of LLF-LTGF liquidation, and if so, describe those representations.

**RESPONSE TO INTERROGATORY NO. 16:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and

disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed and maintains its objection that this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Given dismissal of Plaintiffs' fraudulent concealment and breach-of-contract claims, Abacus now also questions the relevance of this interrogatory to the claims and defenses at issue in this case. Having abandoned

claims to which this request might have been germane by not repleading them, Plaintiffs cannot use interrogatories to relitigate their elements. To the extent Plaintiffs serve a properly framed interrogatory that does not seek characterization of interactions with regulators for which relevance to Plaintiffs' claims cannot be discerned, Abacus reserves all rights to respond or object at that time.

Moreover, upon further review and investigation, Abacus concludes this interrogatory to be duplicative of RFP 14. Abacus believes production responsive to Plaintiffs' RFP 14 would therefore render a narrative response redundant. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 17:**

Identify all audits or financial reviews conducted on LLF-LTGF since 2016, including the names of the auditing firms, dates of audits, and whether such services were paid for by Abacus or Carlisle.

**RESPONSE TO INTERROGATORY NO. 17:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all audits or financial reviews," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Abacus further objects that, to the extent responsive documents exist and are held by Luxembourg-regulated entities, their disclosure may be restricted by Luxembourg professional secrecy obligations, including but not limited to Article 41 of the Luxembourg Law of 5 April 1993 on the financial sector, which imposes secrecy obligations on professionals of the financial sector and their agents. Violation of these obligations carries criminal penalties under Luxembourg law. Abacus cannot unilaterally waive or override legal restrictions imposed by foreign law on documents held by foreign-regulated entities.

Subject to and without waiver of the above objections, Abacus responds as follows: To the extent non-privileged, responsive information exists within Abacus's possession, custody, or control for the period from December 2024 to present, Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to make such records available in lieu of a narrative answer. Abacus's investigation into the

specific records from which the responsive information may be ascertained is ongoing. Among those responsive documents already produced are those from ABRTZ_00001430-00001571 as well as the document beginning at ABRTZ_00001572,

Pursuant to its obligation to supplement under Fed. R. Civ. P. 26(e), Abacus will continue to identify with reasonable specificity the categories and locations of responsive business records in a timely supplemental response, and will at that time make such records available for inspection and copying at a mutually agreeable time and location, or will produce copies. Abacus will also continue to make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement.

**INTERROGATORY NO. 19:**

Identify all internal reports or analyses prepared by Abacus concerning the impact of market conditions on LLF-LTGF liquidation.

**RESPONSE TO INTERROGATORY NO. 19:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all internal reports or analyses," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "market conditions" is undefined.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed and maintains its objection that this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Upon further review and investigation, it concludes this interrogatory to be duplicative of RFP 17. Abacus has produced and will continue to produce documents responsive that RFP and therefore need not supply a redundant narrative summary of the same information. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 20:**

Describe in detail all steps Abacus took by way of due diligence before acquiring Carlisle and identify all person who conducted said due diligence.

**RESPONSE TO INTERROGATORY NO. 20:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or

protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive").

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed and maintains its objection that this Interrogatory is an improper contention interrogatory that assumes disputed facts and seeks a detailed narrative of Abacus's position. *See* Middle District Discovery (2021) § IV(C)(2). Upon further review and investigation, it concludes this interrogatory to be duplicative of RFP No. 1. Abacus has produced and will continue to produce documents responsive that RFP and therefore need not supply a redundant narrative summary of the same information. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 21:**

Describe in detail any LLF-LTGF liquidation settlements, including but not limited to party names and liquidation terms.

**RESPONSE TO INTERROGATORY NO. 21:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and

disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus will make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement.

Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P.

26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 22:**

State all LLF-LTGF investors, redeemed parties (with date of redemption), and affiliates and related parties classified by their investment's status of redeemed or still invested.

**RESPONSE TO INTERROGATORY NO. 22:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information, including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not

Abacus.

Abacus further objects that this particular interrogatory is in deep tension with GDPR Article 5(1)(c) "data minimisation," which requires that personal data be "adequate, relevant and limited to what is necessary" in relation to the purposes for which it is processed. This Interrogatory seeks what would effectively constitute the complete investor register of a Luxembourg-domiciled fund — the identity of every investor, every redeemed party with redemption dates, and every affiliate and related party, classified by current investment status. To the extent responsive information exists, compliance would require Abacus to compile and disclose a comprehensive roster of every natural person and entity that has invested in or redeemed from LLF-LTGF, together with the precise timing and current status of their financial relationship with the fund. This is among the most invasive categories of personal data processing conceivable in the fund context, combining investor identity with individualized transaction history and current financial exposure. The overwhelming majority of these individuals and entities are not parties to this action and have not consented to disclosure of their investment status, redemption history, or affiliate relationships to Plaintiffs or to transfer of that data to the United States. Any such register is maintained by CACEIS Bank as central administration agent under Luxembourg law and may be independently subject to Luxembourg professional secrecy obligations.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus does not believe it can address this interrogatory at this time, even subject to the Parties' July 6, 2026, Confidentiality Agreement. Abacus is willing to meet and confer with Plaintiffs regarding narrowing this Interrogatory in a manner that may mitigate, but not necessarily eliminate, concerns regarding GDPR data minimization, including, potentially, circumscribing the request to Plaintiffs' redemption cohort and/or by seeking supplemental protection through court order.

Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 23:**

State all partners, employees, accounting firms, and financial consultants, both internal and external, involved in auditing, valuing, and preparing tax returns for Carlisle and Abacus, including fees paid to contractors since the LLF-LTGF's founding.

**RESPONSE TO INTERROGATORY NO. 23:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all partners, employees, accounting firms, and financial consultants, both internal and external," including from a timeframe not relevant to the claims and defenses in this litigation.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers

possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus will make any production or disclosure regarding this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 24:**

State all litigation involving Abacus and Carlisle's partners at both their present and prior funds, along with all law firms hired by Abacus and Carlisle.

**RESPONSE TO INTERROGATORY NO. 24:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all litigation," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects to this Interrogatory as overbroad, vague, and ambiguous on the grounds that "partners" is undefined.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within

Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the foregoing objections, Abacus declines to respond to this Interrogatory as currently framed. Abacus is willing to meet and confer with Plaintiffs regarding reformulation of this Interrogatory. To the extent Plaintiffs serve a properly framed interrogatory, Abacus reserves all rights to respond or object at that time. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

**INTERROGATORY NO. 25:**

Identify all marketing efforts, including materials, distribution channels, and placement of such materials, including country of publication, used to raise money for the LLF-LTGF, and where Carlisle and Abacus funds, including the LLF-LTGF, were marketed.

**RESPONSE TO INTERROGATORY NO. 25:**

Abacus objects to this Interrogatory as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "all marketing efforts, including materials, distribution channels, and placement of such materials," including from a timeframe not relevant to the claims and defenses in this litigation. Abacus further objects

to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous on the grounds that "funds" is undefined and not within the scope of this action.

Abacus objects to this Interrogatory to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Interrogatory to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal, state, or international law.

Abacus further objects to this Interrogatory to the extent it seeks information not within Abacus's possession, custody, or control.

Abacus further objects to this Interrogatory insofar as it seeks materials and information that, if it exists, would have been generated, maintained, and controlled by Carlisle—a distinct legal entity organized under Luxembourg law that maintained its own records, systems, and regulatory filings in Luxembourg—during a period that predates Abacus's acquisition of Carlisle in late December 2024. Prior to that acquisition, Abacus had no relationship with Carlisle, the LLF-LTGF, or any investors therein. To the extent Carlisle, its agents, or its service providers possess knowledge of events prior to the acquisition, such knowledge remains in custody and control of Carlisle as a separate Luxembourg entity and/or its service providers and regulators, not Abacus.

Subject to and without waiver of the above objections, Abacus responds as follows: Abacus believes the answer to this Interrogatory may be derived from its business records. Pursuant to Fed. R. Civ. P. 33(d), Abacus elects to satisfy this request through production of records in lieu of a narrative answer. Abacus will make any production or disclosure regarding

this interrogatory under designation consistent with the Parties' July 6, 2026, Confidentiality Agreement. Abacus further reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery progresses and the factual record develops.

Dated: August 28, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 28, 2026, I served by email a copy of this document to counsel of record.

By: *\/s/ Alex Zuckerman*
Alex Zuckerman