# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

**CONFIDENTIALITY AGREEMENT**

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential or proprietary by the holder thereof; and

WHEREAS, the Parties to the above-captioned action (the "Litigation") desire to have a confidentiality agreement in place to prevent the dissemination and unnecessary disclosure of such information;

WHEREAS, the discovery proceedings in the Litigation may and likely will involve the production of information that one or more of the Parties to the Litigation (individually, a "Party" and collectively, the "Parties") believe to be sensitive commercial, personal, financial, or business information, proprietary information, trade secrets, and/or confidential information;

In order to effectuate and protect the discovery and dissemination of such sensitive commercial, financial, or business information, proprietary information, trade secrets, and/or confidential information, IT IS AGREED:

## 1. PURPOSE

Disclosure and discovery activity in the Litigation are likely to involve the production of sensitive commercial, personal, financial, or business information, proprietary information, trade secrets, and/or confidential information for which special protection from disclosure to the public domain and from use for any purpose other than prosecuting, defending, or attempting to settle the Litigation is required. Accordingly, the Parties hereby stipulate to the following Confidentiality Agreement.

## 2. DEFINITIONS

2.1 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Confidentiality Agreement.

2.2 "CONFIDENTIAL" Information or Items: Information designated as "CONFIDENTIAL" by the Designating Party, including information, whether contained in documents, testimony, or otherwise, that constitutes trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, or other information the disclosure of which would, in the good faith judgment of the Party designating the Discovery Material as "Confidential," be detrimental to the conduct of that party's business or the business

of any of that party's customers or clients. Confidential information is information that is maintained in confidence and of value to the party from the fact that it is not commonly or publicly known. Information designated as CONFIDENTIAL may also include information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, or any foreign law or regulation (including the GDPR, as defined below); (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the Party has maintained as confidential; (d) personal data (as described below); (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. However, the Parties expressly agree that any information or documents produced pursuant to a subpoena or other judicial means—in this matter, or any other civil, criminal, or administrative proceeding or investigation—shall not be considered available to the public, and the Parties may designate any information or documents so produced as Confidential Information.

2.3 Counsel: Outside Counsel of Record (as well as their support staff) and In-House Counsel.

2.4 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: All items, documents, or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Litigation.

2.6 Expert: A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Litigation (as well as his or her employees and staff).

2.7 European General Data Protection Regulations ("GDPR"): European data protection law, including the Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of Personal Data and on the free movement of such data, in effect as of May 25, 2018 that protects the Personal Data of individuals located in the European Economic Area (EEA), which includes the European Union, the United Kingdom, Iceland, Liechtenstein and Norway, and the Gibraltar General Data Protection Regulation as incorporated into Gibraltar law by section 6 of the European Union (Withdrawal) Act 2019, and as modified by the Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2020, together with the Data Protection Act 2004.

2.8 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of

(i) serious competitive harm that could not be avoided by less restrictive means, or (ii) violation of applicable law, including but not limited to foreign data protection law or other foreign statutory obligations. This designation should be reserved only for instances where reviewing Counsel holds a specific and good-faith belief that disclosure to another Party will create a substantial risk of competitive harm or a substantial risk of violating applicable law, including GDPR, foreign data protection law, or other foreign statutory obligations. Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be accessible only to Outside Counsel of Record and, if deemed appropriate by the Designating Party, In-House Counsel.

2.9 In-House Counsel: Attorneys who are employees of a Party to the Litigation. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Litigation.

2.11 Outside Counsel of Record: Attorneys (and their respective support staff) who are not employees of a Party to the Litigation but are retained to represent or advise a Party in the Litigation.

2.12 Party: Any Party to this matter, including all of its officers, directors, employees, affiliates, parents, subsidiaries, and representatives, Experts, In-House Counsel, and Outside Counsel of Record.

2.13 Personal Data: Personal Data means information relating to an identified or identifiable natural person, as defined in GDPR Article 4(1). For discovery purposes in this Litigation, Personal Data includes:

- **Personal Characteristics** – *e.g.*, date of birth, middle names, gender.
- **Government Issued ID Numbers** – *e.g.*, passport, national insurance, and driving license numbers.
- **Personal Directory Information** – *e.g.*, personal (non-business) home addresses, personal (non-business) phone numbers, and personal (non-business) email addresses, including personally identifying information of a private nature embedded in otherwise business communications (for example, information concerning an individual's health or medical condition, family members or children, personal relationships, or personal travel), to the extent such information is not relevant to any party's claims or defenses and is not necessary to understand the document, and may be redacted in a narrowly tailored manner consistent with Section 5.5.
- **Financial Related Information** – *e.g.*, personal bank account numbers / sort codes and tax information.
- **Credit Card information.**
- **Education Information / CVs**.

2.14 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in the Litigation.

2.15 Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.17 Receiving Party: A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Confidentiality Agreement cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Confidentiality Agreement do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Confidentiality Agreement, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial or at any hearing before this Court shall be governed by this Confidentiality Agreement, unless this Court orders otherwise or the Parties stipulate to alternative procedures approved by this Court.

The Parties will produce responsive materials, including Personal Data, under this Confidentiality Agreement. Designated materials may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and used solely in this Litigation. To the extent materials contain Personal Data or data originating outside the United States and subject to foreign data protection law constraints, the Producing Party may designate such materials as Protected Material. The Confidentiality Agreement, together with this Court's orders, constitutes an appropriate safeguard for discovery purposes. Nothing herein precludes a Party from seeking tailored safeguards as stated in Section 15.3. Onward sharing shall be limited to Qualifying Persons authorized under this Agreement and the Court's orders.

**4. DURATION**

Even after FINAL DISPOSITION (*see* Section 12 below) of the Litigation, the confidentiality obligations imposed by this Agreement shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. FINAL DISPOSITION shall be deemed to occur upon the entry of the final judgment in this action and the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this

Confidentiality Agreement must in good faith take care to limit any such designation to specific material that qualifies under the appropriate standards.

The designation of any document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall constitute a representation that such document, material, or information has been reviewed by an attorney for the Designating Party and that, in such Counsel's opinion, there is a good faith basis for such designation. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for such protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Confidentiality Agreement, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Agreement must be clearly so designated before the material is disclosed or produced.

5.3 Designation in Conformity with this Confidentiality Agreement.

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Protected Material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would

like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Confidentiality Agreement. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. The Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Confidentiality Agreement. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," only where there is a good faith basis for such designation of the entirety of the transcript.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals under sections 7.2 and 7.3 are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is

stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If it is not feasible to do so or only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s) or item, and specify the level of protection being asserted in the form of a cover letter transmitted with the produced information.

5.4 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Confidentiality Agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Confidentiality Agreement.

5.5 GDPR Redactions: Any Party subject to foreign data protection law, including but not limited to the GDPR as defined above, may redact any Personal Data within any document, testimony, or information produced or disclosed to any Receiving Party. Personal Data that is relevant to claims or defenses—including names, positions, titles, and professional contact information of custodians, authors, recipients, or referenced personnel—shall not be redacted and shall be produced under the applicable confidentiality designation. Any redaction other than for privilege shall be clearly labeled ("PI" or "PD", meaning personal information or personal data), and the Producing Party shall preserve an unredacted version.

A Receiving Party shall have the right to request disclosure of any redacted information at any time during the Action. The Designating Party must respond to the request for disclosure within five (5) business days. If the Parties cannot reach agreement regarding disclosure of any redacted information, the Receiving Party may seek relief from this Court. Disputes over redactions shall be resolved exclusively by this Court under its discovery procedures. Until this Court rules on the issue or the Parties resolve the issue consensually, the Personal Data shall remain redacted. Where the Court determines a Producing Party implemented redactions more broadly than necessary, the Court may award the reasonable fees and costs incurred by the Challenging Party in contesting such redactions.

5.6 <u>Security Measures for Personal Data:</u> Parties producing or receiving Personal Data shall use reasonable technical and organizational measures to protect the security, confidentiality, integrity, and availability of Personal Data, including by:

(i) processing Personal Data only for the purposes of this Litigation and for no other purpose;

(ii) implementing appropriate technical and organizational measures to ensure a level of security appropriate to the risk, including as against accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to, Personal Data transmitted, stored, or otherwise processed;

(iii) limiting access to Personal Data to those individuals for whom access is strictly necessary for the purposes of this Litigation; and

(iv) not retaining Personal Data for longer than stated in Sections 4 and 12 of this Agreement.

For the avoidance of doubt, the obligations in this paragraph apply to each individual that receives any document, testimony, or information containing Personal Data pursuant to this Agreement.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated Discovery Material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may move this Court for an order regarding

the classification of that Protected Material. The Protected Material shall not be attached to the motion unless the Protected Material is filed under seal in compliance with the applicable rules and Court procedures. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party **only** in connection with the Litigation and for no other purpose of any kind. A Receiving Party shall not disclose Protected Material beyond this limited purpose, nor shall the Protected Material be shared to anyone who does not need access to the information to assist with prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Confidentiality Agreement. When the Litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Agreement.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by a court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Litigation;

(b) the officers, directors, representatives, and employees of the Receiving Party (including In-House Counsel), or in the case of an individual Receiving Party, the individual Party, to whom disclosure is reasonably necessary for the Litigation and who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A);

(d) the Court, Magistrate Judge, and their personnel; and any appellate court or other court (and their personnel) before which the Parties appear in the Litigation;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A);

(f) witnesses testifying in the Litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be

Bound" (Exhibit A), unless otherwise agreed to by the Designating Party or ordered by the Court. Witnesses and counsel for Non-Party witnesses shall not retain a copy of any exhibit designated as "CONFIDENTIAL" except as otherwise permitted herein, except that witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their counsel shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be marked as stated in section 5.3(b) and may not be disclosed to anyone except as permitted under this Confidentiality Agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) subject to the mutual agreement of the Parties engaged in settlement discussions, mediators or settlement officers, and their supporting personnel, who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A); and

(i) other persons by consent of the Designating Party.

7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Litigation;

(b) the officers, directors, and representatives of the Receiving Party to whom it is reasonably necessary to disclose the information for the Litigation and who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A);

(d) the Court, Magistrate Judge, and their personnel; and any appellate court or other court (and their personnel) before which the Parties appear in the Litigation;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A);

(f) witnesses testifying in the Litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed to by the Designating Party or ordered by the Court. Witnesses and counsel for Non-Party witnesses shall not retain a copy of any exhibit designated as "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY" except as otherwise permitted herein, except that witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their counsel shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Confidentiality Agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) subject to the mutual agreement of the Parties engaged in settlement discussions, mediators or settlement officers, and their supporting personnel, who have signed the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A); and

(i) other persons by consent of the Designating Party.

7.4 Disclosure to governmental authority. Notwithstanding anything to the contrary in this Confidentiality Agreement, a Receiving Party may disclose to appropriate governmental authorities any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that the Receiving Party believes in good faith constitutes evidence of unlawful activity. Before such disclosure may occur, however, the Receiving Party must provide the Designating Party written notice specifying the Protected Material that it intends to provide government authorities. The Designating Party may then

move within fourteen (14) days of such notice for an order prohibiting this disclosure. In responding to the motion, the Receiving Party shall bear the burden of demonstrating to the Court the legal bases mandating the disclosure of the information to the appropriate governmental authorities. The Receiving Party may not disclose the Protected Material to governmental authorities until the expiration of this 14-day period or the final disposition of any timely submitted motion, whichever is later.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1 Notification. If a Party is served with a subpoena or a court order issued in other litigation, government investigation, or other unrelated legal proceeding that compels disclosure of any information or items designated by a different Party or Non-Party in this proceeding as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL - ATTORNEYS’ EYES ONLY,” that Party must, if legally permissible:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other unrelated litigation, government investigation, or other unrelated legal proceeding that some or all of the material covered by the subpoena or order is subject to this Confidentiality Agreement. Such notification shall include a copy of this Confidentiality Agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party (at the Designating Party's cost) whose Protected Material may be affected.

8.2 Protective Order Procedures. If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging a Party or Non-Party in the Litigation to disobey any law or any lawful directive from another court.

8.3 Federal Rule of Civil Procedure 45. The provisions set forth in this Confidentiality Agreement are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

**9. A NON-PARTY'S PROTECTED MATERIAL**

The terms of this Confidentiality Agreement are applicable to information produced by a Non-Party in connection with discovery in the Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with discovery in the Litigation is protected by remedies and relief provided by this Confidentiality Agreement. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. In the event

that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Confidentiality Agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Confidentiality Agreement, (d) request such person or persons to execute the "Acknowledgment and Agreement to Treat Documents as Confidential" (Exhibit A), and (e) instruct that person or persons promptly to destroy all unauthorized copies of the Protected Materials.

Any Receiving Party shall implement appropriate technical and organizational measures to protect the security, confidentiality, integrity, and availability of Personal Data. Any Party or Non-Party shall promptly notify the Producing Party of any breach of security leading to the accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to, Personal Data.

10.1 Notice and Return of Inadvertently Produced Protected Information.

(a) Notice Obligation. If a Producing Party discovers that it has inadvertently produced any material that it in good faith believes constitutes

Protected Material without the required designation, it shall provide written notice to all Receiving Parties within fifteen (15) days of such discovery. The notice shall identify the document(s), describe the basis for the determination that the material is Protected, and request return or destruction.

(b) Receiving Party Obligations. Upon receiving written notice pursuant to subsection (a), the Receiving Party shall, within seven (7) days:

(i) Cease use and disclosure of the identified material;

(ii) Promptly return or destroy all copies, including copies maintained in any work product, litigation file, or attorney notes;

(iii) Certify in writing to the Producing Party that destruction or return has been completed and that no copies remain in the Receiving Party's possession or control.

(c) Waiver of Designation Defect. The failure to mark a document as Protected Material at the time of production shall not constitute a waiver of the Producing Party's right to seek return or destruction upon discovery, provided:

(i) The Producing Party had a reasonable basis for its initial failure to designate;

(ii) The Producing Party acts promptly upon discovery of the inadvertent production, and in no case later than thirty (30) days after learning of the undesignated production; and

(iii) The Receiving Party has not relied in material fashion on the inadvertently produced material or used it in any filing or communication in this Litigation.

(d) Receiving Party's Challenge. A Receiving Party may challenge the Producing Party's characterization of material as Protected by submitting a written notice of challenge within seven (7) days of receiving the notice of inadvertent production. The Parties shall meet and confer regarding the challenged designation. If the Parties cannot agree, either Party may seek a ruling from the Court regarding whether the material qualifies as Protected.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to a Receiving Party that certain produced Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). A Producing Party may assert privilege or protection over produced Discovery Material at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.

## 12. FINAL DISPOSITION

Within 30 days after the final disposition of the Litigation, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party or Non-Party must submit, upon written request from the Designating Party, a written confirmation to the Producing Party (and, if not the same person or entity, to the Designating Party) that (a) reasonable efforts were made to return or destroy Protected Material to the extent feasible; and (b) the Receiving Party or Non-Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material on any machine-readable media or readily accessible device.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, deposition, and hearing transcripts, legal memoranda, correspondence, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Agreement as set forth in Section 4 (DURATION).

## 13. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order requiring that Protected Material be filed publicly or preventing the filing of Protected Material as restricted or under seal, secured in accordance with applicable local rules, a Party may not file in the public record in any proceeding any Protected Material. At the same time, the Parties acknowledge that this Confidentiality Agreement does not entitle them to file confidential information under seal in the Litigation or any other proceeding. No Party shall file a document under seal unless the Court previously

granted a motion to file under seal which was submitted to the Court in compliance with Local Rule 1.11. The Parties may, however, publicly file with the Court a placeholder document or redacted versions of any submission to the Court in the Litigation ("Provisional Filing") in lieu of the Protected Material, which may include reference to any Bates No., transcript pagination information, or other means to identify the Protected Material without revealing its substance, pending resolution of a motion to seal.

In the event the Court grants such a motion to seal, the filing Party may re-file unredacted copies of the Provisional Filing under seal as permitted by Court order. In the event the Court denies such a motion to seal, the filing Party may re-file unredacted copies of the Provisional Filing.

The Parties agree that any filing made under this Section shall be deemed timely if, by the applicable filing deadline, the filing Party files a placeholder or redacted version with the Court and, on the same day, provides all other Parties with an unredacted copy of the provisional filing.

## 14. NO EFFECT ON DESIGNATING PARTY

This Confidentiality Agreement shall not apply to and shall not limit in any way the Designating Party's use, disclosure, or handling of its own Protected Material.

## 15. MISCELLANEOUS

15.1 Right to Further Relief. Nothing in this Confidentiality Agreement abridges the right of any Party to seek its modification by the Court in the future, subject to the Court's meet and confer requirements.

15.2 Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Agreement. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Agreement.

15.3 Judicial Discretion and International Law. Notwithstanding anything to the contrary in this Confidentiality Agreement, this Agreement does not prevent or restrict any Party from raising before this Court, and does not restrict this Court's authority to consider, issues related to conflicts with foreign law, regulatory authority, or principles of international comity. All disputes arising out of or relating to this Confidentiality Agreement, including any disputes concerning the production, designation, or use of Protected Material in this Litigation, shall be resolved exclusively by the United States District Court for the Middle District of Florida. This Court retains full discretion to address such matters.

**IT IS SO STIPULATED, THROUGH COUNSEL FOR PLAINTIFF AND DEFENDANT:**

Dated: July 6, 2026

| | |
|---|---|
| **RIVERO MESTRE LLP**<br>*Counsel for Ritz Investment Limited and Season Limited*<br>2525 Ponce de Leon Blvd., Suite 1000<br>Coral Gables, Florida 33134<br>Telephone: (305) 445-2500<br>Fax: (305) 445-2505<br>Email: rkuntz@riveromestre.com<br>Email: strujillo@riveromestre.com<br>Email: hmontero@riveromestre.com<br><br>By: Sylmarie Trujillo<br>SYLMARIE TRUJILLO<br>Florida Bar No. 112768<br>ROBERT J. KUNTZ, JR.<br>Florida Bar No. 94668<br>HUGO A. MONTERO<br>Florida Bar No. 1039275 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>*Counsel for Abacus Global Management, Inc.*<br>295 5th Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>Email: azuckerman@quinnemanuel.com<br>Email: jasonsternberg@quinnemanuel.com<br>Email: kathleenmessinger@quinnemanuel.com<br>Email: nithyapathalam@quinnemanuel.com<br><br>By: *Alex Zuckerman*<br>ALEX ZUCKERMAN<br>New York Bar No. 5513031<br>JASON STERNBERG<br>Florida Bar No. 72887<br>KATHLEEN S. MESSINGER<br>California Bar No. 329983<br>NITHYA PATHALAM<br>New York Bar No. 6140651 |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, ________________________[print or type full name], of ________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Agreement that was agreed to by the Parties in the above-captioned Litigation.

I agree to comply with and be bound by all the terms of the Confidentiality Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Agreement to any person or entity except in strict compliance with the provisions of this Confidentiality Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcing the terms of this Confidentiality Agreement, even if such enforcement proceedings occur after termination of the Litigation.

Date: ____________

Printed name: _______________________________

Signature: __________________________________

City and State where sworn and signed: ______________