**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-02047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

# PLAINTIFFS' UNOPPOSED MOTION TO MODIFY EXPERT DISCLOSURE DEADLINES

Plaintiffs Ritz Investment Limited and Season Limited Plaintiffs Ritz Investment Limited and Season Limited (the "Investors") move, under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 3.08, for an order modifying the Case Management and Scheduling Order (ECF No. 29) (the "Scheduling Order") to extend Plaintiffs' expert disclosure deadline by forty-five days and to move defendant Abacus Global Management, Inc.'s ("Abacus") expert disclosure deadline accordingly within the existing discovery period.

## I. INTRODUCTION

Plaintiffs seek a modest, good-cause extension of the expert disclosure deadlines because they cannot prepare reliable expert disclosures without documents that defendant has not yet produced—documents requested in January 2026,

documents the Court ordered produced at the September 11, 2026, after hearing on the Investors' motion to compel.

Plaintiffs diligently pursued this discovery through repeated conferrals and two discovery motions. Despite that diligence, the core categories of documents that the Investors' experts require—redemption correspondence, net asset value ("NAV") calculations, distribution records, and the audited financial statements and liquidation communications of the Luxembourg Life Fund – Long Term Growth Fund ("LLF-LTGF")—remain almost entirely unproduced. The Court itself recognized at the hearing that Abacus' production of the compelled materials will take time, cautioning that it did not expect "a two-week turnaround." Hearing Tr. 28:11, September 11, 2025, attached as **Exhibit A**.[1] As a result, the Investors' current expert disclosure deadline of October 5, 2026, cannot be met under these circumstances.

## II. BACKGROUND

### A. The Investors' Diligent Pursuit of Discovery

The Investors served their first request for production on January 30, 2026. Abacus served its responses and objections on March 2, 2026. The parties met and conferred regarding Abacus's responses and objections on March 10, 2026. Following that conferral, Abacus filed their amended responses and objections on March 31, 2026. The parties again conferred regarding Abacus' responses and

[1] The Magistrate Judge's order, and the precise timing of the production, remain to be finalized.

objections on April 13, 2026. When those conferrals did not resolve the disputes, the Investors filed a detailed 24-page motion to compel on May 19, 2026. ECF No. 35.[2] The parties continued to confer, including on August 20, 2026, after which the Investors filed a short-form discovery motion on August 21, 2026, directed at Abacus' objections under the European Union's General Data Protection Regulation ("GDPR"). The parties conferred a final time on September 8, 2026, in advance of the hearing.

### B. The September 11, 2026, Hearing

At the September 11, 2026, hearing before Magistrate Judge Chauncey A. Bratt, the Court granted the Investors' motion to compel and overruled Abacus's GDPR objections "in light of the weight of the authority on this issue and in light of the confidentiality agreement in place." Exhibit A at 26: 14–17. The Court directed the parties to confer and submit a proposed order effectuating that ruling. *Id*. at 27:11–13. The parties are to file their joint draft order granting the motion to compel no later than September 18, 2026. ECF No. 60. Recognizing that Abacus must process thousands of documents, the Court expressly cautioned the Investors to be "reasonable" about any production date and stated that it was "not expecting, for example, a two-week turnaround on this." Exhibit A at 28:7–11.

[2] The detailed motion to compel was filed before Magistrate Robert M. Norway entered his Order requiring short-form discovery motions on May 20, 2026 (ECF No. 36).

### C. The Deficient Productions to Date

Abacus has made only two productions—on July 6 and August 27—totaling 442 documents. That production is dominated by material that is either non-responsive to the Investors' First Set of Requests for Production or duplicative, publicly-available information that should have been produced in March of this year.

The bulk consists of publicly available corporate and securities material concerning Abacus as a public company—including multiple copies of SEC Form 10-K filings, along with analyst research reports, investor and marketing decks, proxy statements, press releases, and audit and tax-administration emails—together with a large volume of generic Carlisle corporate-compliance manuals (anti-money-laundering, cybersecurity, teleworking, anti-bribery, data privacy, and training) that have no connection to LLF-LTGF, its liquidation, or the Investors' redemptions. These documents inflate the apparent volume of the production without truly answering the requests. At the hearing, the Investors' counsel likewise represented that the production included approximately twenty copies of a single 10-K. Exhibit A at 20:5–18.

The production also contains numerous pre-acquisition Carlisle and LLF-LTGF documents—the July 2022 Placement Memorandum, Carlisle's 2023 audited accounts, 2023–2024 liquidation and NAV notices, and investor correspondence—the very categories Abacus contended it could not reach.

By contrast, the documents genuinely responsive to the core of this case are almost entirely absent: redemption correspondence, NAV calculations, distribution

records, gating and reserve documents, audited LLF-LTGF financial statements, and investor communications regarding the liquidation. Only one document in the entire production is a direct fund-to-unitholder liquidation communication—the October 4, 2024, "Notification of the second distribution of liquidation proceeds of Luxembourg Life Fund – Long Term Growth Fund (in liquidation)." Everything else responsive to the fund's liquidation and redemption mechanics was either withheld under Abacus's now-overruled objections or was never produced.

## III. LEGAL STANDARD

A case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Scheduling Order at 2. The good-cause standard is a rigorous one that focuses on the diligence of the party seeking modification; the movant must show that the schedule cannot be met despite that diligence, and if the party was diligent, good cause is established. *Cabral v. City of Fort Myers, Fla.*, 818 F. Supp. 3d 1324, 1332 (M.D. Fla. 2026). Where a party has diligently pursued discovery but is unable to meet an expert disclosure deadline because it has not received discovery that an opposing party was obligated to produce, courts in this District extend the expert deadline to ameliorate the resulting harm. *Saadi v. Pierre a Maroun & Maroun's Int'l, LLC*, 2021 WL 8650783, at *2 (M.D. Fla. Jan. 25, 2021). Indeed, a defendant's failure to timely produce responsive discovery is itself a recognized basis for delays to the court's scheduling order and for a corresponding extension of the expert disclosure deadline. *Newman v. St. Johns Cnty. Welfare Fed'n*, 2023 WL 12171854, at *2 (M.D. Fla. Apr. 26, 2023).

## IV. ARGUMENT

### A. The Investors Have Diligently Pursued the Discovery Their Experts Require

Diligence is the touchstone of the good-cause inquiry. *Cabral*, 818 F. Supp. 3d at 1332. The Investors served their requests at the outset of discovery on January 30, 2026, conferred with Abacus on at least four occasions, and when conferral failed, twice sought relief from the Court, culminating in the September 11, 2026, order compelling production and overruling Abacus's GDPR objections. Exhibit A at 26: 14–17. This is not a case of a party that "failed to seek the needed information" in time; the Investors pressed for these documents throughout the discovery period. The reason they cannot meet the October 5, 2026, expert disclosure deadline is not any lack of diligence on their part but Abacus' failure to produce the responsive materials the Court has now addressed by compelling that production.

### B. The Investors Cannot Prepare Useful and Reliable Expert Disclosures Without the Compelled Documents

The Investors' claims for breach of fiduciary duty, violation of the Florida Deceptive and Unfair Trade Practices Act, and accounting turn on the mechanics of the fund's liquidation, the NAV calculations used to value the their redemptions, and the distribution and reserve decisions that left the Investors having received less than four percent of their investment. Exhibit A at 3:25–4:11. The documents necessary to those opinions—NAV calculations, distribution ledgers, gating and reserve documents, audited LLF-LTGF financial statements, and liquidation and

redemption communications—are precisely the categories that remain unproduced. An expert cannot render reliable opinions on the value and handling of the liquidation without them. Courts in this District have extended expert deadlines in exactly this posture, recognizing that an extension is "warranted to ameliorate any harm" to a party that "did not receive all of the discovery in the applicable timeframe" because of the opposing party's delay. *Saadi*, 2021 WL 8650783 at *2.

### C. The Court Has Already Recognized That Production Will Take Time

The Court's own statements at the hearing confirm that the compelled production cannot be completed in time for the current October 5, 2026, deadline. The parties' joint draft order is due September 18, 2026, and the Court cautioned that it was "not expecting … a two-week turnaround" on Abacus's production of documents. Exhibit A at 28:7–11. Requiring the Investors to serve expert disclosures on October 5, 2026—before the compelled documents can reasonably be produced and reviewed—would defeat the purpose of the Court's order compelling that production.

### D. The Requested Extension Is Modest, Keeps Both Disclosures Within the Existing Discovery Period, and Will Not Prejudice Any Party or Disturb the Trial

Plaintiffs seek only a 45-day extension of their own expert disclosure deadline, from October 5, 2026, to November 19, 2026, with a corresponding advance of Abacus' expert disclosure deadline to December 1, 2026. Both dates fall on or before the existing December 1, 2026, discovery deadline, so no extension of the discovery

period is necessary.[3] The requested relief does not seek to continue the June 1, 2027, trial term, the May 13, 2027, final pretrial conference, or the January 4, 2027, dispositive-motion deadline. Because the modification is confined to the expert disclosure deadlines within the current discovery window, Abacus will suffer no prejudice.

## V. CONCLUSION

For the foregoing reasons, the Investors respectfully request that the Court grant this Motion, modify the Scheduling Order to extend the Investors' expert disclosure deadline to November 19, 2026, and set Abacus' expert disclosure deadline to December 1, 2026, and grant such other relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for the Investors conferred with counsel for Abacus regarding the relief requested in this motion. Counsel for Abacus does not oppose the relief sought.

Date: September 15, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

---

[3] The Parties will need only to conduct the defendant's expert's deposition (should one be disclosed) on an agreed date after the close of the period.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.