# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-CAB

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

---

# ORDER

This cause comes before the Court on Plaintiffs Ritz Investment Limited and Season Limited's Short-Form Motion to Compel. D.E. 50. Defendant Abacus Global Management, Inc. responded in opposition. D.E. 51. On September 11, 2026, the Court held a hearing and heard argument from both parties. For the reasons stated at the hearing and set forth below, Plaintiffs' motion to compel is granted and Defendant's objections, which it grounded on the European Union's General Data Protection Regulation (GDPR), are overruled.

## BACKGROUND

Plaintiffs invested in the Luxembourg Life Fund-Long Term Growth Fund (the "Fund") between 2016 and 2019. D.E. 14 at ¶¶ 38, 41. The Fund was initially managed by Carlisle Management Company S.C.A. (Carlisle), a Luxembourg-

registered company that Defendant acquired in December 2024. *Id.* at ¶¶ 3-4, 25. Carlisle now does business as "Abacus Global Management." *Id.* at ¶ 6. On May 7, 2026, the Court entered an order granting in part and denying in part Defendant's motion to dismiss the amended complaint. *See* D.E. 34. The Court concluded that Plaintiffs had plausibly pleaded their claims for breach of fiduciary duty, violation of the Florida Deceptive and Unfair Trade Practices Act, and accounting, and this case has proceeded on those claims. *See id.* at 27-28, 37-40. The Court ordered Defendant to answer the amended complaint by May 26, 2026 (*id.* at 41-42), which Defendant did. D.E. 38.

Plaintiffs' remaining claims concern, among other things, the Fund's liquidation, the valuation and redemption of Plaintiffs' interests, distributions of liquidation proceeds, fees charged during the liquidation process, and Defendant's role after the acquisition.

Plaintiffs served their requests for production, requests for admissions, and interrogatories on January 30, 2026. Relevant to this Order, Defendant objected in March 2026 that the GDPR required Plaintiffs to demonstrate that the requested information was "strictly necessary" to the litigation and invoked the GDPR's data minimization principle as a basis to narrow, redact, or withhold responsive information. *See* D.E. 50, n.2. By the time of the hearing, the Defendant had made two rolling productions of approximately 400 documents (including multiple copies of publicly available S.E.C. documents), but it acknowledged that it had collected thousands of documents, has access to Carlisle documents through a European

workspace, and continues to review documents from Carlisle in connection with this case, none of which it has produced.

On July 6, 2026, the parties entered into a Confidentiality Agreement, which addresses personal data, and provides for Confidential and Highly Confidential – Attorneys' Eyes Only designations that can be used for information subject to the GDPR. D.E. 57-2 at §§ 2.2(a), 2.8(ii). The Confidentiality Agreement also provides restrictions on use and disclosure and for the return and destruction of protected material. *See id*. The parties agreed that "[t]he Confidentiality Agreement, together with this Court's orders, constitutes an appropriate safeguard for discovery purposes." *Id.* at § 3.

The primary question presented here is whether the GDPR narrows the discovery standard established in Federal Rule of Civil Procedure 26 or authorizes the categorical withholding or redaction of responsive information notwithstanding the Confidentiality Agreement. For the reasons stated below, this Court finds that it does neither.

## LEGAL STANDARD

Under Rule 26(b)(1), parties may obtain discovery regarding nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 34 reaches responsive documents and electronically stored information within a party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). "The Federal Rules of Civil Procedure strongly favor full discovery

whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

As a preliminary matter, "[i]t is well settled that [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544, n.29 (1987). A party seeking to apply foreign law to restrict discovery bears the burden to demonstrate with particularity that the foreign law actually bars the production at issue. *Sowa v. Mercedes-Benz Grp. AG*, No. 1:23-cv-636-SEG, 2025 WL 3143639, at *2 (N.D. Ga. Nov. 3, 2025) (requiring the party to show with "sufficient particularity and specificity to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law"); *AnywhereCommerce, Inc. v. Ingenico, Inc.*, No. 19-cv-11457-IT, 2020 WL 5947735, at *2 (D. Mass. Aug. 31, 2020).

Article 49(1)(e) of the GDPR permits transfers of personal data when the transfer is necessary for the establishment, exercise, or defense of legal claims, and article 6(1)(f) permits disclosures where necessary for the purposes of the legitimate interests pursued by a third party. GDPR art. 6(1)(f), 49(1)(e); *see In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, No. 19-21551-CIV-ALTONAGA/Louis, 2020 WL 14025674, at *2 (S.D. Fla. June 3, 2020).

Courts applying that provision have rejected the contention that the GDPR's use of the word "necessary" supersedes or narrows Rule 26's relevance and proportionality standard or requires a tiered review of redacted material to then

establish a separate need for the redactions removed. *Sowa*, 2025 WL 3143639, at *3-5; *In re Mercedes-Benz Emissions Litig.*, No. 16-cv-881 (KM) (ESK), 2020 WL 487288, at *6, *8 (D.N.J. Jan. 30, 2020). Courts have also ordered responsive materials produced without GDPR-based redaction or withholding when confidentiality protections like those here are in place. *In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, 2020 WL 14025674, at *2 (finding that the production of relevant business records containing personally identifiable information without redaction would not appear to violate the GDPR in light of GDPR Articles 6(1)(f) and 49(1)(e)); *AnywhereCommerce, Inc. v. Ingenico, Inc.*, No. 19-cv-11457-IT, 2021 WL 2256273, at *3-4 (D. Mass. June 3, 2021); *In re Mercedes-Benz Emissions Litig.*, 2020 WL 487288, at *5, *7, *8.

## DISCUSSION

The Court is persuaded by the weight of the authority addressing this issue and finds that the Defendant has not met its burden of proof. Defendant has not shown that the GDPR requires the Court to replace Rule 26's relevance and proportionality standard with a narrower standard such as that imposed by the GDPR. Nor has the Defendant shown that the GDPR requires categorical redactions of personal data, especially where the parties' Confidentiality Agreement provides safeguards for personal data disclosed in this action and the Defendant identified no deficiency in those safeguards that would warrant categorical withholding. The Court further finds that the GDPR's "litigation exemption" makes clear there is no

conflict[1] between any obligation under the GDPR and Defendant's obligations to respond to discovery under the Federal Rules. *AnywhereCommerce, Inc. v. Ingenico, Inc.*, 2020 WL 5947735, at *2, n.1; *Arigna Technology Ltd. v. Nissan Motor Co.*, No. 222CV00126JRGRSP, 2022 WL 3020136, at *2 (E.D. Tex. July 29, 2022) (holding that that GDPR Article 49(1)(e) affirmatively covers ordinary civil pretrial discovery per the EU's own implementation guidance).

The requested discovery has a close and substantial connection to this litigation.[2] These records bear directly on Plaintiffs' claims and Defendant's defenses. Information identifying relevant employees, custodians, authors, recipients, and other participants, including their names, professional positions or titles, and professional contact information, is likewise necessary to understand the records, identify witnesses and investigate the conduct at issue. The United States has a "substantial interest in fully and fairly adjudicating matters before its courts, which is

---

[1] A court reaches the five-factor international-comity analysis of *Société Nationale Industrielle Aérospatiale*, 482 U.S. at 544 n.28, only where a true conflict exists between the laws of the United States and the foreign jurisdiction. *In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, 2020 WL 14025674, at *2 (citing *Yukos Cap. S.A.R.L. v. OAO Samaraneftegaz*, 592 F. App'x 28, 29 (2d Cir. 2015)); *Sowa*, 2025 WL 3143639, at *4 n.2. Because this Court finds that there is no conflict between the cited foreign law and Federal Rule of Civil Procedure 26, and because Defendant did not meet its burden of proof, the Court does not discuss the comity factors. *See Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Luxembourg) S.A.*, No. 21-CV-10316, 2022 WL 3910679 (S.D.N.Y. Aug. 31, 2022) (declining to reach an international-comity analysis where the objecting party submitted no foreign-law expert affidavit and failed to identify with specificity how the requested discovery contravened the foreign law).

[2] The categories of document requests addressed at the hearing include documents concerning the Fund's net asset value calculations and analyses; liquidation distributions and reserves; redemption requests, timing, and communications; gating, suspension, and liquidity decisions; fees and transactions involving Defendant, Carlisle, and service providers to the Fund; and the acquisition, governance, control, and management relationship between Defendant and Carlisle.

only possible with complete discovery." *Sowa v. Mercedes-Benz Group AG*, 2025 WL 3143639, at *6.

The Court finds that responsive, nonprivileged information discoverable under Rule 26(b)(1), including personal data contained in the responsive records described above, has a close and substantial connection to this litigation and that its transfer is necessary for the establishment, exercise, or defense of legal claims in this action within the meaning of GDPR Article 49(1)(e). The transfers required by this Order are confined to this specific litigation, limited to compliance with discovery obligations in this action, and the transferred material remains subject to the parties' Confidentiality Agreement. Confidential material may be used and disclosed only as permitted by the parties' Confidentiality Agreement. This Order applies to documents and information that is within Defendant's possession, custody, or control under Rule 34, including Carlisle materials that are available to Defendant or that Defendant concedes it is already reviewing in its European workspace.

Defendant's GDPR objection, including objections made regarding the data-minimization principle, a GDPR-based interpretation of "necessary", and third-party confidentiality objections (related to the GDPR) are overruled and the Court finds these objections do not form independent bases for Defendant to withhold responsive documents, redact personal data, or condition production on a showing beyond Federal Rule of Civil Procedure 26. The Court's ruling is limited to the GDPR issues raised in Plaintiffs' motion (D.E. 50) and does not decide any other pending objections.

## CONCLUSION

Accordingly, it is ORDERED:

(1) Plaintiffs' Short-Form Motion to Compel (D.E. 50) is GRANTED and Defendant's GDPR and GDPR-based data minimization objections are OVERRULED.

(2) Plaintiffs' request for expenses is DENIED.

(3) Defendant must produce within 30 days all responsive, nonprivileged documents and information within its possession, custody, or control that have been withheld based on the GDPR, GDPR data minimization, or Defendant's contention that Article 49(1)(e) imposes a standard narrower than Rule 26. This obligation includes responsive materials available to Defendant from Carlisle Management Company S.C.A. and applies, without limitation, to the GDPR objections asserted in response to Plaintiffs' Requests for Production Nos. 1-10, 13, 20, 22, and 26 and Interrogatory Nos. 4, 13, 14, and 22 and GDPR confidentiality objections asserted in response to Plaintiffs' Requests for Production Nos. 1-2, and 4-28 and Interrogatory Nos. 1-17, and 19-25.

(4) Defendant may not redact or withhold names, professional positions or titles, and professional contact information, or other responsive personal data on the basis of the GDPR, GDPR data minimization, or GDPR-related confidentiality.

(5) All production of personal data must be handled in accordance with the parties' Confidentiality Agreement (D.E. 57-2).

(6) Defendant must continue producing responsive materials on a rolling basis and must substantially complete its production on or before October 19, 2026.

(7) This Order, including its findings concerning the necessity of the transfer under GDPR Article 49(1)(e), is entered for purposes of this litigation and may be relied upon to establish that the disclosure compelled here is required in litigation pending in the United States and satisfies the derogation set forth in Article 49(1)(e) of the GDPR.

DONE and ORDERED in Orlando, Florida, on ____________________, 2026.

**CHAUNCEY A. BRATT**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**

Counsel of Record