# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-2047-JSS-CAB

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

**ORDER**

This cause comes before the Court on Plaintiffs Ritz Investment Limited and Season Limited's Short-Form Motion to Compel. D.E. 50. Defendant Abacus Global Management, Inc. responded in opposition. D.E. 51. On September 11, 2026, the Court held a hearing and heard argument from both parties. For the reasons stated at the hearing and set forth below, Plaintiffs' motion to compel is granted and Defendant's objections, to the extent the objections would interpret European Union's General Data Protection Regulation (GDPR) to impose in U.S. federal civil litigation a "necessity" requirement beyond the relevance and proportionality already required under Federal Rule of Civil Procedure 26's, are overruled.

The Court finds that the Defendant has not shown that the GDPR requires the Court to replace Federal Rule of Civil Procedure 26's relevance and proportionality standard with a narrower standard such as that imposed by the GDPR.

The Court finds that responsive, nonprivileged information, to the extent found to be discoverable under Rule 26(b)(1), including personal data contained in the responsive records described above, has a close and substantial connection to this litigation and that its transfer may be necessary for the establishment, exercise, or defense of legal claims in this action within the meaning of GDPR Article 49(1)(e). Any documents produced in response to this Order shall be produced pursuant to the applicable Confidentiality Agreement entered in the relevant proceedings. Documents and information deemed confidential may only be used for purposes related to the action and may only be disclosed to limited categories of individuals necessary to the action as set forth in the Confidentiality Agreement. This Order applies to documents and information that is within Defendant's possession, custody, or control under Rule 34, including Carlisle materials that are available to Defendant or that Defendant concedes it is already reviewing in its European workspace. This Court will also request International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters to assist in the transfer of specific, relevant materials in accordance with the GDPR and professional secrecy obligations.

Defendant's GDPR objection, including objections made regarding the data-minimization principle, a GDPR-based interpretation of "necessary", and third-party

confidentiality objections (related to the GDPR) are overruled and the Court finds these objections do not form independent bases for Defendant to withhold responsive documents, redact personal data, or condition production on a showing beyond Federal Rule of Civil Procedure 26. The Court's ruling is limited to the GDPR issues raised in Plaintiffs' motion (D.E. 50) and does not decide any other pending objections.

This Order does not address, and expressly reserves, any analysis under *Société Nationale Industrielle Aérospatiale v. U.S. District Court*, 482 U.S. 522 (1987), cited by Plaintiffs' in their briefing on this Motion, including whether Defendant's possession, custody, and control of Carlisle materials resolves the question of whether their transfer to the United States is appropriate notwithstanding Luxembourg or European Union law. This issue was not raised or decided at the September 11, 2026 hearing.

**CONCLUSION**

Accordingly, it is ORDERED:

(1) Plaintiffs' Short-Form Motion to Compel (D.E. 50) is GRANTED and Defendant's GDPR and GDPR-based data minimization objections are OVERRULED to the extent they impose in U.S. discovery a necessity inquiry in excess of Federal Rule 26.

(2) Plaintiffs' request for expenses is DENIED.

(3) Defendant must produce before the close of discovery all responsive, nonprivileged documents and information discoverable under Federal Rule 26 that are within its possession, custody, or control, to extent production of

such documents is consistent with the comity analysis set forth in *Aerospatiale*. This obligation includes responsive materials available to Defendant from Carlisle Management Company S.C.A. and applies, without limitation, to the GDPR objections asserted in response to Plaintiffs' Requests for Production Nos. 1-10, 13, 20, 22, and 26 and Interrogatory Nos. 4, 13, 14, and 22.

(4) Defendant may not redact or withhold names, professional positions or titles, and professional contact information on the basis of the GDPR, GDPR data minimization, or GDPR-related confidentiality, other than as provided for in the Parties' Confidentiality Agreement.

(5) All production of personal data must be handled in accordance with the parties' Confidentiality Agreement (D.E. 57-2).

(6) This Order, including its findings concerning the GDPR or references to "necessity" therein to the Federal Rules, is entered for purposes of this litigation and may be relied upon to establish that the disclosure compelled here is required in litigation pending in the United States and satisfies the derogation set forth in Article 49(1)(e) of the GDPR.

DONE and ORDERED in Orlando, Florida, on ____________________, 2026.

**CHAUNCEY A. BRATT**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**

Counsel of Record