UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RITZ INVESTMENT LIMITED and
SEASON LIMITED,

Plaintiffs,

v. Case No. 6:25-cv-2047-JSS-CAB

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

---

**ORDER**

This cause comes before the Court on Plaintiffs' Motion to Compel document production and interrogatory answers (Doc. 50), as well as Defendant's Response in Opposition (Doc. 51). On September 8, 2026, the Parties filed a joint notice of conferral in which they stated that issues in dispute regarding some of the interrogatory answers had been resolved, but that the remaining discovery issues were still in dispute. (Doc. 57). On September 11, 2026, the Court held a hearing and heard argument from both parties. For the reasons stated at the hearing, the outstanding portion of Plaintiffs' motion to compel will be granted, and Defendant's request that the Court interpret the European Union's General Data Protection Regulation ("**GDPR**") to impose in U.S. federal civil litigation a "necessity" requirement beyond

the relevance and proportionality standards already required under Federal Rule of Civil Procedure 26 is overruled.

The Court finds that responsive, nonprivileged information, to the extent found to be discoverable under Rule 26(b)(1), including personal data contained in the responsive records described above, has a close and substantial connection to this litigation and that its transfer may be necessary for the establishment, exercise, or defense of legal claims in this action within the meaning of GDPR Article 49(1)(e). Any documents produced in response to this Order shall be produced pursuant to, and subject to the protections of, the applicable Confidentiality Agreement entered into by the Parties pursuant to these proceedings. This Order applies to documents and information that is within Defendant's possession, custody, or control under Rule 34, including Carlisle Management Company S.C.A. materials that are available to Defendant.

Defendant's GDPR objection, including objections made regarding the data-minimization principle, a GDPR-based interpretation of "necessary", and third-party confidentiality objections related to the GDPR, are overruled in light of the Confidentiality Agreement, and the Court finds these objections do not form independent bases for Defendant to withhold responsive documents or condition production on a showing beyond that required by Federal Rule of Civil Procedure 26.

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Short-Form Motion to Compel (Doc. 50) is **GRANTED IN PART** and **DENIED IN PART**.
2. The relief requested in Section II of Plaintiffs' Motion requesting responses to interrogatories is **DENIED AS MOOT**.
3. Defendant's GDPR and GDPR-based data minimization objections are **OVERRULED**.
4. Defendant must substantially complete its production by **November 6, 2026**, of responsive, nonprivileged documents and information discoverable under Federal Rule of Civil Procedure 26 that are within its possession, custody, or control. Defendant shall produce these materials on a rolling basis as they become ready to produce. This obligation includes responsive materials available to Defendant from Carlisle Management Company S.C.A. and applies, without limitation, to the GDPR objections asserted in response to Plaintiffs' Requests for Production and Interrogatories.
5. Defendant may not redact or withhold names, professional positions or titles, and professional contact information on the basis of the GDPR, GDPR data minimization, or GDPR-related confidentiality, other than as provided for in the Parties' Confidentiality Agreement.

6. This Order, including its findings concerning the GDPR or references to "necessity" therein to the Federal Rules of Civil Procedure, is entered for purposes of this litigation and may be relied upon to establish that the disclosure compelled here is required in litigation pending in the United States and satisfies the derogation set forth in Article 49(1)(e) of the GDPR.

7. Plaintiffs' request for expenses is **DENIED** in light of the Court's ruling at the Hearing that both parties' positions were substantially justified.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Any Unrepresented Parties