**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-02047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

**JOINT MOTION TO AMEND THE CASE**
**MANAGEMENT AND SCHEDULING ORDER**

In accord with Fed. R. Civ. P. 16(b)(4) and Local Rule 3.08, Plaintiffs Ritz Investment Limited and Season Limited, and Defendant Abacus Global Management, Inc. (the "Parties"), jointly move for entry of an order amending certain pretrial deadlines in the Case Management and Scheduling Order (ECF No. 29), as modified (ECF No. 63).

**BACKGROUND**

On February 2, 2026, the Court entered its Case Management and Scheduling Order (ECF No. 29) (the "Scheduling Order"), setting this case for a five-day jury trial during the trial term beginning June 1, 2027. On September 16, 2026, on the Plaintiffs' unopposed motion, the Court extended the expert-disclosure deadlines, resetting the Plaintiffs' deadline to November 19, 2026, and the Defendant's deadline

to December 1, 2026, with no other case-management deadlines affected. ECF No. 63. The Parties now jointly seek a modest extension of certain discovery deadlines, without extending the trial date.

This is a cross-border dispute. The claims concern the Plaintiffs' investment in the Luxembourg Life Fund – Long Term Growth Fund, and besides documents found within the Middle District, a substantial volume of the responsive material has been available through Carlisle Management Company S.C.A., a Luxembourg entity. Likewise, Plaintiffs' production is being sourced from overseas, particularly from Gibraltar. Much of the discovery therefore implicates foreign custodians and personal data subject to the European Union's General Data Protection Regulation ("GDPR"), which has added complexity and time to the collection, review, and production of documents.

The Parties have worked diligently and in good faith on detailed document production. To date, the Parties have exchanged approximately 4,700 documents comprising approximately 47,000 pages. Counsel have conducted numerous meet-and-confer conferences in an effort to narrow and resolve discovery issues without Court intervention.

Where the Parties could not resolve their differences, they presented them to the Court. On September 11, 2026, the Court held a hearing on the Plaintiffs' short-form motion to compel (ECF No. 50), and on September 22, 2026, the Court entered an Order (ECF No. 67) resolving the principal dispute by overruling the Defendant's GDPR-based objections and ordering the Defendant to substantially complete its

production—including responsive materials available from Carlisle—by November 6, 2026, on a rolling basis.

Although the Defendant's substantial-completion deadline was November 6, 2026, and the Defendant has been producing on a rolling basis, certain responsive materials remain outstanding and, given their foreign origin and GDPR-related processing, are expected to take several additional weeks to complete, as Defendant works to secure, review, and produce them.

A small number of narrow discovery disputes also remain—particularly with respect to the scope of certain Rule 30(b)(6) deposition topics. The Parties have been conferring and continue to confer on these issues. At least with respect to the deposition topics, it appears intervention of the Magistrate Judge will be necessary and the Parties are presently preparing the necessary short-form motion or motions and anticipate having these narrowed disputes before the Court within a few days.

Despite the Parties' best efforts, and although neither Plaintiffs nor Defendant have engaged in any intentional delay, the current schedule does not allow the discovery record to be completed before certain deadlines that depend on completion. Depositions—including the Rule 30(b)(6) depositions—can be taken efficiently only after the document production is complete or nearly so, and the parties' experts can meaningfully prepare their disclosures and reports only once they have the full data set. Some of that crucial data has only just been received; some is still forthcoming. Proceeding on the current deadlines would risk incomplete or iterative expert reports and duplicative depositions. Modestly extending the

particular deadlines requested here—for fact-discovery, expert disclosures, and dispositive motions—will allow orderly completion of this sequence, with the Parties and the Court having the most complete factual picture.

Additionally, the Parties anticipate mediation to take place in the first week of December, and do not seek an extension of the current December 14, 2026 deadline for completing mediation.

**RELIEF REQUESTED**

The Parties jointly request that the following deadlines be amended as set forth below:

| **Deadline** | **Current Date** | **Proposed Date** |
|---|---|---|
| Plaintiff Expert Disclosures | November 19, 2026 | January 11, 2027 |
| Defendant Expert Disclosures | December 1, 2026 | February 1, 2027 |
| Discovery and Discovery-Related Motions Deadline[1] | December 1, 2026 | January 4, 2027 |
| Mediation Deadline | December 14, 2026 | December 14, 2026 |
| Expert Discovery Deadline | — | February 9, 2027 |
| Dispositive, *Daubert*, and *Markman* Motions | January 4, 2027 | February 16, 2027 |

[1] This deadline is being extended only for the allowance of fact witness depositions and the production of outstanding documents. No new discovery requests will be served by either party as a result of the deadline extension.

The requested amendments do not affect the trial date, the final pretrial conference, or any of the trial-preparation deadlines that follow the dispositive-motion deadline. Those dates would remain as set in the Scheduling Order:

| **Deadline / Event** | **Date** |
|---|---|
| Pretrial in-person meeting | April 1, 2027 |
| Joint pretrial statement and deposition designations | April 15, 2027 |
| All other motions, including motions in limine | April 22, 2027 |
| Objections to counter-designations | April 29, 2027 |
| Final pretrial conference (2:00 p.m.) | May 13, 2027 |
| Trial briefs (optional in jury trials) | May 17, 2027 |
| Trial term begins (9:00 a.m.; 5-day jury) | June 1, 2027 |

## GOOD CAUSE

A schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists where, despite the moving parties' diligence, the existing deadlines cannot reasonably be met.

Good cause is present here. The parties have diligently pursued discovery—exchanging a substantial volume of documents, conducting numerous meet-and-confers, and promptly bringing unresolved issues to the Court. The need for additional time arises from the cross-border nature of the discovery, the GDPR-related processing required of foreign-custodian materials, the recency of the Court's September 22, 2026, Order compelling substantial completion, and the few narrow disputes still to be resolved—none of which is attributable to a lack of diligence by any party. The requested extension is modest and is tied to the orderly completion of document

discovery so that depositions can proceed and experts can prepare complete reports on a full record, avoiding duplicative depositions and iterative expert disclosures.

The requested relief will promote the just, speedy, and inexpensive determination of this action and will prejudice no party. It does not disturb the trial date, the final pretrial conference, or the mediation deadline, and the parties—who jointly request this relief—consent to the amendment. Because the parties do not seek to continue the trial, the certification required by Local Rule 3.08(b) is not implicated; this motion is timely made and states in detail the reasons the amendment is warranted. Local Rule 3.08(a).

## CONCLUSION

The parties respectfully request that the Court grant this Joint Motion, amend the Case Management and Scheduling Order (ECF No. 29), as modified (ECF No. 63), to reflect the proposed deadlines set forth, and grant such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certify that counsel for Plaintiffs and counsel for Defendant have conferred regarding the relief requested in this motion. This motion is filed jointly, and all Parties agree to the relief requested.

Date: November 10, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134

Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO A. MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

By: */s/ Alex Zuckerman*
**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.