**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-cv-02047-JSS-RMN

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL
MANAGEMENT, INC.,

Defendant.

## PLAINTIFFS' SHORT-FORM DISCOVERY MOTION[1]

Plaintiffs move for an order barring examination on Topics 1, 3 – 7, 11 – 17, and 19 of Defendant's October 30, 2026 Rule 30(b)(6) deposition notices. Attached as Exhibit A.

### I. The Challenged Topics Are Irrelevant to the Claims

Discovery reaches only matter "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. "The scope of allowable discovery is determined by the claims (and defenses)," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997), and the rules do not permit a "fishing expedition." *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006). Three

[1] The Court's Order (D.E. 36) limits Short Form Discovery Motions to 500 words. Plaintiffs request additional briefing on these matters. *See* D.E. 36 at ¶ 7 ("In the Motion . . . a party may request additional briefing . . . .").

claims survive: breach of fiduciary duty, FDUTPA, and equitable accounting. Each turns on ***Abacus'*** conduct and on whether ***Abacus***, through its acquisition of Carlisle, owed ***Plaintiffs*** a fiduciary duty. Abacus' own notice confirms this dispute is wholly between the named parties: it seeks facts and documents supporting the allegation "that Abacus owed it any duty," and "the nature and amount of the damages." Ex. A at Topic 2.

The challenged topics seek none of that. Topics 1, 3, 4, 5, and 7 demand the identity, residence, and beneficial ownership of Plaintiffs. Topic 6 seeks persons who owe duties to Plaintiffs—not any duty Abacus owes. Topics 11–16 probe Plaintiffs' relationships with a catalog of non-parties. Topic 17 seeks communications with those same parties, and Topic 19 Plaintiffs' relationship with Ilan Chasen.

None bears on Abacus' duty or conduct, or on causation or damages. Courts bar such topics as irrelevant, *Fla. v. United States*, 342 F.R.D. 153, 160 (N.D. Fla. 2022), or "exceedingly overbroad, given the claims and defenses actually at issue." *Malibu Media, LLC v. Weaver*, 2016 WL 7249869, at *2 n.2 (M.D. Fla. Jan. 21, 2016).

## II. The Real-Party-In-Interest Defense Does Not Make Them Relevant

An entity holding legal title and controlling the litigation is that party regardless of its beneficial owners' identity. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465–466 (1980). Beneficiaries behind a nominee shareholder are further removed—and a contingent trust beneficiary, holding only an interest subject to a condition precedent, has no vested right at all. *Everdell v. Preston*, 717 F. Supp. 1498, 1501

(M.D. Fla. 1989). To show otherwise, Abacus must prove a third party holds a personal stake—not one held "by virtue of [its] ownership interest in the Plaintiff," which is ***all*** these topics probe. *U.S. Distributors, Inc. v. Block*, 2009 WL 3295099 (S.D. Fla. Oct. 13, 2009).

### III. The Same Limits Apply to the Rudich Deposition

Abacus can be expected to press the same irrelevant topics in deposition of Daniel Rudich, Plaintiffs' director and managing agent, noticed under Rule 30(b)(1). Attached as Exhibit B. But relevance is fixed by the claims and defenses, not the deposition vehicle or witness. Subjects irrelevant to a 30(b)6 designee are equally irrelevant to Mr. Rudich. Fed. R. Civ. P. 26.

## CONCLUSION

Plaintiffs request an order barring examination of Topics 1, 3 –7, 11-17, and 19.

## LOCAL RULE 3.01(G) CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g), the undersigned certifies that it conferred with Defendant's counsel via Zoom on November 9, 2026 regarding the issues raised in this motion. The parties were unable to resolve the issues, and Defendant opposes the relief sought.

## CERTIFICATE OF COMPLIANCE

The foregoing Motion contains 500 words, exclusive of the caption, signature block, and certifications, in compliance with ECF No. 36.

Date: November 11, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Robert J. Kuntz Jr.*
ROBERT KUNTZ
Fla. Bar No. 94668
rkuntz@riveromestre.com
SYLMARIE TRUJILLO
Fla. Bar No. 112768
strujillo@riveromestre.com
HUGO MONTERO
Fla. Bar No. 1039275
hmontero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on November 11, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Robert J. Kuntz Jr.*
ROBERT J. KUNTZ JR.