# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RITZ INVESTMENT LIMITED,<br>SEASON LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABACUS GLOBAL<br>MANAGEMENT, INC.,<br><br>Defendant. | Case No. 6:25-cv-02047-JSS-CAB |

**DEFENDANT'S NOTICE OF DEPOSITION OF RITZ INVESTMENT LIMITED PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Local Rule 3.04, Defendant Abacus Global Management, Inc. will take the deposition upon oral examination of Ritz Investment Limited at the law offices of Quinn Emanuel Urquhart & Sullivan, LLP, 2601 South Bayshore Drive, Suite 1550, Miami, Florida 33133, commencing at 9:00 a.m. on November 30, 2026. Plaintiff shall designate one or more representatives with knowledge of the matters set forth in Exhibit A and make such designee(s) available to testify on the date and time of said deposition.

The deposition is being taken for the purpose of discovery, for use at trial, and for all other purposes under the applicable Federal Rules of Civil Procedure and Local Rules. The deposition will be taken before a Notary Public or some other officer

authorized by law to administer oaths at depositions and for use at the trial herein. The deposition shall be recorded by stenographic, audio, and video means, and may be transcribed using real time interactive transcription.

Plaintiff is requested to, at least fourteen (14) days prior to the deposition, provide a written designation by e-mail to the undersigned counsel of the name(s) and position(s) of the person(s) designated and the specific topics on which each person will testify on Plaintiff's behalf.

Plaintiff is requested to, at least fourteen (14) days prior to the deposition, notify the undersigned counsel of the need for an interpreter to translate the deposition questions and answers, and the specific language and, if relevant, dialect for which the interpreter is required.

Pursuant to Fed. R. Civ. P. 30(b)(2) and 34, Ritz Investment Limited shall produce the documents described in Exhibit B within thirty (30) days after service of this Notice, by email or secure file transfer to the undersigned counsel. Exhibit B is also served as a separate request under Rule 34, and the response to it is due thirty (30) days after service of this Notice regardless of the date of the deposition.

Pursuant to Fed. R. Civ. P. 30(b)(6), counsel for Defendant requests that counsel for Plaintiff confer in good faith about the matters for examination, including their number and description, promptly after service of this Notice. Counsel for Defendant is available to confer Monday, Nov. 2, between noon and

4 p.m.; Tuesday, Nov. 3, between 2 and 4 p.m.; and Thursday, Nov. 5, between 10 a.m. and 5 p.m.

DATED: October 30, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

## EXHIBIT A

## INSTRUCTIONS

The following instructions apply to each of the Topics below and are deemed incorporated herein:

1. Plaintiff is required to designate one or more of its officers, directors, managing agents, employees, or other representatives who consent to testify on its behalf and who is/are the person(s) most knowledgeable about the Topics identified below.

2. If Plaintiff objects to any Topic below, Plaintiff is requested to identify the objection at least fourteen (14) days prior to the deposition, in writing, by email to the undersigned counsel, stating its legal basis for the objection, and clearly articulating the portion(s) of any Topic to which Plaintiff is refusing to testify.

3. If, after a reasonable and thorough investigation, Plaintiff is unable to offer testimony on any Topic or part thereof, on the grounds of lack of information available to Plaintiff, Plaintiff is requested to clearly identify such Topic or part thereof in writing, by email, to the undersigned counsel at least fourteen (14) days prior to the deposition.

4. Plaintiff is requested to, at least fourteen (14) days prior to the deposition, provide a written designation of the name(s) and position(s) of the person(s) designated and the Topics on which each person will testify.

Documents are requested separately in Exhibit B, in accordance with Fed. R. Civ. P. 30(b)(2) and 34(b)(2)(A).

5. Where objections are made to a Topic or any part thereof, the objection shall state with specificity all grounds in sufficient detail to allow the Court to rule on the objection.

6. When information with respect to a corporation, partnership, limited liability company, or unincorporated association or entity is called for in the Topics, such reference shall be construed to include information with respect to that entity and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, accountants, and all other Persons or entities acting on its behalf or under its control. A reference to any act, Communication, or Document "by" Plaintiff includes any act, Communication, or Document made or held on its behalf.

7. If, in responding to these Topics, You encounter any ambiguity in construing either the Topic or any instruction relevant to the Topic, You shall apply the most expansive definition and the broadest interpretation permitted under the Federal Rules of Civil Procedure.

8. The following rules of construction shall apply to all Topics and Requests:

a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b. The use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa;

c. The connectives "and" and "or" shall be construed as "and/or"; and

d. The terms "all," "any," "every," and "each" shall be construed to mean "all, any, every, and each." In other words, each of the terms shall be construed as encompassing any and all.

9. Unless otherwise stated in a Topic, the time period for which You must respond is from February 1, 2016 through the date of the deposition.

10. Capitalized terms not defined in these Instructions, including "Communications," "Documents," "Carlisle," and "Person," have the meanings given in Abacus's First Set of Requests for Production to Ritz served March 31, 2026 (the "First Set"). "LTGF" means the Luxembourg Life Fund – Long Term Growth Fund. "Government Entity" means any governmental, regulatory, supervisory, or law-enforcement authority in any jurisdiction.

## TOPICS OF EXAMINATION

1. The identity and current or last-known country and city of residence or principal place of business of, and nature of interest held by, the ultimate beneficial owner(s) of the funds invested, held, gained, and/or lost via

Ritz Investment Limited, including the legal basis and foundational documents required for recognition and, if applicable, differentiation of such interests.

2. The allegations set forth in the Complaint (ECF No. 1) and Amended Complaint (ECF No. 14) that bear on the claims remaining at issue (i.e., breach of fiduciary duty, violation of the FDUTPA, and equitable accounting), limited to (a) the facts and documents on which Ritz Investment Limited relies for its allegation that Abacus owed it any duty, and (b) the nature and amount of the damages Ritz Investment Limited seeks.

3. The structure, management, and legal and beneficial ownership of Ritz Investment Limited, including the identity, current or last-known country and city of residence or principal place of business, roles, and responsibilities of all officers, directors, and managing agents with authority over Ritz Investment Limited.

4. The identity and current or last-known country and city of residence or principal place of business of all persons and/or entities with a legal or beneficial interest in Ritz Investment Limited, including, for each person or entity identified, the nature of any and all such interests and basis by which each interest was established, created, or otherwise made manifest so as to bind Ritz Investment Limited.

5. The identity and current or last-known country and city of residence or principal place of business of all persons and/or entities with a legal or equitable title to funds invested and/or assets held by Ritz Investment Limited.

6. The identity and current or last-known country and city of residence or principal place of business of all persons and/or entities with enforceable duty to Ritz Investment Limited, and, for each such person or entity identified, the nature of any and all such duties and basis by which each was established, created, or otherwise made manifest so as to bind the individual or entity.

7. The identity and current or last-known country and city of residence or principal place of business of all past and present directors, co-directors, and/or managing agents of Ritz Investment Limited, and for each individual or entity identified, the dates range they served in such capacity.

8. Ritz Investment Limited's relationship with Daniel Rudich.

9. Ritz Investment Limited's relationship with Ilan Chasen.

10. Ritz Investment Limited's relationship with Hassans International Law Firm, Gibraltar, and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Ritz Investment Limited with Hassans International Law Firm, Gibraltar.

11. Ritz Investment Limited's relationship with Line Group and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Ritz Investment Limited with Line Group.

12. Ritz Investment Limited's relationship with Line Holdings Limited and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Ritz Investment Limited with Line Holdings Limited.

13. Ritz Investment Limited's relationship with Line Trust Corporation Limited and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Ritz Investment Limited with Line Trust Corporation Limited.

14. Ritz Investment Limited's relationship with the Emor 2 Trust and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Ritz Investment Limited with Emor 2 Trust.

15. Ritz Investment Limited's relationship with Vera Brozin.

16. Ritz Investment Limited's relationship with other members of the Brozin family.

17. The Communications between Ritz Investment Limited and any person or entity named in Topics 8 through 16 concerning the LTGF, Carlisle, or Abacus, including the participants, dates, means, and substance of those Communications.

18. Ritz Investment Limited's Communications with any Government Entity, including but not limited to the Commission de Surveillance du Secteur Financier, the Securities & Exchange Commission, the Florida Office of Insurance Regulation, and the National Credit Union Administration, relating to the LTGF, Carlisle, or Abacus, including the participants, dates, and subject matter of those Communications.

19. Ritz Investment Limited's relationship with Ilan Chasen, including when and how the relationship began, the identity and current or last-known country and city of residence or principal place of business of all Persons involved, and any understanding, arrangement, or agreement between Ritz Investment Limited and Ilan Chasen concerning Carlisle or the LTGF.

20. The relevant policies, procedures, or practices used by Ritz Investment Limited and/or its agents to research; identify; conduct due diligence upon; procure, acquire, or otherwise obtain and hold; monitor, oversee, and/or audit; communicate regarding; and divest, terminate, redeem,

or otherwise end, investments generally and specifically investments in Alternative Investment Funds and LTGF.

21. The relevant policies, procedures, or practices used by Ritz Investment Limited and/or its agents to ascertain and comply with legal, contractual, or any other enforceable obligations connecting to investing, holding, and/or ending investments generally and specifically investments in Alternative Investment Funds and the LTGF.

22. Any and all contractual relationships between Ritz Investment Limited, including its officers, directors, and/or managing agents, and Carlisle Investment Group or Carlisle Management Company, including but not limited to those concerning the LTGF. For the avoidance of doubt, this topic shall include any distribution agreements with Carlisle and excludes any and all LTGF placement memoranda.

23. Any benefits, financial or otherwise, that Ritz Investment Limited or its directors, officers, and/or managing agents derived or expected to derive – whether on behalf of Ritz Investment Limited or in any other capacity, including personal – from contractual relationships.

24. Ritz Investment Limited's relationship with intermediaries with respect to the LTGF, including UBP, LGT, Clearstream, including any and all benefits, rights, duties and/or obligations duties understood to run in either direction by virtue of that relationship.

25. Ritz Investment Limited's document retention, preservation, and destruction policies and practices, including electronic data retention and email retention policies.

26. Ritz Investment Limited's use of personal electronic devices, personal email accounts, or ephemeral messaging applications (including Signal, WhatsApp, Telegram, or similar platforms) by Ritz Investment Limited's officers, directors, or employees to conduct business relating to any subject covered by these Topics.

27. Ritz Investment Limited's document collection and production process in this Action, including the identification of custodians, the sources of Documents searched and not searched, the methods used to collect and review Documents, and any limitations on the scope of Ritz Investment Limited's collection or production, including the steps taken to obtain Documents from its directors (including Daniel Rudich and Ilan Chasen), Hassans International Law Firm, Line Holdings Limited, and Line Trust Corporation Limited.

## EXHIBIT B

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 30(b)(2) and 34, Defendant requests that Ritz Investment Limited ("Plaintiff") produce the following Documents within thirty (30) days after service of the Notice to which this Exhibit B is attached. These Requests supplement, and do not withdraw or supersede, the First Set or Plaintiff's obligations in response to it.

## DEFINITIONS AND INSTRUCTIONS

**A. Control.** A Document is within Plaintiff's "Control" if Plaintiff has the legal right to obtain it on demand, including from its directors (including Daniel Rudich and Ilan Chasen), its attorneys and agents (including Hassans International Law Firm), its shareholder (Line Holdings Limited), and the trustees of any trust holding an interest in Plaintiff (including Line Trust Corporation Limited as trustee of the Emor 2 Trust).

**B. Defined terms.** Capitalized terms have the meanings given in the Instructions to Exhibit A and in the First Set.

**C. Time period.** Unless otherwise stated, the relevant time period is February 1, 2016 to the present.

**D. Form of production.** Instructions 2 through 13 of the First Set (including those concerning possession, custody, or control, document families and BegAttach/EndAttach fields, metadata, redactions, and privilege logs)

apply to these Requests and are incorporated here. Documents may be designated under the Confidentiality Agreement executed in this Action.

**E. Documents previously withheld as third-party held.** If a Document responsive to the First Set was withheld, or not searched for, on the ground that it is held by a director, affiliate, attorney, or other third party, Plaintiff shall produce it in response to Request No. 1 to the extent it is within Plaintiff's Control.

**REQUESTS**

**REQUEST NO. 1:** All Documents responsive to Requests Nos. 4, 5, 6, 8, 9, and 19 of the First Set that are in the possession of Daniel Rudich, Ilan Chasen, Hassans International Law Firm, Line Holdings Limited, or Line Trust Corporation Limited, are within Plaintiff's Control, and have not been produced.

**REQUEST NO. 2:** Plaintiff's memorandum and articles of association (or equivalent constitutional documents), register of members, and register of directors, in each case as in effect at any time during the relevant period.

**REQUEST NO. 3:** Documents sufficient to show the identity and current or last-known country and city of residence or principal place of business of each settlor, trustee, protector, and beneficiary (including any contingent beneficiary) of the Emor 2 Trust and of any other trust or nominee

arrangement through which any Person holds a legal or beneficial interest in Plaintiff, and the instruments establishing each such arrangement.

**REQUEST NO. 4:** All agreements between Plaintiff (or any director or agent acting for it) and Carlisle concerning the LTGF, including subscription agreements, distribution agreements, side letters, and any fee-sharing, rebate, or retrocession arrangements, but excluding the LTGF placement memoranda.

**REQUEST NO. 5:** All agreements, engagement letters, mandates, and fee arrangements between Plaintiff and each of Hassans International Law Firm, Line Group, Line Holdings Limited, Line Trust Corporation Limited, Ilan Chasen, UBP, LGT, Clearstream, and any other custodian, adviser, or intermediary, concerning Plaintiff's investment in the LTGF.

**REQUEST NO. 6:** Documents sufficient to show all fees, commissions, retrocessions, rebates, or other benefits that Plaintiff, its directors, Hassans International Law Firm, Ilan Chasen, or any other intermediary received or expected to receive in connection with Plaintiff's investment in the LTGF.

**REQUEST NO. 7:** Plaintiff's policies, procedures, guidelines, and investment mandates governing the selection, due diligence, monitoring, and redemption of investments, and all due-diligence files concerning the LTGF or Carlisle.

**REQUEST NO. 8:** All Communications between Plaintiff (including its directors) and any Government Entity, including the Commission de

Surveillance du Secteur Financier, the Securities & Exchange Commission, the Florida Office of Insurance Regulation, the National Credit Union Administration, and any Gibraltar authority, relating to the LTGF, Carlisle, or Abacus.

**REQUEST NO. 9:** Plaintiff's Document retention, preservation, and destruction policies, and Documents sufficient to show the date on which any litigation hold concerning this dispute was issued and the Persons to whom it was sent.

**REQUEST NO. 10:** Documents sufficient to identify each email account (including each email domain used by Ilan Chasen), messaging application (including WhatsApp, Signal, and Telegram), and device that Daniel Rudich or Ilan Chasen used to communicate about the LTGF, Carlisle, or Abacus.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, a true and correct copy of Defendant's Notice of Deposition of Ritz Investment Limited was served via email on counsel of record for Plaintiff Ritz Investment Limited.

*/s/ Alex Zuckerman*
Alex Zuckerman

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RITZ INVESTMENT LIMITED,<br>SEASON LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABACUS GLOBAL<br>MANAGEMENT, INC.,<br><br>Defendant. | Case No. 6:25-cv-02047-JSS-CAB |

**DEFENDANT'S NOTICE OF DEPOSITION OF SEASON LIMITED PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Local Rule 3.04, Defendant Abacus Global Management, Inc. will take the deposition upon oral examination of Season Limited at the law offices of Quinn Emanuel Urquhart & Sullivan, LLP, 2601 South Bayshore Drive, Suite 1550, Miami, Florida 33133, commencing at 9:00 a.m. on December 1, 2026. Plaintiff shall designate one or more representatives with knowledge of the matters set forth in Exhibit A and make such designee(s) available to testify on the date and time of said deposition.

The deposition is being taken for the purpose of discovery, for use at trial, and for all other purposes under the applicable Federal Rules of Civil Procedure and Local Rules. The deposition will be taken before a Notary Public or some other officer

authorized by law to administer oaths at depositions and for use at the trial herein. The deposition shall be recorded by stenographic, audio, and video means, and may be transcribed using real time interactive transcription.

Plaintiff is requested to, at least fourteen (14) days prior to the deposition, provide a written designation by e-mail to the undersigned counsel of the name(s) and position(s) of the person(s) designated and the specific topics on which each person will testify on Plaintiff's behalf.

Plaintiff is requested to, at least fourteen (14) days prior to the deposition, notify the undersigned counsel of the need for an interpreter to translate the deposition questions and answers, and the specific language and, if relevant, dialect for which the interpreter is required.

Pursuant to Fed. R. Civ. P. 30(b)(2) and 34, Season Limited shall produce the documents described in Exhibit B within thirty (30) days after service of this Notice, by email or secure file transfer to the undersigned counsel. Exhibit B is also served as a separate request under Rule 34, and the response to it is due thirty (30) days after service of this Notice regardless of the date of the deposition.

Pursuant to Fed. R. Civ. P. 30(b)(6), counsel for Defendant requests that counsel for Plaintiff confer in good faith about the matters for examination, including their number and description, before or promptly after service of this Notice. Counsel for Defendant is available to confer on Monday, Nov. 2,

between noon and 4 p.m.; Tuesday, Nov. 3, between 2 and 4 p.m.; and Thursday, Nov. 5, between 10 a.m. and 5 p.m.

DATED: October 30, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

# EXHIBIT A

## INSTRUCTIONS

The following instructions apply to each of the Topics below and are deemed incorporated herein:

1. Plaintiff is required to designate one or more of its officers, directors, managing agents, employees, or other representatives who consent to testify on its behalf and who is/are the person(s) most knowledgeable about the Topics identified below.

2. If Plaintiff objects to any Topic below, Plaintiff is requested to identify the objection at least fourteen (14) days prior to the deposition, in writing, by email to the undersigned counsel, stating its legal basis for the objection, and clearly articulating the portion(s) of any Topic to which Plaintiff is refusing to testify.

3. If, after a reasonable and thorough investigation, Plaintiff is unable to offer testimony on any Topic or part thereof, on the grounds of lack of information available to Plaintiff, Plaintiff is requested to clearly identify such Topic or part thereof in writing, by email, to the undersigned counsel at least fourteen (14) days prior to the deposition.

4. Plaintiff is requested to, at least fourteen (14) days prior to the deposition, provide a written designation of the name(s) and position(s) of the person(s) designated and the Topics on which each person will testify.

Documents are requested separately in Exhibit B, in accordance with Fed. R. Civ. P. 30(b)(2) and 34(b)(2)(A).

5. Where objections are made to a Topic or any part thereof, the objection shall state with specificity all grounds in sufficient detail to allow the Court to rule on the objection.

6. When information with respect to a corporation, partnership, limited liability company, or unincorporated association or entity is called for in the Topics, such reference shall be construed to include information with respect to that entity and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, accountants, and all other Persons or entities acting on its behalf or under its control. A reference to any act, Communication, or Document "by" Plaintiff includes any act, Communication, or Document made or held on its behalf.

7. If, in responding to these Topics, You encounter any ambiguity in construing either the Topic or any instruction relevant to the Topic, You shall apply the most expansive definition and the broadest interpretation permitted under the Federal Rules of Civil Procedure.

8. The following rules of construction shall apply to all Topics and Requests:

a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b. The use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa;

c. The connectives "and" and "or" shall be construed as "and/or"; and

d. The terms "all," "any," "every," and "each" shall be construed to mean "all, any, every, and each." In other words, each of the terms shall be construed as encompassing any and all.

9. Unless otherwise stated in a Topic, the time period for which You must respond is from February 1, 2016 through the date of the deposition.

10. Capitalized terms not defined in these Instructions, including "Communications," "Documents," "Carlisle," and "Person," have the meanings given in Abacus's First Set of Requests for Production to Season served March 31, 2026 (the "First Set"). "LTGF" means the Luxembourg Life Fund – Long Term Growth Fund. "Government Entity" means any governmental, regulatory, supervisory, or law-enforcement authority in any jurisdiction.

## TOPICS OF EXAMINATION

1. The identity and current or last-known country and city of residence or principal place of business of, and nature of interest held by, the ultimate beneficial owner(s) of the funds invested, held, gained, and/or lost via

Season Limited, including the legal basis and foundational documents required for recognition and, if applicable, differentiation of such interests.

2. The allegations set forth in the Complaint (ECF No. 1) and Amended Complaint (ECF No. 14) that bear on the claims remaining at issue (i.e., breach of fiduciary duty, violation of the FDUTPA, and equitable accounting), limited to (a) the facts and documents on which Season Limited relies for its allegation that Abacus owed it any duty, and (b) the nature and amount of the damages Season Limited seeks.

3. The structure, management, and legal and beneficial ownership of Season Limited, including the identity, current or last-known country and city of residence or principal place of business, roles, and responsibilities of all officers, directors, and managing agents with authority over Season Limited.

4. The identity and current or last-known country and city of residence or principal place of business of all persons and/or entities with a legal or beneficial interest in Season Limited, including, for each person or entity identified, the nature of any and all such interests and basis by which each interest was established, created, or otherwise made manifest so as to bind Season Limited.

5. The identity and current or last-known country and city of residence or principal place of business of all persons and/or entities with a legal or equitable title to funds invested and/or assets held by Season Limited.

6. The identity and current or last-known country and city of residence or principal place of business of all persons and/or entities with enforceable duty to Season Limited, and, for each such person or entity identified, the nature of any and all such duties and basis by which each was established, created, or otherwise made manifest so as to bind the individual or entity.

7. The identity and current or last-known country and city of residence or principal place of business of all past and present directors, co-directors, and/or managing agents of Season Limited, and for each individual or entity identified, the dates range they served in such capacity.

8. Season Limited's relationship with Daniel Rudich.

9. Season Limited's relationship with Ilan Chasen.

10. Season Limited's relationship with Hassans International Law Firm, Gibraltar, and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Season Limited with Hassans International Law Firm, Gibraltar.

11. Season Limited's relationship with Line Group and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Season Limited with Line Group.

12. Season Limited's relationship with Line Holdings Limited and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Season Limited with Line Holdings Limited.

13. Season Limited's relationship with Line Trust Corporation Limited and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Season Limited with Line Trust Corporation Limited.

14. Season Limited's relationship with the Emor 2 Trust and any differentiation, if applicable, between that relationship and the relationship between Daniel Rudich and/or Ilan Chasen as co-directors of Season Limited with Emor 2 Trust.

15. Season Limited's relationship with Vera Brozin.

16. Season Limited's relationship with other members of the Brozin family.

17. The Communications between Season Limited and any person or entity named in Topics 8 through 16 concerning the LTGF, Carlisle, or Abacus, including the participants, dates, means, and substance of those Communications.

18. Season Limited's Communications with any Government Entity, including but not limited to the Commission de Surveillance du Secteur

Financier, the Securities & Exchange Commission, the Florida Office of Insurance Regulation, and the National Credit Union Administration, relating to the LTGF, Carlisle, or Abacus, including the participants, dates, and subject matter of those Communications.

19. Season Limited's relationship with Ilan Chasen, including when and how the relationship began, the identity and current or last-known country and city of residence or principal place of business of all Persons involved, and any understanding, arrangement, or agreement between Season Limited and Ilan Chasen concerning Carlisle or the LTGF.

20. The relevant policies, procedures, or practices used by Season Limited and/or its agents to research; identify; conduct due diligence upon; procure, acquire, or otherwise obtain and hold; monitor, oversee, and/or audit; communicate regarding; and divest, terminate, redeem, or otherwise end, investments generally and specifically investments in Alternative Investment Funds and LTGF.

21. The relevant policies, procedures, or practices used by Season Limited and/or its agents to ascertain and comply with legal, contractual, or any other enforceable obligations connecting to investing, holding, and/or ending investments generally and specifically investments in Alternative Investment Funds and the LTGF.

22. Any and all contractual relationships between Season Limited, including its officers, directors, and/or managing agents, and Carlisle Investment Group or Carlisle Management Company, including but not limited to those concerning the LTGF. For the avoidance of doubt, this topic shall include any distribution agreements with Carlisle and excludes any and all LTGF placement memoranda.

23. Any benefits, financial or otherwise, that Season Limited or its directors, officers, and/or managing agents derived or expected to derive – whether on behalf of Season Limited or in any other capacity, including personal – from contractual relationships.

24. Season Limited's relationship with intermediaries with respect to the LTGF, including UBP, LGT, Clearstream, including any and all benefits, rights, duties and/or obligations duties understood to run in either direction by virtue of that relationship.

25. Season Limited's document retention, preservation, and destruction policies and practices, including electronic data retention and email retention policies.

26. Season Limited's use of personal electronic devices, personal email accounts, or ephemeral messaging applications (including Signal, WhatsApp, Telegram, or similar platforms) by Season Limited's officers, directors, or employees to conduct business relating to any subject covered by these Topics.

27. Season Limited's document collection and production process in this Action, including the identification of custodians, the sources of Documents searched and not searched, the methods used to collect and review Documents, and any limitations on the scope of Season Limited's collection or production, including the steps taken to obtain Documents from its directors (including Daniel Rudich and Ilan Chasen), Hassans International Law Firm, Line Holdings Limited, and Line Trust Corporation Limited.

## EXHIBIT B

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 30(b)(2) and 34, Defendant requests that Season Limited ("Plaintiff") produce the following Documents within thirty (30) days after service of the Notice to which this Exhibit B is attached. These Requests supplement, and do not withdraw or supersede, the First Set or Plaintiff's obligations in response to it.

## DEFINITIONS AND INSTRUCTIONS

**A. Control.** A Document is within Plaintiff's "Control" if Plaintiff has the legal right to obtain it on demand, including from its directors (including Daniel Rudich and Ilan Chasen), its attorneys and agents (including Hassans International Law Firm), its shareholder (Line Holdings Limited), and the trustees of any trust holding an interest in Plaintiff (including Line Trust Corporation Limited as trustee of the Emor 2 Trust).

**B. Defined terms.** Capitalized terms have the meanings given in the Instructions to Exhibit A and in the First Set.

**C. Time period.** Unless otherwise stated, the relevant time period is February 1, 2016 to the present.

**D. Form of production.** Instructions 2 through 13 of the First Set (including those concerning possession, custody, or control, document families and BegAttach/EndAttach fields, metadata, redactions, and privilege logs)

apply to these Requests and are incorporated here. Documents may be designated under the Confidentiality Agreement executed in this Action.

**E. Documents previously withheld as third-party held.** If a Document responsive to the First Set was withheld, or not searched for, on the ground that it is held by a director, affiliate, attorney, or other third party, Plaintiff shall produce it in response to Request No. 1 to the extent it is within Plaintiff's Control.

## REQUESTS

**REQUEST NO. 1:** All Documents responsive to Requests Nos. 4, 5, 6, 8, 9, and 19 of the First Set that are in the possession of Daniel Rudich, Ilan Chasen, Hassans International Law Firm, Line Holdings Limited, or Line Trust Corporation Limited, are within Plaintiff's Control, and have not been produced.

**REQUEST NO. 2:** Plaintiff's memorandum and articles of association (or equivalent constitutional documents), register of members, and register of directors, in each case as in effect at any time during the relevant period.

**REQUEST NO. 3:** Documents sufficient to show the identity and current or last-known country and city of residence or principal place of business of each settlor, trustee, protector, and beneficiary (including any contingent beneficiary) of the Emor 2 Trust and of any other trust or nominee

arrangement through which any Person holds a legal or beneficial interest in Plaintiff, and the instruments establishing each such arrangement.

**REQUEST NO. 4:** All agreements between Plaintiff (or any director or agent acting for it) and Carlisle concerning the LTGF, including subscription agreements, distribution agreements, side letters, and any fee-sharing, rebate, or retrocession arrangements, but excluding the LTGF placement memoranda.

**REQUEST NO. 5:** All agreements, engagement letters, mandates, and fee arrangements between Plaintiff and each of Hassans International Law Firm, Line Group, Line Holdings Limited, Line Trust Corporation Limited, Ilan Chasen, UBP, LGT, Clearstream, and any other custodian, adviser, or intermediary, concerning Plaintiff's investment in the LTGF.

**REQUEST NO. 6:** Documents sufficient to show all fees, commissions, retrocessions, rebates, or other benefits that Plaintiff, its directors, Hassans International Law Firm, Ilan Chasen, or any other intermediary received or expected to receive in connection with Plaintiff's investment in the LTGF.

**REQUEST NO. 7:** Plaintiff's policies, procedures, guidelines, and investment mandates governing the selection, due diligence, monitoring, and redemption of investments, and all due-diligence files concerning the LTGF or Carlisle.

**REQUEST NO. 8:** All Communications between Plaintiff (including its directors) and any Government Entity, including the Commission de

Surveillance du Secteur Financier, the Securities & Exchange Commission, the Florida Office of Insurance Regulation, the National Credit Union Administration, and any Gibraltar authority, relating to the LTGF, Carlisle, or Abacus.

**REQUEST NO. 9:** Plaintiff's Document retention, preservation, and destruction policies, and Documents sufficient to show the date on which any litigation hold concerning this dispute was issued and the Persons to whom it was sent.

**REQUEST NO. 10:** Documents sufficient to identify each email account (including each email domain used by Ilan Chasen), messaging application (including WhatsApp, Signal, and Telegram), and device that Daniel Rudich or Ilan Chasen used to communicate about the LTGF, Carlisle, or Abacus.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, a true and correct copy of Defendant's Notice of Deposition of Season Limited was served via email on counsel of record for Plaintiff Season Limited.

*/s/ Alex Zuckerman*
Alex Zuckerman