**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT, INC.,

Defendant.

Case No. 6:25-cv-02047-JSS-CAB

**DEFENDANT'S SHORT-FORM OPPOSITION TO PLAINTIFFS' MOTION TO BAR TOPICS FROM DEPOSITION**

Abacus opposes Ritz and Season's motion to bar it from deposing the only reachable entity in this case on half of all noticed topics.

I. PLAINTIFFS FAIL TO SHOW GOOD CAUSE

The moving party must show good cause to issue a protective order in discovery. Fed.R.Civ.P. 26(c). That requires "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Brunson v. PHH Mortg. Corp.*, 342 F.R.D. 315, 320 (M.D.Fla. 2022) (internal citation omitted). Ritz and Season point to no burden, expense, injury, bad faith, harassment, or prejudice. An incantation of "fishing expedition" does not show good cause. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.")

## II. THE TOPICS ARE RELEVANT TO CLAIMS AND DEFENSES

Rule 26 relevance encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The standard is capacious, and the topics meet it.

Topics 1 and 3-7 query identities, nature and ownership of interests, and authority and conduct of representatives. All probe the context and key facts behind Ritz and Season's claim for breach of fiduciary duty. Topics 11-17 seek information on relationships and communications with "a catalog of non-parties" whose nonparty status says nothing about relevance, but whose foreign citizenship means they cannot be reached by subpoena. Factual discovery can *only* be obtained through party deposition. Topic 19 asks about Ilan Chasen, a director of Ritz and Season inexplicably unavailable in this case. Mr. Chasen *had a distribution agreement with Carlisle*. The relevance speaks for itself.

## III. JURISDICTION OFFERS ANOTHER ANCHOR

"[U]nincorporated associations are not juridical personalities to which diversity jurisdiction should be extended." *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987) (concluding that self-proclaimed trust funds' failure to plead facts to negate their presumptive status as voluntary unincorporated associations meant they could not rest diversity jurisdiction on a putative trustee's location.).

As in *Xaros*, Ritz and Season are private, unincorporated companies. Both have

one shareholder, Line Holdings Limited, a nominee company holding on behalf of Emor II Trust, a Gibraltar trust administered by trustee Line Trust Corporation Limited with "several contingent beneficiaries." ECF 12, 13; Ex. A, B.

When the "persons composing such association" sue in their collective name, they are the parties whose citizenship determines the diversity jurisdiction of a federal court. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Abacus cannot ascertain those persons or disentangle this jurisdictional gordian knot without full discovery.

**CONCLUSION**

For the forgoing reasons, Abacus respectfully requests that the Court deny the motion.

Dated: November 18, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

## CERTIFICATES OF SERVICE AND COMPLIANCE

I certify that exclusive of the caption, signature block, and certifications, and in compliance with ECF No. 36, the foregoing opposition contains 500 words. I further certify that on November 18, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

*/s/ Alex Zuckerman*
ALEX ZUCKERMAN (*pro hac vice*)