# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**CASE NO. 6:25-cv-2047-JSS-RMN**

RITZ INVESTMENT LIMITED,
SEASON LIMITED,

Plaintiffs,

v.

ABACUS GLOBAL MANAGEMENT,
INC.,

Defendant.

_______________________________________________/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Ritz Investment Limited responds to defendant Abacus Global Management, Inc.'s First Set of Interrogatory Requests (the "Interrogatories").

Dated: July 20, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Attorneys for Ritz Investment Limited and Season Limited*
2525 Ponce de Leon Blvd.
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: rkuntz@riveromestre.com
E-mail: strujillo@riveromestre.com

*/s/ Andrés Rivero*
Andrés Rivero
Fla. Bar. No. 613819
Robert Kuntz
Fla. Bar No. 94668
Sylmarie Trujillo
Fla. Bar No. 112768

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, this document was served by email on all counsel of record.

*/s/ Andrés Rivero*
Andrés Rivero

## PRELIMINARY STATEMENT

The parties have not completed discovery. The responses set forth below are based on Ritz's knowledge, information, and belief at this time. The individual responses and objections are not intended to be, and shall not be interpreted as, a representation as to the existence or nonexistence of a specific fact or theory. Ritz specifically reserves its right to supplement, amend, or alter these responses, as necessary and appropriate, and to assert any additional specific objections in one or more subsequent supplemental responses.

By responding to the Interrogatories, Ritz does not: (a) admit that the information (or related documents) is properly discoverable; (b) waive any objections he might otherwise make to the production or introduction at trial of such documents or information; or (c) admit that the documents or information are admissible at trial. Further, Ritz makes its responses and objections without in any way implying that it considers the Interrogatories or its responses, to be relevant or material to the subject matter of this action.

These responses and objections are made without prejudice to, and are not a waiver of, Ritz's right to rely on other information at trial.

## GENERAL OBJECTIONS

The General Objections stated below apply to the form, scope and substance of all of the individual requests in Defendant's First Set of Interrogatory Requests. The General Objections are incorporated into each and every one of Plaintiff's responses to Defendant's individual interrogatories:

1. Plaintiff objects to the definition of "Ritz" because it includes "any of its present or former officers, directors, employees, representatives, agents, attorneys, subsidiaries, divisions, affiliates, and any Person or entity acting or having acted, directly or indirectly, on

Ritz Investment Limited's behalf." This definition purports to require information that may be (i) outside of plaintiff's possession, custody, and control, as those terms are defined in relevant case law, (ii) irrelevant to any claim or defense in this case, and/or (iii) protected by the attorney-client privilege or work product doctrine.

2. Plaintiff objects to the definition of "Document" to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure by requesting information from "any past or present agent, employee, consultant, attorney, or any other Person acting on Your behalf" that is outside of Plaintiff's possession, custody, or control. Plaintiff will respond to the Requests only as required by the Federal Rules of Civil Procedure.

3. Plaintiff objects to the definition of "Ritz," "You," and "Your" for the same reasons stated in paragraph 1 of the General Objections.

4. Plaintiff objects to Instruction No. 2 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure. Plaintiff will respond to the requests only as required by the Federal Rules of Civil Procedure.

5. Plaintiff objects to Instruction No. 3 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure. Plaintiff will respond to the requests only as required by the Federal Rules of Civil Procedure and/or the local rules.

6. Plaintiff objects to Instruction No. 4 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure. Plaintiff will respond to the requests only as required by the Federal Rules of Civil Procedure and/or the local rules.

7. Plaintiff objects to Instruction No. 5 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure. Plaintiff will respond to the requests only as required by the Federal Rules of Civil Procedure and/or the local rules.

8. Plaintiff objects to Instruction No. 6 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure. Plaintiff will respond to the requests only as required by the Federal Rules of Civil Procedure and/or the local rules.

9. Plaintiff objects to the Interrogatories to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed shall be pursuant to a confidentiality agreement to be agreed upon by the parties.

10. Plaintiff objects to the Interrogatories to the extent that responding would require the collection, processing, or transfer of personal data protected by the Gibraltar General Data Protection Regulation ("Gibraltar GDPR") (Regulation (EU) 2016/679), and the Data Protection Act 2004 (Act No. 2004-01). Plaintiff is a Gibraltar entity and holds personal data subject to those laws, including data relating to investors, employees, and third parties.

Any production of such data in this action would constitute a transfer to a "third country" (the United States) within the meaning of Chapter V of the Gibraltar GDPR (Articles 44–49), which prohibits such transfers absent a valid legal basis. There is no general adequacy determination permitting transfers to the United States under Gibraltar law. In the absence of adequacy, transfers require appropriate safeguards (Article 46), and any transfer must independently satisfy the requirements of Chapter V, including, where applicable, the narrow derogations under Article 49.

To the extent Plaintiff relies on Article 49(1)(e) (transfers necessary for the establishment, exercise, or defense of legal claims) to respond to these Requests, such reliance will be assessed on a case-by-case basis and strictly limited to data that is necessary to respond to the request and proportionate to the needs of this case. Plaintiff further notes the regulatory risks of non-compliant transfers, including potential suspension orders and administrative fines by the

Gibraltar Data Protection Commissioner.

## SPECIFIC RESPONSES

**Interrogatory No. 1:**

Describe the factual basis for Your assertion that Abacus and/or Carlisle breached any provision of the July 2022 Placement Memorandum.

**Response:** Plaintiff objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Plaintiff's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive"). The factual basis for Plaintiff's claim that Abacus and/or Carlisle breached the July 2022 Placement Memorandum is set forth in detail in the Amended Complaint [ECF No. 14].

Plaintiff further objects to this Interrogatory to the extent it assumes disputed or inaccurate facts, mischaracterizes Plaintiff's allegations or the record, calls for legal conclusions, requires legal analysis, and is argumentative. Plaintiff further objects that the Interrogatory assumes that Plaintiff's surviving claims depend upon a breach of a provision of, or a fiduciary duty created exclusively by, the July 2022 Placement Memorandum. Plaintiff does not accept that characterization of its claims.

**Interrogatory No. 2:**

Describe the fiduciary duties allegedly owed by Abacus and/or Carlisle under the July 2022 Placement Memorandum, including to whom the July 2022 Placement Memorandum specifies those duties are owed.

**Response:** Plaintiff objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Plaintiff's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are

generally improper because they are overbroad and oppressive”). The fiduciary duties owed by Abacus and/or Carlisle under the July 2022 Placement Memorandum, including to whom the July 2022 Placement Memorandum specifies those duties are owed, are set forth in detail in the Amended Complaint [ECF No. 14].

Plaintiff further objects to this Interrogatory to the extent it assumes disputed or inaccurate facts, mischaracterizes Plaintiff’s allegations or the record, calls for legal conclusions, requires legal analysis, and is argumentative. Plaintiff further objects that the Interrogatory assumes that Plaintiff’s surviving claims depend upon a breach of a provision of, or a fiduciary duty created exclusively by, the July 2022 Placement Memorandum. Plaintiff does not accept that characterization of its claims.

**Interrogatory No. 3:**

Describe the factual basis for Your assertion that Abacus and/or Carlisle breached any fiduciary duty owed by Abacus and/or Carlisle under the July 2022 Placement Memorandum, including to whom the July 2022 Placement Memorandum specifies those duties are owed.

**Response:** Plaintiff objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Plaintiff’s position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories “purport[ing] to require a detailed narrative of the opposing parties’ case are generally improper because they are overbroad and oppressive”). The factual basis for Plaintiff's claim that Abacus and/or Carlisle breached their fiduciary duty under the July 2022 Placement Memorandum is set forth in detail in the Amended Complaint [ECF No. 14].

Plaintiff further objects to this Interrogatory to the extent it assumes disputed or inaccurate facts, mischaracterizes Plaintiff’s allegations or the record, calls for legal conclusions, requires legal analysis, and is argumentative. Plaintiff further objects that the Interrogatory assumes that Plaintiff’s surviving claims depend upon a breach of a provision of, or a fiduciary

duty created exclusively by, the July 2022 Placement Memorandum. Plaintiff does not accept that characterization of its claims.

**Interrogatory No. 4:**

Describe the factual basis for Your assertion that Abacus has control over Carlisle and when, based on those facts, you assert Abacus would have assumed control.

**Response:** Plaintiff objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Plaintiff's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive"). The factual basis for Plaintiff's claim that Abacus has control over Carlisle, and when Abacus assumed control, is set forth in detail in the Amended Complaint [ECF No. 14].

Plaintiff further objects to this Interrogatory to the extent it assumes disputed or inaccurate facts, mischaracterizes Plaintiff's allegations or the record, calls for legal conclusions, requires legal analysis, and is argumentative. Plaintiff also objects that the terms "control" and "assumed control" are vague and ambiguous because the Interrogatory does not specify whether it refers to corporate control, operational control, agency, control for discovery purposes, regulatory control, or another legal or factual concept.

**Interrogatory No. 5:**

Explain the factual basis for the statement in Amended Complaint (Dkt. 14) paragraph 28 that "Carlisle's investors have been subsumed into Abacus' platform."

**Response:** Plaintiff objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Plaintiff's position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case are

generally improper because they are overbroad and oppressive”). The factual basis for Plaintiff's statement that “Carlisle’s investors have been subsumed into Abacus’ platform” is set forth in detail in the Amended Complaint [ECF No. 14].

Plaintiff further objects to this Interrogatory to the extent it assumes disputed or inaccurate facts, mischaracterizes Plaintiff’s allegations or the record, calls for legal conclusions, requires legal analysis, and is argumentative.

**Interrogatory No. 6:**

Describe the factual basis for Your assertion that Abacus and/or Carlisle concealed or misrepresented any facts relating to the LTGF and/or LTGF (2021).

**Response:** Plaintiff objects that this Interrogatory is an improper contention interrogatory that seeks a detailed narrative of Plaintiff’s position. *See* Middle District Discovery (2021) § IV(C)(2) (interrogatories “purport[ing] to require a detailed narrative of the opposing parties’ case are generally improper because they are overbroad and oppressive”). The factual basis for Plaintiff's claim that Abacus and/or Carlisle concealed or misrepresented any facts relating to the LTGF and/or LTGF (2021) is set forth in detail in the Amended Complaint [ECF No. 14].

Plaintiff further objects to this Interrogatory to the extent it assumes disputed or inaccurate facts, mischaracterizes Plaintiff’s allegations or the record, calls for legal conclusions, requires legal analysis, and is argumentative.

**Interrogatory No. 7:**

Identify all Persons or Entities, including their place of residence, that You contend have an interest in Ritz.

**Response:** Plaintiff objects that the term “interest” is vague, ambiguous, and overbroad because it could encompass legal title, beneficial ownership, contingent beneficial interests, economic

interests, creditor interests, fiduciary relationships, management authority, or other attenuated relationships. Plaintiff further objects to the extent this Interrogatory seeks the identities, residences, or personal information of contingent beneficiaries or other nonparties whose identities are not relevant or proportional to any claim or defense. Plaintiff also objects to the extent the Interrogatory seeks confidential trust, banking, financial, or personal information protected by applicable law, including Gibraltar data privacy law, or subject to fiduciary or contractual confidentiality obligations.

Subject to and without waiving these objections, Plaintiff interprets the Interrogatory as limited to persons or entities possessing a present legal or beneficial ownership interest in Ritz. Plaintiff's shareholder is Line Holdings Limited. This is a nominee company registered in Gibraltar. Line Holdings Limited holds the shares on behalf of Emor 2 Trust, a Gibraltar trust, of whom certain individuals are contingent beneficiaries. The trustees are Line Trust Corporation Limited.

**Interrogatory No. 8:**

Identify all Persons or Entities, including their place of residence, that You contend have an interest in Ritz's alleged interest in the LTGF.

**Response:** Plaintiff objects that the term "interest" is vague, ambiguous, and overbroad because it could encompass legal title, beneficial ownership, contingent beneficial interests, economic interests, creditor interests, fiduciary relationships, management authority, or other attenuated relationships. Plaintiff further objects to the extent this Interrogatory seeks the identities, residences, or personal information of contingent beneficiaries or other nonparties whose identities are not relevant or proportional to any claim or defense. Plaintiff also objects to the extent the Interrogatory seeks confidential trust, banking, financial, or personal information

protected by applicable law, including Gibraltar data privacy law, or subject to fiduciary or contractual confidentiality obligations.

Subject to and without waiving these objections, Plaintiff interprets the Interrogatory as limited to persons or entities possessing a present legal or beneficial ownership interest in Ritz. Plaintiff's shareholder is Line Holdings Limited. This is a nominee company registered in Gibraltar. Line Holdings Limited holds the shares on behalf of Emor 2 Trust, a Gibraltar trust, of whom certain individuals are contingent beneficiaries. The trustees are Line Trust Corporation Limited.

**Interrogatory No. 9:**

Identify all Persons involved in Your decision to purchase Units of the LTGF and/or LTGF (2021).

**Response:** Daniel Rudich and Ilan Chasen.

**Interrogatory No. 10:**

Identify your purchases of the LTGF and/or LTGF (2021) Units by Investor name, class of share, subfund, date of purchase, number of shares, and any additional account information.

**Response:** Plaintiff objects to this Interrogatory to the extent it seeks information not known or reasonably available to Plaintiff after a reasonable inquiry, including information maintained exclusively by custodians, nominees, financial intermediaries, the Fund, Carlisle, Abacus, or other third parties. Plaintiff further objects to the term "additional account information" as vague, ambiguous, overbroad, and potentially seeking sensitive banking or financial information beyond what is relevant or proportional to the needs of this case.

Subject to and without waiving these objections, Plaintiff states as follows:

| Investor Name | Date of Purchase | Number of Shares |
|---|---|---|
| LGT Bank (Switzerland) Ltd. | Apr. 30, 2018 | 7,252.683 |

| | | |
|---|---|---|
| LGT Bank (Switzerland) Ltd. | Sept. 28, 2018 | 3,417.168 |
| LGT Bank (Switzerland) Ltd. | Feb. 28, 2019 | 3,200.922 |
| TOTAL SHARES | | 13,870.773 |

The name of the fund is "LUX LIFE FD-LONG TERM GROWTH" and the CACEIS investor codes / registrar account identifiers include: I0000033956 (LGT / Clearstream).

**Interrogatory No. 11:**

Identify any and all shares purchased by You of the LTGF and/or LTGF (2021).

**Response:** Plaintiff objects to this Interrogatory to the extent it seeks information not known or reasonably available to Plaintiff after a reasonable inquiry, including information maintained exclusively by custodians, nominees, financial intermediaries, the Fund, Carlisle, Abacus, or other third parties.

Notwithstanding the foregoing objection, Plaintiff states as follows:

| Investor Name | Date of Purchase | Number of Shares |
|---|---|---|
| LGT Bank (Switzerland) Ltd. | Apr. 30, 2018 | 7,252.683 |
| LGT Bank (Switzerland) Ltd. | Sept. 28, 2018 | 3,417.168 |
| LGT Bank (Switzerland) Ltd. | Feb. 28, 2019 | 3,200.922 |
| TOTAL SHARES | | 13,870.773 |

**Interrogatory No. 12:**

Identify all Documents You reviewed, analyzed, or relied upon to form any belief or understanding regarding Abacus's valuation methodologies, including but not limited to Abacus's SEC filings, financial statements, other public disclosures, and industry standard documents, and describe what You understood from each Document.

**Response:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks identification of "*all* Documents." Plaintiff objects that the Interrogatory is vague and ambiguous as to the phrase "Abacus's valuation methodologies," including whether it refers to valuation of Abacus, Carlisle, the Fund, life-settlement assets, NAV, or another subject. Plaintiff also objects that the

Interrogatory is compound because it separately requires identification of every document and a description of Plaintiff's understanding derived from each document.

Plaintiff further objects to this Request to the extent it seeks counsel's impressions and information protected by the attorney-client privilege and the work-product doctrine. The Interrogatory seeks counsel's selection, compilation, organization, or characterization of documents prepared or reviewed in anticipation of litigation, thereby intruding upon opinion work product.

Plaintiff further objects to the extent the Interrogatory seeks information concerning expert analysis or opinions before the time required by Rule 26(a)(2) and the court's scheduling order.

**Interrogatory No. 13:**

Identify any and all claims, complaints, demands, or other requests Ritz has initiated against LGT Bank, or any other entities other than Abacus and Carlisle, regarding Ritz's purported investment in the LTGF.

**Response:** None.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

By:______________________________

Daniel Rudich